**KIESEL BOUCHER LARSON LLP**
Paul R. Kiesel, Esq. (SBN 119854)
8648 Wilshire Boulevard
Beverly Hills, CA 90211
*kiesel@kbla.com*
Telephone: (310) 854-4444
Facsimile: (310) 854-0812
*Proposed Interim Liaison Counsel*

**BARTIMUS, FRICKLETON, ROBERTSON & GORNY, P.C.**
Edward D. Robertson, Jr.
Stephen M. Gorny
James P. Frickleton
Mary D. Winter
Edward D. Robertson III
11150 Overbrook Road, Suite 200
Leawood, KS  66211
*chiprob@earthlink.net*
Telephone: (913) 266-2300
Facsimile:  (913) 266-2366
*Proposed Interim Co-Lead Counsel*

**SIANNI & STRAITE LLP**
David A. Straite, Esq. (admitted *pro hac vice*)
Ralph N. Sianni, Esq.
1201 N. Orange St., Suite 740
Wilmington, DE 19801
*dstraite@siannistraite.com*
Telephone: (302) 573-3560
Facsimile: (302) 358-2975
*Proposed Interim Co-Lead Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: FACEBOOK INTERNET TRACKING LITIGATION | No. 5:12-md-02314-EJD<br><br>**MOTION TO CONSOLIDATE RELATED ACTIONS PURSUANT TO RULE 42(a); APPOINT INTERIM CLASS COUNSEL PURUANT TO RULE 23(g)**<br><br>Date:        March 30, 2012<br>Time:        1:30 p.m.<br>Judge:      Hon. Edward J. Davila |

| | | |
|---|---|---|
| 1 | PERRIN AIKENS DAVIS, PETERSEN GROSS, DR. BRIAN K. LENTZ, | Case No. 5:11-cv-04834-EJD |
| 2 | TOMMASINA IANNUZZI, TRACY SAURO, JENNIFER SAURO, and LISA SABATO, | Related Case Nos.: 5:11-cv-04935-EJD; 5:12-cv-00370-EJD; and 5:12-cv-00807- |
| 3 | Individually and on Behalf of All Others Similarly Situated, | EJD |
| 4 | Plaintiffs, | In Re Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD |
| 5 | v. | |
| 6 | FACEBOOK, INC., | Action Filed: September 30, 2011 |
| 7 | a Delaware Corporation | |
| 8 | Defendant. | |
| 9 | LANA BRKIC, | Case No. 5:11-04935-EJD |
| 10 | Individually and on Behalf of All Others Similarly Situated, | Related Case Nos.: 5:11-cv-04834-EJD; 5:12-cv-00370-EJD; and 5:12-cv-00807- |
| 11 | Plaintiff, | EJD |
| 12 | v. | In Re Facebook Internet Tracking Litigation, Case No. 5:12-md-02314-EJD |
| 13 | FACEBOOK, INC., a Delaware Corporation, and DOES 1-10, | |
| 14 | Defendants. | Action Filed: October 5, 2011 |
| 15 | | |
| 16 | JULIAN CARROLL, On Behalf of Himself and All Others Similarly Situated, | Case No.  5:12-cv-00370-EJD |
| 17 | Plaintiff, | Related Case Nos.:  5:11-cv-04834-EJD; 5:11-cv-04935-EJD; and 5:12-cv-00807-EJD |
| 18 | v. | |
| 19 | FACEBOOK, INC., a Delaware Corporation, | Action Filed: January 24, 2012 |
| 20 | Defendant. | |
| 21 | | |
| 22 | | |
| 23 | LAURA MAGUIRE, ET AL., On Behalf of Himself and All Others Similarly Situated, | Case No. 5:12-cv-00807-EJD |
| 24 | Plaintiff, | Related Case Nos.:  5:11-cv-04834-EJD; 5:11-cv-04935-EJD; and 5:12-cv-00370-EJD |
| 25 | v. | |
| 26 | FACEBOOK, INC., | Action Filed:  February 17, 2012 |
| 27 | Defendant. | |
| 28 | | |

| | |
|---|---|
| ALEXANDRIA PARRISH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., and DOES 1 Through 10,<br><br>Defendants. | Case No. 5:12-cv-00667-EJD<br><br>In Re Facebook Internet Tracking Litigation, Case No. 5:12-md-02314-EJD<br><br>Action Filed:  October 7, 2011<br>Transferred February 8, 2012 |
| SHARON BEATTY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., and DOES 1 Through 10,<br><br>Defendants. | Case No.  5:12-cv-00668-EJD<br><br>In Re Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD<br><br>Action Filed:  October 7, 2011<br>Transferred February 8, 2012 |
| BROOKE RUTLEDGE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC. and DOES 1 through 10,<br><br>Defendants. | Case No.  5:12-cv-00669-EJD<br><br>In Re Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD<br><br>Action Filed:  October 12, 2011<br>Transferred February 8, 2012 |
| MICHAEL SINGLEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br>DOES 1 THROUGH 10,<br><br>Defendants. | Case No.  5:12-cv-00670-EJD<br><br>In Re Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD<br><br>Action Filed:  October 5, 2011<br>Transferred February  08, 2012 |
| DANA HOWARD, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC. and DOES 1 through 10,<br><br>Defendants. | Case No.  5:12-cv-00671-EJD<br><br>In Re Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD<br><br>Action Filed: October 4, 2011 and Transferred on February 8, 2012 |

MOTION TO CONSOLIDATE RELATED ACTIONS PURSUANT TO RULE 42(A); APPOINT INTERIM CLASS COUNSEL PURSUANT TO RULE 23(g)

| | |
|---|---|
| JOHN GRAHAM, Individually and on Behalf of All Others Similarly Situated, <br><br>Plaintiff, <br><br>v. <br><br>FACEBOOK, INC., and DOES 1 Through 10, <br><br>Defendants. | Case No. 5:12-cv-00673-EJD <br><br>In Re Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD <br><br>Action Filed:  October 5, 2011 <br>Transferred February 8, 2012 |
| DAVID M. HOFFMAN, Individually and on Behalf of All Others Similarly Situated, <br><br>Plaintiff, <br><br>v. <br><br>FACEBOOK, INC. and DOES 1 through 10, Defendants. | Case No. 5:12-cv-00674-EJD <br><br>In Re Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD <br><br>Action Filed:  October 7, 2011 <br>Transferred February 8, 2012 |
| JANET SEAMON, Individually and on Behalf of All Others Similarly Situated, <br><br>Plaintiff, <br><br>v. <br><br>FACEBOOK, INC. and DOES 1 through 10, <br><br>Defendants. | Case No. 5:12-cv-00675-EJD <br><br>In Re Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD <br><br>Action Filed:  October 10, 2011 <br>Transferred February 8, 2012 |
| CHANDRA L. THOMPSON, Individually and on Behalf of All Others Similarly Situated, <br><br>Plaintiff, <br><br>v. <br><br>FACEBOOK, INC. and DOES 1 through 10, <br><br>Defendants. | Case No. 5:12-cv-00676-EJD <br><br>In Re Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD <br><br>Action Filed:  September 30, 2011 <br>Transferred February 8, 2012 |
| STEPHANIE CAMPBELL, Individually and on Behalf of All Others Similarly Situated, <br><br>Plaintiff, <br><br>v. <br><br>FACEBOOK, INC. and DOES 1 through 10, <br><br>Defendants. | Case No. 5:12-cv-00796-EJD <br><br>In Re Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD <br><br>Action Filed:  November 21, 2011 <br>Transferred February 17, 2012 |

| | |
|---|---|
| CYNTHIA D. QUINN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC. and DOES 1 through 10,<br><br>Defendants. | Case No. 5:12-cv-00797-EJD<br><br>In Re Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD<br><br>Action Filed:  October 18, 2011<br>Transferred February 17, 2012 |
| JEANNE M. WALKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC. and DOES 1 through 10,<br><br>Defendants. | Case No. 5:12-cv-00798-EJD<br><br>In Re Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD<br><br>Action Filed:  October 20, 2011<br>Transferred February 17, 2012 |
| JACQUELINE BURDICK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC. and DOES 1 through 10,<br><br>Defendants. | Case No. 5:12-cv-00799-EJD<br><br>In Re Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD<br><br>Action Filed:  October 25, 2011<br>Transferred February 17, 2012 |
| EDWARD STRAVATO,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.; JOHN DOE 1-10,<br><br>Defendants. | Case No. 5:12-cv-00800-EJD<br><br>In Re Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD<br><br>Action Filed:  December 14, 2011<br>Transferred February 17, 2012 |
| MATTHEW J. VICKERY, and Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., DOES 1 thru 10,<br><br>Defendants. | Case No. 5:12-cv-00801-EJD<br><br>In Re Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD<br><br><br>Action Filed:  November 14, 2011<br>Transferred February 17, 2012 |

| | |
|---|---|
| PATRICK K. MALONEY, Individually and on Behalf of All Others Similarly Situated | Case No. 5:12-cv-00824-EJD |
| Plaintiff, | In Re Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD |
| v. | |
| FACEBOOK, INC., DOES 1 THROUGH 10, | Action Filed: January 25, 2012 Transferred February 21, 2012 |
| Defendants. | |
| JOON KHANG, Individually and On Behalf of All Others Similarly Situated, | Case No. 5:12-cv-00825-EJD |
| Plaintiff, | In Re Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD |
| v. | |
| FACEBOOK, INC., | Action Filed: February 1, 2012 Transferred February 21, 2012 |
| Defendant. | |

6

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................ i

TABLE OF AUTHORITIES ................................................................................................ ii

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

   I.     INTRODUCTION AND PRELIMINARY STATEMENT ............................................ 1

   II.    FACTUAL BACKGROUND ..................................................................................... 2

        a. Facebook ........................................................................................................... 2

        b. Facebook Tracks Users' Internet Use ............................................................... 4

        c. Facebook Tracking Post-Logout ....................................................................... 5

   III.   PROCEDURAL BACKGROUND .............................................................................. 7

   IV.   ARGUMENT ............................................................................................................ 7

        a. The Related Actions and the MDL Should be Consolidated for All Purposes Pursuant to Rule 42(a). ............................................................................................ 7

        b. The Proposed Leadership Structure Is In the Best Interests of the Putative Class ........ 9

           i.   The Proposed Leadership Structure .................................................... 9

           ii.  The Benefits of the Proposed Structure .............................................. 10

        c. Appointing Interim Lead Class Counsel is Appropriate Under Rule 23(g) and Will Protect the Interests of the Putative Plaintiff Class ....................................... 11

   V.    CONCLUSION ....................................................................................................... 13

## **TABLE OF AUTHORITIES**

### **CASES**

*Huene v. United States,*
    743 F.2d 703 (9th Cir. 1984)...............................................................................8

*In re Cendant Corp. Litig.,*
    182 F.R.D. 476 (D.N.J. 1998)..............................................................................7

*In re DRAM Antitrust Litig.,*
    2006 U.S. Dist. LEXIS 39841, *53 (N.D. Cal., June 5, 2006)............................10

*In re Equity Funding Corp. of Am. Sec. Litig.,*
    416 F. Supp. 161 (C.D. Cal. 1976)......................................................................7

*In Re Hydrogen Peroxide Antitrust Litig.,*
    240 F.R.D. 163 (E.D. Pa. 2007)..........................................................................10

*In re Intel Corp. Microprocessor Antitrust Litig.,*
    MDL No. 05-1717 (D. Del. Apr. 18, 2006)........................................................10

*In re Oxford Health Plans, Inc. Sec. Litig.,*
    182 F.R.D. 42 (S.D.N.Y. 1998)..........................................................................10

*Investors Research Co. v. U.S. District Court for Cent. Dist.,*
    877 F.2d 777 (9th Cir. 1989)...............................................................................8

*Johnson v. Celotex Corp.,*
    899 F.2d 1281 (2d Cir. 1990)..............................................................................8

*Malasky v. IAC/Interactive Corp.,*
    2004 U.S. Dist. Lexis 25832, at *14 (S.D.N.Y. Dec. 21, 2004).........................10

*Owen v. Labor Ready Inc.,*
    146 Fed. Appx. 139 (9th Cir. 2005)................................................................7, 8

*Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.,*
    611 F. Supp. 990 (C.D. Cal. 1984)......................................................................8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.,Inc.,*
    229 F.R.D. 395 (S.D.N.Y. 2004).........................................................................10

*Parkinson v. Hyundai Motor Am.,*
    2006 WL 2289801, No. C06-0345 AHS, slip op. *2 (C.D. Cal. Aug. 7, 006)....12

*U.S. v. Knauer,*
    149 F.2d 519 (7th Cir. 1945)...........................................................................7, 8

*Vincent v. Hughes Air West, Inc.,*
    557 F.2d 759 (9th Cir. 1977)...............................................................................8

**RULES**

Fed. R. Civ. P. 1 ................................................................................................. 2

Fed. R. Civ. P. 23(g)(1)(A) ............................................................................. 12

Fed. R. Civ. P. 23(g)(3) ................................................................................... 11

Fed. R. Civ. P. 23(g)(2) ..................................................................................... 1

Fed. R. Civ. P. 23(g)(4) ................................................................................... 12

Fed. R. Civ. P. 42(a) .................................................................................. 1, 7, 8

**TREATISES AND LAW REVIEW ARTICLES**

Paul M. Schwartz, *Property, Privacy and Personal Data*, 117 Harv. L. Rev. 2055,
2056-57 (2004) ................................................................................................. 3

Manual For Complex Litigation, Fourth, § 11.631, at pp.121-22 (2004) ............... 7, 10

**OTHER AUTHORITIES**

Rainey Reitman ,*Facebook's Hotel California* (Oct. 10, 2011) ..................................... 4

Tim Morey, *What's Your Personal Data Worth?* (Jan. 18, 2011) ................................. 3

Third Circuit Task Force Report on Selection of Class Counsel,
208 F.R.D. 340 (2002) ..................................................................................... 10

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND PRELIMINARY STATEMENT

Twenty-one similar purported class actions have been related and transferred to this Court by the United States Judicial Panel on Multidistrict Litigation or otherwise accepted as related by order of this Court.  These Related Actions are:

| Case Name | Original Court and Case Number | N.D. Cal. Case Number |
|---|---|---|
| Parrish v. Facebook Inc | ALN/2:11-cv-03576 | 5:12-cv-00667-EJD |
| Campbell v. Facebook, Inc. et al | ARW/5:11-cv-05266 | 5:12-cv-00796-EJD |
| Beatty v. Facebook Incorporated et al | AZ/2:11-cv-01964 | 5:12-cv-00668-EJD |
| Joon Khang v. Facebook Inc | CAC/8:12-cv-00161 | 5:12-cv-00825-EJD |
| Carroll v. Facebook, Inc | CAN/3:12-cv-00370 | 5:12-cv-00370-EJD |
| Davis et al v. Facebook, Inc. | CAN/5:11-cv-04834 | 5:11-cv-04834-EJD |
| Brkic v. Facebook, Inc | CAN/5:11-cv-04935 | 5:11-cv-04935-EJD |
| Quinn v. Facebook, Inc. et al | HI/1:11-cv-00623 | 5:12-cv-00797-EJD |
| Howard v. Facebook, Inc. et al | ILS/3:11-cv-00895 | 5:12-cv-00671-EJD |
| Graham v. Facebook, Inc. et al | KS/2:11-cv-02556 | 5:12-cv-00673-EJD |
| Hoffman v. Facebook, Inc. et al | KYW/5:11-cv-00166 | 5:12-cv-00674-EJD |
| Seamon v. Facebook, Inc. | LAM/3:11-cv-00689 | 5:12-cv-00675-EJD |
| Thompson v. Facebook, Inc. | MOW/2:11-cv-04256 | 5:12-cv-00676-EJD |
| Rutledge v. Facebook, Inc. | MSN/3:11-cv-00133 | 5:12-cv-00669-EJD |
| Walker v. Facebook | MT/1:11-cv-00118 | 5:12-cv-00798-EJD |
| Maloney v. Facebook, Inc. et al | OHS/2:12-cv-00078 | 5:12-cv-00824-EJD |
| Burdick et al v. Facebook Inc et al | OKW/5:11-cv-01214 | 5:12-cv-00799-EJD |
| Stravato v. Facebook, Inc. | RI/1:11-cv-00624 | 5:12-cv-00800-EJD |
| Maguire, et al. v. Facebook, Inc. | CAN/5:12-cv-0807 | 5:12-cv-00807-EJD |
| Vickery v. Facebook, Inc. | WAW/2:11-cv-01901 | 5:12-cv-00801-EJD |
| Singley v. Facebook, Inc. | TXW/1:11-cv-00874 | 5:12-cv-00670-EJD |

All 21 Related Actions seek to represent substantially the same class of people for essentially the same claims, are based on similar factual allegations and are against the same defendant, Facebook, Inc. ("Defendant" or "Facebook").  The plaintiffs in 20 of these 21 Related Actions (collectively, the "Moving Plaintiffs")[1] move this Court for an order:

(1)    Consolidating all 21 Related Actions, MDL 2314, and any future-filed "related action" pursuant to Fed. R. Civ. P. 42(a);

(2)    Appointing interim class counsel pursuant to Fed. R. Civ. P. 23(g)(2); and

---

[1]   Plaintiff in *Khang v. Facebook, Inc.*, 5:12-cv-00825-EJD, does not join in this Motion.

(3)     Setting a deadline for the filing of Interim Lead Plaintiffs' Consolidated Class Action Complaint and a briefing schedule on any motion to dismiss filed by Defendant Facebook.

Moving Plaintiffs bring this motion on the following grounds: (1) the Actions are substantially identical; consolidating them will promote efficiency for the court, litigants and counsel; and (2) the leadership structure Moving Plaintiffs propose and the consolidation of pleadings will also promote efficiency while advancing "the just, speedy and inexpensive determination" of the Actions. Fed. R. Civ. P. 1.  This motion is based upon the following legal memorandum of points and authorities, the complete files and records in the 21 Related Actions, and such other written or oral argument as the Court may consider.[2]

## II.     FACTUAL BACKGROUND

### a.  Facebook

Defendant Facebook operates the world's largest social networking web site, with more than 800 million users globally.  Facebook has 150 million users in the United States.  Although Facebook members are not required to pay a monetary subscription fee, membership is decidedly not free.  Facebook requires users to provide sensitive personal information to Facebook upon registration, including name, birth date, gender and email address.  More importantly, Facebook users must accept numerous Facebook cookies on their computers.  These cookies track the users' browsing history.  Facebook then harvests this information from the users' computers, including the members' unique Facebook identifiers.  Facebook uses this valuable information to generate approximately $4 billion of revenue annually, starkly illustrating that the required personal information, including users' browsing history, has enormous cash value.

/ / /

/ / /

---

[2]   Counsel for Moving Plaintiffs contacted counsel for Facebook, and Facebook will support consolidation of the current 21 cases in (or related to) the MDL proceeding, but takes no position on the Rule 23(g) motion.  In taking no position on the latter motion, Facebook reserves all rights with respect to the contents of that motion and expressly reserves the right to challenge the adequacy of lead counsel and lead plaintiffs in the future.

The economic value of the information that users are required to provide to Facebook is well understood in the e-commerce industry.  Personal information is now a form of currency.  As Professor Paul M. Schwartz noted in the Harvard Law Review:

> *Personal information is an important currency in the new millennium.  The monetary value of personal data is large and still growing, and corporate America is moving quickly to profit from the trend.  Companies view this information as a corporate asset and have invested heavily in software that facilitates the collection of consumer information.*

Paul M. Schwartz, *Property, Privacy and Personal Data*, 117 Harv. L. Rev. 2055, 2056-57 (2004).  Professor Schwartz wrote those words in the same year Facebook was launched.

The cash value of users' personal information provided to Facebook can be quantified.  For example, in a recent study authored by Tim Morey ("*What's Your Personal Data Worth?*," Jan. 18, 2011), researchers studied the value that 180 internet users placed on keeping personal data secure.  The results were striking.  Study participants valued contact information of the sort Facebook requires at approximately $4.20 per year.  Demographic information was valued at approximately $3.00 per year.  Web browsing histories were valued at a much higher rate: $52.00 per year.  The following chart summarizes the findings:



3

Across Facebook's membership of approximately 800 million users, these figures imply aggregate annual membership fees of $3.36 billion, $2.4 billion, and $41.6 billion, respectively, for each category of information.  Facebook is not free.

### b.  Facebook Tracks Users' Internet Use

According to "Facebook's Hotel California" (Oct. 10, 2011), a recent report by Rainey Reitman at the Electronic Frontier Foundation ("EFF"), in order to track its users' internet use, Facebook installs two types of cookies on members' computers: session cookies, and tracking cookies:

> **Session cookies** are set when you log into Facebook and they include data like your unique Facebook user ID. They are directly associated with your Facebook account. When you log out of Facebook, the session cookies are supposed to be deleted.
>
> **Tracking cookies** - also known as persistent cookies - don't expire when you leave your Facebook account. Facebook sets one tracking cookie known as 'datr' when you visit Facebook.com, regardless of whether or not you actually have an account. This cookie sends data back to Facebook every time you make a request of Facebook.com, such as when you load a page with an embedded Facebook 'like' button. This tracking takes place regardless of whether you ever interact with a Facebook 'like' button. In effect, Facebook is getting details of where you go on the Internet.
>
> When you leave Facebook <u>without</u> logging out and then browse the web, you have both tracking cookies and session cookies. Under those circumstances, Facebook knows whenever you load a page with embedded content from Facebook (like a Facebook 'like' button) and also can easily connect that data back to your individual Facebook profile.

As the EFF noted, session cookies are supposed to be deleted upon logout.  Not just a vague industry expectation, this deletion is required under the governing contracts, and therefore under federal law.  Facebook's Statement of Rights and Responsibilities, in addition to a number of other documents and policies, including a Data Use Policy and a Privacy Policy, govern Facebook use.  Although the governing documents make clear that users consent to Facebook installing cookies on the users' computers, and although users consent to these cookies tracking and transmitting to Facebook data regarding their web browsing, *such consent was plainly limited to internet usage while the user is logged on to Facebook.*

Users nowhere consent to Facebook tracking and recording their web browsing *after* they log out of Facebook.  Facebook agreed to delete its session cookies after the user's session ended, precluding post log-out tracking.  Facebook's online help center clearly and unambiguously emphasized, "When you log out of Facebook, we remove the cookies that identify your particular account."

### c.  Facebook Tracking Post-Logout

Sometime in 2010, an Australian technology writer, Nik Cubrilovic, discovered that the session cookies Facebook placed on its users' computers remained active even after users had logged off of Facebook.  Mr. Cubrilovic warned Facebook of this problem on at least two occasions starting in November, 2010.  Facebook failed to take corrective action, instead willfully and illegally continuing to collect data from its millions of active users worldwide.

Because Facebook refused to take corrective action, Mr. Cubrilovic went public with his research on September 25, 2011.  The result was explosive.  The next day, on September 26, 2011, Facebook publicly admitted that its session cookies remained active even after logoff.  Facebook agreed to fix the "bug" as the company called it, seeking to minimize the problem.  The next day, the Irish Government announced an audit of Facebook under EU privacy rules (Facebook's primary European data center is in Ireland).  Two days later, U.S. Representatives Edward Markey and Joe Barton, Co-Chairman of the Congressional Bi-Partisan Privacy Caucus, sent a letter to the Federal Trade Commission demanding to know what action the FTC was taking under Section 5 of the FTC Act.  The letter stated:

> As co-chairs of the Congressional Bi-Partisan Privacy Caucus, we believe that tracking user behavior without their consent or knowledge raises serious privacy concerns . . . . When users log out of Facebook, they are under the expectation that Facebook is no longer monitoring their activities.  We believe this impression should be the reality.  **Facebook users should not be tracked without their permission** (emphasis added).

On September 29, 2011, the Electronic Privacy Information Center, joined by the American Civil Liberties Union, the American Library Association, the Bill of Rights Defense Committee, the Center for Digital Democracy, the Center for Media and Democracy, Consumer

5

Action, Consumer Watchdog, Privacy Activism, and Privacy Times also recommended that the FTC investigate.  In their letter to the FTC, the group added that Facebook might not have actually fixed the problem as claimed:

> [W]e would like to bring your attention to new privacy and security risks to American consumers, the secret use of persistent identifiers ("cookies") to track the Internet activity of users even after they have logged off of Facebook, and the company's failure to uphold representations it has made regarding its commitments to protect the privacy of its users.
>
> **Facebook's tracking of post-log-out Internet activity violates both the reasonable expectations of consumers and the company's own privacy statements**. Although Facebook has partially fixed the problem caused by its tracking cookies, the company still places persistent identifiers on users' browsers that collect post-log-out data and could be used to identify users (emphasis added).

As of the date of this motion, whether the FTC will or has already begun a formal investigation is unknown.  However, on October 11, 2011, FTC Chairman Jon Leibowitz gave a speech at the National Press Club in Washington, D.C.  In that speech Chairman Leibowitz sounded the alarm on privacy rights, coining the term "cyberazzi" for web sites that violate their users' digital privacy rights.  Specifically, Chairman Leibowitz may have signaled coming action:

> Once you enter cyberspace, software placed on your computer – **usually without your consent or even knowledge** – turns your private information into a commodity out of your control.  And keep in mind: as my former colleague Republican FTC Chairman Debbie Majoras used to say, your computer is your property. . . . At the FTC, we want you to get that control back (emphasis added).

Finally, despite Facebook's claim that it fixed the "bug," researchers are uncovering yet more methods Facebook can employ to track its users, even after logout.  For example, a researcher at Stanford University found that Facebook was setting tracking cookies on browsers of people visiting sites other than Facebook.com.  Facebook was setting these tracking cookies when individuals visited certain Facebook Connect sites.  The result:  people who never interacted with a Facebook.com widget, and who never visited Facebook.com, were still vulnerable to Facebook tracking cookies.  The EFF notes in the October 11, 2011 report that **Facebook now can track web browsing history without cookies**:

*Facebook is able to collect data about your browser – including your IP address and a range of facts about your browser – without ever installing a cookie. They can use this data to build a record of every time you load a page with embedded Facebook content. They keep this data for 90 days and then presumably discard or otherwise anonymize it. That's a far cry from being able to shield one's reading habits from Facebook.*

## III.   PROCEDURAL BACKGROUND

Following the September 25, 2011 revelations and the calls for government action, 21 separate class actions were filed throughout the country seeking compensation and other remedies for Facebook users.  These cases allege violations of various federal privacy laws, including the Federal Wiretap Act and various Computer Fraud laws.  Several allege violations of various California state statutes and common law claims.

On October 17, 2011, the Plaintiffs in *Davis, et al. v. Facebook, Inc*., 5:11-cv-04834-EJD, moved in the JPML for consolidation and transfer to the Northern District of California of all related actions filed to date.  None of the plaintiffs in any of the Related Actions opposed the Motion.  Defendant Facebook submitted a Brief in Support of the Motion.  On February 8, 2012, the JPML ordered that all "Related Actions" be centralized in the Northern District of California, and created MDL 2314.  Additional cases filed after the October 17, 2011 motion for consolidation were also transferred to this Court pursuant to two Conditional Transfer Orders dated February 17, 2012 and February 21, 2012.  Finally, three additional actions filed in this District have all been deemed "related" by the Court (*Brkic*, *Carroll*, and *Maguire*).

## IV.   ARGUMENT

### a.   The Related Actions and the MDL Should be Consolidated for All Purposes Pursuant to Rule 42(a).

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Manual For Complex Litigation, Fourth*, § 11.631, at pp.121-22 (2004) ("MCL"); *Owen v. Labor Ready Inc*., 146 Fed. Appx. 139, 141 (9th Cir. 2005); *In re Cendant Corp. Litig*., 182 F.R.D. 476,478 (D.N.J. 1998); *In re Equity Funding Corp. of Am. Sec. Litig*., 416 F. Supp. 161, 175 (C.D. Cal. 1976).  Subdivision (a) of this rule relating to consolidations of actions for trial was designed to encourage consolidations where possible. *See U.S. v. Knauer*,

1   149 F.2d 519, 520 (7th Cir. 1945), *certiorari granted*, 326 U.S. 714, *aff'd*, 328 U.S. 654, *reh'g*

2   *denied*, 329 U.S. 818, *petition denied*, 322 U.S. 834.  This Court has broad discretion under this

3   rule to consolidate cases within this district.  *Investors Research Co. v. U.S. District Court for*

4   *Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *Perez-Funez v. Dist. Director, Immigration &*

5   *Naturalization Serv.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) ["A court has broad discretion in

6   deciding whether or not to grant a motion for consolidation, although, typically, consolidation is

7   favored."] (citations omitted).

8        Courts have recognized that putative class actions are particularly well-suited for Rule

9   42(a) consolidation.  Such consolidation expedites pretrial proceedings, reduces case duplication,

10  avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the

11  expenditure of time and money for all parties involved.  *Vincent v. Hughes Air West, Inc.*, 557

12  F.2d 759, 773 (9th Cir. 1977); *Owen v. Labor Ready Inc.*, 146 Fed. Appx. at 141 (citing *Huene v.*

13  *United States*, 743 F.2d 703, 704 (9th Cir. 1984)).  Consolidating class action suits simplifies

14  pretrial and discovery motions, class action issues, and clerical and administrative management

15  duties.  Consolidation also reduces the confusion and delay that may result from prosecuting

16  related putative class actions separately. *Id.*

17       The Related Actions all allege claims on behalf of Facebook Users.  The Related Actions

18  name the same defendant, Facebook, Inc., and involve substantially similar factual and legal

19  issues. Consolidation is appropriate where – as here – there are actions involving common

20  questions of law or fact.  Fed. R. Civ. P. 42(a).  *See also Johnson v. Celotex Corp.*, 899 F.2d

21  1281, 1284 (2d Cir. 1990).  The substantial overlap of the factual and legal issues in the Related

22  Actions satisfies that "common questions" test.  The Related Actions should be consolidated.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

MOTION TO CONSOLIDATE RELATED ACTIONS
PURSUANT TO RULE 42(A); APPOINT INTERIM
CLASS COUNSEL PURSUANT TO RULE 23(g)

**b.  The Proposed Leadership Structure Is In the Best Interests of the Putative Class**

*i.   The Proposed Leadership Structure*

__The Executive Committee__:  The Moving Plaintiffs propose that the consolidated action be co-led by two firms: BARTIMUS, FRICKLETON, ROBERTSON & GORNY, P.C., and SIANNI & STRAITE LLP.[3]

__Plaintiffs' Steering Committee__:  The Moving Plaintiffs propose the formation of a steering committee to assist co-lead counsel at the direction of co-lead counsel.  The PSC would consist of seven attorneys:  STEPHEN M. GORNY; STEPHEN G. GRYGIEL; ANDREW J. LYSKOWSKI; BARRY R. EICHEN; MARK S. MANDELL; WILLIAM H. MURPHY, JR.; and WILLIAM M. CUNNINGHAM, JR.

__Attorney General Special Advisory Committee__:  The Moving Plaintiffs propose the formation of a Special Advisory Committee consisting of three former state attorneys general to provide legal and strategic advice to co-lead counsel: GRANT WOODS (Arizona Attorney General from 1991 to 1999); MIKE MOORE (Mississippi Attorney General from 1988 to 2004); and RICHARD IEYOUB (Louisiana Attorney General from 1992 to 2004).

__Liaison Counsel__:  The Moving Plaintiffs propose the appointment of a single liaison counsel with a California office to assist with filings and court appearances at the direction of co-lead counsel: KIESEL, BOUCHER & LARSON, LLP.

/ / /

/ / /

---

[3]  Candor to the tribunal requires disclosure that the lawyers at Sianni & Straite LLP plan to join another firm commencing May 1, 2012, and at that time would seek to substitute the successor firm as co-lead counsel for the putative class.  Counsel is prepared to discuss the arrangement at the upcoming Case Management Conference on March 30, 2012.  Counsel would gladly provide a supplemental brief under seal describing the successor firm's qualifications if the Court so requests.  Public announcement of the move is currently scheduled for April 16, 2012.

MOTION TO CONSOLIDATE RELATED ACTIONS
PURSUANT TO RULE 42(A); APPOINT INTERIM
CLASS COUNSEL PURSUANT TO RULE 23(g)

### ii.   The Benefits of the Proposed Structure

The broad scope and inherent complexity of this matter necessitate a sound case management structure.  Moving Plaintiffs assert that the Proposed Leadership Structure will best serve the interests of Plaintiffs and the proposed plaintiff class.  Leading commentators and the Manual for Complex Litigation advise: "court[s] should be cognizant of the possibility that the class could benefit from the combined resources and expertise of a number of class counsel, especially in a complex case where the defendants are represented by a number of large and highly qualified law firms." *Third Circuit Task Force Report on Selection of Class Counsel*, 208 F.R.D. 340, 417 (2002) (footnote omitted); *see also* MCL, § 10.221 (noting benefit to having multiple lead counsel in large class action cases).  For these reasons, federal district courts frequently approve multi-firm leadership structures in complex class actions. *See, e.g., In Re Hydrogen Peroxide Antitrust Litig.*, 240 F.R.D. 163, 177 (E.D. Pa. 2007) (appointing four-firm structure as co-lead counsel); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46, 49 (S.D.N.Y. 1998) (approving multiple counsel arrangement, finding pooling of resources and experience was advantageous given "magnitude" of the class action and to "ensure that the litigation will proceed expeditiously against Oxford and the experienced counsel it has retained to represent it"); *see also In re DRAM Antitrust Litig.*, 2006 U.S. Dist. LEXIS 39841, *53 (N.D. Cal., June 5, 2006) (appointing three-firm structure as co-lead counsel); *In re Intel Corp. Microprocessor Antitrust Litig.*, MDL No. 05-1717 (D. Del. Apr. 18, 2006), Order Appointing Co-Lead Counsel at 3 (appointing multi-firm structure that allows "drawing upon a greater pool of resources" which "could prove to be especially beneficial in a large and complex case such as this").[4]

Not merely beneficial, the Proposed Leadership Structure here will prosper the success and efficient management of a class action potentially involving 800 million class members.  Presenting many legal and factual issues, some quite new, involving application of established statutes and causes of action to evolving cyberspace commercial practices, this case offers no

---

[4]   Courts have also noted the "benefit of joint decision-making" afforded by multiple representation in the class action context. *See, e.g., Malasky v. IAC/Interactive Corp.*, 2004 U.S. Dist. Lexis 25832, at *14 (S.D.N.Y. Dec. 21, 2004); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 420 (S.D.N.Y. 2004).

room for management inefficiency.  Facebook, the world's largest social network, is represented by one of the country's largest and most experienced defense firms, abundantly prepared to defend the case.  This may also be the largest class action in history, and discovery could involve millions of pages of documents.  Such volume requires knowledgeable and experienced persons to establish review protocols and to ensure proper document analysis in a relatively short time.  Undoubtedly this case will be expert-intensive.  Extensive motion practice is virtually certain, on the pleadings, procedural and merits issues, and discovery.  The path to settlement or trial is unlikely to be short or simple. Needless to say, these tasks will entail substantial financial commitments that the proposed co-lead counsel will share.

The Proposed Leadership Structure draws on the experience and expertise of a large number of law firms and former state attorneys general, yet still provides the Court and Facebook with the convenience of only two points of contact – Sianni & Straite LLP and Bartimus Frickleton, Robertson & Gorny, P.C.  The Moving Plaintiffs also propose that a single firm be appointed liaison counsel with a California office to assist with filings and court appearances as needed.  In this way, the Proposed Leadership Structure combines a large number of attorneys (and former state attorneys general) with proven commitment to responsible advocacy, and the convenience of a small, two-firm Executive Committee simplifying decision-making and communications with the Court and Defendant.

### c.   Appointing Interim Lead Class Counsel is Appropriate Under Rule 23(g) and Will Protect the Interests of the Putative Plaintiff Class

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Where, as here, multiple class actions are pending, appointment of interim class counsel "is necessary to protect the interests of class members" because it "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MCL, § 21.11.

/ / /

Proposed Interim Class Counsel Will Fairly and Adequately Represent the Interests of Plaintiffs and the Putative Class

Attorneys appointed to serve as interim class counsel "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). Although Rule 23 does not explicitly state what standards apply when appointing interim class counsel, courts have applied the following factors from Rule 23(g)(1)(A): (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. *See Parkinson v. Hyundai Motor Am.*, 2006 WL 2289801, No. C06-0345 AHS, slip op. at *2 (C.D. Cal. Aug. 7, 2006). No single factor is determinative; all factors must be considered. Advisory Committee Notes (2003 Amendments).

The proposed leadership structure satisfies each of these criteria.  Proposed class counsel have already taken considerable steps to advance the litigation.  For example, plaintiffs' counsel (not counsel for Facebook) filed with the JPML the motion for consolidation and transfer to this Court.  Counsel also aggressively moved to protect the class in the JPML when Facebook requested a change to the case caption which would have been unfair to plaintiffs.  Likewise, counsel for plaintiffs have already sent a document preservation demand to Facebook, have retained and engaged expert advisors and have already sought admission *pro hac vice*.

Likewise, proposed class counsel have extensive complex litigation experience and knowledge of the applicable law.  Counsel also have sufficient resources to litigate this case properly and protect the class.  Attached to this motion as Exhibit A are the biographies of the firms and lawyers that Moving Plaintiffs seek to have appointed to lead the class action.

/ / /

/ / /

/ / /

/ / /

/ / /

**V.     CONCLUSION**

In the interests of judicial economy and for the reasons set forth above, Moving Plaintiffs respectfully request that the Court order consolidation of the Related Actions, the MDL and all future-filed "related actions"; appoint interim class counsel; and enter the attached proposed order setting forth a deadline for filing a consolidated class action complaint and a briefing schedule to govern any motion to dismiss.

Dated: March 28, 2012                    SIANNI & STRAITE LLP


                                          _/s/ David A. Straite_____
Barry R. Eichen                           David A. Straite
Daryl L. Zaslow
EICHEN CRUTCHLOW ZASLOW &                 David A. Straite
McELROY LLP                               Ralph N. Sianni
40 Ethel Road                             1201 N. Orange St., Suite 740
Edison, NJ 08817                          Wilmington, DE 19801
beichen@njadvocates.com                   dstraite@siannistraite.com
dzaslow@njadvocates.com                   rsianni@siannistraite.com
Telephone:  (732) 777-0100                Telephone:     (302) 573-3560
Facsimile:   (732) 248-8273               Facsimile:     (302) 358-2975


Paul R. Kiesel                            Stephen G. Grygiel
KIESEL BOUCHER LARSON LLP                 John E Keefe, Jr.
8648 Wilshire Boulevard                   Stephen Sullivan, Jr.
Beverly Hills, CA 90211                   KEEFE BARTELS LLP
kiesel@kbla.com                           170 Monmouth Street
Telephone:  (310) 854-4444                Red Bank, NJ 07701
Facsimile:   (310)854-0812                sgrygiel@keefebartels.com
                                          jkeefe@keefebartels.com
                                          ssullivan@keefebartels.com
                                          Telephone:     (732) 224-9400
                                          Facsimile:     (732) 224-9494

                                          Attorneys for Plaintiffs PERRIN AIKENS
                                          DAVIS, PETERSEN GROSS, DR. BRIAN K.
                                          LENTZ, TOMMASINA IANNUZZI, TRACY
                                          SAURO, JENNIFER SAURO, and LISA
                                          SABATO

1

Dated: March 28, 2012                    WILLOUGHBY DOYLE LLP

2

3                                        /s/ *Conal Fergus Doyle*
                                         Conal Fergus Doyle

4
                                         433 North Camden Drive, Suite 730
5                                        Beverly Hills, CA 90210
                                         conal@willoughbydoyle.com
6                                        Telephone: (310) 385-0567
                                         Facsimile: (310) 842-1496

7
                                         Attorney for Plaintiff LANA BRKIC

8

9    Dated: March 28, 2012                    GIRARD GIBBS LLP

10

11                                       /s/ *Eric H. Gibbs*
                                         Eric H. Gibbs
12

13   GIRARD GIBBS LLP                    MURPHY, P.A.
     DAVID STEIN                         WILLIAM H. MURPHY JR.
14   ds@girardgibbs.com                  billy.murphy@murphypa.com
     ERIC H. GIBBS                       WILLIAM H. MURPHY, III
15   ehb@girardgibbs.com                 hassan.murphy@murphypa.com
     601 California Street, Suite 1400   TONYA OSBORNE BANA
16   San Francisco, CA 94108            tonya.bana@murphypa.com
     Telephone: (415) 981-4800          KAMBON WILLIAMS
17   Facsimile: (415) 981-4846          kambon.williams@murphypa.com
                                         One South Street, 23rd Floor
18   LAW OFFICES OF PETER G. ANGELOS    Baltimore, MD 21202
     PETER G. ANGELOS                    Telephone: (410) 539-6500
19   100 North Charles Street            Facsimile: (410) 539-6599
     Baltimore, MD 21202
20   Telephone: (410) 649-2000
     Facsimile: (410) 659-1782          Attorneys for Plaintiffs LAURA MAGUIRE and
21                                       CHRISTOPHER SIMON (Plaintiffs in the
                                         *Maguire v. Facebook, Inc.* action)
22

23

24

25

26

27

28

14

Motion to Consolidate Related Actions
Pursuant to Rule 42(a); Appoint Interim
Class Counsel Pursuant to Rule 23(g)

1    Dated: March 28, 2012                    BURNS CUNNINGHAM & MACKEY PC

2
                                             /s/ *William M. Cunningham, Jr.*
3                                            William M. Cunningham, Jr.

4                                            Peter S. Mackey
                                             Peter F. Burns
5                                            P.O. Box 1583
                                             Mobile, AL  36633
6                                            pfburns@bcmlawyers.com
                                             psmackey@bcmlawyers.com
7                                            wmcunningham@bcmlawyers.com
                                             Telephone:   (251) 432-0612
8                                            Facsimile:    (251) 432-0625

9                                            Attorney for Plaintiff ALEXANDRIA PARRISH

10   Dated: March 28, 2012                    GRANT WOODS PC

11

12                                           /s/ *Grant Woods*
                                             Grant Woods
13
                                             Two Renaissance Square
14                                           40 N. Central Ave., Suite 2250
                                             Phoenix, AZ  85004
15                                           gw@grantwoodspc.net
                                             Telephone:  (602) 258-2599
16                                           Facsimile:  (602) 258-5070

17                                           Attorney for Plaintiff SHARON BEATTY

18   Dated: March 28, 2012                    LAW OFFICES OF DAVID SHELTON PLLC

19

20                                           /s/ *David Shelton*
                                             David Shelton
21
                                             P.O. Box 2541
22                                           Oxford, MS  38655
                                             david@davidsheltonpllc.com
23                                           Telephone:  (662) 281-1212
                                             Facsimile:  (662) 281-1312
24
                                             Attorney for Plaintiff BROOKE RUTLEDGE
25

26

27

28

MOTION TO CONSOLIDATE RELATED ACTIONS
PURSUANT TO RULE 42(A); APPOINT INTERIM
CLASS COUNSEL PURSUANT TO RULE 23(g)

Dated:  March 28, 2012                    BISHOP LONDON & DODDS, P.C.


                                          /s/ Alice London
                                          Alice London

                                          3701 Bee Cave Road, Suite 200
                                          Austin, TX 78746
                                          alondon@bishoplondon.com
                                          Telephone:  (512) 479-5900
                                          Facsimile:   (512) 479-5934

                                          Attorneys for Plaintiff MICHAEL SINGLEY

Dated:  March 28, 2012                    GOLDENBERG HELLER ANTOGNOLI &
                                          ROWLAND, P.C.


                                          /s/ Thomas P. Rosenfeld
                                          Thomas P. Rosenfeld (IL 6301406)

                                          Mark C. Goldenberg
                                          2227 South State Route 157
                                          P.O. Box 959
                                          Edwardsville, IL 62025
                                          tom@ghalaw.com
                                          mark@ghalaw.com
                                          Telephone:  (618) 656-5150
                                          Facsimile:  (618) 656-6230

                                          Attorneys for Plaintiff DANA HOWARD

Dated: March 28, 2012                     BARTIMUS, FRICKLETON, ROBERTSON &
                                          GORNY – LEAWOOD


                                          /s/ Chip Robertson
                                          Edward D. Robertson, Jr.

Andrew J. Lyskowski                       Stephen M. Gorny
Erik A. Bergmanis                         James P. Frickleton
BERGMANIS LAW FIRM, L.L.C.                Mary D. Winter
380 W. Hwy. 54, Suite 201                 Edward D. Robertson III
P.O. Box 229                              11150 Overbrook Road, Suite 200
Camdenton, MO 65020                       Leawood, KS  66211
alyskowski@ozarklawcenter.com             steve@bflawfirm.com
erik@ozarklawcenter.com                   mmarvel@bflawfirm.com
Telephone: (573) 346-2111                 Telephone:   (913) 266-2300
Facsimile: (573) 346-5885                 Facsimile:    (913) 266-2366

                                          Attorneys for Plaintiff JOHN GRAHAM

**MOTION TO CONSOLIDATE RELATED ACTIONS
PURSUANT TO RULE 42(A); APPOINT INTERIM
CLASS COUNSEL PURSUANT TO RULE 23(g)**

1   Dated: March 28, 2012                    BRYANT LAW CENTER, PSC

2

3                                            /s/ *Mark P. Bryant*
                                             Mark P. Bryant

4                                            Emily Ward Roark
                                             601 Washington Street
5                                            P.O. Box 1876
                                             Paducah, KY  42002
6                                            emily.roark@bryantpsc.com
                                             mark.bryant@bryantpsc.com
7                                            Telephone:   (270) 442-1422
                                             Facsimile: (270) 443-8788

8                                            Attorney for Plaintiff  DAVID M. HOFFMAN

9   Dated: March 28, 2012                    HYMEL, DAVIS & PETERSEN, LLC

10

11                                           /s/ *Michael Reese Davis*
                                             Michael Reese Davis
12

13                                           L. J. Hymel
                                             Richard P. Ieyoub
14                                           Tim P. Hartdegen
                                             10602 Coursey Blvd.
15                                           Baton Rouge, LA  70816
                                             rieyoub@hymeldavis.com
16                                           ljhymel@hymeldavis.com
                                             mdavis@hymeldavis.com
17                                           thartdegen@hymeldavis.com
                                             Telephone:   (225) 298-8188
18                                           Facsimile: (225) 298-8119

19                                           Attorney for Plaintiff JANET SEAMON

20  Dated: March 28, 2012                    BERGMANIS & MCDUFFEY

21

22  Edward D. Robertson, Jr.                 /s/ *Andrew S. Lyskowski*
    Mary Doerhoff Winter                     Andrew S. Lyskowski
23  BARTIMUS FRIEKLETON
    ROBERTSON & GORNY                        380 W. Hwy 54, Suite 201
24  715 Swifts Highway                       P.O. Box 229
    Jefferson City, MO 65109                 Camdenton, MO  65020
25  chiprob@eathlink.net                     alyskowski@ozarklawcenter.com
    marywinter@earthlink.net                 Telephone:   (573) 346-2111
26  Telephone: (573) 659-4460                Facsimile: (573) 346-5885
    Facsimile:   (573) 659-4460
27
                                             Attorney for Plaintiff
28                                           CHANDRA L. THOMPSON

                                    17        **MOTION TO CONSOLIDATE RELATED ACTIONS**
                                              **PURSUANT TO RULE 42(A); APPOINT INTERIM**
                                              **CLASS COUNSEL PURSUANT TO RULE 23(g)**

Dated: March 28, 2012                    BRIAN L. CAMPBELL LAW FIRM, PLLC


/s/ Grant Rahmeyer_____              /s/ Brian Lee Campbell_____
Grant Rahmeyer                           Brian Lee Campbell

STRONG-GARNER-BAUER, P.C.               P.O. Box 189
415 East Chestnut Expressway            Pea Ridge, AR 72751
Springfield, MO 65802                    blcampb@hotmail.com
Grahmeyer@stronglaw.com                  Telephone:  (479) 387-1081
Telephone:  (417)-887-4300               Facsimile:   (888) 389-5809
Facsimile:   (417)-88704385


                                         Attorney for Plaintiff  STEPHANIE CAMPBELL

Dated: March 28, 2012                    BRONSTER HOSHIBATA


                                         /s/ Robert M. Hatch_____
                                         Robert M. Hatch

                                         Margery S. Bronster
                                         1003 Bishop Street, Suite 2300
                                         Honolulu, Hawaii 96813
                                         rhatch@bhhawaii.net
                                         mbronster@bhhawaii.net
                                         Telephone:  (808) 524-5644
                                         Facsimile:   (808) 599-1881

                                         Attorney for Plaintiff CYNTHIA D. QUINN

Dated: March 28, 2012                    ELIZABETH CUNNINGHAM THOMAS PLLC


                                         /s/ Elizabeth C. Thomas_____
                                         Elizabeth C. Thomas

                                         P.O. Box 8946
                                         Missoula, MT 59802
                                          elizthomas@bresnan.net
                                         Telephone:  (406)-728-5936
                                         Facsimile:   (406)-728-2828

                                         Attorney for Plaintiff JEANNE M. WALKER

Dated: March 28, 2012                    MEYER & LEONARD PLLC


                                         /s/ Henry A. Meyer, III
                                         Henry A. Meyer, III

                                         116 E Sheridan, Suite 207
                                         Oklahoma City, OK 73104
                                         hameyer@mac.com
                                         Telephone:  (405)-702-9900
                                         Facsimile:   (405)-605-8381

                                         Attorney for Plaintiff JACQUELINE BURDICK

Dated: March 28, 2012                    MANDELL, SCHWARTZ & BOISCLAIR, LTD.


                                         /s/ Zachary Mandell
                                         Zachary Mandell

                                         Michael S. Schwartz
                                         Mark S. Mandell
                                         1 Park Row
                                         Providence, RI 02903
                                         msmandell@msn.com
                                         mschwartz.ri@gmail.com
                                         Telephone:   (401) 273-8330
                                         Facsimile:    (401) 751-7830

                                         Attorney for Plaintiff EDWARD STRAVATO

19

1

Dated: March 28, 2012                         HILLIS CLARK MARTIN & PETERSON

2

3                                             /s/ Michael Ramsey Scott
                                              Michael Ramsey Scott

4

5                                             Louis David Peterson
                                              1221 Second Avenue, Suite 500
                                              Seattle, WA 98101-2925
6                                             ldp@hcmp.com
                                              mrs@hcmp.com
7                                             Telephone:  (206)-623-1745
                                              Facsimile:  (206) 623-7789

8                                             Attorney for Plaintiff MATTHEW J. VICKERY

9                                             THE TERRELL LAW GROUP
   Date: March 28, 2012
10

11                                            /s/ Reginald Terrell
                                              Reginald Terrell
12

13                                            Post Office Box 13315, PMB #148
                                              Oakland, CA 94661
                                              reggiet2@aol.com
14                                            Telephone: (510)-237-9700
                                              Facsimile:  (510)-237-4616
15

16                                            Attorney for Plaintiff JULIAN CARROLL

17 Dated: March 28, 2012                      METZ, BAILEY & MCLOUGHLIN

18

19                                            /s/ Michael J. Ensminger
                                              Michael J. Ensminger
20
                                              Kyle I. Stroh
21                                            Michael K. Fultz
                                              33 East Schrock Road
22                                            Westerville, OH 43081
                                              mfultz@metzbailey.com
23                                            kstroh@metzbailey.com
                                              Telephone:  (614)-882-2327
24                                            Facsimile:    (614)-882-5150

25

26                                            Attorney for Plaintiff  PATRICK K. MALONEY

27

28