United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE: FACEBOOK INTERNET TRACKING LITIGATION | CASE NO. 5:12-md-02314 EJD |
|---|---|
| | **ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL** |
| | [Docket Item No. 13] |

_____/

AND RELATED ACTIONS

_____/

Plaintiffs Perrin Aikens Davis, Petersen Gross, Dr. Brian K. Lentz, Tommasina Iannuzzi, Tracy Sauro, Jennifer Sauro, and Lisa Sabato (collectively, "Plaintiffs") filed an action in this district on behalf of themselves and all others similarly situated against Defendant Facebook, Inc. ("Defendant").[1]  Thereafter, the United States Judicial Panel on Multidistrict Litigation transferred to this court a number of similar cases filed in other districts throughout the country for coordinated or consolidated pretrial proceedings.[2]  See Transfer Order, Docket Item No. 1.  All transferred and tag-along cases have been assigned to the undersigned.

Presently before the court is Plaintiffs' Motion to (1) consolidate the transferred and tag-along actions, and (2) appoint an interim class counsel structure.  See Docket Item No. 13 (the

---

[1] The Davis action bears case number 5:11-cv-04834 EJD.

[2] All docket references are the to record in In re: Facebook Internet Tracking Litigation, 5:12-md-02314 EJD.

"Davis motion").  According to the Davis motion, plaintiffs in 20 of the 21 of the pending cases consented to their proposal.  The court then discussed the Davis motion with all parties at the initial Case Management Conference on March 30, 2012, and heard no objection to the relief requested. As such, the Davis Motion will be granted as discussed below.

## I.   APPOINTMENT OF CO-LEAD INTERIM CLASS COUNSEL

Pursuant to Federal Rule of Civil Procedure 23(g)(3), the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members."  White v. TransUnion, LLC, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004)). Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the court may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1).  Under that section, the court considers: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."  Fed. R. Civ. Proc. 23(g)(1)(A).  The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. Proc. 23(g)(1)(B).

Here, Plaintiffs have proposed a detailed leadership structure for the putative class, which includes: (1) an executive committee co-led by two firms, Bartimus, Frickleton, Roberston & Gorny, P.C., and Sianni & Straite LLP, both of which currently represent Plaintiffs; (2) a steering committee consisting of attorneys Stephen M. Gorny, Stephen G. Grygiel, Andrew J. Lyskowski, Barry R. Eichen, Mark S. Mandell, William H. Murphy, Jr., and William M. Cunningham, Jr.; (3) a special advisory committee consisting of former state attorneys general Grant Woods, Mike Moore, Richard Ieyoub, and Margery Bronster; and (4) a liason counsel, Kiesel, Boucher & Larson, LLP.  As is evident from the papers, the firms and individual lawyers identified above are well-qualified to represent and assist the putative class.  See Davis motion, at Ex. A.  Accordingly, the court approves

Case No. 5:12-md-02314 EJD
ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL

United States District Court
For the Northern District of California

the leadership structure as proposed by Plaintiffs.

## II.   ORDER

Based on the foregoing:

1.      The <u>Davis</u> motion is GRANTED.  The following case numbers are consolidated into 5:12-md-02314 EJD:

| 1 | 5:11-cv-04834 EJD (Davis) |
|---|---|
| 2 | 5:11-cv-04935 EJD (Brkic) |
| 3 | 5:12-cv-00370 EJD (Carroll) |
| 4 | 5:12-cv-00667 EJD (Parrish) |
| 5 | 5:12-cv-00668 EJD (Beatty) |
| 6 | 5:12-cv-00669 EJD (Rutledge) |
| 7 | 5:12-cv-00670 EJD (Singley) |
| 8 | 5:12-cv-00671 EJD (Howard) |
| 9 | 5:12-cv-00673 EJD (Graham) |
| 10 | 5:12-cv-00674 EJD (Hoffman) |
| 11 | 5:12-cv-00675 EJD (Seamon) |
| 12 | 5:12-cv-00676 EJD (Thompson) |
| 13 | 5:12-cv-00796 EJD (Campbell) |
| 14 | 5:12-cv-00797 EJD (Quinn) |
| 15 | 5:12-cv-00798 EJD (Walker) |
| 16 | 5:12-cv-00799 EJD (Burdick) |
| 17 | 5:12-cv-00800 EJD (Stravato) |
| 18 | 5:12-cv-00801 EJD (Vickery) |
| 19 | 5:12-cv-00807 EJD (Maguire) |
| 20 | 5:12-cv-00824 EJD (Maloney) |
| 21 | 5:12-cv-00825 EJD (Khang) |

All future filings shall be in 5:12-md-02314 EJD and shall bear the caption: "In re: Facebook Internet Tracking Litigation."

2.      Counsel may identify for the court the filing or transfer or any case which may be

United States District Court
For the Northern District of California

3

properly consolidated into this action by filing pursuant to Civil Local Rule 3-12(b).  All future

related cases shall be automatically consolidated and administratively closed.

      3.      The court appoints the following firms and individuals to represent the putative class

in the capacities listed: (1) Interim Co-Lead Counsel consisting of two firms: Bartimus, Frickleton,

Roberston & Gorny, P.C., and Sianni & Straite LLP;[3] (2) a steering committee consisting of

attorneys Stephen M. Gorny, Stephen G. Grygiel, Andrew J. Lyskowski, Barry R. Eichen, Mark S.

Mandell, William H. Murphy, Jr., and William M. Cunningham, Jr.; (3) a special advisory

committee consisting of former state attorneys general Grant Woods, Mike Moore, Richard Ieyoub,

and Margery Bronster; and (4) a liason counsel, Kiesel, Boucher & Larson, LLP.  As is evident from

the papers, the firms and individual lawyers identified above are well-qualified to represent and

assist the putative class.

      4.      Interim Co-Lead Counsel shall have the authority to speak for all consolidated

Plaintiffs and putative class members in all matters regarding the consolidated action, including, but

not limited to, pretrial proceedings, motion practice, trial, and settlement.  Interim Co-Lead Counsel

shall make all work assignments in such a manner as to facilitate the orderly and efficient

prosecution of this litigation, and to avoid duplicative or unproductive effort.  Additionally, Interim

Co-Lead Counsel shall have the responsibility to: (1) brief and argue motions; (2) initiate and

conduct discovery, including, but not limited to, coordination of discovery with Defendant's

counsel, and the preparation of written interrogatories, requests for admissions, and requests for

production of documents; (3) to direct and coordinate the examination of witnesses in depositions;

(4) to act as spokesperson at pretrial conferences; (5) to call and chair meetings of Plaintiffs' counsel

as appropriate or necessary from time to time; (6) to initiate and conduct any settlement negotiations

with Defendant's counsel; (7) to provide general coordination of the activities of Plaintiffs' counsel

and to delegate work responsibilities to selected counsel as may be required, in such a manner as to

lead to the orderly and efficient prosecution of this litigation and to avoid duplication or

unproductive effort; (8) to consult with and employ experts; (9) to receive and review periodic time

[3] Because the lawyers at Sianni & Straite LLP plan to join another firm on May 1, 2012, they are hereby ordered to file a motion for substitution of counsel as soon as practical.

Case No. 5:12-md-02314 EJD
ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL

reports of all attorneys on behalf of Plaintiffs, to determine if the time is being spent appropriately and for the benefit of Plaintiffs, and to appropriately distribute any attorneys' fees that may be awarded by the Court; and (10) to perform such other duties as may be expressly authorized by further order of this Court.

5.      All counsel, including those for the consolidated plaintiffs, shall register with this district's ECF/PACER system forthwith and shall receive further notices regarding this action through that system.

6.      The following deadlines shall apply in the consolidated action:

A.      The Consolidated Amended Complaint shall be filed no later than **45 days** from the date upon which this order is filed;

B.      Any Answer or responsive motion shall be filed no later than **90 days** from the date upon which this order is filed;

C.      A further Case Management Conference is scheduled for **June 29, 2012, at 2:00 p.m.**  On or before **June 22, 2012**, the parties shall file a Joint Case Management Conference Statement which includes, inter alia, further proposed deadlines for this action.

**IT IS SO ORDERED.**

Dated:  April 3, 2012

EDWARD J. DAVILA
United States District Judge

Case No. 5:12-md-02314 EJD
ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL

*United States District Court*
For the Northern District of California