COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: Facebook Internet Tracking Litigation | Case No. 5:12-md-02314 EJD |
| | **DEFENDANT FACEBOOK, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CORRECTED FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT (FED. R. EVID. 201)** |
| | **DATE:** September 21, 2012<br>**TIME:** 9:00 a.m.<br>**COURTROOM:** 4<br>**JUDGE:** Edward J. Davila<br>**TRIAL DATE:** None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to Federal Rule of Evidence 201, Defendant Facebook, Inc. ("Facebook") hereby requests that the Court take judicial notice of the following documents in support of its Motion to Dismiss Plaintiffs' Corrected First Amended Consolidated Complaint (the "Complaint"):

- Facebook's Statement of Rights and Responsibilities, last revised April 22, 2010

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

REQUEST FOR JUDICIAL NOTICE I/S/O
DEF. FACEBOOK'S MOTION TO DISMISS
CASE NO. 5:12-MD-02314 EJD

1   ("April 22, 2010 SRR"), attached as Exhibit A to the concurrently-filed
2   Declaration of Sandeep Solanki ("Solanki Declaration").

- Facebook's Statement of Rights and Responsibilities, last revised April 26, 2011 ("April 26, 2011 SRR"), attached as Exhibit B to the Solanki Declaration.

- Facebook's Privacy Policy, last revised April 22, 2010 ("Privacy Policy"), attached as Exhibit C to the Solanki Declaration.

- Facebook's Data Use Policy, last revised September 23, 2011 ("Data Use Policy"), attached as Exhibit D to the Solanki Declaration.

- CNN.com's Privacy Statement, available at http://www.cnn.com/privacy.html ("CNN.com Privacy Statement"), attached as Exhibit A to the concurrently-filed Declaration of Kyle C. Wong ("Wong Declaration").

**POINTS AND AUTHORITIES IN SUPPORT OF JUDICIAL NOTICE**

The documents listed above are proper subjects for judicial notice and the Court should consider them when ruling on Facebook's Motion to Dismiss the Complaint (the "Motion").

**I.   LEGAL STANDARDS**

When ruling on a motion to dismiss, a court may consider any matter that is subject to judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (judicially noticing court documents on motion to dismiss); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) (When ruling on a 12(b)(6) motion to dismiss "courts must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). Judicial notice is appropriate for facts "not subject to reasonable dispute" that are either generally known within the jurisdiction of the trial court or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Additionally, in ruling on a motion to dismiss, a court may consider a document "not explicitly refer[red] to" in a complaint but which "the complaint necessarily relies upon." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). This rule exists "in order to '[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . .

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

REQUEST FOR JUDICIAL NOTICE I/S/O
DEF. FACEBOOK'S MOTION TO DISMISS
CASE NO. 5:12-MD-02314 EJD

1   documents upon which their claims are based . . . .'" *Swartz v. KPMG LLP*, 476 F.3d 756, 763

2   (9th Cir. 2007) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (judicially

3   noticing insurance terms of service and administrative documents because the claim necessarily

4   relied on plaintiff having been a member of the insurance plan)); *see also Coto Settlement*, 592

5   F.3d at 1038 (judicially noticing Billing Agreement where complaint necessarily relied upon its

6   terms).

7       Because relevant documents in certain types of cases are found only online, "as a general

8   matter, websites and their contents may be proper subjects for judicial notice," provided that the

9   party provides the court with a copy of the relevant web page. *Caldwell v. Caldwell*, No. C-05-

10  4166 PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *see also Caldwell v. Caldwell*, 420

11  F. Supp. 2d 1102, 1105 n.3 (N.D. Cal. Mar. 20, 2006) (noticing webpages); *Kinderstart.com, LLC*

12  *v. Google, Inc.*, No. C 06-2057 JF (RS), 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007)

13  (noticing content on defendant's website). If there is no dispute as to a document's relevance, it

14  can be judicially noticed as long as its authenticity may not be questioned. *Coto Settlement*, 593

15  F.3d at 1038.

16  **II.   ARGUMENT**

17      **A.   Because Plaintiffs' Claims Rely Upon Facebook's Governing Documents, the
          Court Can and Should Take Judicial Notice of Those Documents.**
18

19      Plaintiffs cannot reasonably dispute the authenticity or relevance of Facebook's April 22,

20  2010 SRR, April 26, 2011 SRR (the April 22, 2010 SRR and April 26, 2011 SRR, collectively the

21  "SRR"), Privacy Policy, or Data Use Policy. Moreover, the Complaint references and relies upon

22  the SRR, Privacy Policy, and Data Use Policy. Facebook's Request for Judicial Notice should

23  therefore be granted as to these documents.

24      As explained in further detail in the concurrently-filed declaration of Facebook in-house

25  counsel, Sandeep Solanki (Solanki Decl. ¶ 2), the April 22, 2010 SRR and April 26, 2011 SRR

26  are versions of Facebook's terms of service that were in effect during the period Plaintiffs allege

27  for their class—May 27, 2010 through September 26, 2011. As also explained in the Solanki

28  Declaration (¶ 3), the Privacy Policy and Data Use Policy contain Facebook disclosures during

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

REQUEST FOR JUDICIAL NOTICE I/S/O
DEF. FACEBOOK'S MOTION TO DISMISS
CASE NO. 5:12-MD-02314 EJD

the class period regarding how Facebook collects and uses content and information provided by Facebook Users that were in effect. Plaintiffs reference and rely upon these documents in the Complaint. Plaintiffs allege that they are Facebook Users (Compl. ¶¶ 103-106) and that "[u]se of Facebook is governed by the Statement of Rights and Responsibilities and several other documents and policies, including a Data Use Policy and a Privacy Policy . . ." (*id.* ¶ 16). Plaintiffs allege that venue in this Court is proper in reliance upon the "Facebook Statement of Rights and Responsibilities in force during the Class Period . . . ." (*Id.* ¶ 4.) Additionally, Plaintiffs rely heavily on Facebook's alleged contravention of the SRR, Privacy Policy, and Data Use Policy throughout the Complaint and in support of their claims against Facebook. (*See, e.g.*, *id.* ¶¶ 16, 103-06, 112, 140-41, 149, 160, 181, 220.)

Because they are referenced and relied upon repeatedly throughout the Complaint, the SRR, Privacy Policy, and Data Use Policy are appropriate for judicial notice. *See Harris v. Cnty. of Orange*, --- F. 3d ----, No. 11-55669, 2012 WL 2060666, at *4 (9th Cir. June 8, 2012) (judicially noticing five memoranda of understanding referenced in complaint); *Coto Settlement*, 593 F.3d at 1038. In fact, courts in this district have previously noticed Facebook's SRR in connection with other actions brought against the company. *See Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 795 (N.D. Cal. 2011); *In re Facebook PPC Adver. Litig.*, No. 5:09-cv-03043-JF, 2010 WL 5174021, at *4 (N.D. Cal. Dec. 15, 2010).

Moreover, although these documents are expressly referenced in Plaintiffs' Complaint, they have not attached them. Notice is therefore also appropriate "in order to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based . . . ." *See Swartz*, 476 F.3d at 763 (punctuation omitted).

For these reasons, the Court should grant Facebook's Request for Judicial Notice as to the SRR, Privacy Policy, and Data Use Policy.

**B.     The Court Should and Can Take Judicial Notice of the CNN.com Privacy Statement.**

The Court should also grant Facebook's Request for Judicial Notice as to the CNN.com Privacy Statement. The authenticity of this document, printed from the CNN.com website (*see*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

REQUEST FOR JUDICIAL NOTICE I/S/O
DEF. FACEBOOK'S MOTION TO DISMISS
CASE NO. 5:12-MD-02314 EJD

Wong Decl. ¶ 2), is not subject to reasonable dispute and can be readily determined from sources whose accuracy cannot reasonably be questioned.

Moreover, the Complaint implicitly relies upon the CNN.com Privacy Statement. Plaintiffs devote 47 paragraphs of the Complaint to a discussion of their browsers' alleged use of cookies, including cookies derived from Facebook social plug-ins on www.cnn.com. (Compl. ¶¶ 38-84.) By repeatedly referencing the CNN.com site in the Complaint, Plaintiffs necessarily rely upon the content of that site, including the CNN.com Privacy Statement, which is accessible from a link at the bottom of the site. (*See* Wong Decl. ¶ 2.) The CNN.com Privacy Statement is therefore an appropriate subject for judicial notice. *See Coto Settlement*, 593 F.3d at 1038.

### III. CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court notice the Governing Documents and the CNN.com Privacy Statement.

Dated: July 2, 2012   COOLEY LLP

/s/ Matthew D. Brown
Matthew D. Brown (196972)
Attorneys for Defendant
Facebook, Inc.

2631431/ST

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

REQUEST FOR JUDICIAL NOTICE I/S/O
DEF. FACEBOOK'S MOTION TO DISMISS
CASE NO. 5:12-MD-02314 EJD