| | |
|---|---|
| 1 | COOLEY LLP |
| 2 | MICHAEL G. RHODES (116127)<br>(rhodesmg@cooley.com) |
| 3 | MATTHEW D. BROWN (196972)<br>(brownmd@cooley.com) |
| 4 | JEFFREY M. GUTKIN (216083)<br>(jgutkin@cooley.com)) |
| 5 | 101 California Street, 5th Floor<br>San Francisco, CA  94111-5800 |
| 6 | Telephone:    (415) 693-2000<br>Facsimile:     (415) 693-2222 |
| 7 | Attorneys for Defendant FACEBOOK, INC. |
| 8 | (Additional counsel on signature page) |
| 9 | |
| 10 | UNITED STATES DISTRICT COURT |
| 11 | NORTHERN DISTRICT OF CALIFORNIA |
| 12 | SAN JOSE DIVISION |

<br>

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | | |
|---|---|---|
| 14 | In re: Facebook Internet Tracking Litigation | Case No. 12-md-02314 EJD |
| 15 | | **JOINT STATEMENT CONCERNING CASE SCHEDULE** |
| 16 | | |
| 17 | | **JUDGE:**         Edward J. Davila<br>**COURTROOM:**  4 |
| 18 | | **TRIAL DATE:**  Not Set |

19
20     Plaintiffs Perrin Davis, Cynthia Quinn, Brian Lentz, and Matthew Vickery (collectively,
21 "Plaintiffs") and Defendant Facebook, Inc. ("Facebook") (Plaintiffs and Facebook collectively,
22 the "Parties"), by and through their respective counsel, jointly submit this Joint Statement
23 Concerning Case Schedule pursuant to the Court's Minute Entry following the Case Management
24 Conference held on June 29, 2012, which requires the Parties to submit a joint case management
25 statement two weeks after the Rule 26(f) conference that proposes a schedule for the case.
26     The Parties have met and conferred concerning a proposed schedule for this case.  The
27 Parties agree on all aspects of the case schedule, with the exception of: (1) whether discovery
28 should be bifurcated between matters relevant to class certification and matters relevant only to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

JOINT STATEMENT
CONCERNING CASE SCHEDULE
CASE NO. 12-MD-02314 EJD

the merits and (2) the limitation on the number of depositions. Immediately below, Plaintiffs provide a short statement explaining why they believe discovery should not be bifurcated, and Facebook provides a short statement explaining why it believes discovery should be bifurcated. Next, Plaintiffs state their proposal for an expansion of the 10 deposition limit set forth in Rule 30 (a)(2)(A)(i), and Facebook states its bases for opposing that expansion. Following these statements, the Parties provide the proposed schedule, which is a joint proposal except for two entries as noted, which reflect Facebook's position that discovery should be bifurcated.

**Plaintiffs' Statement Concerning Bifurcation of Discovery**:

The Federal Rules of Civil Procedure do not provide for a stay of merits discovery pending class certification. This Court advised the parties at the last status conference that it saw no reason to stay discovery. The plaintiffs believe that issues related to class certification and issues related to the merits of the case are so intertwined as to make any bifurcation of discovery impractical. As stated in Newberg on Class Actions § 7:8 (4th ed.), "Discovery on the merits should not normally be stayed pending so-called class discovery, because class discovery is frequently not distinguishable from merits discovery, and classwide discovery is often necessary as circumstantial evidence even when the class is denied. Such a discovery bifurcation will often be counterproductive in delaying the progress of the suit for orderly and efficient adjudication."

Of course, the Court has broad discretion to issue protective orders to control discovery but in this case defendant cannot demonstrate the "strong showing" necessary to warrant a partial stay of discovery. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, (N.D. Cal. 1990). Defendant has suggested staying discovery on "knowledge and intent" issues but such a broad and vague description would allow defendant to withhold discovery on a wide array of issues important to class certification. And the Court will retain the authority to address any discovery limitations that the defendant believes are appropriate in response to specific discovery requests. A blanket stay of broad classes of discovery at this stage is neither justified nor necessary.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

JOINT STATEMENT
CONCERNING CASE SCHEDULE
CASE NO. 12-MD-02314 EJD

In the event the Court wishes to consider any sort of discovery bifurcation that would change the Court's previous statement that discovery should not be stayed, the plaintiffs request an opportunity to fully brief the issue.

**Facebook's Statement Concerning Bifurcation of Discovery**:

Facebook believes that discovery should be bifurcated, with discovery relevant to class certification first and discovery that relates solely to the merits of Plaintiffs' claims to be conducted only after the Court issues a decision on class certification. Phased discovery of this sort is contemplated by the federal Manual for Complex Litigation (*see, e.g.*, §§ 21.11, 21.14), which states that allowing full merits discovery before a decision on certification "can create unnecessary and extraordinary expense and burden" (*id.* § 21.14). Of course, class determination frequently "entail[s] some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Even so, federal courts frequently allow bifurcation in class actions. *See Hager v. Vertrue, Inc.*, No. 09-11245-GAO, 2011 WL 4501046, at *1 (D. Mass. Sept. 28, 2011) (acknowledging bifurcation of class and merits discovery); *Harris v. Option One Mortg. Corp.*, 261 F.R.D. 98, 111 (D.S.C. 2009) (granting bifurcation on the ground that doing so "will promote the interests of fairness and efficiency"); *Am. Nurses' Assoc. v. Illinois*, 1986 WL 10382, at *2-3 (N.D. Ill. Sept. 12, 1986) (granting bifurcation because it would "expedite the decision on class certification in accord with Federal Rule 23").

Bifurcating class certification discovery from merits discovery is necessary here to avoid imposing the costs and burdens of full (and potentially needless) merits discovery on Facebook before the Court determines whether this case may proceed as a class action. *See NOW, Farmington Valley Chapter v. Sperry Rand Corp.*, 88 F.R.D. 272, 277 (D. Conn. 1980) (ordering bifurcation of discovery because, in pre-certification stage, "the defendant must be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas") (citation omitted); *see also, e.g., Miles v. Merrill Lynch & Co. (In re Initial Pub. Offering Sec. Litig.)*, 471 F.3d 24, 41 (2d Cir. 2006) ("[A] district judge has ample discretion to circumscribe . . . the extent of discovery concerning Rule 23 requirements . . . in order to assure that a class certification motion does not become a pretext for a partial trial of the merits."). For

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

JOINT STATEMENT
CONCERNING CASE SCHEDULE
CASE NO. 12-MD-02314 EJD

example, although Facebook expects that the parties will need to explore the operation of Facebook's HTTP cookies in order to resolve whether class certification is appropriate, the parties need not expend the significant time and resources required to explore certain other substantive issues. In particular, Facebook's *intent* in implementing its practices with respect to HTTP cookies or *knowledge* of any alleged misconduct[1] are likely to have no bearing on class certification, and discovery on these topics need not be undertaken at this time. Moreover, this Court's ruling on Plaintiffs' anticipated motion for class certification may significantly narrow or reshape the issues the Parties must address in merits discovery by denying certification or changing the scope of the case. "If class certification is denied, the scope of permissible discovery may be significantly narrowed; if a class is certified, defining that class should help determine the limits of discovery on the merits." *Am. Nurses' Assoc.*, 1986 WL 10382, at *3.

**Plaintiffs' Statement Concerning Depositions**:

Because of the size and complexity of these consolidated MDL cases, plaintiffs believe that the limit of 10 depositions set forth in Rule 30 (a)(2)(A)(i) is impractical. Plaintiffs suggest that the number of depositions per side be initially limited to 20, absent a showing of good cause, and that Rule 30(b)(6) deposition notices count as one deposition regardless of how many individual witnesses are designated by a party to testify in response to such notice. Defendant Facebook opposes this suggestion.

**Facebook's Statement Concerning Depositions**:

Plaintiffs have not demonstrated good cause to expand the number of depositions of Facebook witnesses in this case beyond the limit set forth in Federal Rule of Civil Procedure

---

[1] Establishing Facebook's intent and knowledge will be an element of several of Plaintiffs' claims at the merits stage. *See* Federal Wiretap Act, 18 U.S.C. § 2511(1) (requiring defendant to act "intentionally"); Stored Communications Act, 18 U.S.C. § 2701(a) (same); Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (requiring defendant to act "knowingly" or "intentionally"); Cal. Penal Code § 502(c) (requiring defendant to act "knowingly"); Cal. Penal Code § 631(a) (requiring defendant to act "intentionally"); Invasion of Privacy, *Medical Laboratory Management Consultants v. ABC, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002) (same); Conversion, *Bank of New York v. Fremont General Corp.*, 523 F.3d 902, 914 (9th Cir. 2008) (conversion is an "intentional tort"); Trespass to Chattels, *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1350-51 (2003) (trespass requires an "intentional interference").

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

JOINT STATEMENT
CONCERNING CASE SCHEDULE
CASE NO. 12-MD-02314 EJD

30(a)(2)(A)(i). Expanding the limit would be inconsistent with Rule 26(b)(2) and would impose undue burden on Facebook. Further, Plaintiffs' request for a modification of the limits set forth by the Federal Rules of Civil Procedure is inconsistent with the position they took at the most recent CMC. At that time, they agreed with the Court's conclusion that discovery should not be stayed pending resolution of Facebook's motion to dismiss because the case was not so different from other cases in federal court that it warranted deviation from the default provisions of the Federal Rules. Today, Plaintiffs take the inconsistent position (not raised at the CMC) that the case is so different that the Federal Rules need to be modified to allow Plaintiffs to take more depositions than they would otherwise be permitted to take. Plaintiffs' request lacks merit, and a general reference to the "size and complexity" of the case is not a sufficient showing. Similarly, there is no reason to count each Rule 30(b)(6) deposition notice as only one deposition, regardless of the number and variety of topics included in the notice and regardless of the number of Facebook witnesses that reasonably must be made available to testify on those topics (for example, a deposition notice containing 15 topics that results in 3 depositions of 3 different Facebook employees). Plaintiffs' request should be denied.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

JOINT STATEMENT
CONCERNING CASE SCHEDULE
CASE NO. 12-MD-02314 EJD

**Jointly Proposed Schedule:**

| Event | Proposed Date |
|---|---|
| Rule 26(a)(1) Initial Disclosures | July 27, 2012 |
| Answer | If Facebook's Motion to Dismiss is (1) denied in its entirety or (2) denied in part and granted in part without giving Plaintiffs leave to amend, Facebook shall file its answer no later than 30 days after the decision on Facebook's Motion to Dismiss.[2] |
| | If Facebook's Motion to Dismiss is (1) denied in part and granted in part and Plaintiffs are given leave to amend or (2) granted entirely with leave to amend, Facebook shall file either an answer or a renewed motion to dismiss 30 days after amendment of the complaint. If the Motion to Dismiss was granted only in part and no amendment is filed, Facebook shall file an answer 30 days after the deadline to file an amendment passes. If Facebook files a renewed motion to dismiss after amendment of the complaint, Facebook's deadline to answer will be continued until set by further order of the Court. |
| | The date on which Facebook files its answer, if that occurs, shall be deemed the "Answer Date." |
| Deadline for Disclosure of Plaintiffs' Class Certification Expert Witnesses (name, address, qualifications, résumé, and written report) | 14 days before deadline to file motion to certify class |
| Deadline to File Motion to Certify Class | 150 days after Answer Date |
| Deadline for Completion of Class Certification Fact Discovery, Including Fact Witness Depositions | Facebook: 150 days after Answer Date<br>Plaintiffs: N/A |
| Deadline for Disclosure of Facebook's Class Certification Expert Witnesses (name, address, qualifications, résumé, and written report) | 60 days after deadline to file motion to certify class |
| Deadline to File Any Opposition to Motion to Certify Class | 60 days after deadline to file motion to certify class |

---

[2] If any deadline provided for in this schedule falls on a weekend or Court holiday, the deadline will be continued until the next Court day.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

JOINT STATEMENT
CONCERNING CASE SCHEDULE
CASE NO. 12-MD-02314 EJD

| Event | Proposed Date |
|---|---|
| Deadline to File Any Reply in Support of Motion to Certify Class | 30 days after deadline to file opposition to motion to certify class |
| Hearing on Class Certification Motion | At Court's convenience |
| First Day for Serving of Merits Discovery | Facebook: Day of decision on class certification motion<br>Plaintiffs: N/A |
| Deadline for Completion of Fact Discovery, Including Fact Witness Depositions | 180 days after decision on class certification motion |
| Parties to Meet and Confer to Propose a Schedule for Pre-trial Conference, Pre-trial Motions, and Trial | 180 days after decision on class certification motion |
| Deadline for Disclosure of Plaintiffs' Expert Witnesses to be Presented at Trial (name, address, qualifications, résumé, and written report) | 35 days after completion of merits fact discovery |
| Deadline for Disclosure of Facebook's Expert Witnesses to be Presented at Trial (name, address, qualifications, résumé, and written report) | 42 days after disclosure of Plaintiffs' expert witnesses to be presented at trial |
| Deadline for Completion of Merits Expert Discovery, including Expert Depositions | 21 days after disclosure of Facebook's expert witnesses to be presented at trial |
| Last Day to File Motion for Summary Judgment | 30 days after close of merits expert discovery |
| Deadline to File Any Opposition to Motion for Summary Judgment | 35 days after deadline to file motion for summary judgment |
| Deadline to File Any Reply in Support of Motion for Summary Judgment | 21 days after deadline to file opposition to motion for summary judgment |
| Hearing on Summary Judgment Motion | At Court's convenience |
| Pre-trial Conference, Pre-trial Motions, and Trial | To be determined |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

JOINT STATEMENT
CONCERNING CASE SCHEDULE
CASE NO. 12-MD-02314 EJD

| | |
|---|---|
| Respectfully submitted, | |
| Dated: July 27, 2012 | COOLEY LLP |
| | */s/ Jeffrey M. Gutkin*<br>JEFFREY M. GUTKIN |
| | Attorneys for Defendant FACEBOOK, INC. |
| Dated: July 27, 2012 | BARTIMUS, FRICKLETON, ROBERTSON, & GORNY, P.C. |
| | */s/ Edward D. Robertson, Jr.*<br>EDWARD D. ROBERTSON, JR. |
| | BARTIMUS, FRICKLETON, ROBERTSON, & GORNY, P.C.<br>EDWARD D. ROBERTSON, JR.<br>(chiprob@earthlink.net)<br>JAMES P. FRICKLETON<br>STEPHEN M. GORNY<br>MARY D. WINTER<br>EDWARD D. ROBERTSON III<br>11150 Overbook Road, Suite 200<br>Leawood, KS 66211<br>Telephone:   (913) 266-2300<br>Facsimile:   (913) 266-2366 |
| | STEWARTS LAW US LLP<br>DAVID A. STRAITE<br>RALPH N. SIANNI<br>MICHELE S. CARINO<br>LYDIA E. YORK<br>1201 North Orange Street<br>Wilmington, DE 19801<br>Telephone:   (302) 298-1200<br>Facsimile:   (302) 298-1222 |
| | Attorneys for Plaintiffs |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.

JOINT STATEMENT
CONCERNING CASE SCHEDULE
CASE NO. 12-MD-02314 EJD

**ATTESTATION**

In accordance with Northern District of California Civil Local Rule 5-1(i)(3), I hereby attest that I have obtained concurrence in the filing of this document from each of the other signatories.

                                         */s/ Jeffrey M. Gutkin*
                                         JEFFREY M. GUTKIN

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

JOINT STATEMENT
CONCERNING CASE SCHEDULE
CASE NO. 12-MD-02314 EJD

# PROOF OF SERVICE
## (FRCP 5)

I hereby certify that on July 27, 2012, I filed the foregoing document with the Clerk of Court using the CM/ECF system:

**Joint Statement Concerning Case Schedule**

This document was served on all counsel who are deemed to have consented to electronic service via the CM/ECF system in this action.

This document and the notice of electronic filing were also served via U.S. Mail on the following:

Stephen Sullivan
Keefe Bartels LLC
170 Monmouth Street
Red Bank, NJ 07701
Ph: (732) 224-9400
Email: ssulivan@keefebartels.com

Executed on July 27, 2012, at Seattle, Washington.

_____
Kristi Peterson

2635706/ST

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.

JOINT STATEMENT
CONCERNING CASE SCHEDULE
CASE NO. 12-MD-02314 EJD