COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
ADAM C. TRIGG (261498)
(atrigg@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

Attorneys for Defendant
FACEBOOK, INC.

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

#### SAN JOSE DIVISION

| | |
|---|---|
| In re: Facebook Internet Tracking Litigation | Case No. 5:12-md-02314 EJD |
| | **DEFENDANT FACEBOOK, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER TEMPORARILY STAYING FURTHER DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS SECOND AMENDED CONSOLIDATED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| | **FED. R. CIV. P. 26(c)** |
| | Date:            April 28, 2016 |
| | Time:            9:00 a.m. |
| | Courtroom:    4 |
| | Judge:           Hon. Edward J. Davila |
| | Trial Date:     None Set |

## TABLE OF CONTENTS

**Page**

NOTICE OF MOTION .............................................................................................................. 1

STATEMENT OF RELIEF SOUGHT ....................................................................................... 1

STATEMENT OF ISSUE TO BE DECIDED ............................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I.      INTRODUCTION ........................................................................................................... 1

II.     STATEMENT OF FACTS .............................................................................................. 3

        A.      Procedural Background ......................................................................................... 3

        B.      Plaintiffs' Lack of Diligence on Discovery to Date ............................................. 4

III.    LEGAL STANDARDS .................................................................................................... 7

IV.     ARGUMENT ................................................................................................................... 8

        A.      Discovery Should Be Stayed Temporarily Pending Resolution of
                Facebook's Motion to Dismiss Because the Motion Could Potentially
                Dispose of the Entire Case and Can Be Decided Without Any Further
                Discovery. .............................................................................................................. 8

        B.      Protection from Further Discovery Pending the Motion to Dismiss is
                Particularly Appropriate Here Where the Additional Discovery Sought
                Will Be Costly, Unnecessary, and Unduly Burdensome. ..................................... 11

V.      CONCLUSION ................................................................................................................ 13

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3 **Cases**

4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................9

5

6

*Barker v. Gottlieb*,
    Civ. No. 13-00236 LEK-BMK, 2014 WL 1569477 (D. Haw. Apr. 16, 2014) ..........8, 9, 11, 12

7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................9

8

9

*Dura Pharms., Inc. v. Broudo*,
    544 U.S. 336 (2005) ........................................................................................................9

10

11

*Fields v. Roberts*,
    No. 1:06-cv-00407-AWI-GSA-PC, 2013 WL 5230034 (E.D. Cal. Sept. 16,
    2013) ......................................................................................................................8, 11, 12

12

13

*Gibbs v. Carson*,
    No. C-13-0860 THE (PR), 2014 WL 172187 (N.D. Cal. Jan. 15, 2014)............................8, 11

14

15

*Hall v. Tilton*,
    No. C 07-3233 RMW (PR), 2010 WL 539679 (N.D. Cal. Feb. 9, 2010) ......................8, 10, 11

16

17

*Hamilton v. Rhoads*,
    No. C 11-0227 RMW (PR), 2011 WL 5085504 (N.D. Cal. Oct. 25, 2011) ........................8, 11

18

*Harris v. Am. Gen. Fin. Servs. LLC*,
    No. 2:10-cv-01662-GMN-LRL, 2010 WL 9517401 (D. Nev. Dec. 2, 2010).....................8, 11

19

20

*Janis v. Biesheuvel*,
    428 F.3d 795 (8th Cir. 2005)..............................................................................................7

21

22

*Jarvis v. Regan*,
    833 F.2d 149 (9th Cir. 1987)...........................................................................................7, 9

23

*Johnson v. N.Y. Univ. Sch. of Educ.*,
    205 F.R.D. 433 (S.D.N.Y. 2002) .......................................................................................7

24

25

*Little v. City of Seattle*,
    863 F.2d 681 (9th Cir. 1988)..............................................................................................7

26

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985) ..........................................................................................................7

27

28

Cooley LLP
Attorneys At Law
San Francisco

ii.

**Def. Facebook's Motion for Protective
Order, Case No. 5:12-md-02314 EJD**

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*O'Meara v. Heineman*,
   No. 8:09CV0157, 2009 U.S. Dist. LEXIS 67487 (D. Neb. July 29, 2009) ...............................7

*Panola Land Buyers Ass'n v. Shuman*,
   762 F.2d 1550 (11th Cir. 1985).....................................................................................7

*Rae v. Union Bank*,
   725 F.2d 478 (9th Cir. 1984)..........................................................................................9

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987).....................................................................................7, 8

*S.F. Tech. v. Kraco Enters. LLC*,
   No. 5:11-cv-00355 EJD, 2011 WL 2193397 (N.D. Cal. June 6, 2011)...................................10

*Spokeo, Inc. v. Robins*,
   No. 13-1339 (cert. granted Apr. 27, 2015; argued Nov. 2, 2015)...........................................12

*Spokeo. Matera v. Google Inc.*,
   No. 15-CV-04062-LHK, 2016 U.S. Dist. LEXIS 15271 (N.D. Cal. Feb. 5,
   2016) ...........................................................................................................................12

*Universal Trading & Inv. Co. v. Dugsbery, Inc.*,
   499 F. App'x 663 (9th Cir. 2012) ...........................................................................................7

*Wenger v. Monroe*,
   282 F.3d 1068 (9th Cir. 2002).....................................................................................7

*Wood v. McEwen*,
   644 F.2d 797 (9th Cir. 1981).....................................................................................7

*In re Zynga Privacy Litig.*,
   750 F.3d 1098 (9th Cir. 2014)........................................................................................4

**Other Authorities**

5 Wright & Miller, Federal Practice and Procedure § 1216 ........................................................9

Fed. R. Civ. P.
   12(b) ...........................................................................................................................7, 9
   26(c) .....................................................................................................................1, 7, 10
   26(b)(1) ...........................................................................................................................11

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 28, 2016 at 9:00 am or as soon thereafter as this motion may be heard in the above-entitled court, located at 280 South First Street, San Jose, California, in Courtroom 4, 5th Floor, Defendant Facebook, Inc. ("Facebook") will, and hereby does, move for a protective order temporarily staying further discovery during the pendency of Facebook's motion to dismiss Plaintiffs' Second Amended Consolidated Class Action Complaint ("SAC"). Facebook's motion is made pursuant to Federal Rule of Civil Procedure 26(c) and is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Kyle C. Wong ("Wong Decl."), and all pleadings and papers on file in this matter, and upon such other matters as may be presented to the Court at the time of hearing or otherwise. As required by Federal Rule of Civil Procedure 26(c)(1), Facebook certifies that the Parties have conferred and attempted to resolve this dispute prior to Facebook filing this motion. (*See* Wong Decl. ¶ 18.)

**STATEMENT OF RELIEF SOUGHT**

Facebook seeks a protective order temporarily staying further discovery pending the Court's resolution of Facebook's motion to dismiss Plaintiffs' SAC.

**STATEMENT OF ISSUE TO BE DECIDED**

Whether the Court should grant a temporary stay of further discovery in this action pending the Court's resolution of Facebook's motion to dismiss Plaintiffs' SAC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

In the more than four years since this case was filed, Plaintiffs have taken a subdued and half-hearted approach to discovery. Although discovery commenced on June 29, 2012, Plaintiffs did not serve their first request for production of documents until November 2012. They have not, in four years, served a single deposition notice, request for admission, or interrogatory on Facebook. Moreover, Plaintiffs sat for six months on Facebook's proposed stipulated protective order concerning the production of confidential documents, only to agree to the proposal without

1.

any changes.  After Facebook produced nearly 13,000 documents, Plaintiffs did not initiate a meet-and-confer regarding Facebook's objections and production of documents for six months. At that point, they had not even reviewed the entire 13,000 document production.  Then, in the middle of the meet-and-confer process, Plaintiffs went silent for nearly ***two years***.

It was not until after the Court issued its order ("Order") dismissing Plaintiffs' First Amended Consolidated Class Action Complaint ("FAC"), after Plaintiffs filed their SAC, and after Plaintiffs learned that Facebook intended to move to dismiss the SAC, that they suddenly became interested in pursuing discovery.  On January 14, 2016—the same day Facebook was scheduled to file its Motion to Dismiss the SAC ("Motion to Dismiss")—Plaintiffs sent a letter to Facebook seeking a considerable expansion of discovery, including depositions of Facebook employees and document production from twenty additional custodians.  But Plaintiffs' belated insistence on dramatically expanding discovery is unwarranted while Facebook's Motion to Dismiss is pending, particularly given that this Court previously determined that Plaintiffs did not have Article III standing to bring the vast majority of the claims asserted in their original complaint.  Nevertheless, in an attempt to avoid burdening the Court with motion practice, Facebook offered to produce certain appropriately focused categories of additional documents. Plaintiffs rejected that offer.  Facebook now brings this motion for a protective order temporarily staying further discovery[1] pending the resolution of its Motion to Dismiss, which is set to be heard by the Court in less than two months, on April 28, 2016.

The "good cause" standard employed by courts in this circuit for staying discovery pending a motion to dismiss is easily satisfied here.  Such stays may be granted when (1) the pending motion is potentially dispositive of the entire action, and (2) the motion can be decided without additional discovery.  Unquestionably, if granted, Facebook's Motion to Dismiss, which seeks to dismiss the SAC with prejudice, would end this action in its entirety.  Also, Facebook's motion can be decided without any additional discovery.  As an initial matter, the motion is limited to the face of the complaint.  Moreover, the Court dismissed the FAC largely on the basis

---

[1] Facebook intends to produce the focused categories of documents already offered to Plaintiffs regardless of the outcome of this motion.

of standing, and Facebook's Motion to Dismiss again seeks dismissal on that basis.  Further discovery will not assist Plaintiffs in pleading a cognizable injury.  Nor will it shed any light on the basic operation of the Internet, upon which the Court based its prior dismissal of Plaintiffs' remaining claims.  If Plaintiffs actually needed the discovery they now seek in order to amend their pleading, undoubtedly they would have asked for it long before now.  Under these circumstances, a temporary stay will not burden Plaintiffs, but rather, if the Court were to rule that the case may move forward, it will ensure that discovery focuses only on the subjects that are relevant to the operative complaint.  For these reasons, Facebook asks the Court to order a temporary stay of further costly and burdensome discovery while it determines whether Plaintiffs have standing and whether their SAC states a claim upon which relief can be granted.

## II.    STATEMENT OF FACTS

### A.    Procedural Background

This case is a consolidated, multi-district lawsuit against Facebook, brought by and on behalf of individuals with active Facebook accounts from May 27, 2010, through September 26, 2011.  (Order at 1.)  Plaintiffs claim that Facebook tracked and stored their post-logout Internet usage using small text files—or "cookies"—which Facebook is alleged to have embedded in their computers' browsers.  (*Id.*)  Plaintiffs' FAC asserted eleven federal, state, and common law claims, including claims under the federal Wiretap Act, the federal Stored Communications Act ("SCA"), and the California Invasion of Privacy Act ("CIPA").  (FAC, Dkt. No. 35.)

On October 23, 2015, the Court granted Facebook's motion to dismiss the FAC in its entirety with leave to amend.  (Order, Dkt. No. 87.)  In the Order, the Court held that Plaintiffs failed to allege an injury-in-fact as required for Article III standing.  (*Id.* at 11.)  Specifically, the Court held that Plaintiffs did not "articulate[] a cognizable basis for standing pursuant to Article III" because they did "not demonstrate[] that Facebook's conduct resulted in some concrete and particularized harm . . . ."  (*Id.* at 11.)  The Court determined that the FAC failed to connect whatever value there might be in the information allegedly collected by Facebook "to a realistic economic harm or loss that is attributable to Facebook's alleged conduct."  (*Id.* at 10.)  Put another way, "Plaintiffs [did] not show[], for the purposes of Article III standing, that they

1    personally lost the opportunity to sell their information or that the value of their information was

2    somehow diminished after it was collected by Facebook." (*Id.*)  This failure to plead any injury

3    resulted in dismissal of all but the three statutory claims noted above.

4        For the remaining statutory claims, the Court dismissed the Wiretap Act and CIPA claims

5    because the browsing information Plaintiffs alleged Facebook received was not "contents" of any

6    communications under *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106-07 (9th Cir. 2014).

7    (Order at 15-16.)  In doing so, this Court recognized that the URL information Plaintiffs allege

8    was intercepted "is so similar to the referer headers addressed in *Zynga Privacy Litigation* [that]

9    Plaintiffs may never be able to state [a] Wiretap Act claim . . . ." (Order at 16.)  The Court also

10   dismissed the SCA claim because Plaintiffs' allegations did not demonstrate that Facebook

11   accessed any communications in "electronic storage" as required by the SCA.  The Court

12   determined that Plaintiffs' allegations of access to "persistent cookies" "cannot be reconciled with

13   the temporary nature of storage contemplated by the statutory definition." (Order at 17.)

14       On November 30, 2015, Plaintiffs filed their SAC, which abandoned several of their

15   previous claims, but added new causes of action for fraud, breach of contract, and larceny.  (Dkt.

16   No. 93.)  The SAC included new allegations regarding how the Internet and cookies function, all

17   based on publicly available information.  (*See* SAC ¶¶ 28-42.)  The SAC notably left the

18   allegations regarding Plaintiffs' alleged harm unchanged.  (*Compare* FAC ¶¶ 10-14, 111-125 *with*

19   SAC ¶¶ 129-143.)  On January 14, 2016, Facebook filed its Motion to Dismiss the SAC with

20   prejudice.  The Motion to Dismiss seeks dismissal of the SAC with prejudice for lack of standing

21   and failure to state a claim.  A hearing on the Motion to Dismiss is set for April 28, 2016.

22   **B.**    **Plaintiffs' Lack of Diligence on Discovery to Date**

23       The history of discovery in this action is characterized by Plaintiffs' significant delay and

24   disinterest for years, followed by an unprompted and opportunistic insistence on expansive

25   additional discovery right when briefing on Facebook's Motion to Dismiss was set to commence.

26   This inattention was obvious from the beginning.  The parties attended a Case Management

27   Conference before the Court on June 28, 2012 (Dkt. No. 43), but Plaintiffs waited until November

28   2012 to serve their first (and to date *only*) discovery requests consisting of thirty-one requests for

production.  (Ex. A.)[2]  On January 25, 2013, Facebook served objections and responses to Plaintiffs' Requests for Production[3] and produced an initial set of responsive documents.  (Ex. B; Wong Decl. ¶ 4.)  In December 2012, the Parties then began negotiating the terms of a stipulated protective order, which Facebook required prior to producing sensitive or confidential internal documents.  (Wong Decl. ¶ 5.)  The parties exchanged several versions of a proposed stipulated protective order between December 2012 and February 2013.  (*Id.*)  Facebook sent Plaintiffs proposed revisions to the draft stipulated protective order on February 20, 2013, but Plaintiffs did not respond for *six months*, at which point they dropped all of their previous objections without explanation.  (Ex. C.)  Shortly after Plaintiffs' response, the parties finalized and filed a Stipulated Protective Order with the Court (Dkt. No. 68), which Judge Grewal signed on April 11, 2014 (Dkt. No. 75).  Five days later, Facebook produced nearly 13,000 documents, totaling almost 65,000 pages, from Facebook's internal repositories and three custodians with the most relevant information to Plaintiffs' claims.  (Wong Decl. ¶ 7.)  In contrast, all four named Plaintiffs produced a total of 42 documents totaling 505 pages.  (*Id.* ¶ 7.)

Plaintiffs then went silent again.  They did not follow up on Facebook's responses until November 3, 2014 on a phone call during which Plaintiffs raised issues regarding Facebook's objections and responses from nearly *two years earlier* and Facebook's document production from *six months* earlier.  (Wong Decl. ¶ 8.)  The Parties held a meet-and-confer on these issues on November 19, 2014 that did not result in a resolution.  (*Id.*)

After the November 2014 meet-and-confer, Plaintiffs did nothing for another *14 months*.  During this time, the Court granted Facebook's Motion to Dismiss and Plaintiffs filed their SAC.  Not once did Plaintiffs reach out to Facebook regarding discovery.  (Wong Decl. ¶ 10.)  Only on

---

[2] All exhibits are to the Wong Declaration.

[3] Facebook objected on a number of grounds, particularly the vast overbreadth of the requests.  For example, Plaintiffs demanded "[a]ll documents concerning (a) Facebook's Statement of User Rights and Responsibilities; (b) Facebook's Data Use Policy; and/or (c) Facebook's Terms of Service" regardless of whether they related to Facebook's use of cookies (Ex. A, RFP No. 15); and "[a]ll documents concerning the named Plaintiffs," which would include, *inter alia*, all of the information named Plaintiffs' voluntarily posted on Facebook.com (e.g., pictures, status updates, likes, messages), which have no relevance to this litigation (*id.* RFP No. 16).

1    January 14, 2016—the deadline for Facebook to file its Motion to Dismiss the SAC—did

2    Plaintiffs break their 14-month silence and follow up on the November 2014 meet-and-confer.

3    (Ex. D.)  In their letter, Plaintiffs indicated that their "review of Facebook's initial production is

4    nearing completion"—a remarkable statement given that Facebook produced those documents

5    almost two years earlier.  Despite not having completed review of the documents Facebook

6    already produced, Plaintiffs indicated that they wanted document production from "at least 20

7    additional employees" as well as depositions.  (*Id.* at 1.)

8         Facebook replied to Plaintiffs on February 2, 2016 and provided some of the information

9    regarding its production that Plaintiffs requested.  (Ex. E.)  Facebook also stated that given the

10   Order and the pending Motion to Dismiss, further discovery, particularly expanding the number

11   of custodians nearly seven-fold, would be unnecessary and unduly burdensome prior to the

12   Court's ruling on the Motion to Dismiss.  (*Id.*)  In an attempt to avoid unnecessary motion

13   practice, Facebook also indicated that, while it believed any further discovery was unwarranted

14   while the Motion to Dismiss is pending, it would agree to produce a limited set of additional

15   documents if the parties could agree to hold off on further discovery until the resolution of the

16   Motion to Dismiss.  (*Id.*)

17        The next day, Facebook and Plaintiffs met and conferred telephonically regarding the

18   discovery dispute.  (Wong Decl. ¶ 12.)  On the call, Facebook reiterated its position regarding

19   burden of expanding discovery while the Motion to Dismiss is pending.  (*Id.*)  The parties

20   discussed what additional documents Facebook might produce, but Facebook insisted that any

21   additional production be contingent upon Plaintiffs' agreement to otherwise postpone further

22   discovery until after the Motion to Dismiss is resolved.  Plaintiffs refused.  (*Id.*)

23        On February 16, 2016, Facebook followed up on the meet-and-confer and agreed to

24   produce an additional limited set of documents.  (Ex. F.)  Facebook also reiterated its position

25   regarding Plaintiffs' attempt to expand discovery further, and asked that Plaintiffs reconsider its

26   insistence on further discovery while the Motion to Dismiss is pending.  (*Id.*)  Again, Plaintiffs

27   refused to do so.  (Wong Decl. ¶ 13.)  As of March 2, 2016, Plaintiffs have failed to respond

28   altogether to Facebook's latest communication.  (*Id.* ¶¶ 14-15.)  This motion followed.

1    **III.    LEGAL STANDARDS**

2         Federal courts are entrusted with expansive discretion to shape the scope and timing of

3    discovery, including the power to stay discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th

4    Cir. 1988) ("The stay furthers the goal of efficiency for the court and litigants."). This power

5    comes from Federal Rule of Civil Procedure 26(c), which gives judges broad discretion to issue

6    orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden

7    or expense . . . ." Fed. R. Civ. Proc. 26(c). Where there is "good cause," a court may issue a

8    protective order under Rule 26(c) to limit or stay discovery all together. *Wood v. McEwen*, 644

9    F.2d 797, 801 (9th Cir. 1981). The Ninth Circuit has endorsed the use of this protective power to

10   stay discovery pending a potentially dispositive motion. *E.g.*, *Little*, 863 F.2d at 685 (affirming

11   stay of discovery pending a motion to dismiss); *Universal Trading & Inv. Co. v. Dugsbery, Inc.*,

12   499 F. App'x 663, 665 n.9 (9th Cir. 2012) (same).[4] Staying discovery is particularly appropriate

13   if factual development will not assist the court in deciding the motion before it, such as when the

14   court considers a motion to dismiss and therefore assumes the factual allegations to be true.

15   *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987).

16        Courts have regularly found good cause to issue protective orders under Rule 26(c) that

17   stay discovery while the parties litigate a motion to dismiss, to protect parties from the hardships

18   of potentially unnecessary discovery. *See, e.g.*, *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir.

19   2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 17, 2002) (affirming stay of

20   discovery once motion to dismiss was filed); *Jarvis*, 833 F.3d 149, 199 (same); *see also Rutman*

21   *Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R.Civ.P.

22   _____

23   [4] Other federal courts have found the same. *E.g.*, *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d
     1550, 1560 (11th Cir. 1985) ("Appellees are correct in declaring that a magistrate has broad

24   discretion to stay discovery pending decision on a dispositive motion."); *Janis v. Biesheuvel*, 428
     F.3d 795, 800 (8th Cir. 2005) (predicate Rule 12(b)(6) issues should be resolved before subjecting

25   defendants to "burdens of broad-reaching discovery") (quoting *Mitchell v. Forsyth*, 472 U.S. 511,
     526 (1985)); *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (granting

26   stay of discovery during pendency of motion to dismiss where "plaintiff has not demonstrated
     that he would be prejudiced by a stay" and the motion to dismiss was "potentially dispositive and

27   does not appear to be unfounded in the law"); *O'Meara v. Heineman*, No. 8:09CV0157, 2009
     U.S. Dist. LEXIS 67487, at *4 (D. Neb. July 29, 2009) (granting defendant's motion to stay

28   discovery pending resolution of the defendant's motion to dismiss).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

**DEF. FACEBOOK'S MOTION FOR PROTECTIVE
ORDER, CASE NO. 5:12-MD-02314 EJD**

12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").  The Ninth Circuit has held that "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine*, 829 F.2d at 738.[5]

Following this precedent, district courts in California have established a two-prong test for determining whether good cause exists to stay discovery pending a motion. *See, e.g.*, *Hall*, 2010 WL 539679, at *1-2 (staying discovery where the discovery requests were not connected to the pending 12(b)(6) motion); *Gibbs*, 2014 WL 172187, at *3 (same).  "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed.  And second, the court must determine whether the pending dispositive motion can be decided absent discovery." *Hall*, 2010 WL 539679, at *2.

## IV.   ARGUMENT

The Court has good cause to issue a protective order temporarily staying further discovery in the circumstances presented here.  Because Facebook's Motion to Dismiss is potentially dispositive and can be ruled on without additional discovery, the Court should stay any further discovery pending resolution of Facebook's Motion to Dismiss.  This is particularly true here, where Plaintiffs are seeking to greatly expand discovery shortly before the Motion to Dismiss will be heard.

### A.   Discovery Should Be Stayed Temporarily Pending Resolution of Facebook's Motion to Dismiss Because the Motion Could Potentially Dispose of the Entire Case and Can Be Decided Without Any Further Discovery.

The circumstances presented here easily meet both prongs of the two-part test for staying discovery pending a motion.  On the first prong, Facebook has moved to dismiss the SAC with

---

[5] District courts in the Ninth Circuit have often stayed discovery pending a motion to dismiss. *E.g.*, *Gibbs v. Carson*, No. C-13-0860 THE (PR), 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014); *Barker v. Gottlieb*, Civ. No. 13-00236 LEK-BMK, 2014 WL 1569477, at *2 (D. Haw. Apr. 16, 2014); *Fields v. Roberts*, No. 1:06-cv-00407-AWI-GSA-PC, 2013 WL 5230034, at *1 (E.D. Cal. Sept. 16, 2013); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Harris v. Am. Gen. Fin. Servs. LLC*, No. 2:10-cv-01662-GMN-LRL,  2010 WL 9517401, at *1 (D. Nev. Dec. 2, 2010); *Hall v. Tilton*, No. C 07-3233 RMW (PR), 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010).

1    prejudice, and therefore the motion could dispose of the entire case. This Court already granted
2    Facebook's first motion to dismiss, largely on the legal question of standing. (Order at 11-13.)
3    Plaintiffs nevertheless filed an amended complaint that makes no attempt to correct the fatal
4    defects this Court identified in its Order, as Facebook has detailed in its pending Motion to
5    Dismiss. If Facebook's Motion is granted, any further discovery allowed in the interim will have
6    unnecessarily and disproportionally subjected Facebook to the heavy expense of the further
7    discovery Plaintiffs seek in addition to that which Facebook has already incurred in discovery to
8    date. *See Barker*, 2014 WL 1569477, at *2 (granting stay pending motion to dismiss to avoid
9    "the unnecessary expense of pursuing possibly fruitless discovery"). Indeed, the gross disparity
10   between the 13,000 documents Facebook has already produced and the 42 documents Plaintiffs
11   have produced (a ratio of nearly 310 to 1) further support this stay. Fed. R. Civ. P. 26(b)(1).

12         Likewise, as to the second prong, Facebook's Motion to Dismiss can be decided without
13   any further discovery. The motion addresses the pleading failures on the face of the SAC. No
14   factual development is needed to decide the motion. Instead, the court will assume all of the
15   factual allegations are true without considering any facts not already asserted in the SAC or
16   attachments to the SAC. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*
17   *v. Twombly*, 550 U.S. 544, 570 (2007)).[6] The Court is well within its discretion to stay discovery
18   in these circumstances. *See, e.g.*, *Jarvis*, 833 F.2d at 155 ("Discovery is only appropriate where
19   there are factual issues raised by a Rule 12(b) motion."); *Rae v. Union Bank*, 725 F.2d 478, 481
20   (9th Cir. 1984) ("[T]he district court did not abuse its discretion in staying Rae's discovery
21   pending resolution of the Rule 12(b) motion" where there were no "factual issues.").

22

23   [6] Consistent with the numerous Ninth Circuit authorities cited above, in the *Twombly* decision
24   itself, the United States Supreme Court warned that when "the allegations in a complaint,
     however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be
25   exposed at the point of minimum expenditure of time and money by the parties and the court.'"
     *Bell Atl. Corp.*, 550 U.S. at 558 (quoting 5 Wright & Miller, Federal Practice and Procedure §
26   1216, at 233-34). The Court expressly recognized the "practical significance" holding plaintiffs
     to their obligations to plead viable claims before permitting them to engage in discovery "lest a
27   plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other
     people, with the right to do so representing an *in terrorem* increment of the settlement value.'"
28   *Id*. (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

Any argument that further discovery should not be stayed pending the Motion to Dismiss because the discovery could support a *third* amended complaint fails for at least three reasons. First, the two-part test asks whether the "***pending*** dispositive motion can be decided absent discovery." *Hall*, 2010 WL 539679, at *2 (emphasis added). No consideration of a possible amended complaint is required. *Id.* (staying discovery without considering its use in amending the complaint). Second, Facebook's Motion to Dismiss argues, supported by case law, that the Court should dismiss the SAC *with prejudice* given that Plaintiffs have not remedied the fatal defects this Court already identified in its Order. (*See* Motion at 40.) Third, no further discovery in response to Plaintiffs' broad discovery requests can cure the deficiencies in the SAC. The foundational issue raised by Facebook's Motion to Dismiss is whether Plaintiffs have adequately alleged an injury-in-fact to establish Article III standing. Any facts supporting a particularized injury to each of the named Plaintiffs are entirely in Plaintiffs' control, not Facebook's. Discovery will also not lead to facts supporting the few remaining statutory claims. As the Court ruled previously, the URLs of the webpages Plaintiffs visited that Plaintiffs allege Facebook received are not "contents" under the various statutes. (Order at 16, 18.) No further discovery from Facebook bears on this question, which concerns how the Internet works.[7] Plaintiffs' nearly two-year delay in seeking further discovery is evidence enough of this. If Plaintiffs truly believed that further discovery would assist them in amending their deficient complaint, they would have sought that discovery long ago rather than waiting until the day Facebook was to file its motion to dismiss the SAC. Any argument that further discovery cannot wait until the Court decides the Motion to Dismiss rings hollow given Plaintiffs' long delay in pressing for additional discovery.

Because Facebook's pending Motion to Dismiss is both potentially dispositive and can be decided without any further discovery, Facebook has demonstrated good cause under Rule 26(c)

---

[7] Because the Court already dismissed the FAC, and further discovery will not assist Plaintiffs in remedying the insufficiencies the Court identified, this case is distinguishable from others that have denied a stay of discovery pending a motion to dismiss because the discovery could assist in amending the first complaint. *See, e.g.*, *S.F. Tech. v. Kraco Enters. LLC*, No. 5:11-cv-00355 EJD, 2011 WL 2193397, at *3 (N.D. Cal. June 6, 2011) (denying stay of discovery pending *first* motion to dismiss to allow plaintiffs to develop a "more detailed complaint").

Cooley LLP
Attorneys At Law
San Francisco
10.
Def. Facebook's Motion for Protective
Order, Case No. 5:12-md-02314 EJD

1   and the Court should order a temporary stay of further discovery until the Court determines

2   whether Plaintiffs have standing and have stated a claim upon which relief can be granted. *Gibbs*,

3   2014 WL 172187, at *3 (staying discovery pending motion to dismiss); *Barker*, 2014 WL

4   1569477, at *2 (same); *Fields*, 2013 WL 5230034, at *1 (same); *Hamilton*, 2011 WL 5085504, at

5   *1 (same); *Harris*, 2010 WL 9517401, at *1 (same); *Hall*, 2010 WL 539679, at *2 (same).

6   **B.      Protection from Further Discovery Pending the Motion to Dismiss is Particularly Appropriate Here Where the Additional Discovery Sought Will**

7   **Be Costly, Unnecessary, and Unduly Burdensome.**

8         As discussed in the previous section, there is ample authority for staying discovery

9   pending Facebook's potentially dispositive Motion to Dismiss regardless of the scope of the

10   additional discovery Plaintiffs seek.  But a temporary stay is particularly appropriate here, where

11   the costs and burden of the requested discovery grossly outweigh any benefit of further discovery

12   at this point.

13         Plaintiffs insist on a massive expansion of the scope of the document production Facebook

14   has already provided.  Facebook has already gone to great burden and expense to produce

15   documents in this action, unlike Plaintiffs who have made only a meager production.  Now, as the

16   Motion to Dismiss is pending, Plaintiffs demand that Facebook should produce documents from

17   ***20 additional custodians***.  The time and effort to collect, review, and produce relevant documents

18   from these additional custodians will be extensive and costly, both monetarily and in disruption of

19   Facebook's business.  (Wong Decl. ¶ 16.)  This is particularly burdensome where discovery to

20   date has been so disproportionate, and will only become more so with the huge expansion of

21   discovery that Plaintiffs seek.  Fed. R. Civ. P. 26(b)(1).

22         Plaintiffs also seek depositions for the three custodians whose documents have been

23   produced, and presumably will insist on depositions for the additional 20 custodians they have

24   proposed as well.  This too will require valuable time and effort to prepare for and attend those

25   depositions, both for the attorneys and the individuals Plaintiffs seek to depose, some of whom

26   are no longer Facebook employees.  (*Id.* ¶ 17.)

27         Plaintiffs' insistence on this massive expansion of the discovery undertaken thus far is

28   particularly unwarranted given their delay in pursuing discovery in this action.  Plaintiffs waited

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.

**DEF. FACEBOOK'S MOTION FOR PROTECTIVE ORDER, CASE NO. 5:12-MD-02314 EJD**

1   six months after Facebook's production of documents to meet and confer regarding Facebook's

2   production, then waited *more than a year* to follow up on that meet-and-confer.  When they did

3   follow up, they did so on the day Facebook was scheduled to file its Motion to Dismiss the SAC,

4   admitting that they had not yet completed their review of the documents Facebook already

5   produced.  These actions suggest opportunistic gamesmanship rather than a sincere desire to

6   litigate this case.  While some of the additional discovery Plaintiffs seek may be justified if the

7   Court determines that Plaintiffs have standing and have adequately pled their claims, it is

8   unwarranted while Facebook's potentially dispositive Motion to Dismiss is pending.[8]

9       Moreover, a short stay of discovery pending the Court's ruling on the Motion to Dismiss

10  will promote efficiency and conserve both party and Court resources.  If discovery goes forward,

11  there will likely be motion practice regarding the scope of that discovery, requiring the

12  expenditure of both party and Court resources, which will prove unnecessary if the Court grants

13  Facebook's Motion to Dismiss.  Additionally, a temporary stay will ensure that the litigation

14  proceeds efficiently and that discovery focuses on the subjects that are relevant to the operative

15  complaint (if any) that the Court rules may move forward.  *See Fields*, 2013 WL 5230034, at *1

16  (granting stay pending motion to dismiss in part because of the "merit" of the argument that "if

17  the court dismisses only some of Plaintiff's claims pursuant to the motion [to dismiss], Plaintiff

18  will be able to focus his discovery on any surviving claims, thus limiting time and expense for all

19  parties").

20      The benefits of staying discovery for a short time pending the Motion to Dismiss far

21  outweigh any costs of a short delay.  *See Barker*, 2014 WL 1569477, at *2 ("The costs, if any, of

22  a brief delay are outweighed by the benefits of limiting the unnecessary expense of pursuing

23  possibly fruitless discovery.").  The Court should grant Facebook's motion.

24

25  [8] Further discovery is particularly unwarranted in light of the fact that the Supreme Court soon
26  will rule in a case that may bear on the issue of statutory standing, *Spokeo, Inc. v. Robins*, No. 13-
    1339 (cert. granted Apr. 27, 2015; argued Nov. 2, 2015).  In fact, Judge Koh recently stayed a
27  similar class action involving Wiretap Act and CIPA claims in its entirety to await the outcome of
    the Supreme Court's decision in *Spokeo*.  *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016
28  U.S. Dist. LEXIS 15271 (N.D. Cal. Feb. 5, 2016).

1

**V.     CONCLUSION**

2       For the foregoing reasons, Facebook respectfully requests that this Court issue a protective

3   order temporarily staying discovery pending resolution of Facebook's Motion to Dismiss.

4

5   Dated: March 2, 2016                    COOLEY LLP

6                                           */s/ Matthew D. Brown*

7                                           Matthew D. Brown

8                                           Attorneys for Defendant FACEBOOK, INC.

9

10   127312440

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13.

DEF. FACEBOOK'S MOTION FOR PROTECTIVE
ORDER, CASE NO. 5:12-MD-02314 EJD