COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
ADAM C. TRIGG (261498)
(atrigg@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: Facebook Internet Tracking Litigation | Case No. 5:12-md-02314 EJD<br><br>**DECLARATION OF KYLE C. WONG IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S MOTION FOR PROTECTIVE ORDER**<br><br>**DATE:** April 28, 2016<br>**TIME:** 9:00 a.m.<br>**COURTROOM:** 4<br>**JUDGE:** Edward J. Davila<br>**TRIAL DATE:** None Set |

I, Kyle C. Wong, hereby declare as follows:

1. I am an attorney licensed to practice law in the state of California and Special Counsel of the law firm of Cooley LLP, counsel of record for defendant Facebook, Inc. I have personal knowledge of the facts below and could and would testify competently to them if called as a witness.

2. The parties in this action attended a Case Management Conference before the Court on June 28, 2012, but Plaintiffs waited until November 2012 to serve their first, and thus

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

WONG DECLARATION I/S/O DEF. FACEBOOK'S
MOTION FOR PROTECTIVE ORDER
CASE NO. 5:12-MD-02314 EJD

far only, discovery requests.  Attached as **Exhibit A** is a true a correct copy of Plaintiffs' November 5, 2012 First Request for Production of Documents to Defendant Facebook.

3. Attached as **Exhibit B** is a true a correct copy of Facebook's January 25, 2013 Objections and Responses to Plaintiffs' First Request for Production of Documents.

4. On January 25, 2013, Facebook produced an initial set of responsive documents to Plaintiffs, consisting of relevant public documents within Facebook's possession.

5. In December 2012, Plaintiffs and Facebook began negotiating the terms of a protective order, which Facebook required prior to producing sensitive or confidential internal documents.  The parties exchanged several versions of a proposed stipulated protective order in February 2013.  Facebook sent Plaintiffs proposed revisions to the draft stipulated protective order on February 20, 2013, but Plaintiffs did not respond until August 20, 2013.  Attached as **Exhibit C** is a true and correct copy of an August 20, 2013 email from Plaintiffs' counsel, David Straite, to Kyle C. Wong, responding to proposed revisions to a protective order that I sent on February 20, 2013.  In the email Mr. Straite notes that "[i]t has been a while since we've emailed" and "the last time we emailed was in February . . . you sent back your comments on February 20, 2013.  We are now prepared to accept all of your comments and revisions mentioned in your Feb. 20 email."

6. Shortly after Plaintiffs' August 20, 2013 email, the parties finalized and filed a Stipulated Protective Order with the Court on September 6, 2013.  Judge Grewal signed the Stipulated Protective Order on April 11, 2014.

7. On April 16, 2014, Facebook produced nearly 13,000 documents, totaling almost 65,000 pages, to Plaintiffs.  The document production consisted of responsive documents from Facebook's internal repositories and three Facebook engineers with the most relevant information to Plaintiffs' claims.  To date, Plaintiffs have produced 42 documents totaling 505 pages.

8. Plaintiffs did not raise any issues with Facebook's objections to Plaintiffs' Requests for Production or Facebook's document production until November 3, 2014.  On that date, David Straite, other attorneys for Plaintiffs and Facebook, and I had a telephone call in

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

WONG DECLARATION I/S/O DEF. FACEBOOK'S
MOTION FOR PROTECTIVE ORDER
CASE NO. 5:12-MD-02314 EJD

which Mr. Straite raised a number of issues with Facebook's production and objections. We had another phone call on November 19, 2014 regarding the same issues, but we did not reach a resolution on any of them.

9. On October 23, 2015, the Court granted Facebook's motion to dismiss the First Amended Consolidated Class Action Complaint in its entirety, and gave Plaintiffs until November 30, 2015 to file an amended complaint. On November 20, 2015, the parties filed a stipulation and proposed order for a briefing schedule on Facebook's anticipated motion to dismiss Plaintiffs' expected amended complaint. The proposed schedule provided that Facebook would file its motion to dismiss on January 14, 2016, Plaintiffs would file their opposition on February 18, 2016, and Facebook would file its reply on March 10, 2016. On November 24, 2015, the Court approved the briefing schedule and set the hearing on the motion for April 28, 2016. On November 30, 2015, Plaintiffs filed their Second Amended Consolidated Class Action Complaint.

10. After the November 2014 meet and confer, Plaintiffs did not contact Facebook regarding any discovery issues again until January 14, 2016, when Mr. Straite sent a letter to me following up on the issues raised in the November 2014 meet and confer. Attached hereto as **Exhibit D** is a true and correct copy of Mr. Straite's January 14, 2016 letter.

11. Attached as **Exhibit E** is a true and correct copy of Facebook's February 2, 2016 letter in response to Mr. Straite's January 14, 2016 letter.

12. On February 3, 2016, David Straite and Stephen G. Grygiel, counsel for Plaintiffs, and Adam C. Trigg and I, counsel for Facebook, participated in a telephonic meet and confer regarding the issues raised in the Parties' letters. On the call, Facebook reiterated its position regarding the burden of expanding discovery while the Motion to Dismiss is pending. The parties discussed what additional documents Facebook might produce, but Facebook insisted that any additional production be contingent upon Plaintiffs' agreement to postpone further discovery until after the Motion to Dismiss is resolved. Plaintiffs refused. The call ended without any resolution.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

WONG DECLARATION I/S/O DEF. FACEBOOK'S
MOTION FOR PROTECTIVE ORDER
CASE NO. 5:12-MD-02314 EJD

13. On February 16, 2016, Facebook sent a letter to Plaintiffs following up on the meet-and-confer and agreeing to produce a limited set of additional documents. Facebook also reiterated its position regarding expanding discovery any further, and asked that Plaintiffs reconsider its insistence on further discovery while the Motion to Dismiss is pending. Attached as **Exhibit F** is a true and correct copy of Facebook's February 16, 2016 letter to Plaintiffs. Plaintiffs refused this proposal.

14. On February 23, 2016, David Straite and Stephen G. Grygiel, counsel for Plaintiffs, and Adam C. Trigg and I, counsel for Facebook, participated in another telephonic meet and confer. Plaintiffs suggested that Facebook move forward with document collection and production from 10 additional custodians, depositions for the first three custodians in the next few months with additional depositions likely to follow, and further document production related to Help Center pages and documents related to the named Plaintiffs. Facebook agreed to produce additional relevant Help Center pages that it can locate, but disagreed with the scope of the Plaintiff-related documents Plaintiffs were seeking. Facebook also said it would follow up regarding the additional custodians and depositions. Attached as **Exhibit G** is a true and correct copy of Mr. Straite's February 23, 2016 email memorializing, from his standpoint, the meet-and-confer teleconference.

15. On March 1, 2016, I followed up on our February 23 call via email. Attached as **Exhibit H** is a true and correct copy of Facebook's March 1, 2016 email. In that email, I indicated that, regardless of whether the parties came to an agreement regarding the expanded discovery Plaintiffs sought, Facebook would produce Help Center pages and would search its internal databases to determine what if any information about the named Plaintiffs' browsing history from the relevant period is available to produce. Because of the status of the case and Facebook's pending Motion to Dismiss being heard in less than two months, I indicated that Facebook did not believe undertaking the significant and undue burden, *inter alia*, of depositions or the production of documents from additional custodians was warranted at this time and that Facebook would accordingly seek a protective order from such discovery. I again asked Plaintiffs

Cooley LLP
Attorneys At Law
San Francisco

4.

Wong Declaration I/S/O Def. Facebook's
Motion for Protective Order
Case No. 5:12-md-02314 EJD

to consider a temporary stay of discovery pending the Motion to Dismiss. Plaintiffs did not respond.

16. Conducting the additional discovery that Plaintiffs seek will require great time and effort both on the part of Facebook's attorneys and Facebook itself. Plaintiffs seek document production from twenty additional custodians. To do so will require Facebook to determine the location of the documents, run search terms in the documents in those locations, and engage an IT vendor to make copies of those documents and upload them in a document review database. This process will necessarily involve the input and time of several of Facebook's internal IT employees. Facebook's counsel must then review the documents and produce the non-privileged documents responsive to Plaintiffs' requests. To do so for 20 custodians will likely take hundreds of attorney hours at a considerable cost to Facebook.

17. Preparing for and defending the depositions of the three custodians will also be burdensome to Facebook. Facebook's attorneys will likely spend dozens of hours preparing for the depositions themselves, and dozens more meeting with the individual deponents to prepare them for their depositions, at considerable cost to Facebook. The individuals themselves will also be taken away from their work for multiple days. These costs will increase exponentially if, as expected, Plaintiffs seek to depose the 20 additional custodians whose documents they are seeking. Moreover, several of the individuals on Plaintiffs' list of proposed additional custodians no longer work for Facebook.

18. As required by Federal Rule of Civil Procedure 26(c)(1), Facebook certifies that the Parties have conferred and attempted to resolve this dispute prior to Facebook filing the accompanying Motion for Protective Order.

19. I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 2, 2016 at San Francisco, California.

*/s/ Kyle C. Wong*
Kyle C. Wong

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

WONG DECLARATION I/S/O DEF. FACEBOOK'S
MOTION FOR PROTECTIVE ORDER
CASE NO. 5:12-MD-02314 EJD

## **ATTESTATION**

In accordance with Northern District of California Civil Local Rule 5-1(i)(3), I hereby attest that I have obtained concurrence in the filing of this document from each of the other signatories.

                                      */s/ Matthew D. Brown*
                                      MATTHEW D. BROWN

Cooley LLP
Attorneys At Law
San Francisco

6.

WONG DECLARATION I/S/O DEF. FACEBOOK'S
MOTION FOR PROTECTIVE ORDER
CASE NO. 5:12-MD-02314 EJD