COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
ADAM C. TRIGG (261498)
(atrigg@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

Attorneys for Defendant
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re: Facebook Internet Tracking Litigation | Case No. 5:12-md-02314 EJD |
| | **EXHIBIT B TO DECLARATION OF KYLE C. WONG IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S MOTION FOR PROTECTIVE ORDER** |
| | Date:          April 28, 2016 |
| | Time:         9:00 a.m. |
| | Courtroom:   4 |
| | Judge:        Edward J. Davila |
| | Trial Date:    None Set |

# EXHIBIT B

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

EXHIBIT B TO WONG DECLARATION ISO
FACEBOOK'S MOTION FOR PROTECTIVE ORDER
CASE NO. 5:12-MD-02314 EJD

1  COOLEY LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  MATTHEW D. BROWN (196972) (brownmd@cooley.com)
   JEFFREY M. GUTKIN (216083) (jgutkin@cooley.com)
3  101 California Street, 5th Floor
   San Francisco, CA 94111-5800
4  Telephone:    (415) 693-2000
   Facsimile:    (415) 693-2222
5
   Attorneys for Defendant
6  FACEBOOK, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12  In re: FACEBOOK INTERNET TRACKING          Case No. 5:12-md-02314 EJD
    LITIGATION
13                                             **DEFENDANT FACEBOOK, INC.'S
                                               OBJECTIONS AND RESPONSES TO
14                                             PLAINTIFFS' FIRST REQUEST FOR
                                               PRODUCTION OF DOCUMENTS**

15

16

17  **PROPOUNDING PARTY:        PLAINTIFFS**

18  **RESPONDING PARTY:         FACEBOOK, INC.**

19  **SET:                      FIRST**

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

**DEFENDANT FACEBOOK, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**PLEASE TAKE NOTICE** that, Pursuant to Federal Rule of Civil Procedure 34, Defendant Facebook, Inc. ("Facebook" or "Defendant") responds as follows to Plaintiffs' First Set of Requests for Production (the "Requests"):

I.   **GENERAL RESPONSES.**

1.      Facebook's response to Plaintiffs' Requests is made to the best of Facebook's present knowledge, information, and belief. Facebook's response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Facebook's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Facebook's further discovery or investigation.

2.      Facebook reserves the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to Plaintiffs' Requests but discovered subsequent to the date of this response, including, but not limited to, any such information or documents obtained in discovery herein.

3.      Facebook reserves the right to decide whether the documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Requests, in accordance with Federal Rule of Civil Procedure 34(b).

4.      By stating in these responses that Facebook will produce documents or is searching for responsive documents, Facebook does not represent that any such documents actually exist, but rather that Facebook will make a reasonable attempt to ascertain whether documents responsive to the Requests do, in fact, exist, and to produce such documents if they are found to exist, are not privileged, and are within Facebook's possession, custody, or control.

5.      Facebook reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of Facebook's responses herein and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1    any document or thing identified or provided in response to Plaintiffs' Requests.

2        **6.**    Facebook reserves the right to object on any ground at any time to such other

3    Requests for production as Plaintiffs may at any time propound involving or relating to the

4    subject matter of these Requests.

5    **II.    OBJECTIONS APPLICABLE TO ALL REQUESTS.**

6        Facebook makes the following objections to each Request, whether or not separately set

7    forth in response to each Request, and to each instruction and definition:

8        **1.**    Facebook objects insofar as any such Request seeks information or production of

9    documents protected by the attorney-client privilege or the work product doctrine. Such

10   information or documents shall not be provided in response to Plaintiffs' Requests for production

11   and any inadvertent disclosure or production thereof shall not be deemed a waiver of any

12   privilege with respect to such information or documents or of any work product immunity which

13   may attach thereto.

14       **2.**    Facebook objects to all definitions and Requests to the extent they seek

15   information protected from discovery by any right to privacy or any other applicable privilege or

16   protection, including the right to privacy of third parties, or by Facebook's obligations under

17   applicable law or contract to protect such confidential information. Facebook also objects to all

18   definitions, instructions, and Requests to the extent they seek disclosure of trade secrets or other

19   confidential or proprietary research, development, or commercial information off Facebook or

20   any third party.  To the extent Facebook responds to the Requests by stating that Facebook will

21   provide information and/or documents that Facebook or any other party to this litigation deems to

22   embody material that is private, business confidential, proprietary, trade secret, or otherwise

23   protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c)(7), Federal Rule of

24   Evidence 501, California Evidence Code section 1060, or California Constitution, Article I,

25   section 1, or otherwise, Facebook will do so only (1) upon the entry of an appropriate protective

26   order against the unauthorized use or disclosure of such information and (2) if it may do so

27   without violating its contractual or other obligations to the relevant third parties.

28       **3.**    Facebook objects to all definitions and Requests to the extent they require

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1  Facebook to restore and search inaccessible data sources on the grounds that such definitions and

2  Requests would subject Facebook to undue burden and expense.

3  **4.**   Facebook objects to all definitions and Requests to the extent they seek

4  information that is available through or from public sources, records, or third parties, or that are

5  otherwise equally available to Plaintiffs, on the ground that such definitions and Requests

6  unreasonably subject Facebook to undue burden and expense.

7  **5.**   Facebook objects to all definitions and Requests to the extent they seek to require

8  Facebook to search for information about documents no longer in existence or in Facebook's

9  possession, custody, or control, on the grounds that they are overly broad, would subject

10  Facebook to undue annoyance, oppression, burden, and expense, and seek to impose upon

11  Facebook an obligation to investigate, discover, or produce information or materials from third

12  parties or otherwise that are equally accessible to Plaintiffs or readily obtainable from public or

13  other sources.

14  **6.**   Facebook objects to all definitions and Requests to the extent they are vague,

15  indefinite, overly broad, or seek information which is not reasonably related to any claim or

16  defense in this action.

17  **7.**   Facebook objects to the Requests to the extent they seek information about

18  Facebook's use of cookies, or seek information about purported "tracking," beyond the use of

19  cookies described in the Complaint. Facebook construes such requests to refer only to the a_user,

20  c_user, and datr cookies, and any additional cookies that Facebook learns during discovery are

21  potentially relevant to Plaintiffs' claims regarding the alleged collection of Internet browsing

22  history while users are logged out of Facebook ("Relevant Cookies").

23  **8.**   Facebook objects to all definitions and Requests to the extent they seek

24  information regarding Facebook users, advertisers, or activities outside of the United States as

25  overly broad and not relevant to the subject matter of this action or reasonably calculated to lead

26  to the discovery of admissible evidence. Facebook will only respond to each Request with

27  information regarding users, advertisers, and activities in the United States.

28  **9.**   Facebook objects to Instruction No. 2 as imposing on Facebook an obligation in

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1    excess of that required by the Federal Rules of Civil Procedure. Facebook will follow Federal

2    Rule of Civil Procedure 34.

3    **10.**    Facebook objects to all definitions, instructions, and Requests to the extent they

4    seek to specify the format of production, on the grounds of undue burden and expense. Facebook

5    generally intends to produce documents as single-page TIFFs, but reserves the right to produce

6    documents in alternate form. Facebook reserves the right to decide whether the documents

7    produced for inspection shall be produced as they are kept in the usual course of business or shall

8    be organized and labeled to correspond with the categories in the Requests, in accordance with

9    Federal Rule of Civil Procedure 34(b).

10    **11.**    Facebook objects to Instruction No. 4 as imposing on Facebook undue burden and

11    as being in excess of what is called for the by the Federal Rules of Civil Procedure.

12    **12.**    Facebook objects to Instruction No. 5 to the extent it seeks to require Facebook to

13    identify anything other than the specific claim of privilege or work product being made and the

14    grounds for such claim. The instruction would subject Facebook to unreasonable and undue

15    annoyance, oppression, burden, and expense, seeks information protected from discovery by

16    privilege and as work product, and is in excess of the requirements of the Federal Rules of Civil

17    Procedure and the Local Rules of the Northern District of California.

18    **III.**    **DEFINITIONAL OBJECTIONS**

19    **1.**    Facebook objects to the definitions "you," "your," "your company," and

20    "Facebook" and each Request containing those terms as overly broad to the extent that it purports

21    to define Facebook to include more than Facebook and its officers, directors, agents, and

22    employees. Without waiving these objections, Facebook construes the terms "you," "your," "your

23    company" and "Facebook" to refer only to Facebook and its officers, directors, agents, and

24    employees, and will respond to Requests containing that term accordingly.

25    **2.**    Facebook objects to the definition of "document," and to each Request containing

26    that term, to the extent that definition would impose on Facebook an obligation in excess of what

27    is called for by the Federal Rules of Civil Procedure. Facebook will construe "document" to be

28    synonymous in meaning and equal in scope to the terms "document," "electronically stored

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1   information," and "tangible things" in Federal Rule of Civil Procedure 34.

2       **3.**      Facebook objects to the definition of "PII," and to each Request containing that

3   term, as overly broad and as including within its scope information that is irrelevant to the subject

4   matter of this litigation.

5       **4.**      Facebook objects to the definitions of "concerning," "relates to," and "relating to,"

6   and to each Request containing any of those terms, as overly broad, vague, ambiguous, and

7   unintelligible, and to the extent that definition would impose on Facebook an obligation in excess

8   of what is called for by the Federal Rules of Civil Procedure.

9       **5.**      Facebook objects to the definition of "policy" as overly broad and to the extent it

10  includes within its scope information that is no longer in existence or in Facebook's possession,

11  custody, or control.

12      **6.**      Facebook objects to the terms "user" and "users," as used in the Requests as vague

13  and ambiguous, and objects to each Request containing either term.  Facebook construes the

14  terms "user" and "users" to refer to any individual who has registered with Facebook and created

15  a Facebook account.

16      **7.**      Facebook objects to the "Time Period" stated in the Requests as overly broad,

17  unduly burdensome, and not calculated to lead to the discovery of admissible evidence because

18  the "Time Period" includes two years of time before, and over one year after, the "Class Period"

19  alleged in the Complaint.  Without waiving these objections, Facebook will search for responsive,

20  non-privileged documents for the period beginning on January 1, 2010, and ending on December

21  25, 2011 (the "Relevant Period").

22  **IV.    SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION.**

23      Without waiving or limiting in any manner any of the foregoing objections, but rather

24  incorporating them into each of the following responses to the extent applicable, Facebook

25  responds to Plaintiffs' Requests as follows:

26  **REQUEST NO. 1:**

27      All documents relating to any tracking by Facebook of Facebook user internet activity

28  after those users had logged out of their Facebook session, as alleged in the Complaint at ¶¶ 71-84

1   and elsewhere, including information about websites visited by such users.

2   **RESPONSE TO REQUEST NO. 1:**

3        Facebook specifically incorporates the General Responses and objections above to the

4   extent applicable to this Request.  Facebook further objects to this Request on the following

5   grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

6   all documents "relating to" the referenced subject matter without specifying appropriate

7   limitations; (2) it fails to describe with reasonable particularity each item or category of items to

8   be inspected; (3) it is not reasonably limited in time; and (4) to the extent it seeks information that

9   is protected by the attorney-client privilege and work product doctrine.  Facebook further objects

10  to this Request as vague, ambiguous, and argumentative in its use of the term "tracking" and

11  vague and ambiguous in its use of the phrase "information about websites visited by such users."

12       Subject to and without waiving any of its objections, after entry of an appropriate

13  protective order, Facebook will produce responsive, non-privileged documents sufficient to show

14  what types of information, if any, Facebook received from users who were logged out of their

15  Facebook accounts during the Relevant Period as a result of the operation of the Relevant

16  Cookies, to the extent such documents exist and can be located using good faith, reasonable

17  efforts.

18  **REQUEST NO. 2:**

19       All documents relating to any consent that Facebook contends the plaintiffs or other

20  putative class members gave Facebook for the tracking of user internet activity post-log-out.

21  **RESPONSE TO REQUEST NO. 2:**

22       Facebook specifically incorporates the General Responses and objections above to the

23  extent applicable to this Request.  Facebook further objects to this Request on the following

24  grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

25  all documents "relating to" the referenced subject matter without specifying appropriate

26  limitations; (2) it fails to describe with reasonable particularity each item or category of items to

27  be inspected; (3) it calls for a legal conclusion; (4) it seeks information that is protected by the

28  attorney-client privilege and work product doctrine; and (5) it is premature, and cannot be fully

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1    responded to at this time, because Facebook does not yet know which documents it may rely upon

2    in this litigation.   Facebook further objects to this Request as vague, ambiguous, and

3    argumentative in its use of the term "tracking."

4          Subject to and without waiving any of its objections, Facebook will produce responsive,

5    non-privileged copies of Facebook's Statement of Rights and Responsibilities; Data Use Policy;

6    Privacy Policy; Terms of Service; and Help Center pages that appear to be related to this request,

7    including historical versions in place during the Relevant Period.

8    **REQUEST NO. 3:**

9          All documents describing or containing the names, descriptions, usage or identifying

10   features of the log entries ("Log Files") that Facebook created, maintained, reviewed, analyzed or

11   used to organize data about Facebook users' internet activity, as described in the Complaint at

12   ¶ 79 and elsewhere, inclusive of whether those users were logged-in or logged-out of Facebook.

13   **RESPONSE TO REQUEST NO. 3:**

14         Facebook specifically incorporates the General Responses and objections above to the

15   extent applicable to this Request.   Facebook further objects to this Request on the following

16   grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

17   all documents "describing or containing" the referenced subject matter without specifying

18   appropriate limitations; (2) it fails to describe with reasonable particularity each item or category

19   of items to be inspected; (3) it is not reasonably limited in time; (4) it seeks information that is

20   irrelevant to Plaintiffs' claims;  and (5) to the extent it seeks information that is protected by the

21   attorney-client privilege and work product doctrine.   Facebook further objects to this Request as

22   vague and ambiguous in its use of the terms "log entries ('Log Files')" and "identifying features."

23         Subject to and without waiving any of its objections, after entry of an appropriate

24   protective order, Facebook will produce responsive, non-privileged documents sufficient to show

25   what records Facebook created, if any, to organize or store data about Facebook users' Internet

26   activity while those users were logged out from their Facebook accounts during the Relevant

27   Period, to the extent such documents exist and can be located using good faith, reasonable efforts.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

**REQUEST NO. 4:**

All documents concerning all databases Facebook created, maintained, reviewed, analyzed or used to store information about Facebook users, including internet activity for those users, and including all documents identifying or describing any tables in any Facebook database and the overall nature of Facebook's database structure.

**RESPONSE TO REQUEST NO. 4:**

Facebook specifically incorporates the General Responses and objections above to the extent applicable to this Request. Facebook further objects to this Request on the following grounds: (1) it is vague, ambiguous, unduly burdensome, and far overbroad in demanding all documents "concerning" the referenced subject matter without specifying appropriate limitations; (2) it fails to describe with reasonable particularity each item or category of items to be inspected; (3) it is not reasonably limited in time; (4) it seeks information that is irrelevant to Plaintiffs' claims; and (5) to the extent it seeks information that is protected by the attorney-client privilege and work product doctrine. Facebook further objects to this Request as vague and ambiguous in its use of the phrases "information about Facebook users," "any tables in any Facebook database," and "the overall nature of Facebook's database structure."

**REQUEST NO. 5:**

All documents relating to the methods by which Facebook collects and stores data from Facebook users, both while they are logged-in to and after log-out from Facebook.

**RESPONSE TO REQUEST NO. 5:**

Facebook specifically incorporates the General Responses and objections above to the extent applicable to this Request. Facebook further objects to this Request on the following grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding all documents "relating to" the referenced subject matter without specifying appropriate limitations; (2) it fails to describe with reasonable particularity each item or category of items to be inspected; (3) it is not reasonably limited in time; (4) it seeks information that is irrelevant to Plaintiffs' claims; and (5) to the extent it seeks information that is protected by the attorney-client privilege and work product doctrine. Facebook further objects to this Request as vague and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1  ambiguous with regard to the "methods" about which information is sought and in its use of the

2  phrase "data from Facebook users."

3  **REQUEST NO. 6:**

4      All documents constituting Facebook's corporate organizational charts, including those

5  that describe or depict the "Data Science Team" however it might now be called (inclusively,

6  "Data Science Team"), as described in the July/August 2012 Technology Review article, "What

7  Facebook Knows," by Tom Simonite.

8  **RESPONSE TO REQUEST NO. 6:**

9      Facebook specifically incorporates the General Responses and objections above to the

10  extent applicable to this Request.  Facebook further objects to this Request on the following

11  grounds: (1) it is not reasonably limited in time; and (2) it seeks information that is irrelevant to

12  Plaintiffs' claims.

13      Subject to and without waiving any of its objections, after entry of an appropriate

14  protective order, Facebook will produce documents sufficient to show its corporate organization,

15  including to the extent possible the "Data Science Team," to the extent such documents exist and

16  can be located using good faith, reasonable efforts.

17  **REQUEST NO. 7:**

18      All documents relating to the Data Science Team's analyses, studies or recommendations

19  of ways in which Facebook might directly or indirectly generate revenue from user data Facebook

20  obtains.

21  **RESPONSE TO REQUEST NO. 7:**

22      Facebook specifically incorporates the General Responses and objections above to the

23  extent applicable to this Request.  Facebook further objects to this Request on the following

24  grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

25  all documents "relating to" the referenced subject matter without specifying appropriate

26  limitations; (2) it fails to describe with reasonable particularity each item or category of items to

27  be inspected; (3) it is not reasonably limited in time; (4) it seeks information that is irrelevant to

28  Plaintiffs' claims; and (5) to the extent it seeks information that is protected by the attorney-client

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314-EJD

1  privilege and work product doctrine.  Facebook further objects to this Request as vague and
2  ambiguous with regard to its use of the phrases "studies or recommendations,"  "directly or
3  indirectly generate revenue," and "user data."

4      Subject to and without waiving any of its objections, Facebook is willing to meet and
5  confer with Plaintiffs' counsel regarding what analyses, studies, or recommendations would be
6  relevant to Plaintiffs' litigation of the claims in this action.

7  **REQUEST NO. 8:**

8      All documents relating to studies, analyses or evaluations of Facebook's actual or
9  potential revenue or profits associated with personalized advertisements whereby Facebook users
10  or non-users are described as users of a particular product or service.

11  **RESPONSE TO REQUEST NO. 8:**

12      Facebook specifically incorporates the General Responses and objections above to the
13  extent applicable to this Request.  Facebook further objects to this Request on the following
14  grounds: (1) it is vague, ambiguous, unduly burdensome, and far overbroad in demanding all
15  documents "relating to" the referenced subject matter without specifying appropriate limitations;
16  (2) it fails to describe with reasonable particularity each item or category of items to be inspected;
17  (3) it is not reasonably limited in time; (4) it seeks information that is irrelevant to Plaintiffs'
18  claims; and (5) to the extent it seeks information that is protected by the attorney-client privilege
19  and work product doctrine.  Facebook further objects to this Request as vague and ambiguous
20  regarding "users or non-users" who "are described as users . . . ."  Facebook further objects to this
21  Request as vague and ambiguous with regard to its use of the phrases "studies, analyses or
22  evaluations" and "personalized advertisements."

23  **REQUEST NO. 9:**

24      All documents concerning studies, analyses or evaluations by Facebook of the value,
25  including monetary value, of PII.

26  **RESPONSE TO REQUEST NO. 9:**

27      Facebook specifically incorporates the General Responses and objections above to the
28  extent applicable to this Request.  Facebook further objects to this Request on the following

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1   grounds: (1) it is vague, ambiguous, unduly burdensome, and far overbroad in demanding all

2   documents "concerning" the referenced subject matter without specifying appropriate limitations;

3   (2) it fails to describe with reasonable particularity each item or category of items to be inspected;

4   (3) it is not reasonably limited in time; (4) it seeks information that is irrelevant to Plaintiffs'

5   claims; and (5) to the extent it seeks information that is protected by the attorney-client privilege

6   and work product doctrine.  Facebook further objects to this Request on the ground that the term

7   "PII," as defined in the Requests, is overbroad and consists almost entirely of information beyond

8   the scope of this litigation.  Facebook further objects to this Request as vague and ambiguous

9   with regard to its use of the phrase "studies, analyses, or evaluations."

10  **REQUEST NO. 10:**

11      All documents concerning studies, analyses or evaluations of the "key value" pairs

12  Facebook ascribed to cookies Facebook placed on user's browsers or in user's computers when

13  such users were either logged in to Facebook or logged out of Facebook.

14  **RESPONSE TO REQUEST NO. 10:**

15      Facebook specifically incorporates the General Responses and objections above to the

16  extent applicable to this Request.  Facebook further objects to this Request on the following

17  grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

18  all documents "concerning" the referenced subject matter without specifying appropriate

19  limitations; (2) it fails to describe with reasonable particularity each item or category of items to

20  be inspected; (3) it is not reasonably limited in time; (4) it seeks information that is irrelevant to

21  Plaintiffs' claims; and (5) to the extent it seeks information that is protected by the attorney-client

22  privilege and work product doctrine.  Facebook further objects to this Request as vague and

23  ambiguous with regard to the "'key value' pairs" about which information is sought, and with

24  regard to its use of the phrases "'key value' pairs"; "studies, analyses or evaluations"; and

25  "ascribed to cookies."

26      Subject to and without waiving any of its objections, Facebook is willing to meet and

27  confer with Plaintiffs' counsel regarding the information sought by this Request.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

**REQUEST NO. 11:**

All documents, including but not limited to instructions, manuals, protocols or policies, relating to Facebook's linking of PII to a particular user's computer and/or Facebook account.

**RESPONSE TO REQUEST NO. 11:**

Facebook specifically incorporates the General Responses and objections above to the extent applicable to this Request. Facebook further objects to this Request on the following grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding all documents "relating to" the referenced subject matter without specifying appropriate limitations; (2) it fails to describe with reasonable particularity each item or category of items to be inspected; (3) it is not reasonably limited in time; (4) it seeks information that is irrelevant to Plaintiffs' claims; and (5) to the extent it seeks information that is protected by the attorney-client privilege and work product doctrine. Facebook further objects to this Request on the ground that the term "PII," as defined in the Requests, is overbroad and consists almost entirely of information beyond the scope of this litigation.

Subject to and without waiving any of its objections, after entry of an appropriate protective order, Facebook will produce responsive, non-privileged formal instructions, manuals, or statements of protocol or policy sufficient to show how information from the Relevant Cookies may have been linked to a particular user's computer or Facebook account during the Relevant Period, to the extent such documents exist and can be located using good faith, reasonable efforts.

**REQUEST NO. 12:**

All documents, including but not limited to measurements, studies, analyses or evaluations, of the length of the time periods during which electronic communications between Facebook and third party websites visited by a Facebook user who is logged in to Facebook (or logged off of Facebook) reside in (a) registers in any central processing unit; (b) the random access memory; or (c) the hard drive of any of the computers or servers involved in transmitting such electronic communications.

**RESPONSE TO REQUEST NO. 12:**

Facebook specifically incorporates the General Responses and objections above to the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1    extent applicable to this Request.  Facebook further objects to this Request on the following

2    grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

3    all documents "including but not limited to" the referenced subject matter without specifying

4    appropriate limitations; (2) it fails to describe with reasonable particularity each item or category

5    of items to be inspected; (3) it is not reasonably limited in time; and (4) it seeks information that

6    is irrelevant to Plaintiffs' claims.   Facebook further objects to this Request as vague and

7    ambiguous with regard to the "registers," "memory," or "computers or servers" about which

8    information is sought.  Facebook further objects to this Request on the ground that the Request

9    demands information not in Facebook's possession, custody, or control.

10          Subject to and without waiving any of its objections, Facebook is willing to meet and

11   confer with Plaintiffs' counsel regarding this Request.

12   **REQUEST NO. 13:**

13          All documents concerning the methods by which Facebook obtains PII through mobile

14   applications.

15   **RESPONSE TO REQUEST NO. 13:**

16          Facebook specifically incorporates the General Responses and objections above to the

17   extent applicable to this Request.  Facebook further objects to this Request on the following

18   grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

19   all documents "concerning" the referenced subject matter without specifying appropriate

20   limitations; (2) it fails to describe with reasonable particularity each item or category of items to

21   be inspected; (3) it is not reasonably limited in time; (4) it seeks information that is irrelevant to

22   Plaintiffs' claims; and (5) to the extent it seeks information that is protected by the attorney-client

23   privilege and work product doctrine.  Facebook further objects to this Request as vague and

24   ambiguous with regard to the "mobile applications" about which about which information is

25   sought.  Facebook further objects to this Request on the ground that the term "PII," as defined in

26   the Requests, is overbroad and consists almost entirely of information beyond the scope of this

27   litigation.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1  **REQUEST NO. 14:**

2      All documents concerning Facebook's retention of the user IDs of Facebook users after

3  logging out of Facebook.

4  **RESPONSE TO REQUEST NO. 14:**

5      Facebook specifically incorporates the General Responses and objections above to the

6  extent applicable to this Request.  Facebook further objects to this Request on the following

7  grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

8  all documents "concerning" the referenced subject matter without specifying appropriate

9  limitations; (2) it fails to describe with reasonable particularity each item or category of items to

10  be inspected; (3) it is not reasonably limited in time; (4) it seeks information that is irrelevant to

11  Plaintiffs' claims; and (5) to the extent it seeks information that is protected by the attorney-client

12  privilege and work product doctrine.     Facebook further objects to this Request as vague and

13  ambiguous with regard to its use of the phrase "retention of the user IDs."  Facebook further

14  objects to this Request to the extent it improperly assumes that "logging out of Facebook" would

15  cause Facebook not to "retain" the "user IDs" of Facebook users.

16  **REQUEST NO. 15:**

17      All documents concerning (a) Facebook's Statement of Rights and Responsibilities; (b)

18  Facebook's Data Use Policy; and/or (c) Facebook's Terms of Service, including all drafts and

19  revisions thereof, that were in effect during the Relevant Time Period.

20  **RESPONSE TO REQUEST NO. 15:**

21      Facebook specifically incorporates the General Responses and objections above to the

22  extent applicable to this Request.  Facebook further objects to this Request on the following

23  grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

24  all documents "concerning" the referenced subject matter without specifying appropriate

25  limitations; (2) it fails to describe with reasonable particularity each item or category of items to

26  be inspected; and (3) it seeks information that is protected by the attorney-client privilege and

27  work product doctrine.  Facebook further objects to this Request as vague and ambiguous

28  regarding its use of the term "Relevant Time Period," which is not defined in the Requests.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1      Subject to and without waiving any of its objections, Facebook will produce responsive,

2    non-privileged documents sufficient to show Facebook's Statement of Rights and

3    Responsibilities; Facebook's Data Use Policy; and Facebook's Terms of Service, that were

4    actually implemented and in effect during the Relevant Period.

5    **REQUEST NO. 16:**

6        All documents concerning the named Plaintiffs.

7    **RESPONSE TO REQUEST NO. 16:**

8        Facebook specifically incorporates the General Responses and objections above to the

9    extent applicable to this Request.  Facebook further objects to this Request on the following

10    grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

11    all documents "concerning" the referenced subject matter without specifying appropriate

12    limitations; (2) it fails to describe with reasonable particularity each item or category of items to

13    be inspected; (3) it is not reasonably limited in time; (4) it seeks information that is irrelevant to

14    Plaintiffs' claims; (5) it seeks information that is in Plaintiffs' custody or control; and (6) it seeks

15    information that is protected by the attorney-client privilege and work product doctrine.

16        Subject to and without waiving any of its objections, Facebook is willing to meet and

17    confer with Plaintiffs' counsel regarding what responsive, non-privileged documents could be

18    produced without undue burden that would be relevant to Plaintiffs' litigation of the claims in this

19    action.

20    **REQUEST NO. 17:**

21        All documents describing or constituting (a) the bases for; (b) any analyses, studies or

22    evaluations of; and/or (c) any modification to the following:

23        1.     The statement that "[w]hen you log out of Facebook, we remove the cookies that

24    identify your particular account," which appeared on Facebook's online help center in response to

25    the question: *Does Facebook use cookies if I don't have an account or have logged out of my*

26    *account?*"

27        2.     The statement that "[w]e do not use cookies to create a profile of your browsing

28    behavior on third-party sites or to show you ads...," which appeared on Facebook's online help

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1  center in response to the question: *"How does Facebook use cookies?"*

2      3.      The statements that "we receive data whenever you visit a game, application, or

3  website that uses Facebook Platform or visit a site with a Facebook feature (such as a social plug-

4  in). This may include...if you are logged in to Facebook, your user ID," which appeared in

5  Facebook's data use policy.

6      4.      The statement: "Pre-Approved Third-Party Websites and Applications – In order

7  to provide you useful social experiences off of Facebook, we occasionally need to provide

8  General Information about you to pre-approved third-party websites and applications that use

9  Platform at the time you visit them (if you are still logged in to Facebook)...In addition, if you log

10 out of Facebook before visiting a pre-approved application or website, it will not be able to access

11 your information," which appeared in Facebook's privacy policy (April, 22 2010) and is attached

12 as Exhibit C to Facebook's response to Plaintiffs' motion to dismiss the Complaint in this action

13 (Dkt. No. 44).

14 **RESPONSE TO REQUEST NO. 17:**

15      Facebook specifically incorporates the General Responses and objections above to the

16 extent applicable to this Request.  Facebook further objects to this Request to the extent it seeks

17 information that is protected by the attorney-client privilege and work product doctrine.

18 Facebook further objects to this Request as vague and ambiguous with regard to its use of the

19 phrases "bases for" and "analyses, studies or evaluations."  Facebook further objects to subpart 4

20 of this Request as irrelevant to Plaintiffs' claims.

21      Subject to and without waiving any of its objections, after entry of an appropriate

22 protective order, Facebook will produce responsive, non-privileged documents directly discussing

23 the contents of subparts 1-3 of this Request, to the extent such documents existed during the

24 Relevant Period and can be located using good faith, reasonable efforts.

25 **REQUEST NO. 18:**

26      All documents supporting any contention by Facebook that the post-log out tracking

27 alleged in the Complain [sic] was accidental and/or the result of a "bug."

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

**RESPONSE TO REQUEST NO. 18:**

Facebook specifically incorporates the General Responses and objections above to the extent applicable to this Request.  Facebook further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege and work product doctrine. Facebook further objects to this Request as vague, ambiguous, and argumentative in its use of the term "tracking."

Subject to and without waiving any of its objections, after entry of an appropriate protective order, Facebook will produce responsive, non-privileged documents sufficient to show whether Facebook's alleged receipt of information through Relevant Cookies on the browsers of Facebook users when they were not logged-in to Facebook during the Relevant Period was accidental and/or the result of a "bug," to the extent such documents exist and can be located using good faith, reasonable efforts.

**REQUEST NO. 19:**

All documents relating to Facebook's policies, protocols or procedures concerning the maintenance and/or deletion of PII, including the length of time that PII is stored.

**RESPONSE TO REQUEST NO. 19:**

Facebook specifically incorporates the General Responses and objections above to the extent applicable to this Request.  Facebook further objects to this Request on the following grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding all documents "relating to" the referenced subject matter without specifying appropriate limitations; (2) it fails to describe with reasonable particularity each item or category of items to be inspected; (3) it is not reasonably limited in time; (4) it seeks information that is irrelevant to Plaintiffs' claims; and (5) to the extent it seeks information that is protected by the attorney-client privilege and work product doctrine.  Facebook further objects to this Request on the ground that the term "PII," as defined in the Requests, is overbroad and consists almost entirely of information beyond the scope of this litigation.

Subject to and without waiving any of its objections, after entry of an appropriate protective order, Facebook will produce responsive, non-privileged documents sufficient to show

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1  Facebook's policies, protocols or procedures concerning the maintenance and/or deletion of

2  information from the Relevant Cookies during the Relevant Period, including the length of time

3  that such information was stored, to the extent such documents exist and can be located using

4  good faith, reasonable efforts.

5  **REQUEST NO. 20:**

6      All documents concerning Facebook's policies, procedures or protocols for deleting

7  Facebook-placed cookies from the computers or browsers of Facebook users.

8  **RESPONSE TO REQUEST NO. 20:**

9      Facebook specifically incorporates the General Responses and objections above to the

10  extent applicable to this Request.  Facebook further objects to this Request on the following

11  grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

12  all documents "concerning" the referenced subject matter without specifying appropriate

13  limitations; (2) it fails to describe with reasonable particularity each item or category of items to

14  be inspected; (3) it is not reasonably limited in time; (4) it seeks information that is irrelevant to

15  Plaintiffs' claims; and (5) to the extent it seeks information that is protected by the attorney-client

16  privilege and work product doctrine.

17      Subject to and without waiving any of its objections, after entry of an appropriate

18  protective order, Facebook will produce responsive, non-privileged documents sufficient to show

19  Facebook's policies, procedures or protocols for deleting the Relevant Cookies during from the

20  computers or browsers of Facebook users during the Relevant Period, to the extent such

21  documents exist and can be located using good faith, reasonable efforts.

22  **REQUEST NO. 21:**

23      All documents sufficient to identify the persons or entities involved in conceiving,

24  drafting, reviewing, editing and finalizing (a) Facebook's Statement of Rights and

25  Responsibilities; (b) Facebook's Data Use Policy; and/or (c) Facebook's Terms of Service.

26  **RESPONSE TO REQUEST NO. 21:**

27      Facebook specifically incorporates the General Responses and objections above to the

28  extent applicable to this Request.  Facebook further objects to this Request on the following

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1   grounds: (1) it is unduly burdensome and unreasonably broad in that a document request is an

2   inappropriate vehicle for requesting discovery of the identities of individual persons; (2) it fails to

3   describe with reasonable particularity each item or category of items to be inspected; (3) it is not

4   reasonably limited in time; (4) it seeks information that is irrelevant to Plaintiffs' claims; and (5)

5   to the extent it seeks information that is protected by the attorney-client privilege and work

6   product doctrine.

7        Subject to and without waiving any of its objections, Facebook is willing to meet and

8   confer with Plaintiffs' counsel regarding what information concerning the identities of persons

9   involved in creating Facebook's Statement of Rights and Responsibilities, Data Use Policy,

10   Privacy Policy, or Terms of Service would be relevant to Plaintiffs' litigation of the claims in this

11   action.

12   **REQUEST NO. 22:**

13        All documents relating to any user PII that Facebook scrubbed or deleted from any

14   Facebook database.

15   **RESPONSE TO REQUEST NO. 22:**

16        Facebook specifically incorporates the General Responses and objections above to the

17   extent applicable to this Request.  Facebook further objects to this Request on the following

18   grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

19   all documents "relating to" the referenced subject matter without specifying appropriate

20   limitations; (2) it fails to describe with reasonable particularity each item or category of items to

21   be inspected; (3) it is not reasonably limited in time; (4) it seeks information that is irrelevant to

22   Plaintiffs' claims; and (5) to the extent it seeks information that is protected by the attorney-client

23   privilege and work product doctrine.  Facebook further objects to this Request as vague and

24   ambiguous with regard to its use of the term "scrubbed" and the phrase "any Facebook database."

25   Facebook further objects to this Request on the ground that the term "PII," as defined in the

26   Requests, is overbroad and consists almost entirely of information beyond the scope of this

27   litigation.

28        Subject to and without waiving any of its objections, after entry of an appropriate

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1  protective order, Facebook will produce responsive, non-privileged documents sufficient to show

2  Facebook's policies concerning the deletion of information from the Relevant Cookies during the

3  Relevant Period, to the extent such documents exist and can be located using good faith,

4  reasonable efforts.

5  **REQUEST NO. 23:**

6       All documents concerning any agreement, whether formal or informal, between Facebook

7  and any third party, which permits Facebook to track the internet activity of Facebook users on

8  said third party's website.

9  **RESPONSE TO REQUEST NO. 23:**

10      Facebook specifically incorporates the General Responses and objections above to the

11  extent applicable to this Request.  Facebook further objects to this Request on the following

12  grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

13  all documents "concerning" the referenced subject matter without specifying appropriate

14  limitations; (2) it fails to describe with reasonable particularity each item or category of items to

15  be inspected; (3) it is not reasonably limited in time; and (4) to the extent it seeks information that

16  is protected by the attorney-client privilege and work product doctrine.  Facebook further objects

17  to this Request as vague, ambiguous, and argumentative in its use of the term "track."   Facebook

18  further objects to this Request as vague and ambiguous with regard to its use of the phrase

19  "permits Facebook to track the internet activity of Facebook users."

20      Subject to and without waiving any of its objections, Facebook will produce responsive,

21  non-privileged documents sufficient to show Facebook's terms applicable to platform

22  applications and developers during the Relevant Period, to the extent such documents exist and

23  can be located using good faith, reasonable efforts.

24  **REQUEST NO. 24:**

25      All documents relating to U.S. Patent Application No. 20110231240, filed February 8,

26  2011 and published September 22, 2011.

27  **RESPONSE TO REQUEST NO. 24:**

28      Facebook specifically incorporates the General Responses and objections above to the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1    extent applicable to this Request.  Facebook further objects to this Request on the following

2    grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

3    all documents "relating to" the referenced subject matter without specifying appropriate

4    limitations; (2) it fails to describe with reasonable particularity each item or category of items to

5    be inspected; (3) it seeks information that is irrelevant to Plaintiffs' claims; and (4) to the extent it

6    seeks information that is protected by the attorney-client privilege and work product doctrine.

7    Facebook further objects to this Request to the extent it seeks information not within Facebook's

8    possession, custody, or control.

9         Subject to and without waiving any of its objections, Facebook is willing to meet and

10   confer with Plaintiffs' counsel regarding what information, if any, responsive to this Request

11   would be relevant to Plaintiffs' litigation of the claims in this action.

12   **REQUEST NO. 25:**

13        All documents and communications between Facebook and any person, including but not

14   limited to Australian blogger Nik Cubrilovic, concerning any allegation that Facebook tracked the

15   internet activities of users post log-out.

16   **RESPONSE TO REQUEST NO. 25:**

17        Facebook specifically incorporates the General Responses and objections above to the

18   extent applicable to this Request.  Facebook further objects to this Request on the following

19   grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

20   all documents "concerning" the referenced subject matter without specifying appropriate

21   limitations; (2) it fails to describe with reasonable particularity each item or category of items to

22   be inspected; (3) it is not reasonably limited in time; and (4) to the extent it seeks information that

23   is protected by the attorney-client privilege and work product doctrine.  Facebook further objects

24   to this Request as vague, ambiguous, and argumentative in its use of the term "tracked."

25        Subject to and without waiving any of its objections, after entry of an appropriate

26   protective order, Facebook will produce any communications with Nik Cubrilovic or with United

27   States government entities concerning any allegation that Facebook received information related

28   to the Internet activities of users after those users logged out from their Facebook accounts, to the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1    extent such documents exist and can be located using good faith, reasonable efforts. Facebook is

2    willing to meet and confer regarding with Plaintiffs' counsel regarding what additional

3    documents, if any, responsive to this Request and relevant to Plaintiffs' litigation of the claims in

4    this action could be located and produced without imposing an undue burden on Facebook.

5    **REQUEST NO. 26:**

6        All documents concerning the benefits of advertising to Facebook users based on PII.

7    **RESPONSE TO REQUEST NO. 26:**

8        Facebook specifically incorporates the General Responses and objections above to the

9    extent applicable to this Request. Facebook further objects to this Request on the following

10   grounds: (1) it is vague, ambiguous, unduly burdensome, and far overbroad in demanding all

11   documents "concerning" the referenced subject matter without specifying appropriate limitations;

12   (2) it fails to describe with reasonable particularity each item or category of items to be inspected;

13   (3) it is not reasonably limited in time; (4) it seeks information that is irrelevant to Plaintiffs'

14   claims; and (5) to the extent it seeks information that is protected by the attorney-client privilege

15   and work product doctrine. Facebook further objects to this Request as vague and ambiguous

16   with regard to its use of the phrases "advertising to Facebook users" and "based on PII."

17   Facebook further objects to this Request on the ground that the term "PII," as defined in the

18   Requests, is overbroad and consists almost entirely of information beyond the scope of this

19   litigation.

20   **REQUEST NO. 27:**

21       All documents concerning instructions, manuals, protocols, policies or methods by which

22   PII obtained from Facebook users when they were not logged-in to Facebook.

23   **RESPONSE TO REQUEST NO. 27:**

24       Facebook specifically incorporates the General Responses and objections above to the

25   extent applicable to this Request. Facebook further objects to this Request on the following

26   grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

27   all documents "concerning" the referenced subject matter without specifying appropriate

28   limitations; (2) it fails to describe with reasonable particularity each item or category of items to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1    be inspected; (3) it is not reasonably limited in time; and (4) to the extent it seeks information that

2    is protected by the attorney-client privilege and work product doctrine.  Facebook further objects

3    to this Request on the ground that the term "PII," as defined in the Requests, is overbroad and

4    consists almost entirely of information beyond the scope of this litigation.  Facebook further

5    objects to this Request because the Request appears to be an incomplete sentence, rendering the

6    Request incomprehensible and making response impossible.

7         Subject to and without waiving any of its objections, Facebook is willing to meet and

8    confer with Plaintiffs' counsel regarding what information this Request is meant to seek, and

9    whether such information would be relevant to Plaintiffs' litigation of the claims in this action.

10   **REQUEST NO. 28:**

11        All documents concerning the methods used by Facebook to determine or record whether

12   a Facebook user is logged-in, logged-out, active or inactive.

13   **RESPONSE TO REQUEST NO. 28:**

14        Facebook specifically incorporates the General Responses and objections above to the

15   extent applicable to this Request.  Facebook further objects to this Request on the following

16   grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

17   all documents "concerning" the referenced subject matter without specifying appropriate

18   limitations; (2) it fails to describe with reasonable particularity each item or category of items to

19   be inspected; (3) it is not reasonably limited in time; (4) it seeks information that is irrelevant to

20   Plaintiffs' claims; and (5) to the extent it seeks information that is protected by the attorney-client

21   privilege and work product doctrine.  Facebook further objects to this Request on the ground that

22   it is vague, ambiguous, unduly burdensome and unreasonably broad with regard to the terms

23   "active" and "inactive," whose meaning is unclear and which bear no apparent relevance to

24   Plaintiffs' claims.

25        Subject to and without waiving any of its objections, after entry of an appropriate

26   protective order, Facebook will produce responsive, non-privileged documents sufficient to show

27   what methods, if any, were used by Facebook to determine or record whether Facebook users

28   were logged in or logged out during the Relevant Period, to the extent such documents exist and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1 can be located using good faith, reasonable efforts.

2 **REQUEST NO. 29:**

3   All documents concerning the creation, design, scope, monetization, or modification of

4 the following cookies: (a) the a_user cookie; (b) the c_user cookie; and (c) the datr cookie.

5 **RESPONSE TO REQUEST NO. 29:**

6   Facebook specifically incorporates the General Responses and objections above to the

7 extent applicable to this Request.  Facebook further objects to this Request on the following

8 grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

9 all documents "concerning" the referenced subject matter without specifying appropriate

10 limitations; (2) it fails to describe with reasonable particularity each item or category of items to

11 be inspected; (3) it is not reasonably limited in time; and (4) it seeks information that is irrelevant

12 to Plaintiffs' claims.  Facebook further objects to this Request as vague and ambiguous with

13 regard to its use of the terms "scope" and "monetization" in the context of the Request.

14   Subject to and without waiving any of its objections, after entry of an appropriate

15 protective order, Facebook will produce responsive, non-privileged documents sufficient to show

16 the design, function, and operation of the a_user, c_user, and datr cookies during the Relevant

17 Period, to the extent such documents exist and can be located using good faith, reasonable efforts.

18 **REQUEST NO. 30:**

19   All documents produced or provided to any governmental or regulatory agency or

20 authority, including but not limited to (a) the U.S. Congressional Bi-Partisan Privacy Caucus; (b)

21 the U.S. Senate Commerce Committee; (c) the Federal Trade Commission; (d) the Office of the

22 Data Protection Commission of Ireland; (e) the German data protection commission; (f) the

23 Information Commissioner's Office; and (g) the European Commission, in connection with any

24 investigation or legal action concerning allegations that Facebook has tracked its users, collected,

25 stored and/or retained PII, or otherwise violated consumer protection and/or privacy laws,

26 directives or regulations.

27 **RESPONSE TO REQUEST NO. 30:**

28   Facebook specifically incorporates the General Responses and objections above to the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1   extent applicable to this Request.  Facebook further objects to this Request on the following

2   grounds: (1) it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding

3   all documents "concerning" the referenced subject matter without specifying appropriate

4   limitations; (2) it is not reasonably limited in time;  (3) it seeks information that is irrelevant to

5   Plaintiffs' claims; (4) to the extent it seeks information that is available from public sources; and

6   (5) to the extent it seeks information related to governmental or regulatory agencies or authorities

7   outside the United States.  Facebook further objects to this Request as vague and ambiguous with

8   regard to its use of the term "investigation" and the phrases "legal action" and "tracked its users,

9   collected, stored and/or retained PII."  Facebook further objects to this Request on the ground that

10  the term "PII," as defined in the Requests, is overbroad and consists almost entirely of

11  information beyond the scope of this litigation.  Facebook further objects to this Request on the

12  ground that it is vague, ambiguous, unduly burdensome, and unreasonably broad in demanding all

13  documents concerning any investigation or legal action related to Facebook's alleged violation of

14  any "consumer protection and/or privacy laws, directives or regulations," including laws,

15  directives, or regulations not at issue in this litigation.  Facebook further objects to this Request to

16  the extent it seeks information protected by disclosure by statutory or other privileges and

17  protections.  Facebook further objects to this Request as vague, ambiguous, and argumentative in

18  its use of the term "tracked."  Facebook further objects to this Request to the extent it seeks

19  information not within Facebook's possession, custody, or control.

20      Subject to and without waiving any of its objections, after entry of an appropriate

21  protective order, Facebook will produce any responsive, non-privileged documents it provided to

22  any government entity concerning any allegation that Facebook received information related to

23  the Internet activities of users while those users were logged out from their Facebook accounts, to

24  the extent such documents exist and can be located using good faith, reasonable efforts.

25  **REQUEST NO. 31:**

26      All transcripts of any proceedings before any governmental or regulatory agency or

27  authority, including but not limited to (a) the U.S. Congressional Bi-Partisan Privacy Caucus; (b)

28  the U.S. Senate Commerce Committee; (c) the Federal Trade Commission; (d) the Office of the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

1   Data Protection Commission of Ireland; (e) the German data protection commission; (f) the

2   Information Commissioner's Office; and (g) the European Commission, in connection with any

3   investigation or legal action concerning allegations that Facebook has tracked its users, collected,

4   stored and/or retained PII, or otherwise violated consumer protection and/or privacy laws,

5   directives or regulations.

6   **RESPONSE TO REQUEST NO. 31:**

7   Facebook specifically incorporates the General Responses and objections above to the

8   extent applicable to this Request.  Facebook further objects to this Request on the following

9   grounds: (1) it is not reasonably limited in time; (2) it seeks information that is irrelevant to

10  Plaintiffs' claims; (3) to the extent it seeks information that is available from public sources; and

11  (4) to the extent it seeks information related to governmental or regulatory agencies or authorities

12  outside the United States.  Facebook further objects to this Request as vague and ambiguous with

13  regard to its use of the term "investigation" and the phrases "legal action" and "tracked its users,

14  collected, stored and/or retained PII."  Facebook further objects to this Request on the ground that

15  the term "PII," as defined in the Requests, is overbroad and consists almost entirely of

16  information beyond the scope of this litigation.  Facebook further objects to this Request on the

17  ground that it is vague, ambiguous, unduly burdensome, and unreasonably broad in all transcripts

18  concerning any investigation or legal action related to Facebook's alleged violation of any

19  "consumer protection and/or privacy laws, directives or regulations," including laws, directives,

20  or regulations not at issue in this litigation.  Facebook further objects to this Request to the extent

21  it seeks information protected by disclosure by statutory or other privileges and protections.

22  Facebook further objects to this Request as vague, ambiguous, and argumentative in its use of the

23  term "tracked."  Facebook further objects to this Request to the extent it seeks information not

24  within Facebook's possession, custody, or control.

25  Subject to and without waiving any of its objections, after entry of an appropriate

26  protective order, Facebook will produce any responsive, non-privileged transcripts of proceedings

27  before any government entity concerning any allegation that Facebook received information

28  related to the Internet activities of users after those users logged out from their Facebook

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD

accounts, to the extent such documents exist and can be located using good faith, reasonable efforts.


Dated: January 25, 2013                          COOLEY LLP


                                                 _____
                                                 KYLE C. WONG
                                                 Attorneys for Defendant
                                                 FACEBOOK, INC.


1292866 /SF

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28.

FACEBOOK'S OBJECTIONS AND RESPONSES TO
PLS.' FIRST REQUEST FOR PRODUCTION
5:12-MD-02314 EJD