| | |
|---|---|
| 1 | COOLEY LLP |
| | MICHAEL G. RHODES (116127) |
| 2 | (rhodesmg@cooley.com) |
| | MATTHEW D. BROWN (196972) |
| 3 | (brownmd@cooley.com) |
| | JEFFREY M. GUTKIN (216083) |
| 4 | (jgutkin@cooley.com) |
| | KYLE C. WONG (224021) |
| 5 | (kwong@cooley.com) |
| | ADAM C. TRIGG (261498) |
| 6 | (atrigg@cooley.com) |
| | 101 California Street, 5th Floor |
| 7 | San Francisco, CA  94111-5800 |
| | Telephone:     (415) 693-2000 |
| 8 | Facsimile:      (415) 693-2222 |
| 9 | Attorneys for Defendant |
| | FACEBOOK, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: Facebook Internet Tracking Litigation | Case No. 5:12-md-02314 EJD |
| | **EXHIBIT D TO DECLARATION OF KYLE C. WONG IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S MOTION FOR PROTECTIVE ORDER** |
| | Date:            April 28, 2016 |
| | Time:           9:00 a.m. |
| | Courtroom:   4 |
| | Judge:          Edward J. Davila |
| | Trial Date:    None Set |

# EXHIBIT D

1.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

EXHIBIT D TO WONG DECLARATION ISO
FACEBOOK'S MOTION FOR PROTECTIVE ORDER
CASE NO. 5:12-MD-02314 EJD



Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, NY 10022
phone  212.687.1980
fax  212.687.7714
email  mail@kaplanfox.com
www.kaplanfox.com

**THIS LETTER CONTAINS OR REFERENCES DISCOVERY MATERIAL DESIGNATED "HIGHLY CONFIDENTIAL" PURSUANT TO THE STIPULATED PROTECTIVE ORDER APPROVED ON APRIL 11, 2014, DOCKET NO. 75 IN CASE 5:12-MD-2314-EJD (N.D. CAL.)**

January 14, 2016

**VIA EMAIL & U.S. MAIL**
Kyle C. Wong, Esq.
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800

Re: *In re Facebook Internet Tracking Litig.*, 5:12-md-2314-EJD (N.D. Cal.)

Dear Kyle,

By this letter, plaintiffs request a telephonic meet and confer during the week of January 25, 2016 to discuss several issues related to discovery. Specifically, we ask to address the following topics:

1. **Custodians**

Counsel for the parties initially met and conferred telephonically regarding discovery in November, 2014. On those calls, plaintiffs' counsel noted that only three individual Facebook employees were identified as "custodians" in the documents produced by Facebook to plaintiffs (Alex Himel, Gregg Stefancik and Scott Renfro). These are the three individuals listed in Facebook's initial disclosures. In addition, 427 documents simply identify "Facebook" as the custodian, and another 26 documents do not identify a custodian.

As we noted prior, limiting Facebook's search for documents to three people seems inappropriately narrow on its face, despite the volume of email gathered from these three. To date, however, Facebook has not supplemented its disclosures nor its production. Now that our review of Facebook's initial production is nearing completion, we confirm that at least 20 additional employees should have been disclosed as likely to have discoverable information within the meaning of FRCP 26(a)(1)(A), and certainly should have been searched for responsive documents.






Kyle Wong, Esq. | 2
January 14, 2016

Many of the documents produced by Facebook highlight the problem. For example, in FB-17463, Mr. Renfro noted that Dan Muriello is the engineer "most familiar with the LU cookie," making him a key witness and certainly someone likely to have discoverable information. Yet Mr. Muriello was neither identified in Facebook's initial disclosures nor searched for responsive documents. Therefore, the only documents of Mr. Muriello produced were those which by happenstance were sent to or received from one of only three Facebook employees. A full search of his documents should have been conducted.

Similarly, in response to a question regarding associating computers and users via the *datr* cookie, a Facebook employee noted that Facebook engineers Chris Palow and Allan Stewart "know a lot about that" and referred the question to them. *See* FB-43904. Clearly, associating users with the *datr* cookie is a core issue, and the two knowledgeable employees should have been identified and searched.

Attached to this letter as Attachment A is a list of Facebook employees who appear as authors or recipients of significant documents but whose files were apparently not searched. We also ask that Facebook supplement its FRCP 26(a) initial disclosures and identify any other persons who are likely to have discoverable information but who have not yet come to our attention. We also ask for more information related to the 427 documents whose custodians are identified only as "Facebook" or the 26 not identified at all.

2. **Confidentiality Designations**

To date, Facebook has produced 12,804 documents. Of these, 1 document (a 360-page compilation of public documents) bears no confidentiality designation, and 4 documents (FB-52734, FB-49905, FB-20568 and FB-15193) are designated "confidential." The remaining 12,799 documents (99.96%) are designated "highly confidential."[1]

In our view, Facebook's sweeping designation violates the plain language of the court's protective order of April 11, 2014, prohibiting "mass, indiscriminate or routine designations," see Section 5.1, and also violates established law in the Northern District of California. The problem is compounded by the fact that the chosen mass designation is "highly confidential," not merely "confidential." Under Section 7.3 of the protective order, highly confidential documents may not be disclosed to any plaintiffs (including even the named plaintiffs), making it impossible for counsel to provide them information needed to understand their claims and protect the class.

---

[1] The protective order dated April 11, 2014 provides for two tiers of confidentiality. Documents may be designated either "confidential" or "highly confidential – attorneys' eyes only." *See* Section 5.2. Facebook designated all but five documents as "highly confidential" but plaintiffs understand this short-hand designation to mean "highly confidential – attorneys' eyes only."


The protective order provides a mechanism to challenge designations. See Sections 6.1 and 6.2. However, given the indiscriminate blanket designation given to all but five documents, a document-by-document challenge is neither appropriate nor possible, and plaintiffs thus believe Facebook should re-provide specific designations for the entire production in conformity with Section 5.1 of the protective order.

3. **Documents Attached by Hyperlink**

A fairly substantial volume of documents are emails related to tasks and other engineering changes involving persistent cookies, session cookies, tracking logged out users and other relevant topics, but often make cryptic references to documents attached by hyperlink. These hyperlinked documents, however, were not produced and their absence makes it difficult if not impossible to understand and evaluate some of the email produced. Some of the internal Facebook databases hyperlinked include:

  http://www.intern.facebook.com/intern/tasks
  http://our.intern.facebook.com/intern/tasks
  http://forum.developers.facebook.net
  http://bugs.developers.facebook.net
  http://tools.facebook.com

In addition, Facebook produced emails with links to attachments stored on Google Docs, but the linked document was not included in the production. One example includes a document called "Draft Cookie/Tracking Blog Post," which was also the subject line of the email, but the attached document was apparently not produced. See FB-4567. We ask that these attachments be produced in a way that we may associate them with the parent documents.

4. **Calendars and Meeting Notes**

It does not appear that calendars and meeting notes were searched. The documents produced thus far confirm meetings at which participants discussed topics central to this case – for example, in FB-4249 it appears that Alex Himel met with P&G to discuss "plugins and cookie/data storage practices."

5. **Facebook Objections to Plaintiff Document Requests**

   A. *Pending discussions*: on the November 2014 meet-and-confer teleconferences, plaintiffs agreed to consider modified language for the following document requests after having a chance to review the initial document production: Nos. 7, 8, 9, 10, 13, 14, and 26. Now that we are nearing completion of the review, we are in a position to discuss options for re-wording these requests.



Kyle Wong, Esq.
January 14, 2016 | 4

B. *Follow-up*: also on the November 2014 calls, I believe you agreed to consider modifying or withdrawing your objections to document requests 3, 4, 5, 12, 16 and 27 after discussing internally. The highest priority is document request no. 16, which simply requests "documents concerning the named plaintiffs."

C. *Document Request Nos. 21 and 24*: in your objection to document request nos. 21 and 24, you offered to meet and confer to discuss narrowing the scope of the request. I believe these document requests were omitted from discussions in November 2014, but I ask that we discuss them now.

6. **Help Center Pages**

In its responses and objections dated January 25, 2013, Facebook stated that it would produce "copies of Facebook's Statement of Rights and Responsibilities; Data Use Policy; Privacy Policy; Terms of Service; and Help Center pages" responsive to document request no. 2, "including historical versions." However, Facebook has not produced any Help Center pages.

7. **Non-Responsive Content Redacted**

It appears that you redacted content as being "non-responsive." *See, e.g.*, FB-4555. We do not believe that Facebook may redact portions of documents merely for being "non-responsive" and ask that unredacted replacement documents be provided.

8. **Depositions**

Finally, we would like to schedule depositions of the three employees whose documents have been produced (Alex Himel, Gregg Stefancik and Scott Renfro). We believe it makes sense to wait until briefing concludes on March 10th. Please let us know these witnesses' availability during the last two weeks of March or anytime in April. Please also let us know if the witnesses would be amenable to conducting the depositions in San Francisco rather than in San Jose.

\* \* \* \* \*

We are broadly available during the week of January 25, 2016, but prefer a call later in the work day PST (thus, after-hours EST). Please let us know what works for you.

Kind regards,

David A. Straite

cc:  Matthew D. Brown, Esq.
     Jeffrey M. Gutkin, Esq.
     Stephen G. Grygiel, Esq.



**Attachment A**

Dan Muriello
Arturo Bejar
Matt Jones
Mark Zuckerberg
Adam Wolff
Barry Schnitt
Douglas Purdy
Ben Mauer
Chuck Rossi
Andrew Rothbart
Chris Cox
Carl Sjogreen
Mike Vernal
Christopher Palow
Raghu Murthy
Andrew Noyes
Erin Egan
Ethan Beard
Austin Haugen
Kent Matthew Schoen
Gregory Luc Dingle
Timothy Kendall
Ryan McGeehan
Francis Larkin
Allan Stewart
Bill Fumerola