| | |
|---|---|
| 1 | COOLEY LLP |
| | MICHAEL G. RHODES (116127) |
| 2 | (rhodesmg@cooley.com) |
| | MATTHEW D. BROWN (196972) |
| 3 | (brownmd@cooley.com) |
| | JEFFREY M. GUTKIN (216083) |
| 4 | (jgutkin@cooley.com) |
| | KYLE C. WONG (224021) |
| 5 | (kwong@cooley.com) |
| | ADAM C. TRIGG (261498) |
| 6 | (atrigg@cooley.com) |
| | 101 California Street, 5th Floor |
| 7 | San Francisco, CA 94111-5800 |
| | Telephone: (415) 693-2000 |
| 8 | Facsimile: (415) 693-2222 |
| 9 | Attorneys for Defendant |
| | FACEBOOK, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: Facebook Internet Tracking Litigation | Case No. 5:12-md-02314 EJD |
| | **EXHIBIT E TO DECLARATION OF KYLE C. WONG IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S MOTION FOR PROTECTIVE ORDER** |
| | Date: April 28, 2016 |
| | Time: 9:00 a.m. |
| | Courtroom: 4 |
| | Judge: Edward J. Davila |
| | Trial Date: None Set |

# EXHIBIT E

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

EXHIBIT E TO WONG DECLARATION ISO
FACEBOOK'S MOTION FOR PROTECTIVE ORDER
CASE NO. 5:12-MD-02314 EJD



Kyle C. Wong  
+1 415 693 2029  
kwong@cooley.com

Via Email dstraite@kaplanfox.com

February 2, 2016

David A. Straite  
Kaplan Fox & Kilsheimer LLP  
850 Third Avenue  
New York, NY  10022

**Re:  In re Facebook Internet Tracking Litigation, Case No. 5:12-md-2314-EJD (N.D. Cal.)**

Dear David:

I am writing in response to your letter of January 14, 2016.

As an initial matter, while we will provide some additional documents as a follow-up to our prior document productions as described below, we do not think any further discovery is warranted at this time.  Judge Davila granted our motion to dismiss the First Amended Complaint, largely on standing grounds, and the deficiencies on which the dismissal was based will not be addressed by further discovery from Facebook.  Likewise, Judge Davila's dismissal of the Wiretap Act, Stored Communications Act, and California Invasion of Privacy Act claims rested on Plaintiffs' allegations regarding how the Internet operates, which will also not be impacted by further discovery from Facebook.  Plaintiffs' new claims also suffer from, *inter alia*, the same Article III deficiencies as Facebook noted in its recently filed Motion to Dismiss, making further discovery at this time unnecessary.

To date, Facebook has already produced more than 13,000 documents from several key custodians.  Notably, as you admit in your letter, Plaintiffs are just now "nearing completion" of their review of Facebook's production from nearly *two years ago*, and Plaintiffs are just now following up on a meet-and-confer call from *November 2014*.  There is clearly no urgency to continuing or expanding discovery at this juncture.  Because any further discovery will be very costly and burdensome – particularly the collection, review, and production of documents from the *twenty* additional custodians that you suggest – and will not impact the open issues with Plaintiffs' complaint, the parties should hold off on discovery while the current motion to dismiss, which the Court will hear on April 28, 2016, is pending.

That being said, Facebook will provide some of the information proposed in your letter, as follows.  Facebook will also agree to provide limited additional discovery to the extent that the parties can agree to hold off on further discovery until the resolution of the current motion to dismiss.

**Custodians**

You asked about documents that list the custodian as "Facebook."  These documents were collected from Facebook's internal "wiki" pages, and as such do not have an individual author or custodian.  As to the handful of documents without a listed custodian, they are single-page placeholders for privileged documents that had non-privileged attachments that were produced.  Thus, their custodians are the same as the produced attachments.



David A. Straite
February 2, 2016
Page Two

**Confidentiality Designations**

We disagree with your characterization that we have provided "indiscriminate blanket" designations for the documents Facebook produced. As you know from prior correspondence and the Protective Order the parties agreed to, Facebook takes the confidentiality of its internal documents very seriously. The documents labeled "Confidential" or "Highly Confidential" were internal Facebook documents discussing, among other things, confidential business strategy and the technical aspects of Facebook's website. These are highly sensitive matters deserving of protection under the Protective Order. Moreover, *each* document produced was reviewed and in good faith labeled with a confidentiality designation, if any. Facebook, as you recognized, produced hundreds of pages of documents with no confidentiality designation at all. Your letter does not indicate a single document you alleged to be misdesignated. Yet you demand that Facebook go back and look again at each individual designation for every document. The better approach, and the one contemplated by the parties in the Protective Order, is for you to identify any documents you believe bear the wrong designation and permit us to review them to determine whether we will re-designate them.

**Documents Attached by Hyperlink**

We disagree with your characterization of documents being "attached by hyperlink." As is customary in document production, Facebook produced responsive non-privileged emails and their attachments. But a hyperlink in an email is not an attachment to that email and therefore a copy of the webpage to which the hyperlink refers need not be produced. Moreover, production of these hyperlinked webpages is not necessary. Several of the hyperlinks you list (http://forum.developers.facebook.net; http://bugs.developers.facebook.net) are not "internal," but rather public Internet sites that are no longer active. Two others (http://intern.facebook.com/intern/tasks; http://our.intern.facebook.com/intern/tasks) are internal task pages, the updates to which are automatically sent via email to every Facebook employee assigned to that task. Thus, the entirety of the task discussion should be captured in email.

As to emails that reference Google docs, if the parties agree to forgo any additional discovery until the court rules on the current motion to dismiss and if you identify the Bates numbers of additional emails that link to Google docs, we will make a good-faith search for those documents and produce any that are relevant and not privileged.

**Calendar and Meeting Notes**

Calendar invites and requests and meeting notes were included in the email collection and production to the extent they hit on search terms. To the extent there are particular meetings for which you think more information is relevant, we are willing to meet and confer regarding providing that information if the parties agree to forgo any additional discovery until the court rules on the current motion to dismiss.

**Facebook Objections to Plaintiff Document Requests**

We are willing to discuss the issues raised in this section of your letter, but as explained above, we do not believe further discovery is warranted at this time.

**Help Center Pages**

Your letter's assertion that "Facebook has not produced any Help Center pages" is incorrect. *See* FB_MDL_00000251, FB_MDL_00000252. Nevertheless, we are willing to do an additional search to



David A. Straite
February 2, 2016
Page Three

determine whether there are additional relevant Help Center pages from the Relevant Period if the parties agree to forgo any additional discovery until the court rules on the current motion to dismiss.

**Non-Responsive Content Redacted**

In its production Facebook redacted a minimal amount of highly sensitive non-responsive content. The information has no relevance to this action and is therefore not responsive to any of Plaintiffs' document requests.

**Plaintiffs' Discovery Responses**

We note that during our November 2014 meet-and-confer call, Plaintiffs agreed to produce documents responsive to Facebook's requests for production 4, 7, 8, 20, 43, and 45. Plaintiffs also agreed to reconsider their objections to requests 1, 9, 12, 13, 29, 44, and 46. Finally, Plaintiffs agreed to investigate and confirm whether production in response to request 2 is complete. We have not heard from Plaintiffs on any of these issues since the November 2014 call.

We are available to discuss these issues on the afternoon of February 3 and most of the day February 4. Please let us know if you are available then.

Sincerely,

*Kyle C. Wong*

Kyle C. Wong

KCW:jlc

126770578