COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
ADAM C. TRIGG (261498)
(atrigg@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: Facebook Internet Tracking Litigation | Case No. 5:12-md-02314 EJD<br><br>**EXHIBIT F TO DECLARATION OF KYLE C. WONG IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S MOTION FOR PROTECTIVE ORDER**<br><br>Date:         April 28, 2016<br>Time:        9:00 a.m.<br>Courtroom:   4<br>Judge:       Edward J. Davila<br>Trial Date:  None Set |

# EXHIBIT F

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

EXHIBIT F TO WONG DECLARATION ISO
FACEBOOK'S MOTION FOR PROTECTIVE ORDER
CASE NO. 5:12-MD-02314 EJD



Kyle C. Wong
+1 415 693 2029
kwong@cooley.com

Via Email dstraite@kaplanfox.com

February 16, 2016

David A. Straite
Kaplan Fox & Kilsheimer LLP
850 Third Avenue
New York, New York 10022

**Re: In re Facebook Internet Tracking Litigation, Case No. 5:12-md-2314-EJD (N.D. Cal.)**

Dear David:

I am writing to follow up on our meet and confer of February 3, 2016.

As we stated in our prior letter and discussed on our call, we do not think expanding discovery to document production from twenty additional custodians as well as depositions is warranted while Facebook's motion to dismiss is pending. Undertaking such discovery now would be very costly, burdensome, and potentially unnecessary if Judge Davila dismisses the complaint again. We ask that you reconsider accepting our proposal to hold off on any further discovery pending the Court's decision on the motion to dismiss, which, as you know, will be heard soon. If you cannot agree to this proposal, please let us know by the end of the day on February 17, as we intend to seek appropriate relief from the Court.

That said, to resolve some of the issues discussed on our call, we are willing to provide some additional documents regardless of your position on future discovery, as described below.

**Confidentiality Designations**

As stated in our prior letter and on our call, we reviewed *each* document that we produced in good faith to determine the appropriate confidentiality designation, if any, under the Protective Order. We are not aware of any incorrect designations, and you have not provided us with any documents you believe are misdesignated. On our call you stated that the Highly Confidential designations have made it difficult for you to share documents with the lead plaintiffs. While we stand by our designations, to avoid burdening the Court with this dispute, pursuant to the Protective Order which allows Protected Material to be disclosed when "permitted in writing by the Designating Party," we are willing to permit you to share documents marked Highly Confidential with the four named Plaintiffs in the Second Amended Consolidated Class Action Complaint ("SAC") after they have signed the Acknowledgement and Agreement to Be Bound, attached to the Protective Order as Exhibit A.

This permission is further conditioned on (1) your agreement not to use the fact that Facebook granted Plaintiffs' access to these Highly Confidential documents in any argument to the Court, including, *inter alia*, any dispute over the designations of specific documents, and (2) your acknowledgement that apart from showing documents marked Highly Confidential to the four named Plaintiffs, you will continue to treat the documents marked Highly Confidential as described in Section 7.3 of the Protective Order. If you agree to this proposal, please respond in writing to that effect.



David A. Straite
February 16, 2016
Page Two

### Documents Attached by Hyperlink

As stated on our call and in our letter, we disagree with your position that Google Docs linked in an email are "attachments" to that email. Nevertheless, if you identify the Bates numbers of additional emails that link to Google docs, we will make a good-faith search for those documents and produce any we locate that are relevant and not privileged.

### Calendar Entries

On our call you proposed that Facebook produce the entire electronic calendars for its custodians and the additional 20 custodians you listed in your January 14, 2016 letter, except that personal appointments could be redacted. As already stated, we will not expand document production to additional custodians. As to the calendars for the custodians whose documents have already been produced, we reiterate our objections to the blanket production of their calendars, if any exist, as overly broad and unduly intrusive and burdensome. You said on our call that you have authority supporting your position. Please provide it, and we will consider it.

### Help Center Pages

We are willing to produce additional relevant Help Center pages published during the Relevant Period that we are able to locate.

### Requests for Production

Finally, on our call we discussed Facebook's Requests for Production Nos. 45 and 46. Because the quotes from the Complaint referred to in those requests are no longer in the SAC, you asked if Facebook would withdraw those requests. Given that the pleadings are not set, Facebook will not withdraw these requests, but it is willing to agree to allow Plaintiffs to withhold producing documents responsive to those requests for the time being.

Sincerely,

*Kyle C. Wong*

Kyle C. Wong

KCW:jlc

127251315