COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
ADAM C. TRIGG (261498)
(atrigg@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: Facebook Internet Tracking Litigation | Case No. 5:12-md-02314 EJD<br><br>**EXHIBIT H TO DECLARATION OF KYLE C. WONG IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S MOTION FOR PROTECTIVE ORDER**<br><br>Date:           April 28, 2016<br>Time:          9:00 a.m.<br>Courtroom: 4<br>Judge:         Edward J. Davila<br>Trial Date:   None Set |

# EXHIBIT H

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

EXHIBIT H TO WONG DECLARATION ISO
FACEBOOK'S MOTION FOR PROTECTIVE ORDER
CASE NO. 5:12-MD-02314 EJD

**Wong, Kyle**

| | |
|---|---|
| **From:** | Wong, Kyle |
| **Sent:** | Tuesday, March 01, 2016 4:17 PM |
| **To:** | 'David Straite' |
| **Cc:** | Trigg, Adam; Stephen G.Grygiel |
| **Subject:** | RE: In re Facebook Internet Tracking Litig. |

David,

We have conferred with our client.  For the reasons we've already discussed and explained in our meet and confers and correspondence, we are not willing to search for and produce documents from additional custodians at this time.  Nor are we willing to proceed with depositions at this time.

Our offer from our February 2, 2016 letter still stands.  If you will not agree to that proposal, we will move the Court for a protective order to temporarily stay discovery pending the outcome of the Motion to Dismiss.  We will notice the hearing on this motion for April 28, 2016, the same day as the hearing on Facebook's Motion to Dismiss.

Regardless of any agreement between the parties regarding the expanded discovery you seek, we will still produce a limited set of documents as discussed in our February 16, 2016 letter.  As for Help Center pages, as stated in our most recent letter and as mentioned on our call last week, we will produce additional relevant Help Center pages published during the Relevant Period that we are able to locate, focusing first on any identified in the complaint.  Regarding documents related to the named plaintiffs, we maintain our position that your insistence on "all documents" related to each of the named plaintiffs is vastly overbroad and burdensome, and seeks irrelevant information.  That said, from our discussions with our client, we will undertake reasonable efforts to access data from the relevant time period and to ascertain whether it can be queried to locate data regarding the named plaintiffs' Internet browsing, to the extent such data exists.

On the confidentiality issue, the offer in our last letter still stands.  It addresses your concerns about communicating with your client.  Any challenge to particular document designations should be addressed by the protocol laid out in the Protective Order.  Please let us know whether you agree to this proposal.

Kind regards,

Kyle

---

**From:** David Straite [mailto:dstraite@kaplanfox.com]
**Sent:** Tuesday, February 23, 2016 12:02 PM
**To:** Wong, Kyle
**Cc:** Trigg, Adam; Stephen G.Grygiel
**Subject:** In re Facebook Internet Tracking Litig.

Dear Kyle,

Thank you for the follow-up discovery meet-and-confer teleconference today.  This email will memorialize the details as I understand them, but please let me know if you disagree:

1.      We discussed ways your client could prioritize next steps in discovery as an alternative to cross-motions to compel or to stay discovery.  We agreed that no party will file a discovery motion for at least a week to allow you to confer with your client, and for counsel to confer one last time next week.

2.      From the plaintiffs' perspective, the priority items are as follows.  If we can agree to a priority schedule for these, we can then discuss which other specific discovery objections or other outstanding issues should be addressed now, and which could be deferred for the time being.

    a.      Help center pages;
    b.      Documents related to the named plaintiffs;
    c.      First three depositions; and
    d.      Searching a limited number of additional custodians (we proposed 10 at once, or two back-to-back productions from 5 custodians and then a subsequent 5), and deferring additional searches until we have reviewed the newly produced documents.

**David A. Straite**
**Kaplan Fox & Kilsheimer LLP**
**850 Third Avenue**
**New York, NY  10022**
**Tel. +1.212.687.1980**
**Fax +1.212.687.7714**