COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
ADAM C. TRIGG (261498)
(atrigg@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:      (415) 693-2000
Facsimile:       (415) 693-2222

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:  Facebook Internet Tracking Litigation | Case No. 5:12-md-02314 EJD<br><br>**FACEBOOK'S SUPPLEMENTAL BRIEF REGARDING *SPOKEO*'S APPLICATION TO FACEBOOK'S MOTION TO DISMISS**<br><br>Judge:         Hon. Edward J. Davila<br>Trial Date:   None Set |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FACEBOOK'S SUPP. BR. REGARDING
*SPOKEO*'S APPLICATION TO MTD
CASE NO. 5:12-MD-02314 EJD

## I. INTRODUCTION

In *Spokeo, Inc. v. Robins*, the Supreme Court reversed the Ninth Circuit and held that "a plaintiff [does not] automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Slip op. at 9 (U.S. May 16, 2016). Rather, "*Article III standing requires a concrete injury even in the context of a statutory violation.*" *Id.* (emphasis added). The Supreme Court held that the Ninth Circuit, following its own Circuit precedent,[1] improperly examined only the "particularized" nature of the statutory rights the plaintiff alleged were violated, and neglected to determine whether the plaintiff had shown "concrete" injury resulting from the alleged statutory violation. *Id.* at 1-2, 5-8. This "independent requirement" of "concreteness" demands that an injury in fact be "'*de facto*;' that is, it must actually exist," and must be "real" and not "abstract." *Id.* at 8.

In light of *Spokeo*'s holding, Plaintiffs' Second Amended Complaint ("SAC") is fatally deficient. Plaintiffs can no longer argue that merely by alleging statutory violations, they have standing to pursue their statutory claims. (Dkt. 104 Ex. 2 (Pls.' Opp. to Mot. to Dismiss ("Opposition" or "Opp.")), at 4.) Under *Spokeo*, they must instead show an actual, *de facto* harm for their statutory claims, just as they were required to do—and this Court held they failed to do—for their other claims.

The SAC, which essentially reiterates the allegations of harm from Plaintiffs' previous pleading, falls far short of this requirement. Indeed, this Court already found that Plaintiffs' allegations of harm in the First Amended Complaint ("FAC") on their common-law claims (and claims under certain statutes that require injury or damages on their face) were too abstract and conjectural to meet Article III standing. Plaintiffs did not show that they lost the opportunity to sell their browsing histories, or that the information's value was somehow diminished, as a result of Facebook's alleged conduct. Because Plaintiffs still have not alleged that they suffered a concrete harm, the inquiry that *Spokeo* demands requires dismissal of *all* of Plaintiffs' claims.

---

[1] *Spokeo*, slip op. at 5 & n.5 (citing *Edwards v. First American Corp.*, 610 F. 3d 514 (9th Cir. 2010), cert. granted *sub nom. First American Financial Corp. v. Edwards*, 564 U. S. 1018 (2011), cert. dism'd as improvidently granted, 567 U. S. ___ (2012) (*per curiam*)).

## II. ARGUMENT

### A. Under *Spokeo*, Plaintiffs lack standing for their statutory claims because they do not allege concrete injuries fairly traceable to the alleged statutory violations.

In their Opposition to Facebook's Motion to Dismiss, Plaintiffs argued that "under current Ninth Circuit law, Art. III standing may exist *solely* by virtue of statutes creating legal rights. . . . Plaintiffs satisfy the injury-in-fact requirement for standing by alleging an invasion of a statutory legal right." (Opp. at 4 (citing *Edwards*, 610 F.3d at 516-17) (emphasis added).) That is no longer true. Under *Spokeo*, Plaintiffs must plead a "concrete" injury that is "real" and "actually exists."

In *Spokeo*, the plaintiff, Robins, alleged that Spokeo violated the Fair Credit Reporting Act of 1970 ("FCRA") by posting inaccurate information about him on its website. Specifically, Robins alleged that his Spokeo profile incorrectly states that he is married, has children, is in his 50's, has a job, is relatively affluent, and holds a graduate degree. *Spokeo*, slip op. at 4. These inaccuracies allegedly made it more difficult for him to obtain employment, and he brought suit under FCRA's civil remedy provision. After the District Court dismissed the action for failure to allege Article III standing, the Ninth Circuit reversed, concluding that these allegations established injury in fact because Robins alleged that "Spokeo violated *his* statutory rights, not just the statutory rights of other people," and because his "personal interests in the handling of his credit information are individualized rather than collective." *Id*. at 5 (emphasis in original).

The Supreme Court reversed, holding that injury in fact under Article III requires harm that is *both* "particularized" and "concrete," and that the Ninth Circuit erred by focusing only on particularization and neglecting concreteness.[2] *Id.* at 8. In doing so, the Court flatly rejected the notion that simply bringing a claim for a statutory violation is sufficient to establish an injury in fact:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. *Article III standing requires a concrete injury even in the context of a statutory violation*.

*Id*. at 9 (emphasis added). Indeed, the Court noted that even where a FCRA violation leads to the

---

[2] The Supreme Court noted that the Ninth Circuit had relied on *Edwards* in reaching its conclusion. *Spokeo*, slip op. at 5 & n.5.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

FACEBOOK'S SUPP. BR. REGARDING
SPOKEO'S APPLICATION TO MTD
CASE NO. 5:12-MD-02314 EJD

1  dissemination of false information, "not all inaccuracies cause harm or present any material risk of
2  harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how
3  the dissemination of an incorrect zip code, without more, could work any concrete harm." *Id.* at 11.

4  *Spokeo* requires this Court to revisit its analysis of standing for the Wiretap Act, SCA, and
5  CIPA claims. Applying then-binding Circuit precedent, the Court held that standing was established
6  simply because the FAC alleged that Facebook had violated these three statutes. (Dkt. No. 87
7  ("Order") at 14.) The Order further found that these allegations made out "a distinct and palpable
8  injury considering the conduct prohibited by those statutes." (*Id.*)

9  But *Spokeo* held that an alleged statutory violation is not sufficient to establish standing. The
10 Court must also find that Plaintiffs have alleged a concrete harm that actually exists. As explained in
11 detail in Facebook's Motion to Dismiss briefing, Plaintiffs have not alleged *any* harm—concrete or
12 otherwise—that they suffered as a result of the purported statutory violations. The SAC adds
13 nothing new to the injury allegations that the Court found lacking in the FAC. It leaves the
14 allegations regarding the theoretical economic value of their referer URL information virtually
15 unchanged from those in the FAC, and still contains *no allegations* that the value of their
16 information has been *diminished* by Facebook's conduct. (*Compare* Dkt. No. 35 (FAC) ¶¶ 10-14,
17 111-125 *with* Dkt. No. 93 (SAC) ¶¶ 129-143; Dkt. No. 101 (Motion to Dismiss ("Motion")) at 8.)

18 While *Spokeo* reaffirmed the Supreme Court's precedents holding that certain types of
19 intangible harm can qualify as an injury-in-fact and that a "certainly impending" future harm also
20 may qualify, *Spokeo*, slip op. at 9, nothing in the SAC identifies any particular intangible harm, let
21 alone shows (1) "a close relationship to a harm that has traditionally been regarded as providing a
22 basis for a lawsuit in English or American courts;" and (2) the "judgment of Congress" that the
23 (unalleged) intangible harm should be sufficient to permit suit under the Wiretap Act or SCA. The
24 SAC therefore falls far short of satisfying the *Spokeo* test. Plaintiffs' citation of a single case from a
25 Kentucky appellate court to show that at common law "some states recognize claims for privacy
26 intrusions even absent economic damages" (Opp. at 6 (citing *Rhodes v. Graham*, 37 S.W.2d 46, 47
27 (Ky. App. 1931)), hardly evinces a "traditional[]" basis that would support standing here. At most,
28 Plaintiffs assert mere procedural violations of the Wiretap Act, SCA, and CIPA, which *Spokeo* held

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

FACEBOOK'S SUPP. BR. REGARDING
SPOKEO'S APPLICATION TO MTD
CASE NO. 5:12-MD-02314 EJD

are insufficient to establish an injury in fact.[3]

*Spokeo*'s concreteness inquiry applies equally to Plaintiffs' remaining statutory and common-law claims. Just as with their Wiretap Act, SCA, and CIPA claims, Plaintiffs have nowhere alleged a concrete harm stemming from their common law claims—one that is "real" and not "abstract"—and thus they fail to show Article III standing.[4]

### B. *Spokeo* reaffirms Ninth Circuit precedent holding that a plaintiff does not have standing in federal court to pursue state-law claims without an independent showing of concrete and particularized injury.

Plaintiffs spent much of their Opposition to Facebook's Motion to Dismiss arguing that they have Article III standing by virtue of their state-law claims. (Opp. at 4-7.) As explained in the Reply, the Ninth Circuit has explicitly rejected this argument. (*See* Dkt. No. 109 ("Reply") at 3-5.) *Spokeo* further undermines Plaintiffs' argument.

As discussed, *Spokeo* held that a mere violation of a federal statute without allegations of attendant concrete harm cannot satisfy Article III's injury in fact requirement. It would make no sense if state legislatures or courts could do what Congress cannot—create private rights of action that can be litigated in federal court without proof of the concrete, *de facto* injury that Article III requires. Indeed, one court has already relied on *Spokeo* to find no standing where state statutory and common-law violations were alleged. *Khan v. Children's Nat'l Health Sys.*, No. CV TDC-15-2125, 2016 WL 2946165, at *7 (D. Md. May 19, 2016) (relying on *Spokeo* to reject the "proposition that a state legislature or court, through a state statute or cause of action, can manufacture Article III standing for a litigant who has not suffered a concrete injury"). As *Spokeo* makes clear, *all* claims—whether based on federal or state statutes, or common law—must be supported by plausible allegations of particularized *and* concrete harm to establish Article III standing, which Plaintiffs have not shown here.

---

[3] While the majority in *Spokeo* did not directly decide whether the plaintiff adequately alleged injury in fact, the majority did not agree with the dissent, which would have held that the allegations about the inaccuracies on Spokeo's website and their effect on his employment prospects established concreteness. The allegations of harm in *Spokeo* were more detailed than those in the SAC here.

[4] The SAC also fails to allege any particularized harm for the reasons stated in Facebook's briefing, a separate and independent reason why Plaintiffs lack standing. (*See* Motion at 8-10; Reply at 2.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

FACEBOOK'S SUPP. BR. REGARDING
SPOKEO'S APPLICATION TO MTD
CASE NO. 5:12-MD-02314 EJD

### C. The standing ruling in *Google Cookie Placement* was incorrect under *Spokeo*.

In both their Opposition and oral argument on the Motion to Dismiss, Plaintiffs relied heavily on the Third Circuit's ruling in *In re Google Inc. Cookie Placement Consumer Privacy Litigation*, 806 F.3d 125 (3d Cir. 2015) ("*Google Cookie Placement*"), to contend they have standing. However, that ruling made the same mistake as the Ninth Circuit's injury-in-fact analysis in *Spokeo*—it focused only on particularization and did not conduct a separate concreteness analysis.

The Third Circuit held that the plaintiffs there adequately alleged injury in fact because they "base their claims on highly specific allegations that the defendants, in the course of serving advertisements to their *personal* web browsers, implanted tracking cookies on their *personal* computers." 806 F.3d at 134 (emphasis in original). The court did not identify any concrete harm that the plaintiffs alleged that they suffered. The Third Circuit's holding is thus remarkably similar to the Ninth Circuit's holding in *Spokeo*, which found injury in fact because the plaintiff "alleges that Spokeo violated *his* statutory rights, not just the statutory rights of other people" and because the plaintiff's "personal interests in the handling of his credit information are individualized rather than collective." *Robins v. Spokeo, Inc.*, 742 F.3d 409, 413 (9th Cir. 2014).

The Supreme Court held that this analysis was incomplete because it addressed only particularization and not concreteness. The Third Circuit's decision in *Google Cookie Placement* made the same mistake by focusing only on the allegations that the plaintiffs' "personal" computers and browsers were affected. That the court said "events that the complaint describes are concrete, particularized, and actual as to the plaintiffs" does not salvage the erroneous analysis. The Supreme Court in *Spokeo* recognized that the Ninth Circuit made the conclusory statement that the allegations established "'concrete, *de facto*' injuries," *Spokeo*, slip op. at 8 (quoting *Robins*, 742 F.3d at 413), but nevertheless held that the Ninth Circuit's *analysis* only considered particularization, not concreteness. This is precisely what the Third Circuit did in *Google Cookie Placement*. Thus, Plaintiffs' reliance on that decision is misplaced in light of *Spokeo*.

### III. CONCLUSION

For these reasons and those set out in Facebook's Motion to Dismiss briefing and oral argument, Plaintiffs lack standing, and the SAC should be dismissed with prejudice.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

FACEBOOK'S SUPP. BR. REGARDING
SPOKEO'S APPLICATION TO MTD
CASE NO. 5:12-MD-02314 EJD

| | |
|---|---|
| | Respectfully submitted, |
| Dated:  May 31, 2016 | COOLEY LLP |
| | */s/ Matthew D. Brown* |
| | Matthew D. Brown |
| | Attorneys for Facebook, Inc. |

132376120