# Exhibit KK



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

Office of the Secretary

July 27, 2012

Marc Rotenberg, Executive Director
Lillie Coney, Assistant Director
David Jacobs, Consumer Protection Fellow
Electronic Privacy Information Center
1718 Connecticut Ave., NW
Suite 200
Washington, DC 20009

    Re:    *In the Matter of Facebook Inc., File No. 0923184*

Dear Mr. Rotenberg, Ms. Coney, and Mr. Jacobs:

    Thank you for your comment on behalf of the Electronic Privacy Information Center ("EPIC") on the Federal Trade Commission's consent agreement in the above-entitled proceeding. The Commission has placed your comment on the public record pursuant to rule 4.9(b)(6)(ii) of the Commission's Rules of Practice, 16 C.F.R. § 4.9(b)(6)(ii), and has given it serious consideration.

    The Commission thanks EPIC for its petitions and other correspondence about Facebook, Inc.'s ("Facebook") privacy practices, and appreciates its support of the proposed complaint. The Commission is committed to safeguarding consumer privacy and believes that the proposed order will advance this objective. In particular, the proposed order requires Facebook to establish and maintain a comprehensive privacy program for all its products and services, and obtain biennial privacy audits by an independent third-party professional. Further, the proposed order requires Facebook to give clear and prominent notice and obtain a user's affirmative express consent prior to any sharing of the user's "nonpublic user information"[1] with any third party, which materially exceeds the restrictions imposed by the user's privacy setting(s). In addition, the proposed order prohibits Facebook from misrepresenting the extent to which it maintains the privacy or security of "covered information."[2] Should Facebook violate any term

---

    [1] "Nonpublic user information" is defined as "covered information that is restricted by one or more privacy setting(s)."

    [2] "Covered information" is defined as "information from or about an individual consumer, including, but not limited to: (a) a first and last name; (b) a home or other physical address, including street name and name of city or town; (c) an email address or other online contact information, such as an instant messaging user identifier or screen name; (d) a mobile or other telephone number; (e) photos and videos; (f) Internet Protocol ("IP") address, User ID or other persistent identifier; (g) physical location; or (h) any information combined with any of (a) through (g) above."

of the final order, it could be liable for civil monetary penalties of up to $16,000 per violation per day (pursuant to Section 5(l) of the FTC Act).

Your comment focuses on five key concerns, which we address, in turn, below:

(1) You ask the Commission to require Facebook to restore its privacy settings to those available in December 2009.

The Commission believes such a change could cause significant consumer confusion. The site has evolved substantially since December 2009, and it is not clear that users would understand how their settings had been altered. Accordingly, the Commission believes that under these circumstances the most sensible approach is to ensure that Facebook does not misrepresent the privacy of user information going forward, that Facebook obtains affirmative consent from users prior to sharing information in a manner that materially exceeds their privacy settings, and that it establishes and maintains a comprehensive privacy program.

(2) You urge the Commission to prohibit Facebook from creating facial recognition profiles without users' express consent.

The comprehensive privacy program described above will require Facebook to implement practices that are appropriate to the sensitivity of the "covered information" in question, which is very broadly defined in the order and would include biometric data. Moreover, the biennial audits of its privacy practices will help ensure that Facebook lives up to these obligations. Although the order does not specifically require that Facebook obtain a user's consent for the creation of facial recognition data, the order's broad prohibition on deception is designed to ensure that Facebook will be truthful with users about such practices. Likewise, the affirmative express consent requirement, described above, is designed to ensure that Facebook upholds privacy settings that it offers to users to protect such information.

(3) You ask the Commission to make public the assessments required by the proposed order to the maximum extent permitted by law.

The Commission recognizes the public interest in understanding and evaluating a company's compliance with the law. The public may seek access to the third-party assessments required by the order by making a request under the Freedom of Information Act.[3] However, the third-party assessments may contain trade secrets or other confidential commercial or financial information, or information about consumers or other third parties that the Commission may not publicly disclose.[4] Upon receipt of a request for confidential treatment of all or part of the third-party assessments, the Commission will conduct a careful review to determine whether confidential treatment is warranted. We will make every effort to be transparent regarding these

---

[3] 5 U.S.C. § 552 *et seq.*

[4] *See* 15 U.S.C. § 46(f) ("the Commission shall not have any authority to make public any trade secret or any commercial or financial information which is obtained from any person and which is privileged or confidential"); Commission Rule of Practice § 4.10.

assessments, consistent with the applicable law. If the FTC determines that the assessments have been frequently requested or are likely to be frequently requested because of the their subject matter, the agency will post such portions as may be released to the public on the FTC's website.[5]

(4) You request that the Commission require Facebook to give its users the right to access the data Facebook keeps about them.

Although the order does not contain an access requirement, it does provide users with meaningful rights to control their data. In particular, regarding the deletion of users' information, the proposed order requires Facebook to (1) implement reasonable procedures to ensure that deleted data cannot be accessed by third parties after a reasonable period of time, not to exceed thirty days, following its deletion and (2) as part of its comprehensive privacy program, consider and address any reasonably foreseeable, material privacy risks related to its retention of users' covered information.

(5) Finally, you highlight your concerns with several of Facebook's current features and business practices, including Timeline, tracking of logged-out users, behavioral tracking and analysis, and tagging.

Although the proposed complaint does not contain allegations specifically addressing these specific issues, it does allege that Facebook violated Section 5 of the FTC Act by falsely representing to users the protections provided by their privacy settings, by making other false promises regarding privacy, and by making material, retroactive changes to users' privacy settings without users' consent. Accordingly, the proposed order contains provisions, described above, designed to prevent Facebook from engaging in similar practices involving any Facebook product or service. These provisions are broad enough to address misconduct beyond that expressly challenged in the complaint.

In light of these considerations, the Commission has determined that the public interest would best be served by issuing the Decision and Order in final form without any modifications. The final Decision and Order and other relevant materials are available from the Commission's website at http://www.ftc.gov. It helps the Commission's analysis to hear from a variety of sources in its work. The Commission thanks you again for your comment.

By direction of the Commission, Commissioner Rosch dissenting and Commissioner Ohlhausen not participating.

                                        Donald S. Clark
                                        Secretary

---

[5] *See* 5 U.S.C. § 552(a)(2)(D).