**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox (admitted *pro hac vice*)
David A. Straite (admitted *pro hac vice*)
Aaron L. Schwartz (admitted *pro hac vice*)
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980
Fax: (212) 687-7715
*dstraite@kaplanfox.com*

Laurence D. King (Cal. Bar No. 206423)
Mario Choi (Cal. Bar No. 243409)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Tel.: (415) 772-4700
Fax: (415) 772-4707

**GRYGIEL LAW LLC**
Stephen G. Grygiel (admitted *pro hac vice*)
301 Warren Avenue, Suite 405
Baltimore, MD 21230
Tel.: (407) 505-9463
*sgrygiel@silvermanthompson.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

*Counsel for Plaintiffs*

**COOLEY LLP**
Michael G. Rhodes (116127)
(rhodesmg@cooley.com)
Kyle C. Wong (224021)
(kwong@cooley.com)
101 California Street
San Francisco, CA 94111
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

**MAYER BROWN LLP**
Lauren R. Goldman (admitted *pro hac vice*)
(lrgoldman@mayerbrown.com)
Michael Rayfield (admitted *pro hac vice*)
(mrayfield@mayerbrown.com)
1221 Avenue of the Americas
New York, NY 10016
Telephone: (212) 506-2500
Facsimile: (212) 849-5589

*Counsel for Defendant*

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| IN RE FACEBOOK INTERNET TRACKING LITIGATION | Case No. 5:12-MD-2314-EJD<br><br>**FOURTH SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>**CIVIL L.R. 16-10(d)**<br>**FRCP 16 & 26(f)**<br><br>**Next CMC: January 28, 2021, 10am PST** |

The parties, having met and conferred, submit this Fourth Supplemental Joint Case Management Conference Statement pursuant to Civil Local Rule 16-10(d). Today's Statement reports on events since the Third Supplemental Joint Case Management dated July 21, 2017. Dkt. No. 151. The Statement starts with a status update and a jointly proposed plan for proceeding; the parties also include additional details consistent with the November 1, 2018 Standing Order for All Judges of the Northern District of California, retaining the paragraph numbering used therein. Accompanying this Statement is a joint proposed Case Management Order.

## 1.  SUMMARY STATUS

The Court dismissed Plaintiffs' Third Amended Complaint on November 17, 2017. Dkt. Nos. 174 & 175. On April 8, 2020, the Ninth Circuit reversed in part, affirmed in part, and remanded. Dkt. No. 190; *see also In re Facebook Internet Tracking Litig*., 956 F.3d 589 (9th Cir. 2020) (Thomas, C.J.). The Ninth Circuit denied Facebook's petition for rehearing or rehearing en banc, Dkt. No. 193, and issued the mandate on August 7, 2020, Dkt. No. 194. On November 20, 2020, Facebook filed a Petition for a Writ of Certiorari with the United States Supreme Court. *See Facebook, Inc. v. Davis, et al*., Case No. 20-727; *see also* Dkt. No. 196 (notice of Petition to the District Court dated December 2, 2020). Plaintiffs' deadline to file a response, if any, is February 11, 2021. Facebook's optional reply would then be due on March 3, 2021.

**Facebook's Statement**: Based on the Ninth Circuit's decision, there are eight causes of action remaining in this case: (1) violation of the federal Wiretap Act; (2) violation of the California Invasion of Privacy Act ("CIPA"); (3) invasion of privacy under the California Constitution; (4) common law intrusion on seclusion; (5) civil fraud; (6) trespass to chattels; (7) violation of California Penal Code § 502; and (8) statutory larceny. The Ninth Circuit vacated this Court's dismissal of these claims on specific grounds, but it expressly declined to address Facebook's alternative arguments for dismissal of the claims, leaving those issues for this Court to address on remand. *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 611 (9th Cir. 2020) ("We do not reach any other issue argued by the parties, leaving those issues for consideration by the district court in the first instance."). For example, the Ninth Circuit held that "Facebook is not exempt from liability as a matter of law under the Wiretap Act or CIPA as a party to the

739736972.3

communication," but it "d[id] not opine whether the Plaintiffs adequately pleaded the other requisite elements of the statutes." *Id.* at 608.  And as to plaintiffs' claims for civil fraud, trespass to chattels, violation of California Penal Code § 502, and statutory larceny, the Ninth Circuit held only that plaintiffs sufficiently alleged "standing to bring their claims" (*id.* at 601); it did not address the substantive elements of any of those claims.

**Plaintiffs' Statement**: Plaintiffs disagree with Facebook's reading of the opinion.  While the Ninth Circuit affirmed this Court's dismissal of contract, implied covenant and SCA claims, the Ninth Circuit also held "that Plaintiffs adequately pleaded their remaining claims at this early stage to survive a motion to dismiss under Rule 12(b)(6)," *In re: Facebook Internet Tracking Litig.*, 956 F.3d at 611; "Plaintiffs adequately stated claims for relief for intrusion upon seclusion and invasion of privacy," *id.* at 601; and "Plaintiffs also have sufficiently alleged that Facebook's tracking and collection practices violated the Wiretap Act and CIPA." *Id.* at 606.

## 2.  PARTIES' PROPOSAL FOR PROCEEDING

The case is currently proceeding on three tracks.  The parties propose to continue proceeding on these three parallel tracks and to report back to the Court at the beginning of April. The accompanying proposed Case Management Order reflects the three tracks and the requested CMC.

**Supreme Court Track**. First, as noted in more detail below, on November 20, 2020, Facebook filed a Petition for a Writ of Certiorari seeking review of the Ninth Circuit's ruling related to Facebook's "party to the communication" defense to the Wiretap Act.  Plaintiffs have retained Supreme Court counsel and are evaluating whether to file a response; if they do, the deadline is February 11, 2021.

**Mediation Track**. Second, the parties have agreed to start formal mediation, and have agreed to retain Randall W. Wulff.  An initial mediation is tentatively scheduled for March 11, 2021, via video conference.  If the parties make good progress towards negotiated resolution, they would then focus discovery in aid of a second (in-person) mediation, tentatively scheduled for July in California.  If instead the March mediation is not successful, the parties would so report to the Court in advance of the requested April CMC.

**Preparation for Discovery / Litigation Track**. Third, in light of the Ninth Circuit's opinion, the parties have agreed to confer regarding outstanding discovery disputes including prior objections and responses to written discovery, with dates certain for resolution (or identification of continued disputes) in advance of the April CMC.  No discovery motions would be filed during this meet-and-confer period.  The parties also would negotiate an ESI Protocol and file it with the Court by the end of March, or instead notify the Court of impasse (identifying remaining areas of dispute) and address any such unresolved discovery issues at the April CMC.  Finally, the parties anticipate presenting certain administrative motions to the Court prior to the April CMC, including minor proposed revisions to the Protective Order (Dkt. No. 75) and requesting entry of Plaintiffs' proposed efficiency protocol, discussed below.

**3.  MOTIONS (Para. 4)**

If the Court were to adopt the parties' proposed case management order, they do not anticipate any motion practice prior to the next CMC except as noted herein.

**4.  AMENDMENT OF PLEADINGS (Para. 5)**

Because the Ninth Circuit reversed in part and affirmed part of the District Court's order of dismissal, an amended operative complaint may need to be filed.  After completing the initial mediation, the parties propose to confer and address a schedule for amending, and present it to the court in advance of the April CMC.  Facebook anticipates moving to dismiss the amended complaint based on grounds that were left open by the Ninth Circuit's decision.

**5.  DISCOVERY (Para. 8)**

a.    **Written Discovery:** The parties have exchanged written discovery, including RFPs and interrogatories, served objections and responses, and produced documents.  Plaintiffs also moved to compel discovery.  *See* Dkt. No. 108.  In light of the Ninth Circuit's opinion, the parties will need to meet-and-confer to determine if any objections should be modified or withdrawn, or whether the subjects of the motion to compel could be resolved by negotiation.  The parties propose to complete this process by the end of March and report on progress at the April CMC.

b. **Protective Order:** On April 11, 2014, the Court approved a stipulated Protective Order. Dkt. No. 75. The parties anticipate requesting some minor adjustments and will present them to the Court in advance of the April CMC.

c. **ESI Protocol**: Discovery in this case began prior to the adoption of the Court's model ESI Protocol and ESI Checklist. The parties agree to negotiate a stipulated ESI Protocol and present to the Court for consideration before the end of March, or alternatively notify the Court of impasse, identifying areas of dispute, and addressing them at the April CMC. The parties anticipate that the ESI Protocol would govern the negotiation of Search Terms and ESI Custodians and provide dates-certain for any required ESI discussions outlined in the Checklist.

**6. RELATED CASES (Para. 10)**

a. **Pro Se Cases**: Nine *pro se* cases were filed, and all were dismissed in 2012.[1] None were consolidated with the MDL.

b. **Supreme Court**: On November 20, 2020, Facebook filed a Petition for Writ of Certiorari with the United States Supreme Court, presenting the question, "Whether an internet content provider violates the Wiretap Act where a computer user's web browser instructs the provider to display content on the webpage the user visits." *See Facebook, Inc. v. Davis, et al*., Case No. 20-727. Plaintiffs' deadline to file a response, if any, is February 11, 2021. Plaintiffs have retained Gupta Wessler PLLC as Supreme Court counsel.

c. **State Court Action**: On March 16, 2012, Facebook notified the Court of a related State court class action, *Ung v. Facebook, Inc*., No. 112-cv-217244, in Santa Clara County, asserting only California state law claims on behalf of a proposed class of California Facebook users. Facebook's demurrer was granted in part and denied in part on July 2, 2012. Since then, the Superior Court has stayed the case until resolution of the MDL. Class counsel in the MDL are in frequent contact with plaintiffs' counsel in *Ung* and are prepared to coordinate efficiently between the cases if/when the state court stay is lifted. Counsel in *Ung* have agreed to be bound by the Protective Order governing confidentiality of discovery produced in the MDL. *See* Dkt. No. 169.

---

[1] Case Nos. 5:12-cv-1875; 5:11-cv-6367; 5:11-cv-6645; 5:11-cv-6607; 5:11-cv-5699; 5:11-cv-5700; 5:11-cv-5701; 5:11-cv-5763; 5:11-cv-5764.

**7.  SETTLEMENT AND ADR (Para. 12)**

The parties have conferred regarding a possible negotiated resolution, and an initial formal mediation (by video) is tentatively scheduled for March 11, 2021 with Randall W. Wulff.  The parties anticipate exchanging mediation briefs in advance, and if good progress is made, anticipate requesting Mr. Wulff's assistance in focusing discovery in aid of formal in-person mediation tentatively scheduled for July.  The parties propose to report on progress to the Court in advance of and at the requested April CMC.

**8.  SCHEDULING (Para. 17)**

The parties jointly propose a case management order (accompanying this Statement) that reflects the three parallel tracks above (Supreme Court; mediation; and preparation for discovery) and the requested progress report and CMC in early April.

**9.  OTHER MATTERS (Para. 21)**

a.    <u>Efficiency Protocol</u>:  The plaintiffs anticipate presenting a formal efficiency protocol for the Court's review, input and approval before the end of March.

b.    <u>Consolidated Plaintiffs</u>:  The Court consolidated 21 federal cases into the MDL, including a total of 28 named plaintiffs.  Following the Ninth Circuit's decision, lead counsel contacted counsel for each of the consolidated plaintiffs, except one.  *See Carroll v. Facebook Inc*., 5:12-cv-370-EJD (N.D. Cal.).  Plaintiffs ask to reserve time at the CMC to discuss.

SUPP. JOINT CASE MANAGEMENT STATEMENT

739736972.3

1

Dated: January 19, 2021

2

**GRYGIEL LAW LLC**

**COOLEY LLP**

3

By: _/s/ Steven Grygiel_

By: _/s/ Michael C. Rhodes_

4

Stephen G. Grygiel (admitted *pro hac vice*)
301 Warren Avenue, Suite 405

Michael C. Rhodes (116127)
101 California Street

5

Baltimore, MD 21230
Tel.: (407) 505-9463

San Francisco, CA 94111
Tel:  (650) 843-5000

6

_sgrygiel@silvermanthompson.com_

Rhodesmg@cooley.com

7

**KAPLAN, FOX & KILSHEIMER LLP**

**MAYER BROWN LLP**

8

By: _/s/ David Straite_

By: _/s/ Lauren R. Goldman_

9

Frederic S. Fox (admitted *pro hac vice*)
David A. Straite (admitted *pro hac vice*)

Lauren R. Goldman (admitted *pro hac vice*)
1221 Avenue of the Americas

10

Aaron L. Schwartz (admitted *pro hac vice*)
850 Third Avenue

New York, NY 10016
Telephone: (212) 506-2500

11

New York, NY  10022
Telephone: (212) 687-1980

lrgoldman@mayerbrown.com

12

Facsimile: (212) 687-7714
_dstraite@kaplanfox.com_

13

*Counsel for Defendant*

14

Laurence D. King (State Bar No. 206423)
Mario Choi (State Bar No. 243409)

15

1999 Harrison Street, Suite 1560
Oakland, CA 94612

16

Tel.:    (415) 772-4700
Fax:    (415) 772-4707

17

_lking@kaplanfox.com_

18

**SIMMONS HANLY CONROY LLC**

19

By: _/s/ Jay Barnes_

20

Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor

21

New York, NY 10016
Tel.: (212) 784-6400

22

Fax: (212) 213-5949
_jaybarnes@simmonsfirm.com_

23

*Counsel for Plaintiffs*

24

25

26

27

28

SUPP. JOINT CASE MANAGEMENT STATEMENT

739736972.3

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

1

2        I, David A. Straite, attest that concurrence in the filing of this document has been obtained

3    from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

4

5        Executed this 19th day of January, 2021, at Marbletown, New York.

6

7                                                    */s/ David Straite*
                                                   David A. Straite
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPP. JOINT CASE MANAGEMENT STATEMENT

739736972.3

1

**CERTIFICATE OF SERVICE**

2

I, David A. Straite, hereby certify that on January 19, 2021, I caused a copy of this FOURTH

3

4
SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT to be filed via CM/ECF which

5
will effect service on counsel of record for all parties.

6
Executed this 19th Day of January, 2021, at Marbletown, New York.

7

8
*/s/ David Straite*

9
David A. Straite

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPP. JOINT CASE MANAGEMENT STATEMENT

739736972.3