# EXHIBIT A

**DICELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
One Grand Central Place
60 E. 42nd St., Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

**GRYGIEL LAW LLC**
Stephen G. Grygiel (admitted pro hac vice)
301 Warren Avenue, Suite 405
Baltimore, MD 21230
Tel.: (407) 505-9463
sgrygiel@silvermanthompson.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted pro hac vice)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com

*Counsel for Plaintiffs* ~~**KIESEL + LARSON LLP**~~
~~Paul R. Kiesel (SBN 119854)~~
~~kiesel@kbla.com~~
~~8648 Wilshire Boulevard~~
~~Beverly Hills, CA 90211-2910~~
~~Telephone: (310) 854-4444~~
~~Facsimile: (310) 854-4812~~
~~*Interim Liaison Counsel*~~

~~**BARTIMUS, FRICKLETON, ROBERTSON & GORNY, P.C.**~~
~~Edward D. Robertson, Jr.~~
~~Stephen M. Gorny~~
~~James P. Frickleton~~
~~Mary D. Winter~~
~~Edward D. Robertson III~~
~~11150 Overbrook Road, Suite 200~~
~~Leawood, KS 66211~~
~~chiprob@earthlink.net~~
~~Telephone: (913) 266-2300~~
~~Facsimile: (913) 266-2366~~
~~*Interim Co-Lead Counsel*~~

**COOLEY LLP**
Michael G. Rhodes (116127)
(rhodesmg@cooley.com)
Kyle C. Wong (224021)
(kwong@cooley.com)
Lauren J. Pomeroy (291604)
(lpomeroy@cooley.com)
Sharon Song (313535)
(ssong@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Counsel for Defendant*

~~**KEEFE BARTELS, L.L.C.**~~
~~Stephen G. Grygiel~~
~~170 Monmouth Street~~
~~Red Bank, NJ 07701~~
~~sgrygiel@keefebartels.com~~
~~Telephone: (732) 224-9400~~
~~Facsimile: (732) 224-9494~~
~~*Interim Co-Lead Counsel*~~

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 12-md-02314 EJD

IN RE FACEBOOK INTERNET
TRACKING LITIGATION

[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER FOR LITIGATION
INVOLVING CONFIDENTIAL
INFORMATION AND TRADE SECRETS

**IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties hereto, through their respective counsel of record, that in order to facilitate the exchange of information and documents that may be subject to confidentiality limitations on disclosure, the Parties stipulate as follows:

## 1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.      DEFINITIONS

2.1      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      CONFIDENTIAL: any information or item, which is in the possession of a Designating Party, which qualifies for protection under Federal Rule of Civil Procedure 26(c) or

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

No. 5:12-MD-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

which contains trade secrets, proprietary business information, competitively sensitive information, personal identifying information, or other information, the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or personal affairs.

2.3     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.4     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, responses to interrogatories, responses to requests for admission, paper documents, electronic documents, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.6     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": extremely sensitive "Confidential" information or items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.7     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel of record (and their support staffs).

2.9     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.10     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.11     Protected Information or Material(s): all Disclosure or Discovery Material, and

Cooley LLP
Attorneys at Law
San Francisco

3

No. 5:12-md-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

tangible things, and all information contained therein (regardless of how such information is generated, stored or maintained), designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the provisions of this Stipulated Protective Order.

2.12   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   <u>SCOPE</u>**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   <u>DESIGNATING PROTECTED MATERIAL</u>**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

NO. 5:12-md-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g. paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), to the extent practicable, the Designating Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page of a paper or electronic document that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents qualify for protection

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

No. 5:12-MD-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

1    under this Order. Then, before producing the specified documents, to the extent practicable, the

2    Designating Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

3    ATTORNEYS' EYES ONLY" legend to each page of a paper or electronic document that contains

4    Protected Material.

5         For documents produced electronically in a format that includes separate pagination, to the

6    extent practicable, the Designating Party must affix the legend "CONFIDENTIAL" or "HIGHLY

7    CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each electronic page of such documents that

8    contains Protected Material. For documents produced in a format which does not lend itself to

9    separate pagination (e.g., certain databases), confidentiality shall be designated in a reasonable

10   manner.

11        (b)    For testimony given in deposition or in other pretrial or trial proceedings, the

12   Designating Party may either:

13                i.    identify on the record, before the close of the deposition, hearing, or

14   other proceeding, all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

15   EYES ONLY" testimony, by specifying all portions of the testimony that qualify as "Confidential"

16   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; or

17                ii.    designate the entirety of the testimony at the deposition, hearing, or

18   other proceeding as "Confidential" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

19   ONLY" (before the deposition, hearing, or other proceeding is concluded) with the right to identify

20   more specific portions of the testimony as to which protection is sought within 30 days following

21   receipt of the transcript of the deposition, hearing, or other proceeding. Only those portions of the

22   testimony that are appropriately designated for protection within the 30 days shall be covered by

23   the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify,

24   at the deposition or within 30 days following receipt of the transcript, that the entire transcript shall

25   be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

26   ONLY."

27        For court hearings and conferences, whether in-person or telephonic, a Party shall not

28   discuss, display, submit as evidence, or otherwise enter into the record Protected Material produced

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

NO. 5:12-MD-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

by the other Party (or the contents thereof) unless it has previously identified that Protected Material to the Designating Party at least 48 hours prior to such hearing or conference. Notwithstanding the foregoing, this advance-notice requirement shall not apply in circumstances where the Party could not have reasonably anticipated so using Protected Material at the court hearing or conference. Parties shall act with caution at court hearings and conferences so as not to disclose Protected Material publicly without providing an opportunity for the Designating Party to be heard concerning, as appropriate, sealing the courtroom, sealing the transcript, or other relief. The Designating Party may move for such sealing or other relief either in writing or orally, either before or during the court hearing or conference. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material. In circumstances where portions of the Testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be separately bound by the court reporter, who must affix to the top of each page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     For information produced in some form other than documentary and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant

Cooley LLP
Attorneys at Law
San Francisco

7

No. 5:12-md-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. The inadvertent production of any Disclosure or Discovery Material or other information during discovery in this proceeding without a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation shall be without prejudice to any claim that such item is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Disclosure or Discovery Material or other information that is subject to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is inadvertently produced without such designation, the Party that inadvertently produced the Disclosure or Discovery Material shall give written notice of such inadvertent production within twenty (20) business days of discovery of the inadvertent production, together with a further copy of the subject Disclosure or Discovery Material or other information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Disclosure or Discovery Material or other information shall promptly destroy the inadvertently produced Disclosure or Discovery Material or other information and all copies thereof, or, at the expense of the Producing Party, return such together with all copies of such Disclosure or Discovery Material or other information to counsel for the producing Party and shall retain only the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designated Disclosure or Discovery Material. This provision is not intended to apply to any inadvertent production of any information or materials protected by attorney-client or work product privileges, which is governed by Section 12 below.

5.4    <u>Personally Identifiable Information of Named Plaintiffs</u>. Defendant Facebook shall make reasonable efforts to designate as "CONFIDENTIAL" all Discovery Material within its possession, custody, or control that it produces that relates specifically to or identifies any named plaintiff in this action. "Named Plaintiffs" shall include plaintiffs serving as lead plaintiffs in *In re: Facebook Internet Tracking Litigation*, No. 12-md-02314-EJD (N.D. Cal.), as well as plaintiffs

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

NO. 5:12-MD-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

in any action consolidated with the current action by the JPML.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3      <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion challenging the confidentiality designation under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 20 business days of the initial notice of challenge or within 10 business days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Challenging Party to make such a motion including the required

declaration within 20 business days (or 10 business days, if applicable) shall automatically waive any challenge to the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Data Security of Protected Material.  Any person in possession of or transmitting another Party's Protected Material must take reasonable steps and precautions to secure the Protected Material from loss, misuse and unauthorized access, disclosure, and protect against any reasonably anticipated threats or hazards to the security of the Protected Material. Reasonable steps and precautions include, but are not limited to and may be supplemented by other obligations applicable to the Party under contract or law:

(a)    Protected Material should be maintained in a secure eDiscovery/litigation support site(s) with standard industry practices regarding data security, including but not limited to access control rights to those persons entitled to access the Protected Material under this Stipulated Protective Order;

(b)    Any Protected Material downloaded from the eDiscovery/litigation support site(s) in electronic format shall be stored on device(s) that are password protected and/or encrypted with access limited to persons entitled to access the Protected Material under this Stipulated Protective Order. If the device(s) are unable to be password protected and/or encrypted, then the

Protected Material shall be password protected and/or encrypted at the file level; and

(c)    Any Protected Material in paper format must be maintained in a secure location with access limited to persons entitled to access the Protected Material under this Stipulated Protective Order.

7.27.3  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, any information or item designated "CONFIDENTIAL" by the Designating Party shall be disclosed only to:

(a)    Attorneys of record in this proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys;

(b)    In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel, provided, however, that each non-lawyer given access to Protected Materials shall be advised that such Materials are being disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be disclosed other than pursuant to its terms;

(c)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and as to whom the procedures set forth in Section 7.4, below, have been followed;

(e)    the Court and its personnel;

(f)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    during depositions, trial, or hearings, any witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

No. 5:12-MD-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

(pages of transcribed testimony or exhibits to transcripts that reveal Protected Material may be separately bound by the court reporter and must not be disclosed to anyone except as permitted under this Stipulated Protective Order); and

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.37.4 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Designating Party shall be disclosed only to:

(a)    the Receiving Party's Outside Counsel of Record in this action and their employees, as well as any non-employee contract attorneys or paralegals retained by said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation (for the sake of clarity, the parties agree that "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items shall not be disclosed to named plaintiffs in this action), who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel, provided, however, that each non-lawyer given access to Protected Materials shall be advised that such Materials are being disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be disclosed other than pursuant to its terms;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and as to whom the procedures set forth in Section 7.4, below, have been followed;

(d)    the Court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

No. 5:12-MD-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.47.5 Additional Provisions Regarding Experts: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert to the opposing Party as long as the Expert is not a current officer, director, employee, family member, or paid consultant of a Party or a competitor of a Party or agreed to become one, or a past officer, director, employee, family member, or paid consultant of a Party. An Expert who is a current officer, director, employee, family member, or paid consultant of a Party or a competitor of a Party or agreed to become one, or a past officer, director, employee, family member, or paid consultant of a Party shall be deemed a 7.4 Expert.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an 7.4 Expert any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the general categories of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information that the Receiving Party seeks permission to disclose to the 7.4 Expert; (2) sets forth the full name of the 7.4 Expert and the city and state of his or her primary residence; (3) attaches a copy of the 7.4 Expert's current resume; (4) identifies the 7.4 Expert's current employer(s); (5) identifies each person or entity from whom the 7.4 Expert has received compensation or funding for work in his or her areas of expertise or to whom the 7.4 Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years;[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the 7.4 Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement. The Party opposing the disclosure may file a formal opposition with the Court within 14 days of the motion.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

No. 5:12-MD-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

1  or trial, during the preceding five years.  This written request shall be sent by email to Facebook's

2  outside counsel, using the following email addresses: rhodesmg@cooley.com;

3  brownmd@cooley.com; gutkinjm@cooley.com; and kwong@cooley.com;

4  lpomeroy@cooley.com; and ssong@cooley.com, or if the 7.4 Expert is being retained by

5  Defendant, to the named plaintiffs' counsel, using the following email addresses:

6  jimf@bflawfirm.com and dstraite@kaplanfox.com.dstraite@dicellolevitt.com;

7  sgrygiel@silvermanthompson.com; and jaybarnes@simmonsfirm.com.

8           (b)    A Party that makes a request and provides the information specified in

9  Section 7.4(a) may disclose the subject Protected Material to the identified 7.4 Expert 15 days after

10 making its Section 7.4(a) disclosure unless, within 14 days of delivering the request, the Party

11 receives a written objection from the Designating Party.  Any such objection must set forth in detail

12 the grounds on which it is based.

13          (c)    A Party that receives a timely written objection must meet and confer with

14 the Designating Party to try to resolve the matter by agreement within seven days of the written

15 objection. If no agreement is reached, the Party seeking to make the disclosure to the 7.4 Expert

16 may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-

17 5 and General Order 62, if applicable) seeking permission from the court to do so. Any such motion

18 must describe the circumstances with specificity, set forth in detail the reasons why the disclosure

19 to the 7.4 Expert is reasonably necessary, assess the risk of harm that the disclosure would entail,

20 and suggest any additional means that could be used to reduce that risk. In addition, any such motion

21 must be accompanied by a competent declaration describing the parties' efforts to resolve the matter

22 by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth

23 the reasons advanced by the Designating Party for its refusal to approve the disclosure. The Party

24 opposing the disclosure may file a formal opposition with the Court within 14 days of the motion.

25      In any such proceeding, the Party opposing disclosure to the 7.4 Expert shall bear the burden

26 of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

27 outweighs the Receiving Party's need to disclose the Protected Material to its 7.4 Expert.

28          (d)    Notwithstanding the above, Disclosure or Discovery Material may be

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

provided to experts or consultants only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel or the Parties, provided that such expert or consultant is using said Disclosure or Discovery Material solely in connection with this litigation, and further provided that such expert or consultant has previously executed an undertaking in the form attached hereto as Exhibit A, agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Order, and agreeing not to disclose or use any Disclosure or Discovery Material for purposes other than those permitted hereunder.

**8.      PROSECUTION BAR**

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information of the opposing party shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information he or she received before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end five (5) years after final termination of this action.

**9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)      promptly notify in writing the Designating Party. Such notification shall

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

No. 5:12-MD-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

1   include a copy of the subpoena or court order;

2          (b)      promptly notify in writing the party who caused the subpoena or order to

3   issue in the other litigation that some or all of the material covered by the subpoena or order is

4   subject to this Order. Such notification shall include a copy of this Order; and

5          (c)      cooperate with respect to all reasonable procedures sought to be pursued by

6   the Designating Party whose Protected Material may be affected.

7          If the Designating Party timely seeks a protective order, the Party served with the subpoena

8   or court order shall not produce any information designated in this action as "CONFIDENTIAL"

9   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the

10  court from which the subpoena or order issued, unless the Party has obtained the Designating

11  Party's permission. The Designating Party shall bear the burden and expense of seeking protection

12  in that court of its confidential material – and nothing in these provisions should be construed as

13  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

14  another court.

15  **10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

16

17         (a)      The terms of this Order are applicable to information produced by a Non-

18  Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

19  ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this

20  litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions

21  should be construed as prohibiting a Non-Party from seeking additional protections.

22         (b)      In the event that a Party is required, by a valid discovery request, to produce

23  a Non- Party's confidential information in its possession, and the Party is subject to an agreement

24  with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

25         (1) promptly notify in writing the Requesting Party and the Non-Party that some

26  or all of the information requested is subject to a confidentiality agreement with a Non- Party;

27         (2) promptly provide the Non-Party with a copy of the Stipulated Protective

28  Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

NO. 5:12-MD-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

1   the information requested; and

2        (3) make the information requested available for inspection by the Non-Party.

3        (c)    If the Non-Party fails to object or seek a protective order from this court

4   within 28 days of receiving the notice and accompanying information, the Receiving Party may

5   produce the Non-Party's confidential information responsive to the discovery request. If the Non-

6   Party timely seeks a protective order, the Receiving Party shall not produce any information in its

7   possession or control that is subject to the confidentiality agreement with the Non-Party before a

8   determination by the court.[2] Absent a court order to the contrary, the Non-Party shall bear the

9   burden and expense of seeking protection in this court of its Protected Material.

10  **11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

11       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

12  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

13  the Receiving Party must immediately (a) notify in writing the Designating Party of the

14  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

15  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

16  terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

17  Agreement to Be Bound" that is attached hereto as Exhibit A.

18  **12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
    **PROTECTED MATERIAL**
19

20       (a)    Pursuant to Federal Rule of Evidence 502(d), in the event that Disclosure or

21  Discovery Material that is subject to a claim of attorney-client privilege, attorney work product

22  protection, or any other applicable protection from discovery is inadvertently produced or disclosed

23  ("Inadvertent Production Material"), such inadvertent production shall in no way prejudice or

24  otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney

25  work product protection, or other applicable protection in this case or any other federal or state

26  proceeding. This provision shall govern regardless of the reasonableness of any steps taken to

27  _____

28  [2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

NO. 5:12-MD-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

1    prevent such inadvertent disclosure.

2    (b)    If a claim of inadvertent production is made, pursuant to this Stipulated

3    Protective Order, with respect to Discovery Material then in the custody of another Party, that Party

4    shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production

5    Material; (ii) promptly make a good-faith effort to return the claimed Inadvertent Production

6    Material and all copies thereof (including summaries and excerpts) to counsel for the Producing

7    Party, or destroy all such claimed Inadvertent Production Material (including summaries and

8    excerpts) and certify in writing to that fact; and (iii) not sequester, disclose, or use the claimed

9    Inadvertent Production Material for any purpose until further order of the Court expressly

10   authorizing such use. This includes a restriction against presenting the information to the Court in

11   connection with any dispute under this Section 12 or in connection with any dispute over a claim

12   of attorney-client privilege, attorney work product protection, or other applicable protection.

13   (c)    A Party may move the Court for an order compelling production of the

14   claimed Inadvertent Production Material. The motion shall be filed under seal and shall not assert

15   as a ground for entering such an order the fact or circumstance of the inadvertent production. While

16   such a motion is pending, the Disclosure or Discovery Material in question shall be treated in

17   accordance with Section 12(b) above.

18   (d)    If a Party, in reviewing Disclosure or Discovery Material it has received

19   from any other Party or any non-Party, finds anything the reviewing Party believes in good faith

20   may be Inadvertent Production Material, the reviewing Party shall: (i) refrain from any further

21   examination or disclosure of the potentially Inadvertent Production Material; (ii) promptly

22   identify the material in question to the Producing Party (by document number or other equally

23   precise description); and (iii) give the Producing Party seven (7) days to respond as to whether

24   the Producing Party will make a claim of inadvertent production. If the Producing Party makes

25   such a claim, the provisions of Section 12(a)-(b) above shall apply.

26   **13.    <u>MISCELLANEOUS</u>**

27   13.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to

28   seek its modification by the court in the future.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

No. 5:12-md-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

13.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 ~~and General Order 62~~. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 ~~and General Order 62~~, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79- 5(d) ~~and General Order 62~~ is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.4    <u>Right to Seek Further Protection</u>. Nothing in this Stipulated Protective Order shall be construed to preclude any Party from asserting in good faith that certain Protected Materials require additional protections. The Parties shall meet and confer to agree upon the terms of such additional protection.

13.5    <u>Scope of Stipulated Protective Order</u>. Any Party or Non-Party to this Proceeding who has not executed this Stipulated Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulated Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulated Protective Order.

13.6    <u>Agreement Regarding Privilege Log</u>. No Party need produce a privilege log entry for communications between a Party and outside counsel if the attorney is in the to, from or cc field of the communication, or for communications between Facebook, Inc. and in-house counsel Colin

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

No. 5:12-MD-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

1   Stretch or Sandeep Solanki, if counsel was in the to or from fields of the communication; provided,

2   however, that all privileged documents must be preserved for the entirety of the litigation regardless

3   of whether logged.

4   **14.    FINAL DISPOSITION**

5          Within 60 days after the final disposition of this action, as defined in Section , each

6   Receiving Party must return all Protected Material to the Producing Party or destroy such material.

7   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

8   summaries, and any other format reproducing or capturing any of the Protected Material. Whether

9   the Protected Material is returned or destroyed, the Receiving Party must submit a written

10  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

11  by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

12  that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

13  abstracts, compilations, summaries or any other format reproducing or capturing any of the

14  Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy

15  of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

16  correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

17  and expert work product, even if such materials contain Protected Material. Any such archival

18  copies that contain or constitute Protected Material remain subject to this Protective Order as set

19  forth in Section 4 (DURATION).

20          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

21

22  Dated: September 6, 2013                          COOLEY LLP

23

24                                                    /s/ Matthew D. Brown
                                                      MICHAEL G. RHODES (116127)
25                                                    (rhodesmg@cooley.com)
                                                      MATTHEW D. BROWN (196972)
26                                                    (brownmd@cooley.com)
                                                      JEFFREY M. GUTKIN (216083)
27                                                    (jgutkin@cooley.com)
                                                      101 California Street, 5th Floor
28                                                    San Francisco, CA 94111-5800
                                                      Telephone:     (415) 693-2000

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20                                    No. 5:12-md-02314-EJD
                                      [PROPOSED] AMENDED STIPULATED
                                      PROTECTIVE ORDER

1      Facsimile:      (415) 693-2222

2      *Attorneys for Defendant FACEBOOK, INC.*

3

4      Dated: September 6, 2013              BARTMUS,  FRICKLETON,  ROBERTSON,

5                                           & GORNY, P.C.

6

7                                           */s/ James P. Frickleton*
                                           EDWARD D. ROBERTSON, JR.
8                                           (chiprob@earthlink.net)
                                           JAMES P. FRICKLETON
9                                           STEPHEN M. GORNY
                                           MARY D. WINTER
10                                          EDWARD D. ROBERTSON III
                                           11150 Overbook Road, Suite 200
11                                          Leawood, KS 66211
                                           Telephone: (913) 266-2300
12                                          Facsimile: (913) 266-2366

13                                          **KEEFE BARTELS, L.L.C.**
                                           Stephen G. Grygiel
14                                          170 Monmouth Street
                                           Red Bank, NJ 07701
15                                          *sgrygiel@keefebartels.com*
                                           Telephone: (732) 224-9400
16                                          Facsimile: (732) 224-9494

17      *Interim Co-Lead Counsel for the Class*

18
     Dated: January 13, 2022              COOLEY LLP
19

20                                          */s/ Michael G. Rhodes*
                                           Michael G. Rhodes
21
     Attorneys for Defendant
22      Meta Platforms, Inc., f/k/a Facebook, Inc.

23

24      Dated: January 13, 2022              DICELLO LEVITT GUTZLER LLC

25                                          */s/ David A. Straite*
                                           David A. Straite (admitted *pro hac vice*)
26

27      Counsel for Plaintiffs

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

No. 5:12-MD-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

1    Dated: January 13, 2022                    GRYGIEL LAW LLC

2                                                 /s/ Stephen G. Grygiel

3                                                  Stephen G. Grygiel (admitted *pro hac vice*)

4                                               Counsel for Plaintiffs

5    Dated: January 13, 2022                    SIMMONS HANLY CONROY LLC

6
                                                  /s/ Jason "Jay" Barnes
7                                                  Jason "Jay" Barnes (admitted *pro hac vice*)

8                                               Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

NO. 5:12-MD-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

## ATTESTATION

*Filer's Attestation:  Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, Michael G. Rhodes hereby attests that concurrence in the filing of this document has been obtained.*

Dated: January 13, 2022                              /s/ Michael G. Rhodes
                                                                    Michael G. Rhodes

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED

                                                                    The Honorable Edward J. Davila
                                                                    UNITED STATES DISTRICT JUDGE

                                                                    Paul S. Grewal
                                                                    UNITED STATES MAGISTRATE JUDGE

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

No. 5:12-MD-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Amended Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *In re Facebook Internet Tracking Litigation*, No. 5:12-md-02314-EJD. I agree to comply with and to be bound by all the terms of this Amended Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Amended Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Amended Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Printed name: _____
                         [signature]

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

No. 5:12-MD-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER

**PROPOSED ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.


DATED: _____                    _____

                                                   The Honorable Edward J. Davila
                                                   UNITED STATES DISTRICT JUDGE

262419739

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

No. 5:12-MD-02314-EJD
[PROPOSED] AMENDED STIPULATED
PROTECTIVE ORDER