**DiCELLO LEVITT GUTZLER LLC**
David A. Straite (admitted *pro hac vice*)
60 East 42nd Street, Suite 2400
New York, New York 10165
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*

*Counsel for Plaintiffs*

**GRYGIEL LAW LLC**
Stephen G. Grygiel (admitted *pro hac vice*)
301 Warren Avenue, Suite 405
Baltimore, MD 21230
Tel.: (407) 505-9463
*sgrygiel@silvermanthompson.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE FACEBOOK INTERNET TRACKING LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 5:12-MD-2314-EJD<br><br>**JOINT DECLARATION OF DAVID A. STRAITE AND STEPHEN G. GRYGIEL IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(e)(1); AND APPROVING FORM AND CONTENT OF CLASS NOTICE, WITH SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Edward J. Davila<br>Courtroom 4, 5th Floor<br>Hearing Date: March 31, 2022<br>Time: 9:00 a.m. |

We, David A. Straite and Stephen G. Grygiel, jointly declare and state as follows:

1. I, David A. Straite, am a member of the bars of the States of New York, Delaware, Pennsylvania, New Jersey and District of Columbia and admitted to practice before this Court *pro hac vice*. I am a partner with the firm of DiCello Levitt Gutzler LLC.

2. I, Stephen G. Grygiel, am a member of the bars of the States of Maine, Massachusetts, Delaware, Maryland and New York, and admitted to practice before this Court *pro hac vice*. I am the founder of Grygiel Law LLC and Of Counsel to Silverman Thompson Slutkin White.

3. We are interim co-lead counsel ("Lead Counsel") for Plaintiffs Perrin Davis, Cynthia Quinn, Brian Lentz, and Matthew Vickery ("the Named Plaintiffs") and the putative class. We have personal knowledge of the facts stated herein and of the claims, defenses, and proceedings in this case. If called as witnesses, we would and could competently testify thereto.

4. We respectfully submit this joint declaration in support of Named Plaintiffs' Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement Pursuant to Federal Rule of Civil Procedure 23(e)(1) and Approving Form and Content of Class Notice (the "Motion").

5. Attached hereto as **Exhibit 1** is a true and correct copy of the Settlement Agreement among the Named Plaintiffs in this MDL; the plaintiffs in the related California State Court action; and defendant Meta Platforms, Inc., formerly known as Facebook Inc. ("Defendant"), including the following exhibits thereto:

   a. **Ex. 1A**: List of Related and Consolidated Actions
   b. **Ex. 1B**: Declaration of Steven Weisbrot of Angeion Group, LLC re: Proposed Notice Plan
   c. **Ex. 1C**: Notice of Proposed Settlement of Class Action
   d. **Ex. 1D**: Claim Form
   e. **Ex. 1E**: Opt-Out Form

      f.    **Ex. 1F**: Proposed Order Preliminarily Approving Settlement, Authorizing Notice to the Class, and Setting Fairness Hearing

      g.    **Ex. 1G**: Proposed Order of Final Approval

      h.    **Ex. 1H**: Proposed Judgment

6. Attached hereto as **Exhibit 2** is a true and correct copy of the Biography of David A. Straite of DiCello Levitt Gutzler LLC and the firm's Technology, Cybersecurity and Privacy Practice.

7. Attached hereto as **Exhibit 3** is a true and correct copy of the Biography of Stephen G. Grygiel of Grygiel Law LLC.

8. Attached hereto as **Exhibit 4** is a true and correct copy of the Biography of Jason "Jay" Barnes of Simmons Hanly Conroy LLC and of the firm.

9. Attached hereto as **Exhibit 5** are true and correct copies of the Biographies of Margery Bronster and Robert Hatch of Bronster Fujichaku Robbins.

10. Attached hereto as **Exhibit 6** is a true and correct copy of the Biography of William H. "Billy" Murphy, Jr. of Murphy Falcon Murphy.

11. Attached hereto as **Exhibit 7** is a true and correct copy of the Biography of Barry Eichen of Eichen Crutchlow Zaslow LLP.

12. Attached hereto as **Exhibit 8** is a true and correct copy of the Biography of Paul Kiesel of Kiesel Law LLP.

13. Attached hereto as **Exhibit 9** is a true and correct copy of the Biography of Stephen Gorny of the Gorny Law Firm, LC.

14. Attached hereto as **Exhibit 10** is a true and correct copy of the Biography of James Frickleton of Bartimus Frickleton Robertson Rader.

15. Attached hereto as **Exhibit 11** is a true and correct copy of the Biography of William M. Cunningham, Jr. of Burns, Cunningham & Mackey, P.C.

16. Attached hereto as **Exhibit 12** is a true and correct copy of the Biography of Andrew J. Lyskowski of Bergmanis Law Firm LLC.


17. Attached hereto as **Exhibit 13** is a summary chart of selected Data Privacy and Data Breach Class Action Settlements.

18. The Motion is supported by the public record appearing on the docket plus the following additional facts that do not appear publicly (paraphs 19 through 29):

19. To assist with mediation, the parties retained a highly regarded and deeply experienced mediator, Randall Wulff. In advance of the first session, the parties briefed their positions for Mr. Wulff and engaged in an initial seven (7) hour mediation on April 27, 2021.

20. Lead Counsel appointed a Settlement Committee consisting of Lead Counsel plus former Hawaiʻi Attorney General Margery Bronster; Laurence King; Robert Hatch; and Jay Barnes. Also appearing and assisting was counsel for State Court plaintiffs, Renee Wicklund.

21. Mr. Wulff helped guide substantial additional and focused document and data discovery in aid of mediation.

22. In advance of the second mediation, Named Plaintiffs submitted a supplemental mediation brief on July 12, 2021, and the parties mediated again on July 13, 2021, this time for approximately ten (10) hours. The full Settlement Committee and Ms. Wickland were in attendance.

23. In a final effort to resolve the case consensually, the parties mediated for a third session on July 23, 2021. After almost four (4) more hours of negotiations, the parties (and Ms. Wickland on behalf of the State Court plaintiffs) agreed to Mr. Wulff making a Mediator's proposal. The parties (and Ms. Wickland on behalf of the State Court plaintiffs) unanimously accepted the Mediator's proposal and reached a settlement agreement in principle with all material terms agreed.

24. Following the agreement in principle, the parties spent approximately 6 months negotiating the specific contours of the injunctive relief, vetted claims administrators, and identified, collected and evaluated the class member data set to transfer for claims processing. The parties also continued to negotiate the scope of the settlement's injunctive relief (among other provisions) over six months.

25. The proposed Settlement is not the product of collusion. It is the paradigmatic opposite. Among other salient facts: (i) the litigation was hotly contested, as the docket reflects, involving a trip to the Ninth Circuit and a following journey to the United States Supreme Court; (ii) the 21 hours of mediation were arduously bargained and no less adversarial than the litigation had been; (iii) absolutely no discussion whatsoever about attorneys' fees took place until Named Plaintiffs' drafted their preliminary settlement approval papers; (iv) the Defendant has reserved the right not only to object to the amount of fees Named Plaintiffs' counsel will request, but to any fee request at all; (v) the settlement fund is entirely non-reversionary; and (vi) the settlement is not conditioned in any way on any award of attorneys' fees and expenses – even if the Court awards no attorneys' fees or awards less than Named Plaintiffs' counsel requests, the settlement itself remains intact. Further, we made sure first to obtain approval to the settlement's term sheet from each of the Named Plaintiffs, and. only after securing those unanimous approvals, did we inform them of the proposed Service Awards.

26. The selection of the proposed Claims Administrator followed competitive bidding from three well-regarded potential claims administrators jointly selected and discussed by Named Plaintiffs and Defendant. After vetting the bids and further interviewing one of them, Angeion was jointly agreed upon by both Class Counsel and Defendant.

27. Angeion has worked previously with Class Counsel and Defendant's counsel and is a nationally recognized notice and claims administration firm. Angeion unquestionably has extensive experience in class actions and a thorough understanding of the due process requirements for notice. Angeion's prior work and familiarity with Defendant's counsel is particularly important here, given that Angeion will rely on information about Settlement Class Members provided by the Defendant.

28. Named Plaintiffs retained five technology, privacy and economic consulting experts over the course of the litigation: Dean Henry Perritt, Jr. (Chicago-Kent College of Law); an undisclosed privacy expert at a California law school; an undisclosed computer science expert at a major university in the Northeast; a second computer science expert at Johns Hopkins University;

and economic expert Gary Olsen at B. Riley Advisory Services. Mr. Olsen performed economic analyses of several alternative damages models, including the approximate net profits the Defendant received from the information Named Plaintiffs alleged that the Defendant improperly collected; royalty value of a license to monitor Internet browsing; and restitution models, all of which were shared with Defendant in advance of mediation. Supported by Mr. Olsen's careful analyses, Named Plaintiffs estimate that the Settlement Fund represents a complete disgorgement of *all* net profits earned on the data that Named Plaintiffs contend was improperly collected.

29. Each Named Plaintiff responded to requests for production of documents and provided verified responses to interrogatories. Named Plaintiffs also established a document database, closely and repeatedly reviewed Defendant's productions of documents, and, before settlement was reached, had been negotiating with Defendant about the custodians and search terms for additional document production from Defendant.

30. In July 2021, we engaged a jury consultant in advance of the second mediation to begin focus-grouping the case in the event mediation failed. The results of those consultations were exceedingly useful in clarifying strengths and weaknesses of the case and they informed the negotiation process.

31. Lead Counsel intend to seek attorneys' fees not to exceed 29% of the Settlement Fund, or $26.1 million, a modest 4% increase above the Ninth Circuit's well-established 25% benchmark. Lead Counsel also intend to seek reimbursement of expenses, which they estimate do not exceed $600,000. Such expenses were necessarily incurred in this Action and are routinely charged to clients billed by the hour.

We declare under penalty of perjury that the foregoing is true and correct.

Dated: February 14, 2022

| */s/ David Straite* | */s/ Stephen Grygiel* |
|---|---|
| David A. Straite (admitted *pro hac vice*) | Stephen G. Grygiel (admitted *pro hac vice*) |
| At New York, New York | At Baltimore, Maryland |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, David A. Straite, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of February, 2022, at New York, NY

              */s/ David Straite*
              David A. Straite

JOINT DECLARATION   7