# Exhibit 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE FACEBOOK INTERNET TRACKING LITIGATION | Case No. 5:12-MD-2314-EJD |
| | **CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

This Class Action Settlement Agreement and Release (the "Settlement Agreement" or "Agreement") is made and entered into on February 14, 2022, by and among Defendant Meta Platforms, Inc., formerly Facebook, Inc. ("Meta" or "Defendant") and Plaintiffs and proposed class representatives Perrin Davis, Dr. Brian Lentz, Cynthia Quinn, Matthew Vickery, Ryan Ung, Chi Cheng, and Alice Rosen (together, the "Plaintiffs" or "Settlement Class Representatives"), on their own behalf and on behalf of the Settlement Class Members, in the Actions as defined herein.  This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve and discharge the Released Claims as defined herein pursuant to the terms and conditions of this Agreement.  It is subject to the final approval of the United States District Court for the Northern District of California (the "Court").

## TABLE OF CONTENTS

| Section | Section Title | Page |
|:---:|:---|:---:|
| 1 | Certain Definitions | 5 |
| 2 | Settlement Class Definition and Certification | 14 |
| 3 | Efforts to Finalize this Settlement | 16 |
| 4 | Settlement Fund | 19 |
| 5 | Injunctive Relief | 22 |
| 6 | Claims Process | 23 |
| 7 | Notice Plan and Administration of the Settlement | 26 |
| 8 | Objections and Exclusions | 29 |
| 9 | Releases | 33 |
| 10 | Settlement Class Counsel's Fees and Expenses | 36 |
| 11 | Service Awards | 37 |
| 12 | Notices | 38 |
| 13 | Termination | 38 |
| 14 | Stay and Resumption of Litigation | 39 |
| 15 | Miscellaneous Provisions | 40 |
|  | Signatures | 44 |

SCHEDULE OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| A | List of Related and Consolidated Actions |
| B | Notice Plan |
| C | Notice of Proposed Settlement of Class Action |
| D | Claim Form |
| E | Opt-Out Form |
| F | Proposed Order Preliminarily Approving Settlement, Authorizing Notice to the Settlement Class, and Setting Fairness Hearing |
| G | Proposed Order of Final Approval |
| H | Proposed Judgment |

1.    **CERTAIN DEFINITIONS**

In addition to the defined terms contained herein, the following definitions shall apply in this Agreement:

1.1    "Actions" means the MDL Action and the State Court Action collectively, as each term is defined below:

(a)    "MDL Action" means the action captioned above and created by the Judicial Panel on Multidistrict Litigation (JPML) pursuant to 28 U.S.C. § 1407 and all related actions listed in Exhibit A consolidated with the MDL Action in the Northern District of California.

(b)    "State Court Action" means the action titled *Ung, et al. v. Facebook, Inc.*, No. 2012-1-CV-217244, currently pending in the Superior Court of California, Santa Clara County.

1.2    "Administrative Costs" means all reasonable costs and expenses incurred by the Settlement Administrator while carrying out its duties under this Agreement, including, without limitation, establishing and maintaining a secure database; reviewing and approving claims; administering, calculating, and distributing the Net Settlement Fund to Settlement Class Members; and the costs of the Escrow Account.

1.3    "Agreement" means this Class Action Settlement Agreement and Release.

1.4    "Approved Claim" means a Claim Form submitted by a Settlement Class Member that (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of this Agreement; (b) is fully completed and executed by the Settlement Class Member and provides all required information; (c) is signed by the Settlement Class Member or a duly authorized representative who provides proof of

such authority to act; and (d) is verified by the Settlement Administrator.

1.5 "Authorized Claimant" means a Settlement Class Member who submits an Approved Claim.

1.6 "CAFA Notice" means a notice of the Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq*. ("CAFA"), to be served upon the appropriate State official of each State and the Attorney General of the United States.  Prior to the Preliminary Approval hearing, the Settlement Administrator shall provide proof of service of such notice for filing with the Court.

1.7 "Claim" means a Settlement Class Member's claim submission that may, if valid, entitle the Settlement Class Member to a Settlement Payment.

1.8 "Claims Deadline" means the date by which Settlement Class Members must submit their Claim Forms on the Settlement Website or via U.S. mail for the Claim Forms to be timely.

1.9 "Claim Form" means the document substantially in the form attached hereto as Exhibit D.

1.10 "Court" means the United States District Court for the Northern District of California.

1.11 "Defendant" means Meta Platforms, Inc., formerly Facebook, Inc. ("Meta" or "Defendant").

1.12 "Defendant's Counsel" or "Defense Counsel" means Michael G. Rhodes and Kyle C. Wong of Cooley LLP.

1.13 "Effective Date" means the first business day after which all of the following events

and conditions have occurred:

(a) entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit F attached hereto;

(b) entry of the Final Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit G attached hereto; and

(c) the Final Approval Order becomes a final, non-appealable judgment approving the Settlement Agreement in all respects and is no longer subject to review, reconsideration, rehearing, appeal, petition for permission to appeal, petition for a writ of certiorari, or any other appellate review of any kind.

1.14 "Escrow Account" means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms agreed upon with Lead Counsel.  The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

1.15 "Excluded Settlement Class Member" means any Settlement Class Member who has timely exercised his or her right to be excluded from the Settlement Class.

1.16 "Exhibits" means the exhibits to this Agreement.

1.17 "Facebook User" means a confirmed, registered individual about whom Defendant has obtained information for the purpose of providing access to the Facebook social media platform before or during the Settlement Class Period.

1.18 "Fee and Expense Award" means any attorneys' fees and reimbursement of actual out-of-pocket expenses awarded by the Court to Settlement Class Counsel for: (1) work performed by Settlement Class Counsel, (2) as well as any other firm that

performed approved work on behalf of Plaintiffs.

1.19    "Final Approval Order" means the final judgment and order to be entered by the Court, following the Final Fairness Hearing, which approves the Settlement and sets the amounts of the Fee and Expense Award and the Service Awards.  A proposed Final Approval Order is attached hereto as Exhibit G.

1.20    "Final Fairness Hearing" means the Court hearing where the Parties will request the Court to enter the Final Approval Order approving this Agreement, and where MDL Counsel will request the Court to approve the Fee and Expense Award and the Service Awards.

1.21    "MDL Counsel" means proposed Lead Counsel and the proposed Chair of Plaintiffs' Executive Committee.

1.22    "Net Settlement Fund" means the Settlement Fund, less all amounts approved by the Court for distribution to any person or entity other than the Settlement Class Members or for Service Awards.

1.23    "Non-Class Counsel" means Supreme Court Counsel and any additional counsel in the MDL who were appointed by the Court to a leadership role and who performed common benefit work at the direction of Lead Counsel.

1.24    "Notice" means the notice of this proposed Settlement, as approved by the Court in the Preliminary Approval Order, and any other documents included with the Notice, substantially in the form attached hereto as Exhibit C.

1.25    "Notice Date" means the date on which initial Notice is first disseminated to Settlement Class Members, as specified by the Notice Plan.

1.26    "Notice Plan" means the plan for publishing Notice to Settlement Class Members,

which is attached as Exhibit B.

1.27   "Objection" means the formal written notice that a Settlement Class Member submits to the Court in order to object to the Settlement.

1.28   "Objection and Exclusion Deadline" means the date by which a Settlement Class Member must submit an Objection to this Agreement or an Opt-Out Form, or other written request to opt-out of the Settlement, to the Settlement Administrator.

1.29   "Objector" means a person who submits a valid Objection in compliance with the terms of this Settlement Agreement.

1.30   "Opt-Out Form" means the form provided by the Settlement Administrator that a Settlement Class Member may use to request exclusion from the Settlement.  The Opt-Out Form is attached hereto as Exhibit E.

1.31   "Parties" means the Settlement Class Representatives and Meta collectively.

1.32   "Preliminary Approval Order" means the Court's order preliminarily approving the Settlement Agreement, conditionally certifying the Settlement Class for purposes of the Settlement, and authorizing the dissemination of the Notice by the Settlement Administrator.  A proposed Preliminary Approval Order is attached hereto as Exhibit F.

1.33   "Released Claims" means any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities, whether known or unknown, legal, equitable, or otherwise that were asserted or could have been asserted in the Actions, regarding the alleged collection, storage, or internal use by Facebook of data related to browsing history (such as IP address, Uniform Resource Locator (URL), referrer header information, and search terms) obtained from cookies stored

on the devices of Facebook Users in the United States who visited non-Facebook websites that displayed the Facebook Like button during the Settlement Class Period (i) by Settlement Class Representatives and/or any Settlement Class Member against Defendant or (ii) by the Defendant against the Settlement Class Representatives and/or against the named plaintiffs in all the litigations that were consolidated in the Actions, and that occurred during the Settlement Class Period.  In the event of conflict between the definition of "Released Claims" in this Section and the definition used in Exhibits B-H, the definition in this Section shall govern.

1.34   "Released Parties" means Meta, as well as all of Meta's current and former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, divisions, branches, units, shareholders, investors, successors, predecessors, and assigns, and all other individuals and entities acting on Meta's behalf; and Settlement Class Representatives and all the named plaintiffs in the litigations consolidated in the Actions, as well as their agents, representatives, servants, attorneys, assigns, and all other individuals and entities acting on their behalf.

1.35   "Releasing Parties" means Meta and all Settlement Class Members, Settlement Class Representatives, and named plaintiffs consolidated in the Actions, except the Excluded Settlement Class Members.

1.36   "Service Award" means the award sought by each Settlement Class Representative in consideration for their service during the course of the Actions and subsequently

approved by the Court.  Any such Service Award is separate and apart from any Settlement Payments the Settlement Class Representative may receive as a result of submitting a Claim as a Settlement Class Member.

1.37    "Settlement" means the settlement contemplated by this Class Action Settlement Agreement.

1.38    "Settlement Administrator" means the firm of Angeion Group, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, which shall administer the Settlement for the Settlement Class, including sending out Notices, processing claims, and performing such other usual and customary administrative functions as are required under this Settlement Agreement.

1.39    "Settlement Class" means all persons who, between April 22, 2010 and September 26, 2011, inclusive, were Facebook Users in the United States that visited non-Facebook websites that displayed the Facebook Like button, subject to the exclusions in Section 2 below.

1.40    "Settlement Class Counsel" means proposed Lead Counsel, the proposed Chair of Plaintiffs' Executive Committee, and State Court Counsel as follows:

    (a)    "Lead Counsel" means David A. Straite of DiCello Levitt Gutzler LLC and Stephen G. Grygiel of Grygiel Law LLC.

    (b)    "Chair of Plaintiffs' Executive Committee" means Jay Barnes of Simmons Hanly Conroy LLC.

    (c)    "State Court Counsel" means Milberg Coleman Bryson Phillips Grossman, PLLC and Richman Law & Policy.

1.41    "Settlement Class Members" means all members of the Settlement Class, except

the following: (a) Meta and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys; (b) any judicial officer presiding over the Actions, or any member of his or her immediate family or of his or her judicial staff; (c) any Excluded Settlement Class Member; (d) the Settlement Administrator and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys; and (e) Settlement Class Counsel and any and all of their predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys.

1.42   "Settlement Class Period" means the time period between April 22, 2010 and September 26, 2011, inclusive.

1.43   "Settlement Class Representatives" means Perrin Davis, Cynthia Quinn, Brian Lentz, and Matthew Vickery, who are named plaintiffs in the MDL Action; and Ryan Ung, Chi Cheng, and Alice Rosen, who are named plaintiffs in the State Court Action.

1.44   "Settlement Consideration" means Monetary Consideration and Injunctive Relief collectively, as follows:

(a) <u>Monetary Consideration</u>: Ninety million dollars ($90,000,000.00) in cash to be paid by Defendant in accordance with the terms of this Settlement Agreement; and

(b) <u>Injunctive Relief</u>: The Injunctive Relief described in § 5.

1.45 "Settlement Fund" means the non-reversionary cash fund of ninety million dollars ($90,000,000), which represents the Monetary Consideration, to be deposited by Defendant into the Escrow Account in accordance with the terms of this Settlement Agreement, plus all interest earned thereon. The following shall be paid from the Settlement Fund: all Settlement Payments as a result of Approved Claims made by Settlement Class Members, Administrative Costs, all applicable taxes, any Service Awards, and any Fee and Expense Award to Settlement Class Counsel and Non-Class Counsel. The Settlement Fund shall be kept in the Escrow Account until such time as the above-listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited into the Escrow Account. Settlement Class Counsel and/or the Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and causing the payment of all applicable taxes that may be due on such earnings. The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement. In no event shall Defendant's total monetary obligations under this Agreement exceed or be less than ninety million dollars ($90,000,000). The Parties, the Escrow Agent, and the Settlement Administrator agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, the Settlement Administrator shall

timely make such elections as necessary or advisable to carry out this provision, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Lead Counsel and/or the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

1.46    "Settlement Payment" means the amount it is determined shall be paid to Settlement Class Members who submit Approved Claims.

1.47    "Settlement Website" means a website created and maintained by the Settlement Administrator for the purpose of providing the Settlement Class Members with Notice of the proposed Settlement.  This website will allow Settlement Class Members to submit Claims, update their contact information and payment method, and opt-out of the Agreement.

1.48    "Supreme Court Counsel" means Gupta Wessler PLLC.

## 2.    SETTLEMENT CLASS DEFINITION AND CERTIFICATION

2.1     For the sole purpose of the Settlement, Defendant stipulates, agrees, and consents that the Settlement Class shall be defined as:

(a)    All persons who, between April 22, 2010 and September 26, 2011, inclusive, were Facebook Users in the United States that visited non-Facebook websites that displayed the Facebook Like button.

(b)    The Settlement Class excludes Meta and any and all of its current and former predecessors, successors, assigns, parents, subsidiaries, affiliates,

directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' current and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys.

(c)     The Settlement Class also excludes counsel for any Party in any of the Actions and any judicial officer presiding over the Actions, or any member of his or her immediate family or of his or her judicial staff.

(d)     The Settlement Class also excludes Settlement Class Members who timely exercised their right to exclude themselves pursuant to the procedures described in the Notice and/or in § 8 below.

(e)     The Settlement Class also excludes the Settlement Administrator and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys.

(f)     The Settlement Class also excludes Settlement Class Counsel and any and all of their predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys.

2.2     For the sole purpose of the Settlement, Defendant stipulates, agrees, and consents that the Settlement Class shall be conditionally certified pursuant to Rule 23(b)(3) of

the Federal Rules of Civil Procedure, and will not oppose such a motion for certification.  Should Preliminary or Final Approval be denied, or the Settlement otherwise be invalidated or terminated, Defendant reserves all rights to challenge class certification and Plaintiffs agree not to use the fact of the Settlement or any aspect of the negotiation of the Settlement to argue in favor of class certification.

2.3     For the sole purpose of the Settlement, Defendant further stipulates, agrees, and consents to appointment of Perrin Davis, Cynthia Quinn, Brian Lentz, Matthew Vickery, Ryan Ung, Chi Cheng, and Alice Rosen as Settlement Class Representatives.

2.4     For the sole purpose of the Settlement, Defendants further stipulate, agree, and consent to the appointment of David Straite, Stephen Grygiel and Jay Barnes as MDL Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

2.5     Defendant does not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement of the Actions.  Defendant's agreement to settle these Actions and to conditional certification does not constitute an admission of wrongdoing, fault, liability, or damage of any kind to Plaintiffs or any of the putative class members.

**3.     EFFORTS TO FINALIZE THIS SETTLEMENT**

3.1     **Cooperation**: Settlement Class Counsel and Defense Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, Final Approval Order, and this Settlement, and to use their respective reasonable best efforts, consistent with their duties to their respective clients, to effect the consummation of the Settlement, including, without limitation, through the drafting, execution and delivery of documents necessary or appropriate to effect the consummation of the Settlement.  Lead Counsel will draft and file the motions for Preliminary Approval and Final Approval, and Defendant's Counsel will be provided with advance copies of these

papers at least seven (7) days prior to filing and may join the motions or file separate briefs in support of Preliminary and Final Approval of the Settlement.  Further, and without limiting the generality of the foregoing obligation of cooperation, the Parties agree to cooperate fully with one another and with their respective counsel to consummate the Settlement.  Defendant also agrees to cooperate with Lead Counsel and the Settlement Administrator in the identification of Settlement Class Members and make reasonable efforts to provide information for efficient and timely distribution of the Settlement Fund.

3.2     **Motion for Preliminary Approval**: Promptly following execution of this Agreement, Plaintiffs shall apply to the Court for entry of the Preliminary Approval Order asking the Court preliminarily to approve the Settlement, approve the Notice Plan, approve Angeion as the Settlement Administrator, certify the Actions to proceed as a class action for Settlement purposes only, appoint MDL Counsel and appoint Perrin Davis, Cynthia Quinn, Brian Lentz, Matthew Vickery, Ryan Ung, Chi Cheng, and Alice Rosen as Settlement Class Representatives.

3.3     **Motion for Final Approval and Entry of Final Approval Order**: If the Court preliminarily approves this Settlement Agreement, Plaintiffs shall submit a motion for final approval of this Settlement by the deadline provided in the Preliminary Approval Order, after appropriate Notice to the Settlement Class, and shall seek entry of the Final Approval Order.

3.4     **Effect If Settlement Not Approved**.  The Settlement Agreement is being entered into for Settlement purposes only.  If the Court does not grant Preliminary Approval or Final Approval; if the Agreement is terminated and/or not consummated for any reason; or if the Effective Date does not occur, this Settlement Agreement will be deemed null and void ab initio.  In that event:

(a) The Preliminary Approval Order and the Final Approval Order, to the extent they have been entered by the Court, will be vacated by operation of law;

(b) The Parties will be restored to their respective positions immediately preceding

execution of the Agreement, and any intervening Court rulings or decisions shall be vacated;

(c) Any order certifying the Settlement Class for purposes of effectuating this Agreement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Actions shall proceed as though the Settlement Class had never been certified pursuant to this Agreement and such findings had never been made, and the Actions shall return to the procedural status quo in accordance with this paragraph. Settlement Class Counsel shall not refer to or invoke the vacated findings and/or order relating to class settlement in the event this Agreement is not consummated and the case is later litigated and contested by the Parties under Rule 23 of the Federal Rules of Civil Procedure.

(d) No term or condition of the Agreement, or any draft thereof, or any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect; nor shall any such matter be admissible as evidence for any purpose in the Actions or any other proceeding; nor shall any such matter be used in the Actions for any purpose whatsoever; and

(e) Defendant will retain all of its rights to object to any attempt by Plaintiffs to reference, cite to, or rely upon, in any way, the Agreement or any factual or legal statement or conclusion within it, including as to the feasibility of the maintenance of the Actions as class actions.

3.5 **Modifications Suggested by the Court**. If the Court suggests any modifications to the Agreement or conditions either Preliminary Approval or Final Approval on modifications to the

Agreement, the Parties shall, working in good faith and consistent with the Agreement, endeavor to address and resolve any such issues identified by the Court. However, the Parties shall not be obligated to make any material additions or modifications to the Agreement that would affect the benefits provided to Settlement Class Members, or the cost to or burden on Defendant, including additional or modified changes in practices, the content or extent of Notices required to Settlement Class Members, or the scope of any of the releases contemplated in this Agreement. If the Court orders any such material additions or modifications, the Parties will each have the right to terminate the Settlement Agreement within ten (10) days from the date of the Court's order or proposal. If any Party elects to terminate the Settlement Agreement pursuant to this section, the Agreement will be deemed null and void ab initio and the provisions of § 3.4 will apply.

3.6     Notwithstanding the foregoing, the Parties will not be entitled to terminate this Settlement Agreement based on any order relating to MDL Counsel's anticipated motion for a Fee and Expense Award or to Plaintiffs' anticipated motion for Service Awards to the Plaintiffs, nor any appeal from such order or reversal or modification thereof.

**4.      SETTLEMENT FUND**

4.1     Subject to the terms of this Agreement, Defendant shall pay or cause to be paid into the Escrow Account (i) a portion of the Settlement Fund that will cover the Administrative Costs associated with Notice within fourteen (14) days after the issuance of the Court's Preliminary Approval Order and (ii) the remainder of the Settlement Fund within thirty (30) days after the issuance of the Court's Final Approval Order. The Settlement Fund of ninety million dollars ($90,000,000) represents Defendant's total Monetary Consideration and financial commitment under this Agreement, and Defendant shall have no other financial obligations under this Agreement.

4.2     **Net Settlement Fund**.   The total amount distributed to the Settlement Class Members shall be the Settlement Fund and any earnings thereon, less the Administrative Costs, any amount awarded by the Court for any Fee and Expense Award to Settlement Class Counsel and Non-Class Counsel, and any Service Awards.   This total amount to be distributed to the Settlement Class Members is the Net Settlement Fund.

4.3     **Settlement Payments to Settlement Class Members**.   The entire Net Settlement Fund will be distributed to Settlement Class Members who submit Approved Claims and have not submitted a valid and timely request for exclusion from the Settlement Class.   Each Authorized Claimant will be entitled to receive an equal share of the Net Settlement Fund.   This sum will be calculated by the Settlement Administrator and will be based upon the number of Authorized Claimants and the amount of the Net Settlement Fund.

4.4     **Payment Method**.   For each Authorized Claimant, the Settlement Administrator shall provide Settlement Payments through the method designated by the Authorized Claimant, i.e., by ACH, PayPal, Zelle, Venmo, a virtual prepaid Mastercard, or check.

4.5     **Unclaimed or Unprocessed Payments**.   All checks will state on their face that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance. If a Settlement Class Member fails to negotiate a check within the ninety (90) day time period, they shall forever waive and release their claim for payment under this Agreement.   If any check is returned within fifteen (15) days of mailing, the Settlement Administrator will attempt to obtain a new mailing address for that Settlement Class Member within ten (10) days of receipt of the returned check; if, after a second mailing the check is again returned or the Settlement Administrator is unable to determine a second mailing address, no further efforts need be taken by the Settlement Administrator to resend the check.   In the event

that an electronic payment via ACH, PayPal, Zelle, Venmo, or a virtual prepaid Mastercard to a Settlement Class Member is unable to be processed, the Settlement Administrator shall attempt to contact the Settlement Class Member within fifteen (15) days to correct the problem; if the Settlement Class Member does not provide a means of payment, which results in payment to the Settlement Class Member, within fifteen (15) days, no further efforts need be taken by the Settlement Administrator to make the payment and the Settlement Class Member shall forever waive and release their claim for payment under this Agreement.

4.6 **Minimum Payment**. Notwithstanding the provisions in § 4, after initial Settlement Payments are made, no additional Settlement Payment or Second Distribution as defined in § 4.9, below shall be made to an Authorized Claimant if the total amount of that additional payment would not be administratively and economically feasible, as determined by the Settlement Administrator.

4.7 **Distribution of Residual Funds**. If, after the process outlined above in this section is completed, there are unclaimed monies remaining in the Net Settlement Fund, and if practicable, these funds (less any additional Administrative Costs) shall be distributed on an equal basis to each Authorized Claimant who received a Settlement Payment that was electronically processed or a check which was negotiated. These second distribution shall be made with the same method of payment made during the first distribution. However, if it is not administratively and economically feasible, as determined by the Settlement Administrator, to make a second distribution which includes a non-electronic payment, i.e., a payment by a mailed check, then the second distribution from the Net Settlement Fund will only be made to Authorized Claimants who elected to receive a Settlement Payment through ACH, PayPal, Zelle, Venmo, or a virtual prepaid Mastercard, and the monies will be distributed only to those persons on an equal basis.

4.8     **Final Distribution of Non-Reversionary Remaining Funds**.  To the extent that any second distribution is not administratively and economically feasible, as determined by the Settlement Administrator, or funds remain in the Net Settlement Fund for an additional one hundred (100) days after the second distribution, the Parties shall confer and present a proposal for treatment of the remaining funds to the Court.  In no event shall any such remaining funds revert to the Defendant, be paid to Settlement Class Counsel, Non-Class Counsel, or any other attorney for any Settlement Class Members, or be added to any Service Awards.

4.9     **Timing of Payment**.  Settlement Payments from the Net Settlement Fund shall be distributed to Settlement Class Members who submit Approved Claims within forty-five (45) days following the Effective Date.  Distribution of residual funds shall be distributed in accordance with §§ 4.7 and 4.8 above once the Settlement Administrator has determined the amount of unclaimed or unprocessed payment remaining in the Net Settlement Fund.

## 5.     <u>INJUNCTIVE RELIEF</u>

5.1     Defendant represents that it has undertaken a diligent and careful search to collect and sequester from all of Defendant's potentially relevant systems all cookie data as pled in the Complaint (i) that Facebook received or collected from, about, or associated with Facebook Users in the United States who visited non-Facebook websites that displayed the Facebook Like button between April 22, 2010 and September 26, 2011, inclusive, and (ii) that may be used to identify a specific Facebook User from Facebook cookies (collectively, the "Settlement Class Data").  As non-financial consideration and injunctive relief for the Settlement Agreement, Defendant will delete the sequestered Settlement Class Data from Defendant's systems to the extent not already deleted in accordance with provisions of this section.  Defendant agrees that it will timely provide to Settlement Class Counsel a confirmatory declaration that will permit Settlement Class Counsel

to conclude that Defendant has satisfied its required data sequestration and deletion obligation.

5.2 The agreement to delete the sequestered Settlement Class Data will be implemented by the Defendant within 180 days from the Effective Date of this Settlement. In no event and at no time will the Defendant use the sequestered data described in § 5.1 for any purpose except to effectuate the Settlement.

5.3 Defendant's commitment to take the actions described in this Section is subject to state, federal, local, court, and/or agency statute, mandate, regulation, regulatory guidance, or court order (collectively, "Legal Requirements"). In a situation in which Legal Requirements obligate the Defendant to make material modifications to its commitments in this section, Defendant will provide the earliest practicable notice to Plaintiffs via Settlement Class Counsel before the modification goes into effect.

5.4 Defendant does not admit that it is required by law to take any measure described in this section.

## 6. CLAIMS PROCESS

6.1 **Claim Forms**. For purposes of determining whether a Settlement Class Member is to be treated as an Authorized Claimant, each Settlement Class Member shall be entitled to submit one Claim Form for Settlement Payment as described in this section. The Claim Form, which shall be in all material respects substantially in the form set forth in Exhibit D attached hereto, may be completed and submitted online, or timely sent by U.S. mail to the Settlement Administrator. The Claim Form will notify the Settlement Class Members that their personal information will be processed for the purposes of effectuating the Settlement.

(a) If submitted electronically, the Claim Form must be submitted no later than 11:59 p.m. Pacific Standard Time on or before the Claims Deadline.

(b)     If submitted by U.S. mail, the Claim Form must be postmarked no later than the Claims Deadline.  The date of the postmark on the envelope containing the claims form shall be the exclusive means used to determine whether a claims form has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the claims form. The Settlement Class Member must pay for postage.

6.2     **Claims Deadline**.  The Claims Deadline shall be seventy (70) days after the Notice Date and shall be clearly stated in the Notice and on the Claim forms.

6.3     **Claims Review**.   The Settlement Administrator shall review all Claims to determine their validity.  The Settlement Administrator shall use industry-leading fraud-detection measures and reject any Claim that: (i) does not comply in any material respect with the instructions on the form; (ii) is not submitted by a Settlement Class Member; (iii) is a duplicate of another Claim; (iv) is a fraudulent Claim; (v) or is submitted after the Claims Deadline.  The Settlement Administrator's determination as to the validity of a claim shall be final, subject to § 6.6 below.

6.4     **Curable Deficiencies**.   Prior to the rejection of a Claim Form, the Settlement Administrator shall communicate with the person who submitted the Claim in an effort to remedy any curable deficiencies in the Claim Form.  The Settlement Administrator shall have the authority to review any Claimant's attempts to remedy deficiencies and to subsequently determine the validity of such Claims under § 6.3.

6.5     **Notification of Rejected Claims**.  Following any effort to resolve any curable deficiencies under § 6.4, the Settlement Administrator shall promptly notify by email (or U.S. mail

if an email address is unknown) all claimants whose Claim Forms the Settlement Administrator proposes to reject, in whole or in part, and provide its reasons.

6.6     **Claims Disputes and Inquiries**.  The Settlement Administrator shall notify Lead Counsel and Defendant's Counsel of any disputes regarding the rejection of a Claim.  Lead Counsel and Defendant's Counsel may review any Claims rejected by the Settlement Administrator.  If Lead Counsel and Defendant's Counsel agree that a Claim was improperly rejected, the Claim shall be deemed valid and paid.  If Lead Counsel and Defendant's Counsel do not agree as to whether a Claim was improperly rejected, the decision of the Settlement Administrator shall be final.

6.7     **Claims Processing**.  As soon as reasonably possible after the Claims Deadline, and after all Claims have been processed to determine their validity, the Settlement Administrator will provide Lead Counsel and Defendant's Counsel with a list of Authorized Claimants with Approved Claims and a list of all Claims it deems invalid or untimely.  Within thirty (30) business days of receiving the list of Claimants with Approved Claims from the Settlement Administrator, Defendant shall provide to the Settlement Administrator available data requested by the Settlement Administrator that is necessary to administer the Claims process.  The Settlement Administrator will use this data, as well as data from the Claim Forms, to determine the Settlement Payment each Authorized Claimant will be paid from the Net Settlement Fund, as outlined in § 4.  The provision and use of additional available data for Claims processing is subject to state, federal, local, court and/or agency statutes, mandates, regulations, regulatory guidance, industry standards, or court order.

6.8     **Claims Database**.  As soon as reasonably possible, the Settlement Administrator will provide Lead Counsel and Defendant's Counsel the total number of Authorized Claimants.

The Settlement Administrator will maintain a secure database of Claims, in which the Settlement Administrator will maintain all relevant information captured from claimants' Claim Forms. The secure database must be equipped with, at minimum, industry standard measures for data security, including but not limited to access control rights to only those persons entitled to access the Settlement Class Member information under this Agreement.

6.9     **Data Privacy and Security**.  The Settlement Administrator shall act in compliance with the Amended Stipulated Protective Order, dated January 14, 2022 (*see* ECF No. 227), including but not limited to making all necessary efforts and precautions to ensure the security and privacy of Settlement Class Member information and protect it from loss, misuse, unauthorized access and disclosure, and to protect against any reasonably anticipated threats or hazards to the security of the Settlement Class Member information; not using the information provided by Defendant's or Settlement Class Counsel in connection with the Settlement or this Notice Plan for any purposes other than providing notice or conducting claims administration; and not sharing Settlement Class Member information with any third parties without advance consent from the Parties.

## 7.     NOTICE PLAN AND ADMINISTRATION OF THE SETTLEMENT

7.1     **Notice to the Settlement Class**.  Notice of the Settlement will be made to Settlement Class Members in accordance with the Notice Plan attached as Exhibit B.  The Parties shall agree on the form and content of the notices contemplated in the Notice Plan, which must be consistent with the Notice of Proposed Settlement of Class Action attached as Exhibit C.

7.2     **CAFA Notice**.  Not later than 10 days after this Settlement Agreement is filed with the Court, the Settlement Administrator, at Defendant's direction, shall serve notice of the Settlement and other required documents upon relevant government officials in accordance with

the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.  Prior to the Preliminary Approval hearing, the Settlement Administrator shall provide proof of service of such notice for filing with the Court.

7.3     **Administration of Settlement**.  The Settlement Administrator shall implement the terms of the Settlement Agreement and administer this Settlement subject to the jurisdiction of the Court and pursuant to this Agreement and the Notice Plan.  The Defendant shall have no responsibility for reviewing, challenging, or approving any Claim Form, nor in distributing the Net Settlement Fund except as to the procedures laid out in § 6 above.

7.4     **Settlement Administrator**.  The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement and maintain such records as are required by applicable law in accordance with its normal business practices.  The Settlement Administrator shall be responsible for:

(a) Disseminating Notice in accordance with this Agreement, the Notice Plan, and the Court's orders;

(b) Monitoring and responding to inquiries from Settlement Class Members in a timely fashion and, where necessary, forwarding such written inquiries to Lead Counsel;

(c) Accurately and objectively describing the terms of the Agreement in communications with Settlement Class Members, including training its employees and agents accordingly;

(d) Receiving and compiling Opt-Out Forms and any other correspondence requesting exclusion from the Settlement Class;

(e) Receiving and processing Claims, determining the validity of Claims,

maintaining a secure database of Claims as required in § 6.8 above, and distributing Settlement Payments to Settlement Class Members;

(f) Providing periodic reports and accountings on Claims, Objections, Opt-Out Forms and any other requests for exclusion from the Settlement, and any other such information that may be reasonably requested by Settlement Class Counsel or Defendant's Counsel;

(g) Preparing declaration(s) attesting to compliance with the Notice requirements in this Agreement and providing such declaration(s) to Lead  Counsel and Defendant's Counsel, who will file such declaration(s) with the Court as needed;

(h) Seeking further clarification or authorization from Settlement Class Counsel and Defendant's Counsel when necessary for performance of its duties and the expenditure of cash from the Settlement Fund;

(i)  Ensuring the privacy and security of data associated with Settlement Class Members as required in § 6.9 above; and

(j)  Otherwise assisting with implementation and administration of the terms of this Settlement Agreement.

7.5     **Administrative Costs**.  The Parties will obtain from the Settlement Administrator its best estimate of such anticipated administrative costs, which shall then be set aside from the Settlement Fund.  All Administrative Costs will be drawn from the Settlement Fund by the Settlement Administrator, subject to written approval of Defendant's Counsel and Lead Counsel.

7.6     Any Settlement Class Member who does not submit a timely and valid Claim Form and who does not timely submit an Opt-Out Form, will not be entitled to receive any payment from the Net Settlement Fund, but will otherwise be bound by all of the terms in this Agreement

and the Settlement, including the terms of the Final Approval Order to be entered in the Actions and the releases provided for herein, and will be barred from bringing any action concerning the Released Claims.

      7.7    This is a non-reversionary settlement.  Defendant shall have no right to the return of any portion of the Monetary Consideration, irrespective of the number of Settlement Class Members who receive payments, the collective estimated damages of Authorized Claimants, or the percentage recovery of estimated damages, unless the Settlement is terminated in accordance with this Agreement.

## 8.    OBJECTIONS AND EXCLUSIONS

      8.1    **Objections**.  Any Settlement Class Member who has not submitted a timely completed and valid Opt-Out Form or otherwise requested in writing to opt-out of the Settlement and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, the Fee and Expense Award, or the Service Awards must comply with the requirements contained in this section.

      8.2    **Content of Objections**.  All Objections and supporting papers must be in writing and must do the following:

          (a)    Clearly identify the case name and number;

          (b)    Include the Objector's full name, address, telephone number, email address; Facebook account URL (if reasonably available); the email address and telephone number associated with the Settlement Class Member's Facebook account; and his or her signature;

          (c)    Include the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel); and

        (d)     State whether it applies only to the Objector, to a specific subset of the Settlement Class, and also state with specificity the grounds for the objection, including any legal and factual support and any evidence in support of the Objection.

8.3    **Submission of Objections**. Any comments or Objections from Settlement Class Members regarding the proposed Settlement Agreement must be submitted in writing, to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, or by filing them in person at any location of the United States District Court for the Northern District of California, and be filed or postmarked on or before the Objection and Exclusion Deadline. If a Settlement Class Member does not submit a timely written Objection, or if the Settlement Class Member does not request participation in the Final Fairness Hearing, the Settlement Class Member will not be able to participate in the Final Fairness Hearing.

8.4    **Deadline for Objections**. Objections must be submitted by the Objection and Exclusion Deadline.

        (a)     If filed in person, Objections must be filed by the Objection and Exclusion Deadline.

        (b)     If submitted by U.S. mail, Objections must be postmarked by the Objection and Exclusion Deadline. The date of the postmark on the envelope containing the written statement objecting to the Settlement shall be the exclusive means used to determine whether an Objection and/or intention to appear has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3)

days prior to the date that the Class Action Clerk received the Objection. The Settlement Class Member must pay for Postage.

      (c)      Settlement Class Members who fail to submit timely written Objections in the manner specified above shall be deemed to have waived any objections and shall be forever barred from making any objection to the Agreement and the proposed Settlement by appearing at the Final Fairness Hearing, appeal, collateral attack, or otherwise.

8.5    **Attendance at Final Fairness Hearing**.  Any Objector who timely submits an Objection no later than the due date for any opposition to the Motion for Final Approval of the Settlement has the option to appear and request to be heard at the Final Fairness Hearing, either in person or through the Objector's counsel.  Any Objector wishing to appear and be heard at the Final Fairness Hearing must include a Notice of Intention to Appear in the body of the Objector's Objection.  Objectors who fail to submit or include this Notice of Intention to Appear may not speak at the Final Fairness Hearing without permission of the Court.

8.6    **Objectors' Attorneys' Fees and Expenses**.  If an Objector makes an Objection through an attorney, the Objector shall be solely responsible for his or her attorneys' fees and expenses.

8.7    **Court Order for Payments to Objectors**.  Unless ordered by the Court after a hearing, no payment or other consideration may be provided to an Objector or an Objector's counsel in connection with foregoing or withdrawing an Objection or foregoing, dismissing, or abandoning an appeal from a judgment approving the Settlement, Service Awards, or the Fee and Expense Award.

8.8    **No Solicitation of Settlement Objections**.  At no time shall any of the Parties or

their counsel seek to solicit or otherwise encourage Settlement Class Members to submit written Objections to the Settlement or encourage an appeal from the Court's Final Approval Order.

8.9     **Requests for Exclusion**.  The Notice shall advise all Settlement Class Members of their right to exclude themselves from the Settlement. This Settlement Agreement will not bind Settlement Class Members who opt-out of the Settlement.

8.10     **How to Opt-Out**.  To request to be excluded from the Settlement, Settlement Class Members must timely submit a completed Opt-Out Form or other written request for exclusion from the Settlement.  This Opt-Out Form may be completed electronically pursuant to direction from the Settlement Administrator or timely sent by U.S. mail to the Settlement Administrator.  If the Settlement Class Member chooses to request exclusion from the Settlement without an Opt-Out Form, such request must be timely sent by U.S. mail to the Settlement Administrator, request exclusion, providing their name, address, a signature, the name and number of the Actions, and a clear and explicit statement that they wish to be excluded from the Settlement.

8.11     **Deadline to Opt-Out**.  To be excluded from the Settlement, the Opt-Out Form or any written request to opt-out must be completed by the Objection and Exclusion Deadline.

> (a)     If submitted electronically, the Opt-Out Form or any written request to opt-out must be submitted no later than 11:59 p.m. PST on or before the Objection and Exclusion Deadline.

> (b)     If submitted by U.S. mail, the Opt-Out Form or any written request to opt-out must be postmarked no later than the Objection and Exclusion Deadline.  The date of the postmark on the envelope containing the written

request to opt-out shall be the exclusive means used to determine whether an request to opt-out has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the request to opt-out of the Settlement.  The Settlement Class Member must pay for Postage.

8.12    **Effect of Opt-Out**.  Any person who falls within the definition of the Settlement Class and who validly and timely requests exclusion from the Settlement shall not be a Settlement Class Member; shall not be bound by the Settlement Agreement; shall not be eligible to make a Claim for any benefit under the terms of the Settlement Agreement; and shall not be entitled to submit an Objection to the Settlement.

8.13    **Exclusion List**.  No later than seven (7) days after the Objection and Exclusion Deadline, the Settlement Administrator shall provide Lead Counsel and Defendant's Counsel with a list of all persons who have timely and validly excluded themselves from the Settlement. The Exclusion List shall be filed with the Court as part of the Motion for Final Approval.

## 9.    <u>RELEASES</u>

9.1    **No Admission of Liability**.  This Settlement Agreement is made in compromise of a dispute.   Neither the Agreement nor anything that the Parties stated or did during the negotiation of the Agreement shall be construed or used in any manner as an admission of liability or evidence of either party's fault, liability, or wrongdoing.   Defendant expressly denies any liability or wrongdoing whatsoever.

9.2    **Releases.**  Upon the Effective Date of this Agreement, the Releasing Parties, on behalf of themselves and their heirs, executors, administrators and assigns, and any person(s) they

33

represent, shall be deemed by this Settlement to, and shall, release, dismiss, and finally and forever discharge the Released Claims, and will not in any manner pursue the Actions or any claims that were asserted or could have been asserted in the Actions; and shall be deemed by this Settlement to, and shall be forever barred from asserting, instituting, prosecuting, or maintaining against the Released Parties, any and all Released Claims.  It is the intention of the Parties that any liability of the Released Parties relating to the Released Claims be eliminated.

        9.3     **Waiver of California Civil Code § 1542**.  The Releasing Parties expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, or any other similar provision under federal or state law. Releasing Parties understand that California Civil Code § 1542 states:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Releasing Parties expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.  In connection with such waiver and relinquishment, the Releasing Parties hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to the Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties.  In furtherance of such intention, the release herein given by the

Releasing Parties to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts. Each of the Parties expressly acknowledges that he/she/it has been advised by his/her/its attorney of the contents and effect of Section 1542, and with knowledge, each of the Parties hereby expressly waives whatever benefits he/she/it may have had pursuant to such section.  Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

9.4    **Release of Unknown Claims**.  The Releasing Parties fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by Releasing Parties and their counsel to be true.  The Releasing Parties expressly accept and assume the risk of this possible difference in understandings of facts and agree that this Settlement Agreement remains effective despite any difference in such understandings of facts.   The Releasing Parties further agree that this waiver, and the waiver of California Civil Code § 1542 in § 9.3, are essential and material terms of this Agreement and the Settlement that underlies it and that without such waivers the Settlement would not have been agreed to.

9.5    Nothing in this Agreement is intended to alter the standard terms and conditions for the use of Defendant's products or services by its users, or Defendant's enforcement of the standard terms and conditions for the use of its products or services.  To the extent any conflict exists between the terms and conditions of this Settlement Agreement and the Defendant's standard terms and conditions, the terms and conditions of the Settlement Agreement shall control.

## 10.    SETTLEMENT CLASS COUNSEL'S FEES AND EXPENSES

10.1    **Fee and Expense Award**.  MDL Counsel will apply to the Court seeking a portion

of the Settlement Fund as payment of their and State Court Counsel's reasonable attorneys' fees and actual expenses incurred in connection with prosecuting the Actions (the "Fee Application"). The Fee Application may also seek an award of fees and expenses incurred by Non-Class Counsel. Defendant expressly reserves the right to oppose the Fee Application seeking a Fee and Expense Award for any reason, at its discretion.

10.2    **Disclosure of Amounts Sought**.  In their Motion for Preliminary Approval of the Settlement and supporting papers, Lead Counsel will provide the maximum amount of the Settlement Fund they will seek from the Court as attorneys' fees, as well as the maximum amount of expenses (including best estimates for expenses not yet charged) for which they will seek reimbursement.

10.3    **Payment of Attorneys' Fees and Expenses.**  Upon Court approval of Lead Counsel's Fee Application, Settlement Class Counsel and Non-Class Counsel will be entitled to payment of the fees and expenses awarded by the Court from the Settlement Fund and these sums shall be paid by the Administrator on a schedule ordered by the Court.

10.4    The procedure for and the allowance or disallowance by the Court of any application by Lead Counsel for attorneys' fees and expenses is not a material term of the Settlement or this Agreement and it is not a condition of this Agreement that any particular application for attorneys' fees or expenses be approved.

10.5    Should the Court approve any awards of fees and/or expenses to Settlement Class Representatives (separate and apart from the Fee and Expense Award to Settlement Class Counsel and Non-Class Counsel), those awards shall be paid to Settlement Class Representatives within fourteen (14) days after the Effective Date.

11. **SERVICE AWARDS**

11.1   **Generally**.  Lead Counsel may seek Service Awards for each Settlement Class Representative in consideration for their service during the course of the Actions and commensurate with their participation in the Actions.

11.2   **Amount of Service Awards**.  Any Service Awards are separate and apart from any Settlement Payments the Settlement Class Representatives may receive as a result of submitting Claims as Settlement Class Members.  Defendant has agreed not to oppose Service Awards to the extent they do not exceed $5,000 for each Settlement Class Representative.

11.3   **Motion for Service Awards**.  Lead Counsel will provide the specific amounts they will seek in Service Awards for the Settlement Class Representatives at the same time they file a motion for attorneys' fees and expenses.

11.4   **No Condition of Support**.  Each Settlement Class Representative shall receive any Service Award they are awarded by the Court, irrespective of whether they support the terms of the Settlement.

11.5   **Payment of Service Awards**.  If awarded by the Court, the Service Awards shall be payable from the Settlement Fund by the Administrator within fourteen (14) days after the Effective Date.  The Service Awards shall be sent to the Settlement Class Representatives through an ACH Transfer or check.

## 12.   NOTICES

If any Party is required to give notice to any other Party under this Agreement, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand- delivery, overnight courier, or electronic mail transmission, and shall be addressed as follows:

To Plaintiffs and the Settlement Class:

> David A. Straite, Esq.
> dstraite@dicellolevitt.com
> DiCELLO LEVITT GUTZLER LLC
> One Grand Central Place
> 60 E. 42nd St., Suite 2400
> New York, NY 10165
> Tel.: (646) 933.1000
>             -and-

> Stephen G. Grygiel
> sgrygiel@silvermanthompson.com
> GRYGIEL LAW LLC
> 301 Warren Avenue, Suite 405
> Baltimore, MD 21230
> Tel.: (407) 505-9463

To Defendant:

> Michael G. Rhodes, Esq.
> Kyle C. Wong, Esq.
> rhodesmg@cooley.com
> kwong@cooley.com
> COOLEY LLP
> 3 Embarcadero Center
> San Francisco, CA  94111-4004
> (415) 693-2000

## 13.   TERMINATION

13.1    The Parties shall have the right to terminate the Settlement and this Agreement by providing written notice of their election to do so to all other Parties within ten (10) days of:

(a)     the Court's declining to enter the Preliminary Approval Order in any
        material respect (except the award of attorneys' fees);

(b)     the Court's refusal to approve the Agreement or any material part of it;

(c)     the Court's declining to enter the Final Approval Order in any material
        respect; and

(d)     the date upon which the Final Approval Order is modified or reversed
        in any material respect by the Court of Appeals or the Supreme Court
        of the United States.

Any order of the Court or any appellate court with respect to the application for or award of
attorneys' fees and expenses to Settlement Class Counsel or application for or awards to
Settlement Class Representatives shall not be grounds for termination.

13.2     In addition to all of the rights and remedies that Settlement Class Representatives
have under the terms of this Agreement, Settlement Class Representatives shall also have the right
to terminate the Settlement in the event that the Defendant does not pay the monetary portion of
the Settlement Consideration in the time period provided for in § 4.1 above.

13.3     If the Settlement is terminated pursuant to the terms hereof, the Settlement Fund,
together with any interest earned thereon, less any Taxes paid or due with respect to such income,
and less any Administrative Costs actually incurred or paid, shall be returned to the Defendant.

## 14.     **STAY AND RESUMPTION OF LITIGATION**

The Parties agree that all further proceedings related to the Actions shall be stayed during
the course of the Settlement proceedings but shall promptly recommence in a reasonable manner
to be approved by the Court if the Settlement is not preliminarily or finally approved by the Court
or the Settlement does not otherwise become effective. If the stay of the State Court Action is lifted
as a result of the Settlement not being preliminarily or finally approved by the Court or otherwise
not becoming effective, the State Court Action Plaintiffs shall have the right to resume further

proceedings in that action.  Settlement Class Representatives shall also have the right to move for relation, consolidation, or centralization of any action during the Settlement proceedings.

## 15.    MISCELLANEOUS

15.1    **Governing Law**: The construction, interpretation, operation, effect and validity of this Agreement, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of California without regard to conflict of laws, except to the extent that federal law requires that federal law govern.

15.2    **Protective Order**:  This Agreement shall be governed by the terms of the Stipulated Protective Order in the MDL Action, which the State Court Action Plaintiffs have also executed and become parties to, and any amendment thereto.  *See* MDL Action, ECF Nos. 75, 169, and 227.  Any data provided to the Administrator for purposes of this Settlement shall also be in accordance with the terms of the Stipulated Protective Order in the MDL Action and any amendments thereto.  In the event of conflict between the terms of this Agreement and the terms of the Stipulated Protective Order in the MDL Action, the Stipulated Protective Order will govern.

15.3    **Taxes**: Settlement Class Members, Settlement Class Representatives, Settlement Class Counsel, and Non-Class Counsel are responsible for paying any and all federal, state, and local taxes due on any payments to them pursuant to the Settlement Agreement and/or order of the Court.

15.4    **Jurisdiction**: Without affecting the finality of the Final Approval Order entered in accordance with this Agreement, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Agreement and Final Approval Order, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement and Final Approval Order.

15.5    **No Party is the Drafter**: This Agreement shall not be construed more strictly against

one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's - length negotiations among the Parties.

  15.6 **Integration**:

    (a) All of the Exhibits attached hereto are material and integral parts hereof and are hereby incorporated by reference as though fully set forth herein.

    (b) This Settlement Agreement and its Exhibits and the Stipulated Protective Order constitute the entire agreement among the Parties concerning the Settlement of the Litigation, and no representations, warranties, or inducements have been made by any Party concerning this Agreement and its Exhibits other than those contained and memorialized in such documents.

  15.7 **Headings**: The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

  15.8 **Non-Evidentiary Use**

  (a) This Settlement Agreement represents a compromise of disputed claims and the negotiations, discussions, and communications in connection with or leading up to and including the Settlement are not and shall not be construed as admissions or concessions by any of the Parties, either as to any liability or wrongdoing or as to the merits of any claim or defense.

  (b) Neither the existence of this Settlement Agreement nor any of its provisions shall be offered or received against or to the prejudice of any party or its agents in the Action or in any other action, arbitration or proceeding as admissions or concessions of liability or wrongdoing of any nature on the part of the other Party, or as admissions or concessions concerning the merits of

any claim or defense, other than in connection with any action, motion or proceeding to enforce the terms of this Settlement Agreement.

(c)     The Parties agree that communications between them during the negotiations of this Agreement are confidential and not to be disclosed publicly or to the Court without Court order or permission from the other side.

(d)     The Parties and their respective counsel agree not to retaliate in any way against each other as a result of this Settlement, including but not limited to the termination of any services nor public disparagement of them.  This agreement not to retaliate does not limit the Defendant's right to terminate any accounts of Facebook Users that violate the Defendant's applicable policies or terms of service.

(e)     The Parties and their respective counsel may file this Settlement Agreement and/or the Final Approval Order in any action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy. The Parties may file this Settlement Agreement and/or the Final Approval Order in any action that may be brought to enforce the terms of this Settlement Agreement and/or the Final Approval Order. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

(f)     The Parties agree that each, and their respective counsel, has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure.

15.9    **Execution in Counterparts**: This Agreement may be executed in one or more counterparts, including signature transmitted by facsimile or in PDF format.  Each Party agrees to

preserve the original of any signature page transmitted electronically at least until entry of the Final Approval Order.  Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

15.10  **Binding on Successors and Assigns**: This Agreement shall be binding upon, and inure to the benefit of, the Parties hereto and their successors and assigns.

15.11  **All Changes in Writing**: This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by parties or their successors or assigns.

15.12  **Authority**: All counsel executing this Agreement or any of the Exhibits hereto, or any incorporated Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

[SIGNATURE PAGES TO FOLLOW]

Dated: February 14, 2022                    COOLEY LLP

_____

Michael G. Rhodes

Attorneys for Defendant Meta Platforms, Inc.,
formerly Facebook, Inc.


Dated: February 14, 2022                    DICELLO LEVITT GUTZLER LLC

_____

David A. Straite (admitted *pro hac vice*)

Interim Co-Lead Counsel for Plaintiffs


Dated: February 14, 2022                    GRYGIEL LAW LLC

_____

Stephen G. Grygiel (admitted *pro hac vice*)

Interim Co-Lead Counsel for Plaintiffs


Dated: February 14, 2022                    SIMMONS HANLY CONROY LLC

_____

Jason "Jay" Barnes (admitted *pro hac vice*)

Interim Chair of Plaintiffs' Executive Committee


Dated: February 14, 2022                    PERRIN DAVIS

_____

Perrin Davis

Named Plaintiff in the MDL Action

Dated: February 14, 2022          COOLEY LLP

                                     Michael G. Rhodes

                                  Attorneys for Defendant Meta Platforms, Inc., formerly Facebook, Inc.

Dated: February 14, 2022          DICELLO LEVITT GUTZLER LLC

                                  David A. Straite (admitted *pro hac vice*)

                                  Interim Co-Lead Counsel for Plaintiffs

Dated: February 14, 2022          GRYGIEL LAW LLC

                                  Stephen G. Grygiel (admitted *pro hac vice*)

                                  Interim Co-Lead Counsel for Plaintiffs

Dated: February 14, 2022          SIMMONS HANLY CONROY LLC

                                  Jason "Jay" Barnes (admitted *pro hac vice*)

                                  Interim Chair of Plaintiffs' Executive Committee

Dated: February 14, 2022          PERRIN DAVIS

                                  Perrin Davis

                                  Named Plaintiff in the MDL Action

Dated: February 14, 2022                    COOLEY LLP

_____

Michael G. Rhodes

Attorneys for Defendant Meta Platforms, Inc.,
formerly Facebook, Inc.

Dated: February 14, 2022                    DICELLO LEVITT GUTZLER LLC

_____

David A. Straite (admitted *pro hac vice*)

Interim Co-Lead Counsel for Plaintiffs

Dated: February 14, 2022                    GRYGIEL LAW LLC

_____

Stephen G. Grygiel (admitted *pro hac vice*)

Interim Co-Lead Counsel for Plaintiffs

Dated: February 14, 2022                    SIMMONS HANLY CONROY LLC

_____

Jason "Jay" Barnes (admitted *pro hac vice*)

Interim Chair of Plaintiffs' Executive Committee

Dated: February 14, 2022                    PERRIN DAVIS

_____

Perrin Davis

Named Plaintiff in the MDL Action

Dated: February 14, 2022

COOLEY LLP

_____

Michael G. Rhodes

Attorneys for Defendant Meta Platforms, Inc.,
formerly Facebook, Inc.

Dated: February 14, 2022

DICELLO LEVITT GUTZLER LLC

_____

David A. Straite (admitted *pro hac vice*)

Interim Co-Lead Counsel for Plaintiffs

Dated: February 14, 2022

GRYGIEL LAW LLC

_____

Stephen G. Grygiel (admitted *pro hac vice*)

Interim Co-Lead Counsel for Plaintiffs

Dated: February 14, 2022

SIMMONS HANLY CONROY LLC

_____

Jason "Jay" Barnes (admitted *pro hac vice*)

Interim Chair of Plaintiffs' Executive Committee

Dated: February 14, 2022

PERRIN DAVIS

_____

Perrin Davis

Named Plaintiff in the MDL Action

Dated: February 14, 2022                    COOLEY LLP

_____

Michael G. Rhodes

Attorneys for Defendant Meta Platforms, Inc.,
formerly Facebook, Inc.


Dated: February 14, 2022                    DICELLO LEVITT GUTZLER LLC

_____

David A. Straite (admitted *pro hac vice*)

Interim Co-Lead Counsel for Plaintiffs


Dated: February 14, 2022                    GRYGIEL LAW LLC

_____

Stephen G. Grygiel (admitted *pro hac vice*)

Interim Co-Lead Counsel for Plaintiffs


Dated: February 14, 2022                    SIMMONS HANLY CONROY LLC

_____

Jason "Jay" Barnes (admitted *pro hac vice*)

Interim Chair of Plaintiffs' Executive Committee


Dated: February 14, 2022                    PERRIN DAVIS

_____

Perrin Davis

Named Plaintiff in the MDL Action

Dated: February 14, 2022

DR. BRIAN K. LENTZ

_____
Dr. Brian K. Lentz

Named Plaintiff in the MDL Action

Dated: February 14, 2022

MATTHEW VICKERY

_____
Matthew Vickery

Named Plaintiff in the MDL Action

Dated: February 14, 2022

CYNTHIA QUINN

_____
Cynthia Quinn

Named Plaintiff in the MDL Action

Dated: February 14, 2021

RYAN UNG

_____
Ryan Ung

Named Plaintiff in the State Court Action

Dated: February 14, 2021

CHI CHENG

_____
Chi Cheng

Named Plaintiff in the State Court Action

Dated: February 14, 2021

ALICE ROSEN

_____
Alice Rosen

Named Plaintiff in the State Court Action

45

Dated: February 14, 2022          DR. BRIAN K. LENTZ

                            Dr. Brian K. Lentz

                            Named Plaintiff in the MDL Action

Dated: February 14, 2022          MATTHEW VICKERY

                            Matthew Vickery

                            Named Plaintiff in the MDL Action

Dated: February 14, 2022          CYNTHIA QUINN

                            Cynthia Quinn

                            Named Plaintiff in the MDL Action

Dated: February 14, 2021          RYAN UNG

                            Ryan Ung

                            Named Plaintiff in the State Court Action

Dated: February 14, 2021          CHI CHENG

                            Chi Cheng

                            Named Plaintiff in the State Court Action

Dated: February 14, 2021          ALICE ROSEN

                            Alice Rosen

                            Named Plaintiff in the State Court Action

Dated: February 14, 2022    DR. BRIAN K. LENTZ

          Dr. Brian K. Lentz

          Named Plaintiff in the MDL Action

Dated: February 14, 2022    MICHAEL VICKERY

          Michael Vickery

          Named Plaintiff in the MDL Action

Dated: February 14, 2022    CYNTHIA QUINN

          Cynthia Quinn

          Named Plaintiff in the MDL Action

Dated: February 14, 2021    RYAN UNG

          Ryan Ung

          Named Plaintiff in the State Court Action

Dated: February 14, 2021    CHI CHENG

          Chi Cheng

          Named Plaintiff in the State Court Action

Dated: February 14, 2021    ALICE ROSEN

          Alice Rosen

          Named Plaintiff in the State Court Action

Dated: February 14, 2022           DR. BRIAN K. LENTZ

                                     Dr. Brian K. Lentz

                                     Named Plaintiff in the MDL Action

Dated: February 14, 2022           MICHAEL VICKERY

                                     Michael Vickery

                                     Named Plaintiff in the MDL Action

Dated: February 14, 2022           CYNTHIA QUINN

                                     Cynthia Quinn

                                     Named Plaintiff in the MDL Action

Dated: February 14, 2021           RYAN UNG

                                     Ryan Ung

                                     Named Plaintiff in the State Court Action

Dated: February 14, 2021           CHI CHENG

                                     Kim E. Richman, on behalf of Chi Cheng

                                     Named Plaintiff in the State Court Action

Dated: February 14, 2021           ALICE ROSEN

                                     Alice Rosen

                                     Named Plaintiff in the State Court Action

# Exhibit 1A

**IN RE FACEBOOK INTERNET TRACKING LITIGATION**
Case No. 12-md-02314-EJD (N.D. Cal.)

<u>List of Related Cases</u>

| THE CONSOLIDATED CLASS ACTIONS | | |
|---|---|---|
| **Caption** | **Original Court and Case Number** | **N.D. Cal. Case Number (post-transfer)** |
| *Parrish v. Facebook Inc.* | ALN/2:11-cv-03576 | 5:12-cv-00667-EJD |
| *Campbell v. Facebook, Inc. et al* | ARW/5:11-cv-05266 | 5:12-cv-00796-EJD |
| *Beatty v. Facebook Incorporated et al.* | AZ/2:11-cv-01964 | 5:12-cv-00668-EJD |
| *Joon Khang v. Facebook Inc.* | CAC/8:12-cv-00161 | 5:12-cv-00825-EJD |
| *Carroll v. Facebook, Inc.* | CAN/3:12-cv-00370 | 5:12-cv-00370-EJD |
| *Davis et al v. Facebook, Inc.* | CAN/5:11-cv-04834 | 5:11-cv-04834-EJD |
| *Brkic v. Facebook, Inc.* | CAN/5:11-cv-04935 | 5:11-cv-04935-EJD |
| *Quinn v. Facebook, Inc. et al.* | HI/1:11-cv-00623 | 5:12-cv-00797-EJD |
| *Howard v. Facebook, Inc. et al.* | ILS/3:11-cv-00895 | 5:12-cv-00671-EJD |
| *Graham v. Facebook, Inc. et al.* | KS/2:11-cv-02556 | 5:12-cv-00673-EJD |
| *Hoffman v. Facebook, Inc. et al.* | KYW/5:11-cv-00166 | 5:12-cv-00674-EJD |
| *Seamon v. Facebook, Inc.* | LAM/3:11-cv-00689 | 5:12-cv-00675-EJD |
| *Thompson v. Facebook, Inc.* | MOW/2:11-cv-04256 | 5:12-cv-00676-EJD |
| *Rutledge v. Facebook, Inc.* | MSN/3:11-cv-00133 | 5:12-cv-00669-EJD |
| *Walker v. Facebook, Inc.* | MT/1:11-cv-00118 | 5:12-cv-00798-EJD |
| *Maloney v. Facebook, Inc. et al.* | OHS/2:12-cv-00078 | 5:12-cv-00824-EJD |
| *Burdick et al v. Facebook Inc et al.* | OKW/5:11-cv-01214 | 5:12-cv-00799-EJD |
| *Stravato v. Facebook, Inc.* | RI/1:11-cv-00624 | 5:12-cv-00800-EJD |
| *Maguire, et al. v. Facebook, Inc.* | CAN/5:12-cv-0807 | 5:12-cv-00807-EJD |
| *Vickery v. Facebook, Inc.* | WAW/2:11-cv-01901 | 5:12-cv-00801-EJD |
| *Singley v. Facebook, Inc.* | TXW/1:11-cv-00874 | 5:12-cv-00670-EJD |

| THE PRO SE ACTIONS (NOT CONSOLIDATED) | |
|---|---|
| **Caption** | **N.D. Cal. Case Number** |
| *Knox v. Facebook, Inc.* | 5:11-cv-05699-EJD (*pro se*) |
| *Gayfield v. Facebook, Inc.* | 5:11-cv-05700-EJD (*pro se*) |
| *Guyton v. Facebook, Inc.* | 5:11-cv-05701-EJD (*pro se*) |
| *Wood v. Facebook, Inc.* | 5:11-cv-05763-EJD (*pro se*) |
| *Valentine v. Facebook, Inc.* | 5:11-cv-05764-EJD (*pro se*) |
| *McClinton v. Facebook, Inc.* | 5:11-cv-06367-EJD (*pro se*) |
| *Thomas v. Facebook, Inc.* | 5:11-cv-06607-EJD (*pro se*) |
| *Sanders v. Facebook, Inc.* | 5:11-cv-06645-EJD (*pro se*) |
| *Skiles v. Facebook, Inc.* | 5:12-cv-00468-EJD (*pro se*) |

| THE STATE COURT ACTION | | |
|---|---|---|
| **Caption** | **Case Number** | **Court** |
| *Ung v. Facebook, Inc.* | 112-cv-217244 | California Superior |

Exhibit 1B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE FACEBOOK INTERNET
TRACKING LITIGATION

Case No. 5:12-MD-2314-EJD

**DECLARATION OF STEVEN
WEISBROT OF ANGEION GROUP, LLC
<u>RE: PROPOSED NOTICE PLAN</u>**

I, Steven Weisbrot, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). Angeion specializes in designing, developing, analyzing and implementing large-scale, unbiased, legal notification plans.

2.      I have personal knowledge of the matters stated herein. In forming my opinions regarding notice in this action, I have drawn from my extensive class action experience, as described below.

3.      I have been responsible in whole or in part for the design and implementation of hundreds of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history. I have taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration, generally. I am the

author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class Action and Derivative Section Newsletter, and I am a frequent speaker on notice issues at conferences throughout the United States and internationally.

4.      I was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB") and I am co-author of the Digital Media section of Duke Law's *Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23* and the soon to be published George Washington Law School Best Practices Guide to Class Action Litigation.

5.      I have given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media and print publication, in effecting Due Process notice, and I have met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and offered an educational curriculum for the judiciary concerning notice procedures.

6.      Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants, an experienced notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice.

7.      My notice work comprises a wide range of class actions that include data breach, mass disasters, product defect, false advertising, employment discrimination, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases.

8.      I have been at the forefront of infusing digital media, as well as big data and advanced targeting, into class action notice programs. Courts have repeatedly recognized my work in the design of class action notice programs. A comprehensive summary of judicial recognition Angeion has received is attached hereto as **Exhibit A**.

9.      By way of background, Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team

at Angeion has overseen more than 2,000 class action settlements and distributed over \$15 billion to Settlement Class Members. The executive profiles as well as the company overview are available at https://www.angeiongroup.com/our_team.php.

10.     As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services.

11.     This declaration will describe the Notice Plan for the Settlement Class that, if approved by the Court, Angeion will implement in this matter, including the considerations that informed the development of the plan and why I believe it will provide due process to Settlement Class Members.  In my professional opinion and that of my team, the Notice Program described herein is the best practicable notice under the circumstances and fulfills all due process requirements, fully comporting with Fed. R. Civ. P. 23.

**OVERVIEW OF THE NOTICE PLAN**

12.     The proposed Notice Plan provides for individual direct notice via email to all reasonably identifiable Settlement Class Members, combined with a robust media campaign consisting of state-of-the-art targeted internet notice, social media notice, and a paid search campaign. The Notice Plan also provides for the implementation of a dedicated Settlement Website and a toll-free telephone line where Settlement Class Members can learn more about their rights and options pursuant to the terms of the Settlement and a customized claim stimulation package (the "Claim Stimulation Package") to further diffuse news of the Settlement.

13.     As discussed in greater detail below, the media campaign component of the Notice Plan is designed to deliver an approximate 70.24% reach with an average frequency of 2.12 times. This number is calculated using objective syndicated advertising data relied upon by most advertising agencies and brand advertisers. It is further verified by sophisticated media software and calculation engines that cross reference which media is being purchased with the media habits of our specific Target Audience. What this means in practice is that 70.24% of our Target Audience will see a digital advertisement concerning the Settlement an average of 2.12 times

each.  The 70.24% reach approximation is for the media campaign component of the Notice Plan only, and *does not include* other components of the Notice Plan, including the direct notice efforts, dedicated Settlement Website, toll-free telephone line, and the Claim Stimulation Package, all of which are difficult to measure in terms of reach percentage but will nonetheless provide awareness and further diffuse news of the Settlement to Settlement Class Members.

14.     Additionally, Angeion will be able to garner results of the direct notice efforts and provide the Court with the overall reach percentage for the combined direct and media notice components of this Notice Plan, which is likely to greatly exceed the 70.24% reach approximation for just the media notice component of the Notice Plan. Angeion will also be able to provide the Court with data relating to the efficacy of the other components of the Notice Plan, *e.g.*, the number of visits to the dedicated Settlement Website.

15.     The Federal Judicial Center states that a publication notice plan that reaches 70% of class members is one that reaches a "high percentage" and is within the "norm." Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, "Managing Class Action Litigation: A Pocket Guide or Judges", at 27 (3d Ed. 2010).

## <u>DIRECT NOTICE</u>

16.     Angeion has been informed that it will receive from Defendant email addresses for approximately 124,000,000 Settlement Class Members. Angeion will cause Email Notice to be sent to all valid Settlement Class Member email addresses provided to Angeion.

17.     As an initial matter, Angeion designs the email notice to avoid many common "red flags" that might otherwise cause a potential Settlement Class Members' spam filter to block or identify the email notice as spam. For instance, Angeion does not include attachments to the email notice because attachments are often interpreted by various Internet Service Providers ("ISP") as spam. Rather, in accordance with industry best practices, Angeion includes a link to all operative documents so that Settlement Class Members can easily access this information.

18.     Angeion will employ additional methods to help ensure that as many Settlement Class Members as possible receive notice via email. Specifically, prior to distributing email notice,

Angeion will engage in an email updating process to help ensure the accuracy of recipient email addresses. This email cleansing process removes extra spaces, fixes common typographical errors in domain names, and corrects insufficient domain suffixes (e.g., gmal.com to gmail.com, gmail.co to gmail.com, yaho.com to yahoo.com, etc.). After the cleansing process, those email addresses will then be subjected to an email validation process whereby each email address is compared to known bad email addresses.[1] Additionally, the email addresses are further verified by contacting the ISP to determine if the email addresses exist.

19.    Angeion also accounts for the real-world reality that some emails will inevitably fail to be delivered during the initial delivery attempt. Therefore, after the initial Email Notice campaign is complete, and following an approximately 24-72-hour rest period that allows any temporary block at the ISP level to expire, Angeion causes a second round of Email Notice to any email addresses that were previously identified as soft bounces[2] and not delivered. In our experience, this process minimizes emails that may have erroneously failed to deliver due to sensitive servers and optimizes delivery.

20.    Angeion will also cause a reverse look-up ("append") to be performed to locate updated email addresses for Subscriber Class Members whose Email Notice could not be delivered. Specifically, Angeion utilizes a network of data partners[3] to aggregate a combination of first- and third-party consumer data to source, update, and verify email addresses. The append matches email addresses to the data points provided (in this case, names and email addresses) as a validity check. The email addresses obtained via the append search will be used to effectuate a second attempt to provide Email Notice to Subscriber Class Members whose email addresses were previously identified as soft bounces.

---

[1] Angeion maintains a database of email addresses that were returned as permanently undeliverable, commonly referred to as a "hard bounce," from prior email notice campaigns. Where an address has been returned as a hard bounce within the last year, that email is designated as a "known bad email address."

[2] A soft bounce typically indicates a temporary delivery issue, while a hard bounce typically indicates a permanent reason an email cannot be delivered.

[3] Our data partners typically include Experian, Dun & Bradstreet, LexisNexis, and IDI.

21.     At the completion of the Email Notice campaign, Angeion will report to the Court concerning the rate of delivered emails and will also account for any emails that are blocked at the ISP level, such as hard bounces. In short, the Court will possess a detailed, verified account of the success rate of the entire direct notice campaign.

## MEDIA NOTICE

**Programmatic Display Advertising**

22.     Angeion will utilize a form of internet advertising known as Programmatic Display Advertising, which is the leading method of buying digital advertisements in the United States to provide notice of the Settlement to Settlement Class Members.[4] The media notice outlined below is strategically designed to provide notice of the Settlement to  Settlement Class Members by driving them to the dedicated Settlement Website where they can learn more about the Settlement, including their rights and options.

23.     To develop the media notice campaign and to verify its effectiveness, our media team analyzed data from 2021 comScore Multi-Platform//GfK MRI Media + Fusion[5] (the "Objective Syndicated Data") to profile the Settlement Class and arrive at an appropriate Target Audience based on criteria pertinent to this Settlement. Specifically, the following syndicated research definition was used to profile potential Settlement Class Members: "Adults 18+".

24.     This broad Target Audience definition allows us to target both current and former

---

[4] Programmatic Display Advertising is a trusted method specifically utilized to reach defined target audiences. It has been reported that U.S. advertisers spent nearly $65.74 billion on programmatic display advertising in 2020, and it is estimated that almost 86.5%, or $81.58 billion, of all U.S. digital display ad dollars will transact programmatically in 2021.   *See*   https://www.emarketer.com/content/us-programmatic-digital-display-advertising-outlook-2021.   In laypeople's terms, programmatic display advertising is a method of advertising where an algorithm identifies and examines demographic profiles and uses advanced technology to place advertisements on the websites where members of the audience are most likely to visit (these websites are accessible on computers, mobile phones and tablets

[5] GfK MediaMark Research and Intelligence LLC ("GfK MRI") provides demographic, brand preference and media-use habits, and captures in-depth information on consumer media choices, attitudes, and consumption of products and services in nearly 600 categories. comSCORE, Inc. ("comSCORE") is a leading cross-platform measurement and analytics company that precisely measures audiences, brands, and consumer behavior, capturing 1.9 trillion global interactions monthly. comSCORE's proprietary digital audience measurement methodology allows marketers to calculate audience reach in a manner not affected by variables such as cookie deletion and cookie blocking/rejection, allowing these audiences to be reach more effectively. comSCORE operates in more than 75 countries, including the United States, serving over 3,200 clients worldwide.

Facebook users.  The syndicated research shows that 84% of adults 18 years and older use Facebook or have an account[6].  The Target Audience definition would include not only the significant majority of adults who use or have a Facebook account, but also the adults who may have deleted their Facebook accounts.

25.     Based on the Target Audience definition used, the size of the Target Audience for the media notice campaign is approximately 252.8 million individuals in the United States. It is important to note that the Target Audience is distinct from the class definition, as is commonplace in class action notice plans. Utilizing an overinclusive proxy audience maximizes the efficacy of the Notice Plan and is considered a best practice among media planners and class action notice experts alike. Using proxy audiences is also commonplace in both class action litigation and advertising generally[7].

26.     Additionally, the Target Audience is based on Objective Syndicated Data , which is routinely used by advertising agencies and experts to understand the demographics, shopping habits and attitudes of the consumers that they are seeking to reach[8]. Using this form of objective data will allow the parties to report the reach and frequency to the Court with confidence that the reach percentage and the number of exposure opportunities comply with due process and exceed the Federal Judicial Center's threshold as to reasonableness in notification programs. Virtually all professional advertising agencies and commercial media departments use Objective Syndicated Data tools, like the ones described above, to quantify net reach. Sources like these guarantee that advertising placements can be measured against an objective basis and confirm that the reporting statistics are not overstated. Objective Syndicated Data tools are ubiquitous tools in a media

---

[6] Source: 2021 comScore Multi-Platform//GfK MRI Media + Fusion

[7] If the total population base (or number of class members) is unknown, it is accepted advertising and communication practice to use a proxy-media definition, which is based on accepted media research tools and methods that will allow the notice expert to establish that number. The percentage of the population reached by supporting media can then be established. Duke Law School, GUIDELINES AND BEST PRACTICES IMPLEMENTING 2018 AMENDMENTS TO RULE 23 CLASS ACTION SETTLEMENT PROVISIONS, at 56.

[8] The notice plan should include an analysis of the makeup of the class. The target audience should be defined and quantified. This can be established through using a known group of customers, or it can be based on a proxy-media definition. Both methods have been accepted by the courts and, more generally, by the advertising industry, to determine a population base. Id at 56.

planner's arsenal and are regularly accepted by courts in evaluating the efficacy of a media plan or its component parts. Understanding the socioeconomic characteristics, interests and practices of a target group aids in the proper selection of media to reach that target. Here, the Target Audience has been reported to have the following characteristics:

- 50.51% are ages 25-54, with a median age of 47.5 years old

- 51.70% are female

- 52.93% are now married

- 35.62% have children

- 33.77% have received a bachelor's or post-graduate degree

- 45.54% are currently employed full time

- The average household income is $78,400

- 84% have used Facebook in the last 30 days

27.    To identify the best vehicles to deliver messaging to the Target Audience, the media quintiles, which measure the degree to which an audience uses media relative to the general population, were reviewed. Here, the Objective Syndicated Data shows that members of the Target Audience spend an average of approximately 29.5 hours per month on the internet.

28.    Given the strength of digital advertising, as well as our Target Audience's consistent internet use, we recommend utilizing a robust internet advertising campaign to reach Settlement Class Members. This media schedule will allow us to deliver an effective reach level and frequency, which will provide due and proper notice to the Settlement Class.

29.    Multiple targeting layers will be implemented into the programmatic campaign to help ensure delivery to the most appropriate users, inclusive of the following tactics:

- <u>Look-a-like Modeling</u>: This technique utilizes data methods to build a look-a-like audience against known Settlement Class Members.

- <u>Predictive Targeting</u>: This technique allows technology to "predict" which users will be served by the advertisements about the Settlement.

- <u>Audience Targeting</u>: This technique utilizes technology and data to serve the impressions

to the intended audience based on demographics, purchase behaviors and interests.

- <u>Site Retargeting</u>: This technique is a targeting method used to reach potential Settlement Class Members who have already visited the dedicated Settlement Website while they browsed other pages. This allows Angeion to provide a potential Settlement Class Member sufficient exposure to an advertisement about the Settlement.

- <u>Geotargeting</u>: The campaign will be targeted nationwide. If sufficient data is available, the campaign will leverage a weighted delivery based on the geographic spread of the Target Audience throughout the country.

30.    To combat the possibility of non-human viewership of the digital advertisements and to verify effective unique placements, Angeion employs Oracle's BlueKai, Adobe's Audience Manger and/or Lotame, which are demand management platforms ("DMP"). DMPs allow Angeion to learn more about the online audiences that are being reached. Further, online ad verification and security providers such as Comscore Content Activation, DoubleVerify, Grapeshot, Peer39 and Moat will be deployed to provide a higher quality of service to ad performance.

**Social Media**

31.    The Notice Plan also includes a social media campaign utilizing Twitter, TikTok and Reddit. The social media campaign uses an interest-based approach which focuses on the interests that users exhibit while on these social media platforms.

32.    The social media campaign will engage with the Target Audience desktop sites, mobile sites and mobile apps.  Additionally, specific tactics will be implemented to further qualify and deliver impressions to the Target Audience. *Look-a-like modeling* allows the use of consumer characteristics to serve ads. Based on these characteristics, we can build different consumer profile segments to ensure the Notice Plan messaging is delivered to the proper audience. *Conquesting* allows ads to be served in relevant placements to further alert potential Settlement Class Members. The social media ads will further be geo-targeted with a weighted delivery to account for the geographics of the Target Audience if this information is available.

33.     The social media campaign will coincide with the programmatic display advertising portion of the Notice Plan. Combined, the media notice efforts are designed to deliver approximately 376 million impressions.

**Paid Search Campaign**

34.     The Notice Plan also includes a paid search campaign on Google to help drive Settlement Class Members who are actively searching for information about the Settlement to the dedicated Settlement Website. Paid search ads will complement the programmatic and social media campaigns, as search engines are frequently used to locate a specific website, rather than a person typing in the URL. Search terms would relate to not only the Settlement itself but also the subject matter of the litigation. In other words, the paid search ads are driven by the individual user's search activity, such that if that individual searches for (or has recently searched for) the Settlement, litigation or other terms related to the Settlement, that individual could be served with an advertisement directing them to the Settlement Website.

<u>CLAIMS STIMULATION PACKAGE</u>

35.     In addition to the above-described notice efforts, Angeion will implement a customized and strategic Claims Stimulation Package consisting of sponsored listings on two leading class action settlement websites and active listening on Twitter, as described below. Importantly, the other components of the Notice Plan described above are designed to provide Settlement Class Members the relevant information about this litigation and give them the opportunity to determine whether they wish to opt out, object, or file a claim in this Settlement; whereas the Claims Stimulation Package is designed specifically to increase the number of claims filed, and employs best practices, including by disseminating a direct link to the claim-submission page of the Settlement Website and using simplified language and earned media (*i.e.*, mainstream and social media attention) this proposed Settlement may receive.

36.     The Claims Stimulation noticing will use simplified messaging specifically designed to drive Settlement Class Members to the Settlement Website and ultimately submit a

claim. The timing of the additional noticing is intended to capitalize on the earned media this proposed Settlement is likely to receive given the popularity of Defendant's Facebook platform.

**Sponsored Class Action Website Listings**

37.     Angeion will cause the Settlement to be listed and promoted through two leading class action settlement websites: www.topclassactions.com and www.classaction.org.  These sites are known to create awareness of pending settlements among consumers and, while not measured in terms of the reported reach percentage, will be instrumental in seeding and disbursing news of the underlying Settlement. Top Class Actions averages 3 million monthly visitors, has approximately 900,000 newsletter subscribers and 145,000 Facebook followers.  ClassAction.org averages 100,000 page-views per month and has approximately 130,000 newsletter subscribers. Representative samples of listings on Top Class Actions and ClassAction.org can be viewed on their respective websites.

38.     The promotion on these websites is not capable of precise reach calculations and are thus not included in the reach and frequency figures presented to the Court.  Nonetheless, this mechanism will serve an important function in that it will help stimulate interest in the Settlement and drive Settlement Class Members to the dedicated Settlement Website to read and understand their rights and options under the Settlement.

**Social Media**

39.     Angeion will also cause the Settlement to be promoted on Twitter.   Our methodology includes an "active listening" component wherein we monitor Twitter traffic for discussion of the Settlement, and actively provide notice and/or answers to frequently asked question via Twitter as appropriate. This active listening component is separate and distinct from the social media campaign component of the Media Notice efforts.

**<u>SETTLEMENT WEBSITE & TOLL-FREE TELEPHONE LINE SUPPORT</u>**

40.     The Notice Plan will also implement the creation of a case-specific Settlement Website, where Settlement Class Members can easily view general information about this Settlement, review relevant Court documents, and view important dates and deadlines pertinent to

the Settlement.  The Settlement Website will be designed to be user-friendly and make it easy for Settlement Class Members to find information about this case. The Settlement Website will also have a "Contact Us" page whereby Settlement Class Members can send an email with any additional questions to a dedicated email address.  Likewise, Settlement Class Members will also be able to submit a claim form online via the Settlement Website. The long-form notice posted on the website will be available in English and Spanish.

41.     A toll-free hotline devoted to this case will be implemented to further apprise Settlement Class Members of their rights and options pursuant to the terms of the Settlement.  The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Settlement. This hotline will be accessible 24 hours a day, 7 days a week in English and Spanish.  Additionally, Settlement Class Members will be able to request a copy of the Long-Form Notice or Claim Form via the toll-free hotline.

42.     Following the implementation of the Notice Plan, Angeion will be able to garner and provide the Court with data relating to the efficacy of the Settlement Website and the toll-free hotline.  For example, Angeion will be able to determine the number of visits that were made to the Settlement Website or the number of IVR minutes that were used through the toll-free hotline.

## REACH AND FREQUENCY

43.     This declaration describes the reach and frequency evidence which courts systemically rely upon in reviewing class action publication notice programs for adequacy.  The reach percentage exceeds the guidelines as set forth in the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide to effectuate a notice program which reaches a high degree of Settlement Class Members.

44.     Specifically, the media campaign portions of the Notice Plan are designed to deliver an approximate 70.24% reach with an average frequency of 2.12 times each.  It should be noted that the 70.24% reach approximation does not include the direct notice efforts, impressions garnered through the Claim Stimulation Package, the dedicated Settlement Website or the toll-free

hotline, because the impacts of these components are not currently able to be estimated and thus cannot be included in the reach percentage.  Following the implementation of the Notice Plan, Angeion will be able to garner results of both the direct notice efforts and the media campaign, and provide the Court with the overall reach percentage for the combined notice components, which is likely to greatly exceed the 70.24% reach approximation for the media campaign portion.

### NOTICE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005

45.    Within ten days of the filing of the Class Action Settlement Agreement and Release with this Court, Angeion will cause notice to be disseminated to the appropriate state and federal officials pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. §1715.

### PLAIN LANGUAGE NOTICE DESIGN

46.    The proposed Notice forms used in this matter are designed to be "noticed," reviewed, and by presenting the information in plain language, understood by members of the Settlement Class. The design of the notices follows the principles embodied in the Federal Judicial Center's illustrative "model" notices posted at www.fjc.gov. The notice forms contain plain-language summaries of key information about the rights and options of members of the Settlement Class pursuant to the Settlement. Consistent with normal practice, prior to being delivered and published, all notice documents will undergo a final edit for accuracy.

47.    Rule 23(c)(2) of the Federal Rules of Civil Procedure requires class action notices to be written in "plain, easily understood language."  Angeion Group maintains a strong commitment to adhering to this requirement, drawing on its experience and expertise to craft notices that effectively convey the necessary information to Settlement Class Members in plain language.

### CONCLUSION

48.    The Notice Plan outlined above includes direct notice to all reasonably identifiable Settlement Class Members, bolstered by a robust media campaign consisting of state-of-the-art internet advertising, a comprehensive social media campaign and a paid search campaign.  The Notice Plan also provides for a carefully tailored claims stimulation package to further diffuse

notice of the Settlement and remind Settlement Class Members of their ability to submit claims during the claim filing period and includes the implementation of a dedicated Settlement Website and toll-free hotline to further inform Settlement Class Members of their rights and options in the Settlement.

49.     In my professional opinion and that of my team, the Notice Plan described herein will provide full and proper notice to Settlement Class Members before the claims, opt-out, and objection deadlines.   Moreover, it is my opinion that the Notice Plan is the best notice that is practicable under the circumstances and fully comports with due process and Fed. R. Civ. P. 23. After the Notice Plan has been executed, Angeion will provide a final report verifying its effective implementation to this Court.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 11, 2021

STEVEN WEISBROT

# Exhibit A



# INNOVATION
## IT'S PART OF OUR DNA

class action  |  mass tort  |  legal noticing  |  litigation support



# Judicial Recognition

©  Angeion Group, LLC



***IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION***
**Case No. 5:18-md-02827**

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 17, 2021):   Angeion undertook a comprehensive notice campaign...The program was well executed, far-reaching, and exceeded both Federal Rule of Civil Procedure 23(c)(2)(B)'s requirement to provide the "best notice that is practicable under the circumstances" and Rule 23(e)(1)(B)'s requirement to provide "direct notice in a reasonable manner."

***IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION***
**Case No. 1:20-cv-04699**

The Honorable John Z. Lee, United States District Court, Northern District of Illinois (October 1, 2021):  The Court approves, as to form and content, the proposed Class Notices submitted to the Court. The Court finds that the Settlement Class Notice Program outlined in the Declaration of Steven Weisbrot on Settlement Notices and Notice Plan (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all requirements of applicable law, Federal Rule of Civil Procedure 23, and due process.

***IN RE: GOOGLE PLUS PROFILE LITIGATION***
**Case No. 5:18-cv-06164**

The Honorable Edward J. Davila, United States District Court, Northern District of California (January 25, 2021):  The Court further finds that the program for disseminating notice to Settlement Class Members provided for in the Settlement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes best notice reasonably calculated under the circumstances to apprise Settlement Class Members...

***CAMERON v. APPLE INC.***
**Case No. 4:19-cv-03074**

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 16, 2021): The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.



***RISTO v. SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO A***
**Case No. 2:18-cv-07241**

The Honorable Christina A. Snyder, United States District Court, Central District of Cali
(November 12, 2021):  The Court approves the publication notice plan presented to this
as it will provide notice to potential class members through a combination of tradition
digital media that will consist of publication of notice via press release, programmatic c
digital advertising, and targeted social media, all of which will direct Class Members
Settlement website...The notice plan satisfies any due process concerns as this
certified the class under Federal Rule of Civil Procedure 23(b)(1)...

***JENKINS v. NATIONAL GRID USA SERVICE COMPANY, INC.***
**Case No. 2:15-cv-01219**

The Honorable Joanna Seybert, United States District Court, Eastern District of New York
(November 8, 2021):  Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves
the proposed Notice Plan and procedures set forth at Section 8 of the Settlement, including
the form and content of the proposed forms of notice to the Settlement Class attached as
Exhibits C-G to the Settlement and the proposed procedures for Settlement Class Members
to exclude themselves from the Settlement Class or object. The Court finds that the proposed
Notice Plan meets the requirements of due process under the United States Constitution
and Rule 23, and that such Notice Plan—which includes direct notice to Settlement Class
Members sent via first class U.S. Mail and email; the establishment of a Settlement Website
(at the URL, www.nationalgridtcpasettlement.com) where Settlement Class Members can
view the full settlement agreement, the detailed long-form notice (in English and Spanish),
and other key case documents; publication notice in forms attached as Exhibits E and F to
the Settlement sent via social media (Facebook and Instagram) and streaming radio (e.g.,
Pandora and iHeart Radio). The Notice Plan shall also include a paid search campaign on
search engine(s) chosen by Angeion (e.g., Google) in the form attached as Exhibits G and the
establishment of a toll-free telephone number where Settlement Class Members can get
additional information—is the best notice practicable under the circumstances and shall
constitute due and sufficient notice to all persons entitled thereto.

***NELLIS v. VIVID SEATS, LLC***
**Case No. 1:20-cv-02486**

The Honorable Robert M. Dow, Jr., United States District Court, Northern District of Illinois
(November 1, 2021):  The Notice Program, together with all included and ancillary documents
thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably
calculated under the circumstances to apprise members of the Settlement Class of the
pendency of the Litigation...(c) constituted reasonable, due, adequate and sufficient notice
to all Persons entitled to receive notice; and (d) met all applicable requirements of due
process and any other applicable law. The Court finds that Settlement Class Members have
been provided the best notice practicable of the Settlement and that such notice fully
satisfies all requirements of law as well as all requirements of due process.

# JUDICIAL RECOGNITION

### *BIEGEL v. BLUE DIAMOND GROWERS*
### Case No. 7:20-cv-03032

The Honorable Cathy Seibel, United States District Court, Southern District of New York (October 25, 2021): The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action…and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

### *QUINTERO v. SAN DIEGO ASSOCIATION OF GOVERNMENTS*
### Case No. 37-2019-00017834-CU-NP-CTL

The Honorable Eddie C. Sturgeon, Superior Court of the State of California, County of San Diego (September 27, 2021): The Court has reviewed the class notices for the Settlement Class and the methods for providing notice and has determined that the parties will employ forms and methods of notice that constitute the best notice practicable under the circumstances; are reasonably calculated to apprise class members of the terms of the Settlement and of their right to participate in it, object, or opt-out; are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet all constitutional and statutory requirements, including all due process requirements and the California Rules of Court.

### *HOLVE v. MCCORMICK & COMPANY, INC.*
### Case No. 6:16-cv-06702

The Honorable Mark W. Pedersen, United States District Court for the Western District of New York (September 23, 2021): The Court finds that the form, content and method of giving notice to the Class as described in the Settlement Agreement and the Declaration of the Settlement Administrator: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action…(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

### *CULBERTSON T AL. v. DELOITTE CONSULTING LLP*
### Case No. 1:20-cv-03962

The Honorable Lewis J. Liman, United States District Court, Southern District of New York (August 27, 2021): The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

# JUDICIAL RECOGNITION



### PULMONARY ASSOCIATES OF CHARLESTON PLLC v. GREENWAY HEALTH, LLC
**Case No. 3:19-cv-00167**

The Honorable Timothy C. Batten, Sr., United States District Court, Northern District of Georgia (August 24, 2021): Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot filed on July 2, 2021, and the Settlement Agreement and Release, including notice by First Class U.S. Mail and email to all known Class Members, is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and due process.

### IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)
**Case No. 6:20-md-02977**

The Honorable Robert J. Shelby, United States District Court, Eastern District of Oklahoma (August 23, 2021): The Court approves the method of notice to be provided to the Settlement Class as set forth in Plaintiffs' Motion and Memorandum of Law in Support of Motion for Approval of the Form and Manner of Class Notice and Appointment of Settlement Administrator and Request for Expedited Treatment and the Declaration of Steven Weisbrot on Angeion Group Qualifications and Proposed Notice Plan...The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement, their right to opt out and be excluded from the Settlement Class, and to object to the Settlement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

### ROBERT ET AL. v. AT&T MOBILITY, LLC
**Case No. 3:15-cv-03418**

The Honorable Edward M. Chen, United States District Court, Northern District of California (August 20, 2021): The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as supplemental notice via a social media notice campaign and reminder email and SMS notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of this Action ...(d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process under the U.S. Constitution, and any other applicable law.

### PYGIN v. BOMBAS, LLC
**Case No. 4:20-cv-04412**

The Honorable Jeffrey S. White, United States District Court, Northern District of California (July 12, 2021): The Court also concludes that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the Scope of the Settlement Class, the terms of the Settlement Agreement, the

right of Settlement Class Members to object to the Settlement Agreement or ex
themselves from the Settlement Class and the process for doing so, and of the Final App
Hearing. Accordingly, the Court approves the Class Notice and Notice Program and the
Form.

### *WILLIAMS ET AL. v. RECKITT BENCKISER LLC ET AL.*
### Case No. 1:20-cv-23564

The Honorable Jonathan Goodman, United States District Court, Southern District of F
(April 23, 2021):  The Court approves, as to form and content, the Class Notice and In
Notice submitted by the parties (Exhibits B and D to the Settlement Agreement or N
substantially similar thereto) and finds that the procedures described therein meet the
requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide
the best notice practicable under the circumstances. The proposed Class Notice Plan --
consisting of (i) internet and social media notice; and (ii) notice via an established a
Settlement Website -- is reasonably calculated to reach no less than 80% of the Settlement
Class Members.

### *NELSON ET AL. v. IDAHO CENTRAL CREDIT UNION*
### Case No. CV03-20-00831, CV03-20-03221

The Honorable Robert C. Naftz, Sixth Judicial District, State of Idaho, Bannock County (January
19, 2021):  The Court finds that the Proposed Notice here is tailored to this Class and
designed to ensure broad and effective reach to it...The Parties represent that the operative
notice plan is the best notice practicable and is reasonably designed to reach the settlement
class members. The Court agrees.

### *IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION*
### Case No. 3:20-cv-00812

The Honorable Edward M. Chen, United States District Court, Northern District of California
(December 29, 2020):  The Court finds that the Class Notice and Notice Program satisfy the
requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide
the best notice practicable under the circumstances.

### *IN RE: PEANUT FARMERS ANTITRUST LITIGATION*
### Case No. 2:19-cv-00463

The Honorable Raymond A. Jackson, United States District Court, Eastern District of Virginia
(December 23, 2020):  The Court finds that the Notice Program...constitutes the best notice
that is practicable under the circumstances and is valid, due and sufficient notice to all
persons entitled thereto and complies fully with the requirements of Rule 23(c)(2) and the
due process requirements of the Constitution of the United States.

### *BENTLEY ET AL. v. LG ELECTRONICS U.S.A., INC.*
### Case No. 2:19-cv-13554

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey
(December 18, 2020):  The Court finds that notice of this Settlement was given to Settlement

# JUDICIAL RECOGNITION



Class Members in accordance with the Preliminary Approval Order and constituted the notice practicable of the proceedings and matters set forth therein, including the Litig the Settlement, and the Settlement Class Members' rights to object to the Settlement out of the Settlement Class, to all Persons entitled to such notice, and that this satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

### *IN RE: ALLURA FIBER CEMENT SIDING PRODUCTS LIABILITY LITIGATION*
**Case No. 2:19-mn-02886**

The Honorable David C. Norton, United States District Court, District of South Ca (December 18, 2020): The proposed Notice provides the best notice practicable und circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

### *ADKINS ET AL. v. FACEBOOK, INC.*
**Case No. 3:18-cv-05982**

The Honorable William Alsup, United States District Court, Northern District of California (November 15, 2020): Notice to the class is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co., 399 U.S. 306, 314 (1650).*

### *IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION*
**Case No. 8:16-md-02737**

The Honorable Mary S. Scriven, United States District Court, Middle District of Florida (November 2, 2020): The Court finds and determines that mailing the Summary Notice and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.

### *MARINO ET AL. v. COACH INC.*
**Case No. 1:16-cv-01122**

The Honorable Valerie Caproni, United States District Court, Southern District of New York (August 24, 2020): The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their



rights to object to or exclude themselves from the proposed Settlement and other under the terms of the Settlement Agreement; (c) are reasonable and constitute adequate, and sufficient notice to all Settlement Class Members and other persons e to receive notice; and (d) meet all applicable requirements of law, including but not li to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United Constitution.  The Court further finds that all of the notices are written in plain langua readily understandable by Settlement Class Members, and are materially consistent wi Federal Judicial Center's illustrative class action notices.

### BROWN v. DIRECTV, LLC
### Case No. 2:13-cv-01170

The Honorable Dolly M. Gee, United States District Court, Central District of California (July 23, 2020):  Given the nature and size of the class, the fact that the class has no geographical limitations, and the sheer number of calls at issue, the Court determines that these methods constitute the best and most reasonable form of notice under the circumstances.

### IN RE: SSA BONDS ANTITRUST LITIGATION
### Case No. 1:16-cv-03711

The Honorable Edgardo Ramos, United States District Court, Southern District of New York (July 15, 2020):  The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

### KJESSLER ET AL. v. ZAAPPAAZ, INC. ET AL.
### Case No. 4:18-cv-00430

The Honorable Nancy F. Atlas, United States District Court, Southern District of Texas (July 14, 2020):  The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.

### HESTER ET AL. v. WALMART, INC.
### Case No. 5:18-cv-05225

The Honorable Timothy L. Brooks, United States District Court, Western District of Arkansas (July 9, 2020):  The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.



***CLAY ET AL. v. CYTOSPORT INC.***

**Case No. 3:15-cv-00165**

The Honorable M. James Lorenz, United States District Court, Southern District of California (June 17, 2020):  The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the established of a Settlement Website, as more fully described in the Agreement and the Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

***GROGAN v. AARON'S INC.***

**Case No. 1:18-cv-02821**

The Honorable J.P. Boulee, United States District Court, Northern District of Georgia (May 1, 2020):  The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

***CUMMINGS v. BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO, ET AL.***

**Case No. D-202-CV-2001-00579**

The Honorable Carl Butkus, Second Judicial District Court, County of Bernalillo, State of New Mexico (March 30, 2020): The Court has reviewed the Class Notice, the Plan of Allocation and Distribution and Claim Form, each of which it approves in form and substance. The Court finds that the form and methods of notice set forth in the Agreement: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the New Mexico Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws.

***SCHNEIDER, ET AL. v. CHIPOTLE MEXICAN GRILL, INC.***

**Case No. 4:16-cv-02200**

The Honorable Haywood S. Gilliam, Jr., United States District Court, Northern District of California (January 31, 2020):  Given that direct notice appears to be infeasible, the third-party settlement administrator will implement a digital media campaign and provide for publication notice in People magazine, a nationwide publication, and the East Bay Times. SA § IV.A, C; Dkt. No. 205-12 at ¶¶ 13–23. The publication notices will run for four consecutive weeks. Dkt. No. 205 at ¶ 23. The digital media campaign includes an internet banner notice implemented using a 60-day desktop and mobile campaign. Dkt. No. 205-12 at ¶ 18. It will

rely on "Programmatic Display Advertising" to reach the "Target Audience," Dkt. No. 21[...] ¶ 6, which is estimated to include 30,100,000 people and identified using the target defi[...] of "Fast Food & Drive-In Restaurants Total Restaurants Last 6 Months [Chipotle Me[...] Grill]," Dkt. No. 205-12 at ¶ 13. Programmatic display advertising utilizes "search targe[...] "category contextual targeting," "keyword contextual targeting," and "site targeting," to[...] ads. Dkt. No. 216-1 at ¶¶ 9–12. And through "learning" technology, it continues placin[...] on websites where the ad is performing well. Id. ¶ 7. Put simply, prospective Class Me[...] will see a banner ad notifying them of the settlement when they search for terms or we[...] that are similar to or related to Chipotle, when they browse websites that are catego[...] relevant to Chipotle (for example, a website related to fast casual dining or Mexican [...] and when they browse websites that include a relevant keyword (for example, a f[...] website with ads comparing fast casual choices). Id. ¶¶ 9–12. By using this technology, the [...] banner notice is "designed to result in serving approximately 59,598,000 impressions." Dkt. No. 205-12 at ¶ 18.

The Court finds that the proposed notice process is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." Roes, 944 F.3d at 1045 (citation omitted).

### HANLEY v. TAMPA BAY SPORTS AND ENTERTAINMENT LLC
### Case No. 8:19-cv-00550

The Honorable Charlene Edwards Honeywell, United States District Court, Middle District of Florida (January 7, 2020):  The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as Exhibits A-D to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

### CORCORAN, ET AL. v. CVS HEALTH, ET AL.
### Case No. 4:15-cv-03504

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 22, 2019):   Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court APPROVES Angeion Group LLC as the notice provider. Thus, the Court GRANTS the motion for approval of class notice provider and class notice program on this basis.

Having considered the parties' revised proposed notice program, the Court agrees th[at] parties' proposed notice program is the "best notice that is practicable unde[r the] circumstances." The Court is satisfied with the representations made regarding An[geion] Group LLC's methods for ascertaining email addresses from existing information [in the] possession of defendants. Rule 23 further contemplates and permits electronic not[ice to] class members in certain situations. See Fed. R. Civ. P. 23(c)(2)(B). The Court finds, in li[ght of] the representations made by the parties, that this is a situation that permits elec[tronic] notification via email, in addition to notice via United States Postal Service. Thus, the [Court] APPROVES the parties' revised proposed class notice program, and GRANTS the moti[on for] approval of class notice provider and class notice program as to notification via ema[il and] United States Postal Service mail.

### *PATORA v. TARTE, INC.*
### Case No. 7:18-cv-11760

The Honorable Kenneth M. Karas, United States District Court, Southern District of New York (October 2, 2019):  The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

### *CARTER, ET AL. v. GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC.*
### Case No. 2:16-cv-00633

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (September 9, 2019):  The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Ci vii Procedure, and any other applicable laws.

***CORZINE v. MAYTAG CORPORATION, ET AL.***

**Case No. 5:15-cv-05764**

The Honorable Beth L. Freeman, United States District Court, Northern District of Cali
(August 21, 2019):  The Court, having reviewed the proposed Summary Notice, the pro
FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed pl
distributing and disseminating each of them, finds and concludes that the proposed pl
provide the best notice practicable under the circumstances and satisfies all requirem
of federal and state laws and due process.

***MEDNICK v. PRECOR, INC.***

**Case No. 1:14-cv-03624**

The Honorable Harry D. Leinenweber, United States District Court, Northern District of
Illinois (June 12, 2019):  Notice provided to Class Members pursuant to the Preliminary Class
Settlement Approval Order constitutes the best notice practicable under the circumstances,
including individual email and mail notice to all Class Members who could be identified
through reasonable effort, including information provided by authorized third-party retailers
of Precor. Said notice provided full and adequate notice of these proceedings and of the
matter set forth therein, including the proposed Settlement set forth in the Agreement, to all
persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P.
Rule 23 (e) and (h) and the requirements of due process under the United States and
California Constitutions.

***GONZALEZ v. TCR SPORTS BROADCASTING HOLDING LLP, ET AL.***

**Case No. 1:18-cv-20048**

The Honorable Darrin P. Gayles, United States District Court, Southern District of Florida (May
24, 2019):  The Court finds that notice to the class was reasonable and the best notice
practicable under the circumstances, consistent with Rule 23(e)(1) and Rule 23(c)(2)(B).

***ANDREWS ET AL. v. THE GAP, INC., ET AL.***

**Case No. CGC-18-567237**

The Honorable Richard B. Ulmer Jr., Superior Court of the State of California, County of San
Francisco (May 10, 2019):  The Court finds that (a) the Full Notice, Email Notice, and
Publication constitute the best notice practicable under the circumstances, (b) they
constitute valid, due, and sufficient notice to all members of the Class, and (c) they comply
fully with the requirements of California Code of Civil Procedure section 382, California Rules
of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable
law.

***COLE, ET AL. v. NIBCO, INC.***

**Case No. 3:13-cv-07871**

The Honorable Freda L. Wolfson, United States District Court, District of New Jersey (April 11,
2019):  The record shows, and the Court finds, that the Notice Plan has been implemented
in the manner approved by the Court in its Preliminary Approval Order. The Court finds that
the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the



circumstances; (ii) was reasonably calculated, under the circumstances, to apprise
Settlement Class of the pendency of this..., (iii) due, adequate, and sufficient notice
Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements
United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, an
other applicable law.

### *DIFRANCESCO, ET AL. v. UTZ QUALITY FOODS, INC.*
**Case No. 1:14-cv-14744**

The Honorable Douglas P. Woodlock, United States District Court, District of Massach
(March 15, 2019):  The Court finds that the Notice plan and all forms of Notice to the Cl
set forth in the Settlement Agreement and Exhibits 2 and 6 thereto, as amended (the "Notice
Program"), is reasonably calculated to, under all circumstances, apprise the members of the
Settlement Class of the pendency of this action, the certification of the Settlement Class, the
terms of the Settlement Agreement, and the right of members to object to the settlement or
to exclude themselves from the Class. The Notice Program is consistent with the
requirements of Rule 23 and due process, and constitutes the best notice practicable under
the circumstances.

### *IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION*
**Case No. 3:17-md-02777**

The Honorable Edward M. Chen, United States District Court, Northern District of California
(February 11, 2019):  Also, the parties went through a sufficiently rigorous selection process
to select a settlement administrator. See Proc. Guidance for Class Action Sett. ¶ 2; see also
Cabraser Decl. ¶¶ 9-10. While the settlement administration costs are significant – an
estimated $1.5 million – they are adequately justified given the size of the class and the relief
being provided.

In addition, the Court finds that the language of the class notices (short and long-form) is
appropriate and that the means of notice – which includes mail notice, electronic notice,
publication notice, and social media "marketing" – is the "best notice...practicable under the
circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-
5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of
notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed
on February 8, 2019, so that notice will be more targeted and effective. See generally Docket
No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via
national newswire service, digital and social media marketing designed to enhance notice,
and "reminder" first-class mail notice when AEM becomes available).

Finally, the parties have noted that the proposed settlement bears similarity to the
settlement in the Volkswagen MDL. See Proc. Guidance for Class Action Sett. ¶ 11.

# JUDICIAL RECOGNITION



***RYSEWYK, ET AL. v. SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK AND COMPA***
## Case No. 1:15-cv-04519

The Honorable Manish S. Shah, United States District Court, Northern District of I (January 29, 2019):  The Court holds that the Notice and notice plan as carried out satis requirements of Rule 23(e) and due process. This Court has previously held the Notice notice plan to be reasonable and the best practicable under the circumstances Preliminary Approval Order dated August 6, 2018. (Dkt. 191) Based on the declarat Steven Weisbrot, Esq. of Angeion Group (Dkt. No. 209-2), which sets forth compliance the Notice Plan and related matters, the Court finds that the multi-pronged notice st as implemented has successfully reached the putative Settlement Class, thus consti the best practicable notice and satisfying due process.

***MAYHEW, ET AL. v. KAS DIRECT, LLC, and S.C. JOHNSON & SON, INC.***
## Case No. 7:16-cv-06981

The Honorable Vincent J. Briccetti, United States District Court, Southern District of New York (June 26, 2018):  In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr. Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

***IN RE: OUTER BANKS POWER OUTAGE LITIGATION***
## Case No. 4:17-cv-00141

The Honorable James C. Dever III, United States District Court, Eastern District of North Carolina (May 2, 2018):  The court has reviewed the proposed notice plan and finds that the notice plan provides the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. Thus, the court approves the proposed notice plan.

***GOLDEMBERG, ET AL. v. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.***
## Case No. 7:13-cv-03073

The Honorable Nelson S. Roman, United States District Court, Southern District of New York (November 1, 2017):  Notice of the pendency of the Action as a class action and of the



proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

### *HALVORSON v. TALENTBIN, INC.*
### Case No. 3:15-cv-05166

The Honorable Joseph C. Spero, United States District Court, Northern District of California (July 25, 2017):  The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement    Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

### *IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION*
### MDL No. 2669/Case No. 4:15-md-02669

The Honorable John A. Ross, United States District Court, Eastern District of Missouri (July 21, 2017):  The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.

The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

# JUDICIAL RECOGNITION

*TRAXLER, ET AL. v. PPG INDUSTRIES INC., ET AL.*

**Case No. 1:15-cv-00912**

The Honorable Dan Aaron Polster, United States District Court, Northern District of (April 27, 2017):  The Court hereby approves the form and procedure for disseminating of the proposed settlement to the Settlement Class as set forth in the Agreement. The finds that the proposed Notice Plan contemplated constitutes the best notice pract under the circumstances and is reasonably calculated, under the circumstances, to a Settlement Class Members of the pendency of the Action and their right to object proposed settlement or opt out of the Settlement Class in full compliance wit requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*IN RE: THE HOME DEPOT, INC., CUSTOMER DATA SECURITY BREACH LITIGATION*

**Case No. 1:14-md-02583**

The Honorable Thomas W. Thrash Jr., United States District Court, Northern District of Georgia (March 10, 2017):  The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

*ROY v. TITEFLEX CORPORATION t/a GASTITE and WARD MANUFACTURING, LLC*

**Case No. 384003V**

The Honorable Ronald B. Rubin, Circuit Court for Montgomery County, Maryland (February 24, 2017):  What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. *I think the notice provisions are exquisite* [emphasis added].



***IN RE: LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION***
**Case No. 2:08-cv-00051**

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey 17, 2016):  This Court further approves the proposed methods for giving notice Settlement to the Members of the Settlement Class, as reflected in the Settle Agreement and the joint motion for preliminary approval. The Court has reviewe notices attached as exhibits to the Settlement, the plan for distributing the Summary N to the Settlement Class, and the plan for the Publication Notice's publication in periodicals and on the internet, and finds that the Members of the Settlement Cla receive the best notice practicable under the circumstances. The Court specifically app the Parties' proposal to use reasonable diligence to identify potential class members a associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy.

***FENLEY v. APPLIED CONSULTANTS, INC.***
**Case No. 2:15-cv-00259**

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (June 16, 2016):  The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to verify addresses. the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e) (l), and Due Process....

The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of ***the efforts of Angeion were highly successful and fulfilled all of those requirements*** [emphasis added].

***FUENTES, ET AL. v. UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES, ET AL.***
**Case No. 1:15-cv-08372**

The Honorable J. Paul Oetken, United States District Court, Southern District of New York (May 16, 2016):  The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members

# JUDICIAL RECOGNITION

of the Settlement Class of the pendency of the Actions, the terms of the Settle
Agreement, and the right to object to the settlement and to exclude themselves fro
Settlement Class. The Parties, by agreement, may revise the Notices and Claim Form in
that are not material, or in ways that are appropriate to update those docume
purposes of accuracy or formatting for publication.

### IN RE: WHIRLPOOL CORP. FRONTLOADING WASHER PRODUCTS LIABILITY LITIGATION

**MDL No. 2001/Case No. 1:08-wp-65000**

The Honorable Christopher A. Boyko, United States District Court, Northern District o
(May 12, 2016):  The Court, having reviewed the proposed Summary Notices, the pro
FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for
distributing and disseminating each of them, finds and concludes that the proposed plan for
distributing and disseminating each of them will provide the best notice practicable under
the circumstances and satisfies all requirements of federal and state laws and due process.

### SATERIALE, ET AL. v. R.J. REYNOLDS TOBACCO CO.

**Case No. 2:09-cv-08394**

The Honorable Christina A. Snyder, United States District Court, Central District of California
(May 3, 2016):  The Court finds that the Notice provided to the Settlement Class pursuant to
the Settlement Agreement and the Preliminary Approval Order has been successful, was the
best notice practicable under the circumstances and (1) constituted notice that was
reasonably calculated, under the circumstances, to apprise members of the Settlement Class
of the pendency of the Action, their right to object to the Settlement, and their right to appear
at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and
sufficient notice to all persons entitled to receive notice; and (3) met all applicable
requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

### FERRERA, ET AL. v. SNYDER'S-LANCE, INC.

**Case No. 0:13-cv-62496**

The Honorable Joan A. Lenard, United States District Court, Southern District of Florida
(February 12, 2016):  The Court approves, as to form and content, the Long-Form Notice and
Short- Form Publication Notice attached to the Memorandum in Support of Motion for
Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of
Settlement. The Court also approves the procedure for disseminating notice of the proposed
settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media
Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class
Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the
best notice practicable under the circumstances, and constitutes valid, due, and sufficient
notice to the Settlement Class in full compliance with the requirements of applicable law,
including the Due Process Clause of the United States Constitution.

### IN RE: POOL PRODUCTS DISTRIBUTION MARKET ANTITRUST LITIGATION

**MDL No. 2328/Case No. 2:12-md-02328**

The Honorable Sarah S. Vance, United States District Court, Eastern District of Louisiana
(December 31, 2014):  To make up for the lack of individual notice to the remainder of the



class, the parties propose a print and web-based plan for publicizing notice. The [Court] welcomes the inclusion of web- based forms of communication in the plan. The Court [finds] that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) an[d due] process. The direct emailing of notice to those potential class members for whom Ha[yward] and Zodiac have a valid email address, along with publication of notice in print and o[n the] web, is reasonably calculated to apprise class members of the settlement. Moreove[r, the] plan to combine notice for the Zodiac and Hayward settlements should streamlin[e the] process and avoid confusion that might otherwise be caused by a proliferation of notic[es in] different settlements. Therefore, the Court approves the proposed notice forms and th[e plan] of notice.

### SOTO, ET AL. v. THE GALLUP ORGANIZATION, INC.
### Case No. 0:13-cv-61747

The Honorable Marcia G. Cooke, United States District Court, Southern District of Florida (June 16, 2015):  The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

### OTT v. MORTGAGE INVESTORS CORPORATION OF OHIO, INC.
### Case No. 3:14-cv-00645

The Honorable Janice M. Stewart, United States District Court, District of Oregon (July 20, 2015): The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

# Exhibit 1C

United States District Court for the Northern District of California

*In Re Facebook Internet Tracking Litigation*, Case No. 5:12-MD-02314-EJD

## <u>NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION</u>

---

### If you are a person who, between April 22, 2010 and September 26, 2011, inclusive, were a Facebook User in the United States who visited non-Facebook websites that displayed the Facebook Like button, you may be eligible for a payment from a Class Action Settlement.

---

*A federal court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement[1] has been reached between Defendant Meta Platforms, Inc., formerly Facebook, Inc. ("Meta" or "Defendant") and Plaintiffs in a class action lawsuit pending in the United States District Court for the Northern District of California.

- You are included in this Settlement as a Settlement Class Member if, between April 22, 2010 and September 26, 2011 inclusive, you were a Facebook User in the United States who visited non-Facebook websites that displayed the Facebook Like button.

- The lawsuit is known as *In Re Facebook Internet Tracking Litigation*, Case No. 5:12-MD-02314-EJD (N.D. California). Defendant denies that it violated any law but has agreed to the Settlement to avoid the costs and risks associated with continuing this case.

- Your rights are affected whether you act or don't act. Please read this Notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive a payment from this Settlement is by submitting a timely and properly completed Claim Form that obtains approval from the Settlement Administrator. The Claim Form must be submitted no later than [claims deadline]. You can submit your Claim Form online at [URL] or download the claim from the Settlement Website and mail it to the Settlement Administrator. If your claim is approved by the Settlement Administrator, you will give up the right to sue the Defendant in a separate lawsuit about the legal claims this Settlement resolves. | **DEADLINE DATE** |

---

[1] All capitalized terms not defined herein have the same meaning as in the Settlement Agreement, which can be viewed at **WEBSITE URL**.

1

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit WEBSITE URL**

| OPT OUT OF THE SETTLEMENT | You can choose to opt out of the Settlement and receive no payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | **DEADLINE DATE** |
|---|---|---|
| OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING | If you do not exclude yourself from the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. If you object, you may also file a claim for a payment. You may object to the Settlement and ask the Court for permission to speak at the Final Approval Hearing about your objection. | **DEADLINE DATE** |
| DO NOTHING | Unless you exclude yourself, you are automatically part of the Settlement. If you do nothing, you will not get a payment from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ........................................................................................................... 2

WHO IS IN THE SETTLEMENT ............................................................................................ 3

THE SETTLEMENT BENEFITS ............................................................................................. 4

HOW TO GET A PAYMENT—MAKING A CLAIM ............................................................. 5

THE LAWYERS REPRESENTING YOU ............................................................................... 6

EXCLUDING YOURSELF FROM THE SETTLEMENT ....................................................... 6

COMMENTING ON OR OBJECTING TO THE SETTLEMENT ......................................... 7

THE COURT'S FINAL APPROVAL HEARING .................................................................... 8

IF I DO NOTHING .................................................................................................................. 8

GETTING MORE INFORMATION ........................................................................................ 8

## BASIC INFORMATION

## 1. Why was this Notice issued?

A federal court authorized this Notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to grant final

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit WEBSITE URL**

approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The Honorable Edward J. Davila of the United States District Court for the Northern District of California is overseeing this class action. The case is known as *In Re Facebook Internet Tracking Litigation,* Case No. 5:12-MD-02314-EJD (N.D. Cal.). The people that filed this lawsuit are called the "Plaintiffs" and the company they sued, Meta Platforms, Inc. (formerly Facebook, Inc.), is called the "Defendant."

## 2. What is this lawsuit about?

This lawsuit alleges that the Defendant improperly obtained and collected data from Facebook Users in the United States who visited non-Facebook websites that displayed the Facebook Like button between April 22, 2010 and September 26, 2011, inclusive. The Defendant expressly denies any liability or wrongdoing whatsoever.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. Together, the people included in the class action are called a class or class members. One court resolves the lawsuit for all class members, except for those who exclude themselves from a settlement.  In this Settlement, the Settlement Class Representatives are Perrin Davis, Cynthia Quinn, Brian Lentz, Matthew Vickery, Ryan Ung, Chi Cheng, and Alice Rosen.

## 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendant. Defendant further denies all claims and that it violated any law.  Plaintiffs and Defendant agreed to a Settlement to avoid the costs and risks of a trial, and the Settlement Class Members can receive payments from the Settlement. The Settlement Class Representatives and their attorneys think the Settlement is best for all Settlement Class Members.

### WHO IS IN THE SETTLEMENT?

## 5. Who is in the Settlement?

The Settlement Class includes all persons who, between April 22, 2010 and September 26, 2011, inclusive (the "Settlement Class Period"), were Facebook Users in the United States that visited non-Facebook websites that displayed the Facebook Like button.

## 6. Are there exceptions to being included?

Yes. The Settlement Class does not include: (a) Meta and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and

attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys; (b) any judicial officer presiding over the Actions, or any member of his or her immediate family or of his or her judicial staff; (c) any Excluded Settlement Class Member; (d) the Settlement Administrator and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys; and (e) Lead Class Counsel and any and all of their predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys.

If you are not sure whether you are included in the Settlement Class, you can ask for free help by emailing the Settlement Administrator at **EMAIL ADDRESS** or calling the Settlement Administrator at 1-**XXX-XXX-XXXX**.  You may also view the Settlement Agreement at **WEBSITE URL**.

### THE SETTLEMENT BENEFITS

| 7. What does the Settlement provide? |
| --- |

If the Settlement is approved by the Court, Defendant will establish a Settlement Fund of ninety million dollars ($90,000,000.00) to pay all valid claims submitted by the Settlement Class Members, as well as notice and administration expenses, attorneys' fees and expenses, and service awards for the Settlement Class Representatives.

As non-financial consideration for the Settlement, if approved by the Court, Defendant will delete to the extent not already deleted from all of Defendant's potentially relevant systems all cookie data (i) that Facebook received or collected from, about, or associated with Facebook Users in the United States who visited non-Facebook websites that displayed the Facebook Like button between April 22, 2010 and September 26, 2011, and (ii) that may be used to identify a specific Facebook User from Facebook cookies.

| 8. How much will my payment be? |
| --- |

The total amount distributed to the Settlement Class Members shall be the Settlement Fund and any interest earned thereon, less the Administrative Costs, any amount awarded by the Court for any Fee and Expense Award to Settlement Class Counsel, and any Service Awards.  This amount to be distributed to the Settlement Class Members is the Net Settlement Fund.

If you submit an Approved Claim and have not submitted a valid and timely request for exclusion from the Settlement Class, you will receive an *equal* share of the Net Settlement Fund.

| 9. What claims am I releasing if I stay in the Settlement Class? |
| --- |

Unless you exclude yourself from the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against the Defendant about any of the legal claims this Settlement resolves. The "Released Claims" section in the Settlement Agreement describes the legal claims that you release if you remain in the Settlement Class. The Settlement Agreement can be found at **WEBSITE URL**.

### HOW TO GET A PAYMENT—MAKING A CLAIM

| 10. How do I submit a claim and get a cash payment? |
|---|

Claim Forms may be submitted online at **WEBSITE URL** or printed from the website and mailed to the Settlement Administrator at: *Facebook Internet Tracking Litigation*, c/o Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

You may also contact the Settlement Administrator to request a Claim Form by telephone (1-**XXX-XXX-XXXX**), by email (**EMAIL ADDRESS**), or by U.S. mail at *Facebook Internet Tracking Litigation*, c/o Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

| 11. What is the deadline for submitting a claim? |
|---|

If you submit a claim by U.S. mail, the completed and signed Claim Form must be postmarked by **DEADLINE DATE**. If submitting a Claim Form online, you must do so by **11:59 p.m. PST on DEADLINE DATE**.

| 12. When will I get my payment? |
|---|

The Court has scheduled a Final Fairness Hearing for the Settlement of this case on **DATE** at **TIME** PST to consider whether to approve the Settlement; any objections; and the requests for awards to the Settlement Class Representatives and attorneys' fees, costs and expenses to Settlement Class Counsel for their work in this litigation. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Settlement payments will be distributed as soon as possible, if and when the Court grants Final Approval of the Settlement and after any appeals are resolved.

The briefs and declarations in support of the Final Approval of the Settlement and the requests described above will be posted on the Settlement Website, [URL], after they are filed. You may ask to appear at the hearing but you do not have to. The date and time of the Final Approval Hearing is also subject to modification by the Court. Please review the Settlement Website for any updated information regarding the final hearing.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit WEBSITE URL**

## THE LAWYERS REPRESENTING YOU

| 13. Do I have a lawyer in the case? |
|---|

Yes. The Court has appointed the law firms of DiCello Levitt Gutzler LLC, Grygiel Law LLC, and Simmons Hanly Conroy LLC to represent the Settlement Class as Lead Class Counsel. You will not be charged for their services.

| 14. Should I get my own lawyer? |
|---|

You do not need to hire your own lawyer because Lead Class Counsel works for you. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. How will the lawyers be paid? |
|---|

Lead Class Counsel will ask the Court for an award of attorneys' fees not to exceed 29% of the Settlement Fund, and expenses not to exceed $600,000. They will also ask the Court to approve a service award for each of the Settlement Class Representatives not to exceed $5,000 each. The Court may award less than these amounts. If approved, these fees, costs and awards will be paid from the Settlement Fund.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 16. How do I opt out of the Settlement? |
|---|

If you do not want to receive any benefits from the Settlement, and you want to keep your right, if any, to separately sue the Defendant about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is called "opting out" of the Settlement Class. The deadline for requesting exclusion from the Settlement is **DEADLINE DATE**.

To exclude yourself from the Settlement, you must submit a completed and signed Opt-Out Form online at [URL] or by U.S. mail at the below address. Alternatively, you can submit a written request for exclusion that includes: (1) your name; (2) your current address; (3) a clear and explicit statement that you wish to be excluded from the Settlement - *In Re Facebook Internet Tracking Litigation*, Case No. 5:12-MD-02314-EJD (N.D. Cal.); and (4) your signature. Your request for exclusion must be submitted online at **WEBSITE URL** or via U.S. mail at the address below:

*Facebook Internet Tracking Litigation*
ATTN: Exclusion Request
PO Box 58220
Philadelphia, PA 19102

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit WEBSITE URL**

If you exclude yourself, you are stating to the Court that you do not want to be part of the Settlement. You will not be eligible to receive a payment if you exclude yourself.

If submitted electronically, the Opt-Out Form or any written request to opt-out must be submitted no later than 11:59 p.m. PST on or before **DEADLINE DATE**.

If submitted by U.S. mail, the Opt-Out Form or any written request to opt-out must be postmarked no later than **DEADLINE DATE**.

### COMMENTING ON OR OBJECTING TO THE SETTLEMENT

| 17. How do I tell the Court if I do not like the Settlement? |
| --- |

If you are a Settlement Class Member, you can object to the Settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

Your Objection must include: (i) the case name and number: *In Re Facebook Internet Tracking Litigation*, Case No. 5:12-MD-02314-EJD (N.D. Cal.); (ii) the Objector's full name, address, telephone number, email address; Facebook account URL (if reasonably available); the email address and telephone number associated with the Settlement Class Member's Facebook account; and his or her signature; (iii) the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel); and (iv) the grounds for the Objection, including any legal and factual support and any evidence in support of the Objection.

Any comments or Objections from Settlement Class Members regarding the proposed Settlement Agreement must be submitted in writing to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California; or by filing them in person at any location of the United States District Court for the Northern District of California, and they must be filed or postmarked on or before **DEADLINE DATE**.

### **INSERT COURT ADDRESS(ES)**

You or your attorney may speak at the Final Approval Hearing about your objection. To do so, you must include a statement in your objection indicating that you or your attorney intend to appear at the Final Approval Hearing.

| 18. What is the difference between objecting and excluding? |
| --- |

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it no longer affects you.

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit WEBSITE URL**

### THE COURT'S FINAL APPROVAL HEARING

**19. When is the Court's Final Approval Hearing?**

The Court has scheduled a Final Approval Hearing at ==TIME== PST on ==DATE==, in Courtroom ==XXX== located at ==COURT ADDRESS==. At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider whether to approve Lead Class Counsel's request for an award of attorneys' fees and expenses, as well as the Settlement Class Representatives' service awards. If there are objections, the Court will consider them. Judge Davila will listen to people who have asked to speak at the hearing (*see* Question 17 above). After the hearing, the Court will decide whether to approve the Settlement.

The date or time of the Final Approval Hearing may change. Please check the Settlement Website, ==WEBSITE URL==, for any updates.

**20. Do I have to come to the Final Approval Hearing?**

No. Lead Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you submit an objection, you do not have to come to the Final Approval Hearing to talk about it. If you submit your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### IF I DO NOTHING

**21. What happens if I do nothing at all?**

If you are a Settlement Class Member and you do nothing, you will give up the rights explained in Question 9, including your right to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against the Defendant and the Released Parties about the legal issues resolved by this Settlement. In addition, you will not receive a payment from this Settlement.

### GETTING MORE INFORMATION

**22. How do I get more information?**

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at the Settlement Website, ==WEBSITE URL==.

If you have additional questions, you may contact the Settlement Administrator by email, phone, or mail:

Email: ==EMAIL ADDRESS==

**Questions? Call 1-==XXX-XXX-XXXX== Toll-Free or Visit ==WEBSITE URL==**

Toll-Free: 1-==XXX-XXX-XXXX==

Mail: *Facebook Internet Tracking Litigation,* c/o Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103

Publicly filed documents can also be obtained by visiting the office of the Clerk of the United States District Court for the Northern District of California or reviewing the Court's online docket.

**Questions? Call 1-==XXX-XXX-XXXX== Toll-Free or Visit ==WEBSITE URL==**

Exhibit 1D

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**
*In Re Facebook Internet Tracking Litigation*, Case No. 5:12-MD-02314-EJD
[Settlement Website URL]

## CLAIM FORM INSTRUCTIONS

This Claim Form is for Settlement Class Members. The Settlement Class includes the following: All persons who, between April 22, 2010 and September 26, 2011, inclusive, were Facebook Users in the United States that visited non-Facebook websites that displayed the Facebook Like button. To receive a payment from the Settlement, you must complete and submit this form.

### How To Complete This Claim Form

1. There are two ways to submit this Claim Form to the Settlement Administrator: (a)   online at [URL]; or (b) by U.S. Mail to the following address: Facebook Internet Tracking Litigation, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.  Your Claim Form must be submitted by DATE. If you submit your claim by U.S. mail, make sure the completed and signed Claim Form is postmarked by **DATE.**

2. You must complete the entire Claim Form.  Please type or write your responses legibly.

3. If your Claim Form is incomplete or missing information, the Settlement Administrator may contact you for additional information.  If you do not respond by the deadline provided by the Settlement Administrator, your claim will not be processed, and you will waive your right to receive money under the Settlement.

4. You may only submit one Claim Form.

5. Submission of the Claim Form does not guarantee payment.  Your Claim Form must be approved by the Settlement Administrator.

6. If you have any questions, please contact the Settlement Administrator by email at [EMAIL ADDRESS], by telephone at 1-XXX-XXX-XXXX, or by U.S. mail at the address listed above.

7. **You must notify the Settlement Administrator if your contact or payment information changes after you submit your Claim Form.  If you do not, even if you submit a valid claim under the Settlement, you may not receive your Settlement payment.**

8. **DEADLINE --** If you submit a claim by U.S. mail, the completed and signed Claim Form must be postmarked by DATE. If submitting a Claim Form online, you must do so by **11:59 p.m. PST on DATE.**

<table>
<tr><td>

**Your claim must
be submitted
online or
postmarked by:**
<u>XXXXXXX</u>

</td><td>

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**
*In Re Facebook Internet Tracking Litigation*,
Case No. 5:12-MD-02314-EJD
[Settlement Website URL]

**Claim Form**

</td><td>

**FAC**

</td></tr>
</table>

## I.  YOUR CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this form.  NOTE: The personal information you provide below will be processed for purposes of effectuating the Settlement.

| | |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

( )     -

**Current Phone Number**

**Email Address (associated with your Facebook account)**

**If you received a Notice about the Settlement by email, you have been identified as a Settlement Class Member.  In the below field, please provide the Notice ID located above your name/address on the Notice you received.  If you do not have a Notice ID, you may still be eligible to submit a claim.**

**Please enter your
Notice ID #**

## II.  DETAILS

| | |
|---|---|
| Did you reside in the United States between April 22, 2010 and September 26, 2011, inclusive? | Yes ☐<br>No ☐ |

| Do you currently have a Facebook account? | Yes ☐ |
| | No ☐ |

| Enter all usernames or URLs for Facebook accounts used by you between April 22, 2010 and September 26, 2011: | 1. _____ |
| | 2. _____ |
| | 3. _____ |
| | 4. _____ |
| | 5. _____ |

## III.  PAYMENT SELECTION (choose one)

Please select **one** of the following payment options:

☐ **PayPal** - Enter your PayPal email address: _____

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐ **Virtual Prepaid Card –** Enter the email address where you will receive the Virtual Prepaid Card:

_____

☐ **Zelle -** Enter the email address or mobile number associated with your Zelle account:

_____

☐ **Physical Check -** Payment will be mailed to the address provided in Section I of this Claim Form.

## IV.  VERIFICATION AND ATTESTATION UNDER OATH

By signing below and submitting this Claim Form, I hereby swear under penalty of perjury that I am the person identified above and the information provided in this Claim Form is true and correct, and that I have not submitted another Claim Form in connection with this Settlement and know of no other person having done so on my behalf.

_____     Date: _____
Your signature                                       MM        DD        YYYY

_____
Your name

## **REMINDER CHECKLIST**

1.  Please make sure you answered all the questions on the Claim Form. Be sure to select only **<u>one</u>** payment option.

2.  Please make sure that you signed and dated the Claim Form.

3.  Please keep a copy of your completed claim form for your own records.

# Exhibit 1E

<table>
<tr><td>

**Your Opt-Out
Form must be
submitted online
or postmarked by:
XXXXXXX**

</td><td>

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**
*In Re Facebook Internet Tracking Litigation*,
Case No. 5:12-MD-02314-EJD
[Settlement Website URL]

**Opt-Out Form**

</td><td>

**FAC_OPT**

</td></tr>
</table>

---

## I.  YOUR INFORMATION

| | |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

---

## II.  SIGNATURE

I am a potential Settlement Class Member who is requesting to be excluded from the Settlement in *In Re Facebook Internet Tracking Litigation*, Case No. 5:12-MD-02314-EJD (N.D. Cal.). I understand that by submitting this Opt-Out Form I am requesting exclusion from this Settlement, and I will not receive a Settlement payment.

Date: _____
Your signature                                              MM        DD        YYYY

**This form must be completed and mailed to the Settlement Administrator at the address below and be postmarked by [DEADLINE].**

*Facebook Internet Tracking Litigation*
ATTN: Exclusion Request
P.O. Box 58220
Philadelphia, PA 19102

1

Exhibit 1F

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE FACEBOOK INTERNET TRACKING LITIGATION | Case No. 5:12-MD-2314-EJD |
| | **[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS; GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(e)(1); AND APPROVING FORM AND CONTENT OF CLASS NOTICE** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

**WHEREAS**, Plaintiffs Perrin Davis, Dr. Brian Lentz, Michael Vickery, and Cynthia Quinn (the "MDL Plaintiffs"), Plaintiffs in the related State Court Action *Ung, et al. v. Facebook, Inc*., No. 2012-1-CV-217244 (Cal. Super. Ct.) ("State Court Plaintiffs") and Defendant Meta Platforms, Inc., formerly Facebook, Inc. ("Meta" or "Defendant") (collectively "Parties"), entered into a Settlement Agreement[1] (ECF No. ___) on February 14, 2022, which, together with the exhibits and appendices thereto, sets forth the terms and conditions for a proposed resolution of this litigation and for its dismissal with prejudice;

**WHEREAS**, this Court has reviewed the Settlement entered into by the Parties, all exhibits thereto, the record in this case, and the Parties' arguments;

**WHEREAS**, this Court preliminarily finds, for the purpose of settlement only, that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Plaintiffs and Lead Counsel are adequate representatives of the Settlement Class;

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

1.      All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

**Preliminary Certification of Settlement Class for Purpose of Settlement Only**

2.      The Settlement is hereby preliminarily approved as fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement Class. Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, as set forth in paragraphs 1.39 and 2.1 of the Settlement Agreement and defined as follows, is preliminarily certified for the purpose of settlement only:

> All persons who, between April 22, 2010 and September 26, 2011,
>
> inclusive, were Facebook Users in the United States that visited non-
>
> Facebook websites that displayed the Facebook Like button.

---

[1] All capitalized terms not defined herein have the same meaning as in the Settlement Agreement, which is provided as Exhibit 1 to the Named Plaintiffs' Motion for Preliminary Approval.

CASE NO. 5:12-MD-2314-EJD, [PROPOSED] ORDER CERTIFYING STMLT. CLASS; GRANTING PRELIM. APPROVAL OF CLASS ACTION STMLT.; AND APPROVING FORM AND CONTENT OF CLASS NOTICE

2

The Settlement Class excludes Meta and any and all of its current and former predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' current and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys.  The Settlement Class also excludes counsel for any Party in any of the Actions and any judicial officer presiding over the Actions, or any member of his or her immediate family or of his or her judicial staff.  The Settlement Class also excludes members who timely exercised their right to exclude themselves pursuant to the procedures described in the Notice and/or in Section 8 of the Settlement Agreement.  The Settlement Class also excludes the Settlement Administrator and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys. The Class also excludes Class Counsel, counsel for any plaintiff in any consolidated or related action listed in Exhibit A to the Settlement Agreement, and any and all of their predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys.

3.     If the Settlement Agreement is not finally approved by this Court, or if such final approval is reversed or materially modified on appeal by any court, this Order (including but not limited to the certification of the class) shall be vacated, null and void, and of no force or effect, and Defendant and Plaintiffs shall be entitled to make any arguments for or against certification for litigation purposes.

4.     Lead Counsel and the Plaintiffs are appointed as adequate representatives of the Settlement Class.  David A. Straite of DiCello Levitt Gutzler LLC and Steven G. Grygiel of Grygiel Law LLC are hereby appointed as Lead Class Counsel. Jay Barnes of Simmons Hanly Conroy LLC is hereby appointed as Chair of the Plaintiffs' Counsel Executive Committee. Lead Counsel and Mr. Barnes together are referred to herein as Class Counsel and shall represent the Settlement Class.

5.     The Court also re-appoints the other members of the Plaintiffs' Counsel Executive

1   Committee: William H. "Billy" Murphy, Jr. of Murphy Falcon Murphy; Barry Eichen of Eichen

2   Crutchlow Zaslow LLP; Paul Kiesel of Kiesel Law LLP; Stephen Gorny of the Gorny Law Firm,

3   LC; James Frickleton of Bartimus Frickleton Robertson Rader; William M. Cunningham, Jr. of

4   Burns, Cunningham & Mackey, P.C.; and Andrew J. Lyskowski of Bergmanis Law Firm LLC.

5       6.      The Court also re-appoints former Hawai'i Attorney General Margery Bronster to

6   the AG/Settlement Advisory Committee, and appoints her as Chair of the Committee.

7                            **Notice to the Settlement Class**

8       7.      The Court approves the Notice Plan, Notice of Proposed Class Action Settlement,

9   Claim Form, and Opt-Out Form, which are attached to the Settlement Agreement as Exhibits B-E,

10  and finds that their dissemination substantially in the manner and form set forth in the Settlement

11  Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process,

12  constitutes the best notice practicable under the circumstances, and is reasonably calculated, under

13  the circumstances, to apprise members of the Settlement Class of the pendency of the Actions, the

14  effect of the proposed Settlement (including the releases contained therein), the anticipated Motion

15  for a Fee and Expense Award and for Service Awards, and their rights to participate in, opt out of,

16  or object to any aspect of the proposed Settlement.

17      8.      By _____ __, 2022 [thirty (30) days after the issuance of this Order], Defendant

18  shall, for the purpose of facilitating Notice, provide the Settlement Administrator with names and

19  email addresses for members of the Settlement Class.

20      9.      By _____ __, 2022 [fourteen (14) days after the issuance of this Order], Defendant

21  shall pay or cause to be paid into the Escrow Account a portion of the Settlement Fund that will

22  cover the Administrative Costs associated with Notice.

23      10.     The Settlement Administrator shall provide Notice consistent with the Notice Plan

24  outlined in Exhibit B, and Notice shall be disseminated to Settlement Class Members by the Notice

25  Date on _____, __ 2022 [not later than seventy-five (75) days after receipt of information from

26  Defendant].

27                            **Settlement Administration**

28      11.     The Court appoints Angeion Group to serve as the Settlement Administrator.

Angeion Group shall supervise and administer the notice procedures, establish and operate the Settlement Website, administer the claims processes, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties that are reasonably necessary and/or provided for in the Settlement Agreement.

12.     The Settlement Administrator shall act in compliance with the Amended Stipulated Protective Order, ECF No. 227, including but not limited to making all necessary efforts and precautions to ensure the security and privacy of Settlement Class Member information and protect it from loss, misuse, unauthorized access and disclosure, and to protect against any reasonably anticipated threats or hazards to the security of Settlement Class Member information; not using the information provided by Defendant or Settlement Class Counsel in connection with the Settlement or this Notice Plan for any purposes other than providing notice or conducting claims administration; and not sharing Settlement Class Member information with any third parties without advance consent from the Parties.

13.     Settlement Class Members who wish to make a Claim must do so by submitting a Claim Form by _____, __ 2022 [seventy (70) days after the Notice Date outlined in paragraph 6, above], in accordance with the instructions contained therein. The Settlement Administrator shall determine the eligibility of Claims submitted and allocate the Settlement Funds in accordance with the Settlement Agreement.

14.     Settlement Class Members who wish to object to the Settlement must object in writing and: (a) clearly identify the case name and number; (b) include the Objector's full name, address, telephone number, email address; Facebook account URL (if reasonably available); the email address and telephone number associated with the Settlement Class Member's Facebook account; and his or her signature; (c) include the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel); and (d) state whether the Objection applies only to the Objector, to a specific subset of the Settlement Class, and also state with specificity the grounds for the objection, including any legal and factual support and any evidence in support of the Objection. Objections must be filed with the Court or post-marked by _____, __ 2022 [no later than sixty (60) days from the Notice Date outlined in paragraph 6,

CASE NO. 5:12-MD-2314-EJD, [PROPOSED] ORDER CERTIFYING STMLT. CLASS; GRANTING PRELIM. APPROVAL OF CLASS ACTION STMLT.; AND APPROVING FORM AND CONTENT OF CLASS NOTICE

5

above], to the Court at the following address: Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113.

15.     Any Settlement Class Member who seeks to be excluded from the Settlement Class must submit a request for exclusion, either using the Opt-Out Form or providing other written request, which must be sent electronically or postmarked by _____, __ 2022 [no later than sixty (60) days from the Notice Date outlined in paragraph 6, above].  If the Settlement Class Member chooses to request exclusion from the Settlement without an Opt-Out Form, such request must be timely sent by U.S. mail to the Settlement Administrator, requesting exclusion, providing their name, address, a signature, the name and number of the Action, and a clear and explicit statement that they wish to be excluded from the Settlement.  The date of the postmark on the envelope containing the written request to opt-out shall be the exclusive means used to determine whether a request to opt-out has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date that the Settlement Administrator received a copy of the request to opt-out of the Settlement.  The Settlement Class Member must pay for postage. Any member of the Settlement Class who does not file a valid and timely request for exclusion shall be bound by the final judgment dismissing the Action on the merits with prejudice.

**Final Fairness Hearing**

16.     The Final Fairness Hearing shall be held by the Court on _____, __ 2022, beginning at _____ .m., to determine whether the requirements for certification of the Settlement Class have been met; whether the proposed settlement of the Actions on the terms set forth in the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; whether Settlement Class Counsel's motion or application for Fees and Expense Award and application for the Service Awards should be approved; and whether final judgment approving the Settlement and dismissing the Actions on the merits with prejudice against the Named Plaintiffs and all other Settlement Class Members should be entered. The Final Fairness Hearing may, without further notice to the Settlement Class Members (except those who have filed timely and valid objections and requested to speak at the Final Fairness Hearing), be continued or adjourned by order of the Court.

CASE NO. 5:12-MD-2314-EJD, [PROPOSED] ORDER CERTIFYING STMLT. CLASS; GRANTING PRELIM. APPROVAL OF CLASS ACTION STMLT.; AND APPROVING FORM AND CONTENT OF CLASS NOTICE

6

17.     Any Objector who timely submits an Objection has the option to appear and request to be heard at the Final Fairness Hearing, either in person or through the Objector's counsel.  Any Objector wishing to appear and be heard at the Final Fairness Hearing must include a Notice of Intention to Appear in the body of the Objector's Objection.  Objectors who fail to submit or include such timely Notice of Intention to Appear may not speak at the Final Fairness Hearing without permission of the Court.

18.     By _____, __ 2022 [not later than sixty-five (65) days before the Final Fairness Hearing], Class Counsel shall file all papers in support of the application for the Final Approval Order and Final Judgment, and any Motion for a Fee and Expense Award and/or for Service Awards, and shall serve copies of such papers upon Defense Counsel and upon any objectors who have validly complied with paragraphs 11 and 14 of this Order.  All opposition papers shall be filed by _____, __ 2022 [the last day to file a Claim Form, Objection, or Opt-Out Form], and any reply papers shall be filed by _____, __ 2022 [twenty-one (21) days after the last day to file a Claim Form, Objection, or Opt-Out of the Settlement].

19.     Lead Counsel's motion or application for a Fee and Expense Award and for Service Awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Settlement Class Counsel's Motion for a Fee and Expense Award, and/or for Service Awards, or any reversal or modification of any such order, shall not operate to terminate, vacate, or cancel the Settlement.

20.     Defense Counsel and Class Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the Settlement Agreement.

IT IS SO ORDERED.


Dated: _____           _____
                                Hon. Edward J. Davila
                                United State District Judge

Exhibit 1G

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE FACEBOOK INTERNET TRACKING LITIGATION | Case No. 5:12-MD-2314-EJD<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(e)(2); AWARDING ATTORNEYS' FEES, EXPENSES, and NAMED PLAINTIFF SERVICE AWARDS; AND ENTERING FINAL JUDGMENT**<br><br>Judge: Hon. Edward J. Davila<br>Courtroom 4, 5th Floor<br>Hearing Date: March 31, 2022<br>Time: 9:00 a.m. |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

1    **WHEREAS**, the Court held a Final Fairness Hearing on _____ \_\_, 2022, to consider

2    approval of this class action Settlement.  The Court has considered the Settlement Agreement (ECF

3    No. \_\_\_), the record in the MDL action, and the Parties' arguments and authorities.

4    **GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

5        1.        All terms and definitions used herein have the same meanings as set forth in the

6    Settlement Agreement unless stated otherwise herein or in the Court's Order Granting Preliminary

7    Approval of the Settlement.

8        2.        The Court has jurisdiction over the subject matter of the MDL Action; Plaintiffs

9    Perrin Davis, Dr. Brian Lentz, Michael Vickery, and Cynthia Quinn (the "MDL Plaintiffs"), the

10   Settlement Class Members, and Defendant Meta Platforms, Inc., formerly Facebook, Inc. ("Meta"

11   or "Defendant") (collectively "Parties").

12       3.        The Court finds that the Notice Plan constituted the best notice practicable under the

13   circumstances to all Settlement Class Members and fully complied with the requirements of Federal

14   Rule of Civil Procedure 23 and due process.

15       4.        The Court finds that, for purposes of the Settlement only, all prerequisites for

16   maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are

17   satisfied.

18       5.        The Court certifies the following Settlement Class for purposes of Settlement only:

19       All persons who, between April 22, 2010 and September 26,

20       2011, inclusive, were Facebook Users in the United States

21       that visited non-Facebook websites that displayed the

22       Facebook Like button.

23   The Settlement Class excludes Meta and any and all of its current and former predecessors,

24   successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents,

25   representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' current

26   and former predecessors, successors, assigns, directors, officers, employees, agents,

27   representatives, and attorneys.  The Settlement Class also excludes counsel for any Party in any of

28   the Actions and any judicial officer presiding over the Actions, or any member of his or her

immediate family or of his or her judicial staff.  The Settlement Class also excludes members who timely exercised their right to exclude themselves pursuant to the procedures described in the Notice and/or in Section 8 of the Settlement Agreement.  The Settlement Class also excludes the Settlement Administrator and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys. The Settlement Class also excludes Settlement Class Counsel, counsel for any plaintiff in any consolidated or related action listed in Exhibit A to the Settlement Agreement, and any and all of their predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys.

6.    Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on the following factors, among other things:

    a.   There is no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations, occurring over the course of several months and several mediation sessions with a respected mediator, warranting a presumption in favor of approval. *See, e.g.*, *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a factor weighing in favor of a finding of non-collusiveness).  Despite the mediator's presence, the Court has performed its own, independent analysis of the Settlement's fairness, reasonableness, and adequacy pursuant to Federal Rule of Civil Procedure 23(e)(2).  *See Briseño v. Henderson*, 908 F.3d 1014, 1021 (9th Cir. 2021).

    b.   The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a shorter time frame than otherwise possible—on behalf of the Settlement Class Members. *See,*

CASE NO. 5:12-MD-2314-EJD, [PROPOSED] ORDER GRANTING FINAL APPROVAL OF THE STMLT., AWARDING FEES, EXPENSES, AND SERVICE AWARDS, AND ENTERING FINAL JUDGMENT

3

*e.g.*, *Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a settlement where class counsel "reasonably concluded that the immediate benefits represented by the Settlement outweighed the possibility—perhaps remote—of obtaining a better result at trial"); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed Settlement.

    c.   The support of Settlement Class Counsel and the Named Plaintiffs, who have participated in this litigation and evaluated the proposed Settlement, also favor final approval. *See Class Plaintiffs*, 955 F.2d at 1294; *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

    d.   The Settlement provides meaningful relief to the Settlement Class, including cash relief, and falls within the range of reasonable possible recoveries by the Settlement Class Members.

7.    As of the Effective Date, the Releasing Parties, on behalf of themselves and their heirs, executors, administrators and assigns, and any person(s) they represent, shall be deemed by this Settlement to, and shall, release, dismiss, and finally and forever discharge the Released Claims, and will not in any manner pursue the Actions or any claims that were asserted or could have been asserted in the Actions; and shall be deemed by this Settlement to, and shall be forever barred from asserting, instituting, prosecuting, or maintaining against the Released Parties, any and all Released Claims. It is the intention of the Parties that any liability of the Released Parties relating to the Released Claims be eliminated. Accordingly, the Settlement shall terminate the MDL Action. Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the Settlement or the Stipulated Protective Orders, including but not limited to ECF Nos. 75, 169, and 227.

CASE NO. 5:12-MD-2314-EJD, [PROPOSED] ORDER GRANTING FINAL APPROVAL OF THE STMLT., AWARDING FEES, EXPENSES, AND SERVICE AWARDS, AND ENTERING FINAL JUDGMENT

4

8.      The Court finds that an award of attorneys' fees and expenses is appropriate pursuant to Federal Rule of Civil Procedure 23(e)(2)(C)(iii) and therefore approves such award in an amount, manner and timing as set forth in the Court's separate Order on Lead Counsel's Application for a Fee and Expense Award and Service Awards.

9.      Lead Counsel shall distribute the awarded attorneys' fees and expenses among Settlement Class Counsel and Non-Class Counsel identified in the Settlement Agreement and shall determine in their sole discretion based on each attorney's contributions to the prosecution and settlement of these Actions. No other counsel will be entitled to an independent award of attorneys' fees or expenses.

10.     The Court finds that the payment of MDL Plaintiffs' and State Court Plaintiffs' Service Awards is fair and reasonable and therefore approves such payment as set forth in the Court's separate Order on Lead Counsel's Application for a Fee and Expense Award and Service Awards.

11.     The MDL Action, including all actions consolidated into the MDL Action and all claims asserted in the actions, is settled and dismissed on the merits with prejudice.

12.     Consummation of the Settlement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each Party to the Settlement with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order.

13.     Without affecting the finality of this Order in any way, the Court shall retain jurisdiction over this Action, the MDL Plaintiffs, the Settlement Class Members, and Defendant to enforce the terms of the Settlement, the Court's order directing notice (ECF No. ___) and this Order. In the event that any applications for relief are made, such applications shall be made to the Court. To avoid doubt, the Final Judgment applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

14.     The Settlement and this Order are not admissions of liability or fault by Defendant or the Released Parties, or a finding of the validity of any claims in the Actions or of any

CASE NO. 5:12-MD-2314-EJD, [PROPOSED] ORDER GRANTING FINAL APPROVAL OF THE STMLT., AWARDING FEES, EXPENSES, AND SERVICE AWARDS, AND ENTERING FINAL JUDGMENT

5

wrongdoing or violation of law by Defendant or the Released Parties. To the extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by, the Released Parties.

15.     Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Settlement or this Order, or to defend against the assertion of released claims in any other proceeding, or as otherwise required by law.

IT IS SO ORDERED.

Dated: _____          _____
                                               Hon. Edward J. Davila
                                               United State District Judge

CASE NO. 5:12-MD-2314-EJD, [PROPOSED] ORDER GRANTING FINAL APPROVAL OF THE STMLT.,
AWARDING FEES, EXPENSES, AND SERVICE AWARDS, AND ENTERING FINAL JUDGMENT

6

Exhibit 1H

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE FACEBOOK INTERNET TRACKING LITIGATION | Case No. 5:12-MD-2314-EJD |
| | **[PROPOSED] JUDGMENT** |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

On _____, the Court signed and entered its Order Granting Final Approval

of Class Action Settlement and its Order on Lead Counsel's Motion for a Fee and Expense Award

and Service Awards (ECF Nos. ___) (the "Final Approval Order" and the "Order on a Fee and

Expense Award and Service Awards") in the above-captioned matter as to the following class of

persons:

> All persons who, between April 22, 2010 and September 26, 2011,
>
> inclusive, were Facebook Users in the United States that visited non-
>
> Facebook websites that displayed the Facebook Like button.

**JUDGMENT IS HEREBY ENTERED**, pursuant to Federal Rule of Civil Procedure 58, as to the

specified class of persons (excluding the individuals who validly and timely requested exclusion

from the Settlement Class, as identified in the Final Approval Order), Plaintiffs Perrin Davis, Dr.

Brian Lentz, Cynthia Quinn, and Matthew Vickery (the "MDL Plaintiffs"), and Defendant on the

1   terms and conditions of the Settlement Agreement approved by the Court's Final Approval Order.

2       1.      For purposes of this Order, the Court adopts the terms and definitions set forth in

3   the Settlement Agreement unless otherwise defined in the Preliminary Approval Order or Final

4   Approval Order.

5       2.      Payments to Settlement Class Members under the Settlement Agreement shall be

6   made as outlined in the Final Approval Order and Settlement Agreement.

7       3.      As of the Effective Date, the Releasing Parties, on behalf of themselves and their

8   heirs, executors, administrators and assigns, and any person(s) they represent, shall be deemed by

9   this Settlement to, and shall, release, dismiss, and finally and forever discharge the Released

10  Claims, and will not in any manner pursue the Actions or any claims that were asserted or could

11  have been asserted in the Actions; and shall be deemed by this Settlement to, and shall be forever

12  barred from asserting, instituting, prosecuting, or maintaining against the Released Parties, any and

13  all Released Claims.  It is the intention of the Parties that any liability of the Released Parties

14  relating to the Released Claims be eliminated.   Accordingly, the Settlement shall terminate the

15  MDL Action. Notwithstanding the foregoing, the release shall not include any claims relating to

16  the continued enforcement of the Settlement or the Stipulated Protective Orders, including but not

17  limited to ECF Nos. 75, 169, and 227.

18      4.      The MDL Action, including all actions consolidated into the MDL Action and all

19  claims asserted in the actions, is settled and dismissed on the merits with prejudice.[1]

20  **JUDGMENT APPROVED AS TO FORM:**

21                                      _____

                                        Hon Edward J. Davila
22                                      United States District Court

23  **JUDGMENT ENTERED:** _____ _____, 2022

24  By: CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
    CALIFORNIA
25

26  _____

27  [1] Pursuant to the terms of the Settlement Agreement, as of the Effective Date, the State Court
    Action's named plaintiffs agreed to dismiss their State Court Action entirely on the merits with
28  prejudice.