# Exhibit 2

| | |
|---|---|
| 1 | |
| 2 | |
| ... | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE FACEBOOK INTERNET TRACKING LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 5:12-MD-2314-EJD<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(e)(2); AWARDING ATTORNEYS' FEES, EXPENSES, and NAMED PLAINTIFF SERVICE AWARDS; AND ENTERING FINAL JUDGMENT**<br><br>Judge: Hon. Edward J. Davila<br>Courtroom 4, 5th Floor<br>Hearing Date: March 31, 2022<br>Time: 9:00 a.m. |

**WHEREAS**, the Court held a Final Fairness Hearing on October 27, 2022, to consider approval of this class action Settlement. The Court has considered the Settlement Agreement (ECF 233-1, Ex. 1), the record in the MDL action, and the Parties' arguments and authorities.

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:**

1. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement unless stated otherwise herein or in the Court's Order Granting Preliminary Approval of the Settlement.

2. The Court has jurisdiction over the subject matter of the MDL Action; Plaintiffs Perrin Davis, Dr. Brian Lentz, Michael Vickery, and Cynthia Quinn (the "MDL Plaintiffs"), the Settlement Class Members, and Defendant Meta Platforms, Inc., formerly Facebook, Inc. ("Meta" or "Defendant") (collectively "Parties").

3. The Court finds that the Notice Plan constituted the best notice practicable under the circumstances to all Settlement Class Members and fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

4. The Court finds that, for purposes of the Settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied.

5. The Court certifies the following Settlement Class for purposes of Settlement only:

> All persons who, between April 22, 2010 and September 26, 2011, inclusive, were Facebook Users in the United States that visited non-Facebook websites that displayed the Facebook Like button.

The Settlement Class excludes Meta and any and all of its current and former predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' current and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys. The Settlement Class also excludes counsel for any Party in any of the Actions and any judicial officer presiding over the Actions, or any member of his or her

CASE NO. 5:12-MD-2314-EJD, [PROPOSED] ORDER GRANTING FINAL APPROVAL OF THE STMLT., AWARDING FEES, EXPENSES, AND SERVICE AWARDS, AND ENTERING FINAL JUDGMENT

2

immediate family or of his or her judicial staff. The Settlement Class also excludes members who timely exercised their right to exclude themselves pursuant to the procedures described in the Notice and/or in Section 8 of the Settlement Agreement. The Settlement Class also excludes the Settlement Administrator and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys. The Settlement Class also excludes Settlement Class Counsel, counsel for any plaintiff in any consolidated or related action listed in Exhibit A to the Settlement Agreement, and any and all of their predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys.

6. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on the following factors, among other things:

    a. There is no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's-length negotiations by counsel highly experienced in such cases and extremely conversant with the strengths and weaknesses of their respective cases, occurring over the course of several months and several mediation sessions with a respected mediator,. *See, e.g.*, *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a factor weighing in favor of a finding of non-collusiveness). Despite the mediator's presence, the Court has performed its own, independent analysis of the Settlement's fairness, reasonableness, and adequacy pursuant to Federal Rule of Civil Procedure 23(e)(2). *See Briseño v. Henderson*, 908 F.3d 1014, 1021 (9th Cir. 2021).

    b. The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a shorter time frame

CASE NO. 5:12-MD-2314-EJD, [PROPOSED] ORDER GRANTING FINAL APPROVAL OF THE STMLT., AWARDING FEES, EXPENSES, AND SERVICE AWARDS, AND ENTERING FINAL JUDGMENT

3

than otherwise possible—on behalf of the Settlement Class Members. *See, e.g.*, *Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a settlement where class counsel "reasonably concluded that the immediate benefits represented by the Settlement outweighed the possibility—perhaps remote—of obtaining a better result at trial"); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Based on the stage of the proceedings and the substantial amount of investigation and discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed Settlement.

    c.    The support of Settlement Class Counsel and the Named Plaintiffs, who have participated in this litigation and evaluated the proposed Settlement, also favor final approval. *See Class Plaintiffs*, 955 F.2d at 1294; *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

    d.    The Settlement provides meaningful relief to the Settlement Class, including cash relief, and falls within the range of reasonable possible recoveries by the Settlement Class Members.

7.    As of the Effective Date, the Releasing Parties, on behalf of themselves and their heirs, executors, administrators and assigns, and any person(s) they represent, shall be deemed by this Settlement to, and shall, release, dismiss, and finally and forever discharge the Released Claims, and will not in any manner pursue the Actions or any claims that were asserted or could have been asserted in the Actions; and shall be deemed by this Settlement to, and shall be forever barred from asserting, instituting, prosecuting, or maintaining against the Released Parties, any and all Released Claims. It is the intention of the Parties that any liability of the Released Parties relating to the Released Claims be eliminated. Accordingly, the Settlement shall terminate the MDL Action. Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the Settlement or the Stipulated Protective Orders, including but not limited to ECF

CASE NO. 5:12-MD-2314-EJD, [PROPOSED] ORDER GRANTING FINAL APPROVAL OF THE STMLT., AWARDING FEES, EXPENSES, AND SERVICE AWARDS, AND ENTERING FINAL JUDGMENT

4

Nos. 75, 169, and 227.

8. The Court finds that an award of attorneys' fees and expenses is appropriate pursuant to Federal Rule of Civil Procedure 23(e)(2)(C)(iii) and therefore approves such award in an amount, manner and timing as set forth in the Court's separate Order on Lead Counsel's Application for a Fee and Expense Award and Service Awards.

9. Lead Counsel shall distribute the awarded attorneys' fees and expenses among Settlement Class Counsel and Non-Class Counsel identified in the Settlement Agreement and shall determine in their sole discretion based on each attorney's contributions to the prosecution and settlement of these Actions. No other counsel will be entitled to an independent award of attorneys' fees or expenses.

10. The Court finds that the payment of MDL Plaintiffs' and State Court Plaintiffs' Service Awards is fair and reasonable and therefore approves such payment as set forth in the Court's separate Order on Lead Counsel's Application for a Fee and Expense Award and Service Awards.

11. The MDL Action, including all actions consolidated into the MDL Action and all claims asserted in the actions, is settled and dismissed on the merits with prejudice.

12. Consummation of the Settlement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each Party to the Settlement with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order.

13. Without affecting the finality of this Order in any way, the Court shall retain jurisdiction over this Action, the MDL Plaintiffs, the Settlement Class Members, and Defendant to enforce the terms of the Settlement, the Court's order directing notice (ECF 241) and this Order. In the event that any applications for relief are made, such applications shall be made to the Court. To avoid doubt, the Final Judgment applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

14. The Settlement and this Order are not admissions of liability or fault by Defendant

CASE NO. 5:12-MD-2314-EJD, [PROPOSED] ORDER GRANTING FINAL APPROVAL OF THE STMLT., AWARDING FEES, EXPENSES, AND SERVICE AWARDS, AND ENTERING FINAL JUDGMENT

5

or the Released Parties, or a finding of the validity of any claims in the Actions or of any wrongdoing or violation of law by Defendant or the Released Parties. To the extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by, the Released Parties.

15.    Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Settlement or this Order, or to defend against the assertion of released claims in any other proceeding, or as otherwise required by law.

IT IS SO ORDERED.

Dated: _____          _____
                                Hon. Edward J. Davila
                                United State District Judge

CASE NO. 5:12-MD-2314-EJD, [PROPOSED] ORDER GRANTING FINAL APPROVAL OF THE STMLT., AWARDING FEES, EXPENSES, AND SERVICE AWARDS, AND ENTERING FINAL JUDGMENT

6