**DiCELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
485 Lexington Avenue, 10th Floor
New York, New York 10017
Tel.: (646) 933-1000
*dstraite@dicellolevitt.com*

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Fl.
Chicago, Illinois 60602
Tel.: (312) 214-7900
*akeller@dicellolevitt.com*
*aprom@dicellolevitt.com*

*Class Counsel*

**GRYGIEL LAW LLC**
Stephen G. Grygiel (admitted *pro hac vice*)
127 Coventry Place
Clinton, NY 13323
Tel.: (407) 505-9463
*stephengrygiel22@gmail.com*

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
*jaybarnes@simmonsfirm.com*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE FACEBOOK INTERNET TRACKING LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 5:12-MD-2314-EJD<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Judge: Hon. Edward J. Davila<br>Courtroom: 4—5th Floor<br>Date: October 27, 2022<br>Time: 9:00 a.m. |

## I. INTRODUCTION

Settlement Class Representatives Perrin Davis, Dr. Brian Lentz, Cynthia Quinn, and Michael Vickery (the "MDL Lead Plaintiffs"), through Co-Lead Counsel David Straite and Stephen Grygiel, and Chair of the Executive Committee Jay Barnes (together, "Class Counsel"), respectfully submit this reply brief in further support of their Motion for Attorneys' Fees, Expenses, and Service Awards (the "Motion," ECF 256). The Motion describes in detail the extensive background of this lengthy and complicated litigation and the outstanding relief provided in this Settlement. Although no opposition briefs to Plaintiffs' motion were filed, Plaintiffs respectfully submit this reply memorandum to provide several updates to the Court, particularly to demonstrate the settlement's full compliance with the settlement approval principles reiterated in a very recent Ninth Circuit opinion. These updates further support granting Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (ECF 256). In separate briefs filed concurrently herewith, Plaintiffs also submit reply arguments in support of granting final approval of the Settlement and Plaintiffs' responses to the unmeritorious handful of objections to the settlement.

In sum, under Ninth Circuit and other relevant authority, the requested fee award is fair and reasonable given the important injunctive relief obtained; the tremendous financial result; the pro-privacy changes in the law the litigation achieved in a developing and broadly important area of the law; and the many risks Settlement Class Counsel took in pursuing and reaching the outstanding resolution of this decade-long litigation. What appears to be a seminal case establishing the now long-standing "25% benchmark" noted "[t]hat percentage amount can then be adjusted upward or downward to account for any usual circumstances." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). Recent cases continue to reaffirm the established principle that an upward adjustment from the 25% benchmark can be appropriate where counsel obtain superb results through protracted and risky litigation. *See, e.g., Devier Avery v, Akima Support Operations, LLC*, No. 2:19-cv-00924-DAD-AC, 2022 WL 4473211, at *11 (E.D. Cal. Sept. 26 2022) ("Reasons to vary the benchmark award may be found when counsel achieves exceptional results for the class, undertakes 'extremely risky' litigation, generates benefits for the class beyond simply the

settlement cash fund or handles the case on a contingency basis." (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir, 2002) and *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015)); *Cavazos v. Salas Concrete, Inc.*, No. 1:19-cv-00062-DAD-EPG, 2022 WL 2918361, at *12 (E.D. Cal. July 25, 2022) (same); *Kendall v. Odonate Therapeutics, Inc.*, No.: 3-20-cv-01828-H-LL, 2022 WL 1997530, at *6 (S.D. Cal. June 6, 2022) ("To determine whether an upward departure from the 25% benchmark is reasonable, the Court considers the *Vizcaino* factors.").

Plaintiffs' request a modest upward adjustment of the 25% benchmark to 29% of the $90 million Settlement Fund. The reasoning of analogous cases applied to this case fully supports this request. A lodestar cross-check further supports the reasonableness of the requested fee, which represents an implied multiplier of approximately 2.7 on MDL Counsel's lodestar.

## II.  ARGUMENT

### A.  Only Four Class Members Out of 2.1 Million Claimants Object to the Motion

No opposition briefs to Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (ECF 256) were filed (even though defendant had the right to oppose). Four class members filed objections to the Motion, while 2.1 million class members submitted claims without objection. All four objections were limited to the request for fees and/or incentive awards; none opposed the request for reimbursement of expenses.

Plaintiffs incorporate by reference their concurrently filed Omnibus Response to the Objections. That Omnibus Response provides detailed analysis and argument showing why the objections merit ready rejection.

### B.  Additional Analysis of Time Records Supports Using the Percentage of Fund Method and Finding Reasonable Plaintiffs' Attorneys' Fees

The nature of this common fund case warrants application of percentage of the fund approach. Where the "benefit to the class is easily quantified in common-fund settlements," district courts may "award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." *Thomas v. MagnaChip Semiconductor Corp.*, No. 14-CV-01160-JST, 2018 WL 2234598, at *3 (N.D. Cal. May 15, 2018) (citing *In re Bluetooth Headset*

*Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011)). Here, the $90 million Settlement Fund is non-reversionary, and the amount is fixed and easily quantifiable, which weighs in favor of using the percentage of the fund method. *Id.*

For all of the reasons detailed in the Motion, the requested fee award here is reasonable and fair. The exceptional overall result and the benefit to the Settlement Class warrant upward adjustment of the 25% benchmark to 29%. The requested 29% fee award is well within the range awarded in other privacy and consumer class actions. *See, e.g.*, *In re Lenovo Adware Litig.*, No. 15-md-02624-HSG, 2019 WL 1791420, at *8 (N.D. Cal. Apr. 24, 2019) (awarding 30% in a privacy class action); *Grace v. Apple, Inc.*, No. 17-CV-00551-LHK, 2021 WL 1222193, at *2 (N.D. Cal. Mar. 31, 2021) (awarding 28% of the settlement fund in technical case and novel claim involving FaceTime calls); *In re TikTok, Inc., Consumer Privacy Litig.*, No. 20 C 4699, 2022 WL 2982782, at *27 (awarding 33% of $92 million common fund and noting that such an amount is typical in other data privacy settlements and routine for class action settlements in similarly complex fields).

A lodestar cross-check confirms the reasonableness of the requested attorneys' fees. As reflected in the Motion and the supporting declarations, Class Counsel did a great deal of work in this lengthy case over eleven years. Even after settlement was reached, Counsel were required to prepare the detailed and voluminous final settlement approval papers, to communicate with Class Members who had questions, to draft supplemental submissions, prepare for the settlement approval hearings and, if the Court approves the settlement, to implement the settlement. Lead Counsel reviewed the time and expense records of each participating firm prior to filing this Motion, and one paralegal assigned ABA Litigation Task Codes to each and every time entry to ensure uniformity. Joint Decl. ¶ 31 (ECF 255). That review process corrected errors in task code designation and removed some attorney time that, in the judgment of Lead Counsel, was not appropriate for reimbursement. *Id*. In total, following this audit process, MDL Counsel and Supreme Court Counsel initially reported spending 11,413.50 collective hours on this matter through August 22, 2022. *Id*. Ex. 2.

Class Counsel submitted three charts with this Motion to assist the Court with its evaluation

of the reported lodestar, including: (1) lodestar and expenses by firm; (2) lodestar by ABA Litigation Task Code; and (3) lodestar by year (pre-consolidation and post-consolidation). Joint Decl. Exs. 27–29 (ECF 255-27, 255-28, 255-29). Class Counsel further submitted declarations from each and every firm submitting time attesting to the accuracy of the records; Co-Lead Counsel also attested to the work assigning process. No work was permitted to be performed without approval from Co-Lead Counsel, which reduced the risk of duplication of efforts.

Reporting lodestar on a summary basis by task code category is expressly permitted in the Northern District if supported by supporting declarations, as was done here, per the Procedural Guidance for Class Action Settlements. Class Counsel further assisted the Court by reporting lodestar by firm, and also by year in the event the Court wanted to see pre-consolidation time versus post-consolidation time. Today, to assist further, Class Counsel submit herewith a fourth chart, detailing lodestar by timekeeper for all firms. *See* October 13, 2022 Joint Declaration of David A. Straite and Stephen G. Grygiel ("Oct. Joint Decl."), Ex. 2. While compiling this chart, Class Counsel corrected an inadvertent transcription error of 100.0 hours for one PEC firm (Murphy Falcon & Murphy) and a few smaller clerical errors as detailed in the Oct. Joint Decl. These corrections do not impact the implied multiplier in any material way.

Additionally, although Plaintiffs mentioned this in the Motion, it bears repeating that State Court Counsel's time is *excluded* from the collective lodestar calculation in order to avoid even the appearance of duplication of efforts.[1] Excluding State Court Counsel lodestar also avoids the issues identified by the Ninth Circuit in *In re Apple Inc. Device Performance Litig.*, No. 21-15758, 2022 WL 4492078, at *11 (9th Cir. Sept. 28, 2022).

Overall, the requested award of fees of $26,100,000 represents a multiplier of approximately 2.7. If the Court were to consider only the total collective lodestar after consolidation ($7,950,514.50), the multiplier would be 3.28. Either way, the implied multiplier here is reasonable. "Multipliers of 1 to 4 are commonly found to be appropriate in common fund cases." *Sheikh v.*

---

[1] If the Court grants this Motion, Lead Counsel will pay State Court Counsel from the fee award here in the MDL, and State Court Counsel will not seek additional fees in the State Court Action. *See* Settlement Agreement § 10.

CASE NO. 5:12-MD-2314-EJD
REPLY ISO MOT. FOR ATTY
FEES, EXPENSES, AND SERVICE AWARDS                4

*Tesla, Inc.*, No. 17-cv-02193-BLF, 2018 WL 5794532, at *8 (N.D. Cal. Nov. 2, 2018) (citation omitted); *see also In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Antitrust Litig.*, 768 F. App'x 651, 653 (9th Cir. 2019) (approving 3.66 multiplier in $200 million settlement); *Steiner v. Am. Broad. Co.*, 248 F. App'x 780, 783 (9th Cir. 2007) (even a multiplier of 6.85 was "well within the range of multipliers that courts have allowed"); *In re TikTok, Inc., Consumer Privacy Litig.*, No. 20 C 4699, 2022 WL 2982782, at *29 (awarding a lodestar multiplier of 2.04, equal to 33% of the common fund, but noting that 2.04 "is well below average for a fund of [$92 million]" citing 5 W. Rubenstein, NEWBERG ON CLASS ACTIONS § 15:89 tbl.2 (6th ed.) (for fund sizes over $44 million, the mean multiplier was 2.39)).

### C. Request For Plaintiff Service Awards

Settlement Class Counsel request Service Awards of $5,000 each for the four Settlement Class Representatives in the MDL, and $3,000 each for three State Court plaintiffs, for a total of $29,000. The request is presumptively reasonable in this District. *See Noll v. eBay, Inc.*, 309 F.R.D. 593, 611 (N.D. Cal. Sept. 15, 2015) (Davila, J.). As discussed in the Motion and the supporting Settlement Class Representatives' declarations (Joint Decl. Exs. 16 through 22), they actively monitored the status of the litigation for more than ten years, communicated regularly with Settlement Class Counsel, searched for and producing responsive documents, and reviewed significant pleadings prior to their filing, including the three consolidated complaints.[2] Because Settlement Class Representatives' Service Awards request is "in line with precedent," *Allagas v. BP Solar Int'l, Inc.*, No. 3:14-cv-00560-SI (EDL), 2016 WL 9114162, at *4 (N.D. Cal. Dec. 22, 2016) (citations omitted), the Court should therefore grant Service Awards. Very recently the Ninth Circuit upheld the propriety of reasonable service awards. *In re Apple Inc. Device Performance Litig.*, 2022 WL 4492078, at *11–13.

### III. CONCLUSION

Class Counsel devoted thousands of hours to this 10+-year litigation, including substantial time even before they were appointed in a leadership capacity. Based on the outstanding Settlement

---

[2] State Court Plaintiffs Ung, Chen and Rosen also submit supplemental declarations with today's reply to give additional support for their requests; they are attached to the Oct. Joint Decl.

CASE NO. 5:12-MD-2314-EJD
REPLY ISO MOT. FOR ATTY
FEES, EXPENSES, AND SERVICE AWARDS

5

result, and consistent with the factors applied by federal courts, including in the Northern District of California, Settlement Class Counsel respectfully request that the Court issue an Order awarding $26,100,000 in attorneys' fees payable upon the funding of the settlement, approving reimbursement of $396,100.68 in litigation expenses, and approving Services Awards of $5,000 to each of the Settlement Class Representatives in the MDL and $3,000 to each in the State Court Action.

Dated: October 13, 2022             Respectfully submitted,

**DiCELLO LEVITT LLC**              **GRYGIEL LAW LLC**

　　*/s/ David Straite*　　         　　*/s/ Stephen Grygiel*　　
David A. Straite (admitted *pro hac vice*)   Stephen G. Grygiel (admitted *pro hac vice*)
485 Lexington Avenue, 10th Floor    127 Coventry Place
New York, New York 10017            Clinton, NY 13323
Tel.: (646) 933-1000                Tel.: (407) 505-9463
*dstraite@dicellolevitt.com*        *stephengrygiel22@gmail.com*

Amy E. Keller (admitted *pro hac vice*)   **SIMMONS HANLY CONROY LLC**
Adam Prom (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Floor   　　*/s/ Jay Barnes*　　
Chicago, Illinois 60602             Jason 'Jay' Barnes (admitted *pro hac vice*)
Tel.: (312) 214-7900                112 Madison Avenue, 7th Floor
*akeller@dicellolevitt.com*         New York, NY 10016
*aprom@dicellolevitt.com*           Tel.: (212) 784-6400
                                    *jaybarnes@simmonsfirm.com*

                        *Class Counsel*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, David A. Straite, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of October, 2022, at Marbletown, New York.

*/s/ David Straite*
David A. Straite

CASE NO. 5:12-MD-2314-EJD
REPLY ISO MOT. FOR ATTY
FEES, EXPENSES, AND SERVICE AWARDS             7