**DiCELLO LEVITT LLC**
David A. Straite (admitted *pro hac vice*)
485 Lexington Avenue, 10th Floor
New York, New York 10017
Tel.: (646) 933-1000
dstraite@dicellolevitt.com

Amy E. Keller (admitted *pro hac vice*)
Adam Prom (admitted *pro hac vice*)
Ten North Dearborn Street, 6th Floor
Chicago, Illinois 60602
Tel.: (312) 214-7900
akeller@dicellolevitt.com
aprom@dicellolevitt.com

**GRYGIEL LAW LLC**
Stephen G. Grygiel (admitted *pro hac vice*)
127 Coventry Place
Clinton, NY 13323
Tel.: (407) 505-9463
stephengrygiel22@gmail.com

**SIMMONS HANLY CONROY LLC**
Jason 'Jay' Barnes (admitted *pro hac vice*)
112 Madison Avenue, 7th Floor
New York, NY 10016
Tel.: (212) 784-6400
Fax: (212) 213-5949
jaybarnes@simmonsfirm.com

*Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE FACEBOOK INTERNET TRACKING LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL ACTIONS | Case No. 5:12-MD-2314-EJD<br><br>**SUPPLEMENTAL JOINT DECLARATION OF STEPHEN G. GRYGIEL AND DAVID A. STRAITE IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**<br><br>Judge: Hon. Edward J. Davila<br>Courtroom: 4—5th Floor<br>Date: October 27, 2022<br>Time: 9:00 a.m. |

We, David A. Straite and Stephen G. Grygiel, jointly declare and state as follows:

1. I, David A. Straite, am a member of the bars of the States of New York, Delaware, Pennsylvania, New Jersey and District of Columbia and admitted to practice before this Court *pro hac vice*. I am a partner with the firm of DiCello Levitt LLC.

2. I, Stephen G. Grygiel, am a member of the bars of the States of Maine, Massachusetts, Delaware, Maryland and New York, and admitted to practice before this Court *pro hac vice*. I am the founder of Grygiel Law LLC and, relevantly for this case, was formerly a partner in and then *of counsel* to Silverman Thompson Slutkin White and before that a partner in the law firm of Keefe Bartels.

3. We are co-lead counsel for the Settlement Class Representatives and the Settlement Class. We have personal knowledge of the facts stated herein and of the claims, defenses, and proceedings in this case. If called as witnesses, we would and could competently testify thereto.

4. We respectfully submit this supplemental joint declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF 254) and Plaintiffs' Motion for Fees, Expenses and Service Awards (ECF 256), both filed August 23, 2022, and in support of Plaintiffs' reply memoranda and omnibus response to objectors, all filed concurrently herewith.

**EXHIBITS**

5. Attached hereto as **Exhibit 1** is a true and correct copy of the Supplemental Declaration of Steven Weisbrot of Angeion Group, the Court-approved Claims Administrator, regarding final status of implementation of the Notice Plan, including an Exhibit A thereto comprised of the list of people requesting exclusions.

6. Attached hereto as **Exhibit 2** is a true and correct copy of a summary of report of lodestar across the case (including hours and hourly rate) reported by Settlement Class Counsel and Supreme Court Counsel, organized by firm and timekeeper.

7. While proofing the chart in Exhibit 2, Class Counsel discovered a couple inadvertent transcription errors, which slightly and immaterially change the collective hours spent on this matter to 11,513.70 and the total lodestar to $9,631,426.83. The difference of 100.20 hours resulted

from (1) inadvertent underreporting of DiCello Levitt LLC's hours by 0.2; and (2) an inadvertent transcription error of 100.0 hours for Murphy Falcon & Murphy's time; however, those errors are immaterial, because Murphy Falcon & Murphy's total lodestar was originally reported correctly in Plaintiff's Motion (ECF 256) and supporting exhibits. Also, the updated collective total lodestar of $9,631,426.83 represents a change of only $550.50 from the total reported in Plaintiff's Motion (ECF 256) and supporting exhibits. That small change resulted from a transcription error in Grygiel LLC's lodestar and a couple transcription errors in the hourly rates for two DiCello Levitt LLC attorneys.

8. Attached hereto as **Exhibit 3** is a true and correct copy of a spreadsheet of communications with purported class members regarding the Settlement Claims Period.

9. Attached hereto as **Exhibit 4** is a true and correct copy of a spreadsheet of additional media outreach regarding the Settlement.

10. Attached hereto as **Exhibit 5** is a true and correct copy of the Supplemental Declaration of State Court Plaintiff Ryan Ung that was provided to co-lead counsel by Renée Wicklund at Richman Law & Policy.

11. Attached hereto as **Exhibit 6** is a true and correct copy of the Supplemental Declaration of State Court Plaintiff Chi Cheng that was provided to co-lead counsel by Renée Wicklund at Richman Law & Policy.

12. Attached hereto as **Exhibit 7** is a true and correct copy of the Supplemental Declaration of State Court Plaintiff Alice Rosen that was provided to co-lead counsel by Renée Wicklund at Richman Law & Policy.

13. Attached hereto as **Exhibit 8** is a true and correct copy of a July 1, 2020 "Article: June 2020: Facebook, Cookies and Data Privacy: A Watershed Moment?" Business Litigation Reports, Quinn Emanuel Urquhart & Sullivan, LLP, downloaded today personally by David Straite from the Quinn Emanuel website.

14. Yesterday and today, October 12 and 13, 2022, David Straite contacted Jenny Shawver at Angeion Group to investigate whether four pro se objectors had filed claims or

otherwise provided evidence to Angeion of their class membership.  Ms. Shawver confirmed the following facts to Mr. Straite via email:

    a.    Angeion has no record of Objector Martin Suroor Corrado filing a claim or otherwise attempting to establish class membership.

    b.    Angeion has no record of Objector Michael Colley filing a claim or otherwise attempting to establish class membership.

    c.    Angeion has no record of Objector Edward W. Orr filing a claim or otherwise attempting to establish class membership.

    d.    Angeion was able, on the other hand, to find a record of Objector Austin Williams filing a claim; Ms. Shawver also confirmed that he had been sent a notice which further suggests class membership based on our understanding of how the data were populated.

15.    On August 29, 2022, the Court docketed a letter from Class Member Anne Barschall objecting to the online claims process.  Steve Grygiel contacted Ms. Barschall via email and phone and arranged with Angeion for her to file a handwritten claim that addressed her concerns.  Ms. Barschall identified herself as a Quaker and said she is unable to swear under oath but Mr. Grygiel and Steve Weisbrot at Angeion authorized an affirmation in its place.  We understand her claim was processed and the "objection" is resolved.

We declare under penalty of perjury that the foregoing is true and correct.

Dated: October 13, 2022

    */s/ David Straite*                                    */s/ Stephen Grygiel*
David A. Straite (admitted *pro hac vice*)      Stephen G. Grygiel (admitted *pro hac vice*)
At Marbletown, New York                     At Clinton, New York

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

I, David A. Straite, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of October, 2022, at Marbletown, New York

*/s/ David Straite*
David A. Straite