# Exhibit 7

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

IN RE FACEBOOK INTERNET
TRACKING LITIGATION

Case No. 12-md-02314 EJD
**DECLARATION OF ALICE ROSEN**

Judge: Hon. Edward J. Davila
Courtroom 4, 5th Floor
Hearing Date: October 27, 2022
Time: 9:00 a.m.

I, Alice Rosen, declare the following under penalty of perjury:

1.   I am over eighteen (18) years of age and a resident of California.

2.   I am a named Plaintiff in the matter of *Ung, et al. v. Facebook, Inc.*, No. 112-cv-217244 (Super. Ct. Cal. 2012) (the "State Matter").

3.   I make this Declaration in Support of the Multidistrict Litigation ("MDL") Plaintiffs' Motion and Memorandum of Law in Support of Final Settlement Approval, and in Support of the Plaintiffs' Motion and Memorandum of Law in Support of Award of Attorneys' Fees, Expenses, and Service Awards.

## ROLE IN LITIGATION

4.   I have been involved in this litigation since the State Matter, which was stayed because of the MDL, was filed in 2012

5.   As pleaded in the Complaint filed in the State Matter, I was at the time of filing a non-Facebook member who visited websites in the Facebook Connect network, including HSN.com, MSN.com, QVC.com, and ABC.com, and subsequently visited websites displaying the

DocuSign Envelope ID: D62877D8-14F9-42E6-8397-628088F7F08E

Facebook "Like" button or Facebook Connect, including HSN.com, MSN.com, QVC.com, and ABC.com.

6.   Facebook used the Like Button and Facebook Connect to collect my browsing history and personally identifiable information without my consent using Facebook's "data tracking cookie," which was found on my computer.

7.   I was not aware that Facebook was collecting my personal information and browsing history and, had I been aware, I would not have consented to this.

8.   I understood that participating as a Plaintiff in the State Matter would involve a continuing commitment and at times would require meaningful amounts of my time and effort, particularly because I understood the case was being brought as a class action. I knew that meant I would be representing a very large class of similarly situated persons who had experienced the same conduct while in the United States.

9.   With my Counsel, Milberg Coleman Bryson Phillips Grossman, PLLC and Richman Law & Policy, I discussed and reviewed the initially filed Complaint and understood, at a layperson's level, what the Complaint was alleging. I was also advised that I had a duty to preserve relevant documents and I did so to the best of my ability.

10.  I do not believe I have interests that are inconsistent with the interests of the Class Members I seek to represent, and I believe that I will adequately represent those class members.

11.  As a Settlement Class Representative, I have always considered the interests of Class Members just as I would consider my own interests, and where appropriate, I have understood that I must put the interests of Class Members before my own interests.

DECLARATION OF ALICE ROSEN
2

12.  I have participated in and will continue to participate actively in the lawsuit as necessary and help in any way I can, including consenting to a stay of the State Matter, so that the MDL could be resolved.

13.  I recognize and accept that the Settlement Agreement is subject to Court approval and must be designed in the best interest of the Class as a whole.

14.  I agree wholeheartedly with the settlement agreement's key terms. I do not pretend to understand all of the technical legal language, but I was delighted that, after over a decade of litigation, the Defendant had agreed to both the data deletion and monetary components.

15.  I submitted my claims form on July 19, 2022. My claim form was truthfully completed.

16.  I understand that the costs and attorneys' fees associated with this lawsuit are paid out of the recovery.

## SERVICE AWARD DISCUSSION

17.  As discussed above, it was only after I had discussed the settlement terms with my Counsel (and approved) that I was informed of the possibility that I might be eligible for a Service Award for the work I had done on the case for over ten years.

18.  In no way was my agreement to the settlement conditioned on any Service Award to me.  Again, I was not even aware of the possibility of any Service Award being awarded to me until after I had reviewed and given my approval to the settlement agreement's terms. I would enthusiastically support the settlement in any case, including if it did not provide for the potential of a Service Award to me.

19.  At no point have I been promised a Service Award.

DECLARATION OF ALICE ROSEN
3

20.   At no point before giving my approval for the settlement agreement was I informed of what the amount of any Service Award could or would be.

21.   I am aware that a Service Award of $3,000 has been proposed for me. I believe that my work on the case and the assistance I gave the lawyers for this lengthy and complicated case, as well as my willingness to stand up for privacy rights, justifies such an Award should the Court see fit to approve it.

I declare under penalty of perjury of the laws of the United States that the forgoing is true and correct.

Executed on October 12, 2022, in Sunnyvale, CA.



DocuSigned by:

Alice Rosen

28DDF5336AD047E...

Alice Rosen

DECLARATION OF ALICE ROSEN

4