**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  FACEBOOK, INC. INTERNET TRACKING LITIGATION, | No.    22-16903 |
| | D.C. No. 5:12-md-02314-EJD |
| ------------------------------ | |
| PERRIN AIKENS DAVIS; BRIAN K. LENTZ; CYNTHIA D. QUINN; MATTHEW J. VICKERY, | MEMORANDUM* |
| Plaintiffs-Appellees, | |
| SARAH FELDMAN; HONDO JAN, | |
| Objectors-Appellants, | |
| v. | |
| META PLATFORMS, INC., FKA Facebook, Inc., | |
| Defendant-Appellee. | |

| | |
|---|---|
| In re:  FACEBOOK, INC. INTERNET TRACKING LITIGATION, | No.    22-16904 |
| | D.C. No. 5:12-md-02314-EJD |
| ------------------------------ | |
| PERRIN AIKENS DAVIS; BRIAN K. LENTZ; CYNTHIA D. QUINN; | |

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Panel

MATTHEW J. VICKERY,

                Plaintiffs-Appellees,

 v.

ERIC ALAN ISAACSON,

                Objector-Appellant,

 v.

META PLATFORMS, INC., FKA
Facebook, Inc.,

                Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted February 7, 2024
San Francisco, California

Before:  R. NELSON, FORREST, and SANCHEZ, Circuit Judges.

Objectors Sarah Feldman, Hondo Jan, and Eric Alan Isaacson (collectively,

the "Objectors") appeal the district court's order approving a class-action

settlement between Plaintiffs and Defendant Meta Platforms, Inc., formerly

Facebook, Inc.  We have jurisdiction following entry of final judgment under 28

U.S.C. § 1291 to review an objecting class member's timely appeal from the

district court's order approving a class-action settlement as to all parties and

claims.  *See Allen v. Bedolla*, 787 F.3d 1218, 1220 (9th Cir. 2015).  We affirm.

1.     In 2011, Facebook users began suing Facebook for tracking their online activities without their consent, stating common law and statutory causes of action in contract and tort.  These lawsuits against Facebook were consolidated in a multidistrict litigation proceeding.  Ultimately, the parties entered into a settlement agreement under which Facebook agreed to pay $90 million into a settlement fund, then the seventh-largest amount in a privacy class-action settlement.  Facebook further agreed to search for, collect, sequester, and delete "all cookie data" it improperly received or collected between April 22, 2010 and September 26, 2011.  Class counsel sought $26.1 million in attorneys' fees, as well as service awards of $3,000 to $5,000 for each of the seven named Plaintiffs.  Following a fairness hearing, the district court overruled the Objectors' objections and granted final approval of the class-action settlement along with associated fees and awards.

2.     A district court must decide after a hearing whether a class-action settlement is "fair, reasonable, and adequate," considering the factors set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).  *Lane v. Facebook, Inc.*, 696 F.3d 811, 818–19 (9th Cir. 2012) (quoting Fed. R. Civ. P. 23(e)(2)).  "Parties seeking to overturn the settlement approval must make a 'strong showing' that the district court clearly abused its discretion."  *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1121 (9th Cir. 2020) (citation omitted).  The Objectors argue that the district

court abused its discretion by incorrectly using disgorgement as the measure of actual damages when the court should have analyzed the settlement by aggregating statutory damages at $10,000 per violation under the Electronic Communications Privacy Act ("Wiretap Act"), 18 U.S.C. §§ 2510–2523.

In its final order approving the settlement, the district court applied the correct legal standard under Federal Rule 23 of Civil Procedure and the *Hanlon* factors. With 124 million potentially affected Facebook users in the United States, the district court properly rejected the $1.24 trillion in statutory damages proposed by Objectors as an unreasonable baseline that would violate due process. *See Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1121–22 (9th Cir. 2022). The district court did not clearly abuse its discretion in accepting class counsel's estimate that $900 million represented a "best-day-in-court" verdict, and by determining that the $90-million settlement—in conjunction with injunctive relief benefitting the entire class—was fair and reasonable. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (concluding that ten percent of the class's estimated damages was a fair and reasonable settlement award). Nor did the district court impermissibly apply a "presumption of fairness" to the settlement. *See Saucillo v. Peck*, 25 F.4th 1118, 1131 (9th Cir. 2022). The district court merely noted that the "absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms . . . are favorable to the class members."

Consideration of the class's reaction to the proposed settlement is one of the factors the district court should consider in evaluating a settlement proposal.  *See Hanlon*, 150 F.3d at 1026.

      3.    The district court did not abuse its discretion in using the percentage-of-the-fund method in finding the proposed attorneys' fees of $26.1 million (29% of the settlement fund) reasonable.  The court cited class counsel's creation of new law in the Ninth Circuit and its attainment of substantial monetary and injunctive relief for the class as grounds for the upward departure of four percentage points above the 25-percent benchmark.  *See In re Facebook, Inc. Internet Tracking Litig.,* 956 F.3d 589 (9th Cir. 2020).  The district court also conducted a "cross-check of the percentage-of-the-fund [method] using the lodestar method" and found that the requested attorneys' fee award represents a multiplier of 3.28 from the post-multidistrict consolidation lodestar.  *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944 (9th Cir. 2011).  That is well within the permissible bounds of this Circuit's decisions.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.6 (9th Cir. 2002) (noting the range of multipliers applied in most common fund cases is 1.0 to 4.0).  Awarding modest service awards of $3,000 to $5,000 each to seven named Plaintiffs was also not an abuse of discretion.  *See In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 785–87 (9th Cir. 2022).

      4.    Finally, class notice of settlement comported with Rule 23 and

constitutional due process by "describ[ing] the action and the plaintiffs' rights in it," as well as describing how to participate in or object to settlement.  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).  Objector Isaacson contends that the district court erroneously authorized material redactions of Plaintiffs' complaints and sealed exhibits, but he never moved to unseal the complaints or exhibits, and he fails to explain why a class representative or absent class member would need to know this information to evaluate the settlement or "protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).

**AFFIRMED.**