| | |
|---|---|
| COOLEY LLP<br>KYLE C. WONG (224021)<br>(kwong@cooley.com)<br>3 Embarcadero Center, 20th Floor<br>San Francisco, California 94111-4004<br>Telephone:   +1 415 693 2000<br>Facsimile:    +1 415 693 2222<br><br>Attorneys for Defendant | DICELLO LEVITT LLP<br>DAVID A. STRAITE (*Pro Hac Vice*)<br>(dstraite@dicellolevitt.com)<br>485 Lexington Avenue, 10th Floor<br>New York, NY 10017<br>Telephone:   +1 646 933 1000<br><br>GRYGIEL LAW LLC<br>STEPHEN G. GRYGIEL (*Pro Hac Vice*)<br>(stephengrygiel22@gmail.com)<br>127 Coventry Place<br>Clinton, NY 13323<br>Telephone:   +1 407 505 9463<br><br>SIMMONS HANLY CONROY LLP<br>JASON 'JAY' BARNES (*Pro Hac Vice*)<br>(jaybarnes@simmonsfirm.com)<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>Telephone:   +1 212 784 6400<br>Facsimile:    +1 212 213 5949<br><br>Attorneys for Plaintiffs and the Settlement Class |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE FACEBOOK INTERNET TRACKING LITIGATION | Case No. 5:12-MD-2314-EJD<br><br>**STIPULATED REQUEST AND [PROPOSED] ORDER REGARDING POST-DISTRIBUTION ACCOUNTING** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED REQUEST & PO RE POST-
DISTRIBUTION ACCOUNTING
CASE NO. 5:12-MD-2314-EJD

Pursuant to Civil Local Rule 6-2 and this Court's Order Regarding Post-Distribution Accounting, dated February 7, 2023 (ECF No. 302), Plaintiffs Perrin Davis, Cynthia Quinn, Brian Lentz, and Matthew Vickery ("Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") (collectively, "the Parties"), by and through their respective counsel, stipulate and agree as follows, subject to Court approval:

WHEREAS, on November 10, 2022, the Court issued the Order Granting Motion for Final Approval of Class Action Settlement; Granting Motion for Attorneys' Fees, Expenses, and Service Awards; Judgment (the "Order") (ECF No. 289) and therein set a compliance deadline of February 10, 2023 to file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements;

WHEREAS, on December 8, 2022, objectors Sarah Feldman, Hondo Jan, and Eric Alan Isaacson filed notices of appeal (the "Objector Appeal") (*see* ECF Nos. 293 and 294);

WHEREAS, the Settlement Agreement provides for distribution of the Settlement Payments to Settlement Class Members following the "Effective Date," which would not occur until the Objector Appeals were resolved (*see* ECF No. 233-1 ("Settlement Agreement") at Sections 1.13 ("Effective Date" defined) and 4.9 (Settlement Payments to Settlement Class Members to be distributed after "Effective Date"));[1]

WHEREAS, on February 8, 2023, the Court granted the Parties' joint request that the February 10, 2023 deadline to file a post-distribution accounting be stayed pending resolution of the Objector Appeals, with the Parties to consult with the Settlement Administrator, Angeion Group, and propose a new deadline to the Court promptly after resolution of the Objector Appeals (ECF No. 302);

WHEREAS, the Supreme Court denied objector Isaacson's petition for a writ of certiorari on January 27, 2025, and thus the Effective Date of the Settlement Agreement occurred on February 24, 2025;

WHEREAS, under the Settlement Agreement, initial distribution of Settlement Payments

---

[1] All capitalized terms have the same meaning as set out in the Settlement Agreement unless otherwise noted herein.

will occur within forty-five days following the Effective Date (*see* Settlement Agreement at Section 4.9), which the parties agree is April 10, 2025;

WHEREAS, Class Counsel have conferred with the Settlement Administrator (Angeion) and understand that a timely distribution was made on April 10 and that approximately 137,000 of the approximately 1,558,000 Settlement Payments were made via paper checks;

WHEREAS, under the Settlement Agreement, Settlement Payment checks will only expire and become null and void if they are not cashed within ninety (90) days after the date of issuance (*see* Settlement Agreement at Section 4.5);

WHEREAS, this District's Procedural Guidance for Class Action Settlements explains that "parties should file a Post-Distribution Accounting" "[w]ithin 21 days after the settlement checks become stale";

WHEREAS, the Settlement Agreement contemplates a potential distribution of residual funds and potential final distribution of non-reversionary remaining funds (*see* Settlement Agreement at Sections 4.7 and 4.8), *after* the above-referenced initial distribution;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** that, subject to Court approval, the deadline for the post-distribution accounting to be filed will be August 8, 2025.

Dated: April 16, 2025                                 COOLEY LLP

By: */s/ Kyle C. Wong*
    Kyle C. Wong

Attorney for Defendant

Dated: April 16, 2025                                 DICELLO LEVITT LLP

By: */s/ David A. Straite*
    David A. Straite (*Pro Hac Vice*)

Settlement Class Counsel

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

STIPULATED REQUEST & PO RE POST-
DISTRIBUTION ACCOUNTING
CASE NO. 5:12-MD-2314-EJD

| | | |
|---|---|---|
| Dated: April 16, 2025 | | GRYGIEL LAW LLC |
| | | By: */s/ Stephen G. Grygiel* |
| | | Stephen G. Grygiel (*Pro Hac Vice*) |
| | | Settlement Class Counsel |
| Dated: April 16, 2025 | | SIMMONS HANLY CONROY LLP |
| | | By: */s/ Jason 'Jay' Barnes* |
| | | Jason 'Jay' Barnes (*Pro Hac Vice*) |
| | | Settlement Class Counsel |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I, Kyle C. Wong, hereby attest that concurrence in the filing of this document has been obtained from the other signatories.

Executed on April 16, 2025, in San Francisco, California.

*/s/ Kyle C. Wong*
Kyle C. Wong

# [PROPOSED] ORDER

**PURSUANT TO STIPULATION, IS SO ORDERED.**

Dated: April 17, 2025

_____
The Honorable Edward Davila
United States District Judge